APPEAL,COMPLEX,LC1,PROTO

# U.S. District Court
## DISTRICT OF KANSAS (Wichita)
## CRIMINAL DOCKET FOR CASE #: <u>6:12−cr−10089−JTM−2</u>

Case title: USA v. Najera et al

Related Case: 6:17−cv−01011−JTM

Date Filed: 04/16/2012

Date Terminated: 01/07/2014

Assigned to: District Judge J. Thomas Marten

Appeals court case numbers: 14−3006 10CCA, 14−3081 10CCA, 17−3266 10CCA

**<u>Defendant (2)</u>**

| | | |
|---|---|---|
| **Pedro Garcia** | represented by | **Pedro Garcia** |
| *20432−031* | | 20432−031 |
| ***TERMINATED: 01/07/2014*** | | MCCREARY − USP |
| *also known as* | | U.S. Penitentiary |
| Peter Garcia | | Inmate Mail/Parcels |
| *TERMINATED: 01/07/2014* | | PO Box 3000 |
| *also known as* | | Pine Knot, KY 42635 |
| Pistol Pete | | Email: |
| *TERMINATED: 01/07/2014* | | PRO SE |
| | | *Bar Number:* |
| | | *Bar Status:* |

**Charles M. Rogers**
11403 Holly Court
Kansas City, MO 64114
816−520−8539
Alternative Phone:
Cell Phone:
Email: <u>acquitcholly@gmail.com</u>
 ***TERMINATED: 09/25/2012***
*LEAD ATTORNEY*
*Designation: CJA Appointment*
*Bar Number: 70185*
*Bar Status: **WDMO Retired***

**John V. Wachtel**
Klenda Austerman, LLC − Wichita
1600 Epic Center
301 N. Main
Wichita, KS 67202−4816
316−267−0331
Fax: 316−267−0333
Alternative Phone:

Cell Phone:
Email: jvwachtel@klendalaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*
*Bar Number: 08310*
*Bar Status: Active*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1962(d) – Conspiracy to commit racketeering activities (SEALED INDICTMENT 04/16/2012) (1) | 240 months imprisonment, said term to run concurrently with Counts 2, 3, 4 and 8; 3 years supervised release, said term to run concurrently with Counts 2–7, 8 and 9; $900.00 Assessment ($100/Count) |
| 18:1959(a)(5) – Violent crimes in aid of racketeering: conspiracy to murder (SEALED INDICTMENT 04/16/2012) (2) | 120 months imprisonment, said term to run concurrently with Counts 1, 3, 5, 7 and 8; 3 years supervised release, said term to run concurrently with Counts 1, 3–7, 8 and 9; $900.00 Assessment ($100/Count) |
| 18:1959(a)(1) – Violent crimes in aid of racketeering: murder; 18:2 – Aiding and abetting (SEALED INDICTMENT 04/16/2012) (3) | Life imprisonment; 3 years supervised release, said term to run concurrently with Counts 1–2, 4–7, 8 and 9; $900.00 Assessment ($100/Count) |
| 18:1959(a)(5) – Violent crimes in aid of racketeering: attempted murder; 18:2 – Aiding and abetting (SEALED INDICTMENT 04/16/2012) (4) | 120 months imprisonment, said term to run concurrently with Counts 1, 3, 5, 7 and 8; 3 years supervised release, said term to run concurrently with Counts 1–3, 5–7, 8 and 9; $900.00 Assessment ($100/Count) |
| 18:1959(a)(3) – Violent crimes in aid of racketeering: assault with a dangerous weapon; 18:2 – Aiding and abetting (SEALED INDICTMENT 04/16/2012) (5) | 240 months imprisonment, said term to run concurrently with Counts 2, 3, 4 and 8; 3 years supervised release, said term to run concurrently with Counts 1–4, 6–8 and 9; $900.00 Assessment ($100/Count) |
| 18:924(c)(1)(A) – Possess/discharge a firearm in furtherance of a crime of violence; 18:2 – Aiding and abetting (SEALED INDICTMENT 04/16/2012) (6) | 25 years imprisonment, said term to run consecutively to all other Counts; 3 years supervised release, said term to run concurrently with Counts 1–5, 7, 8 and 9; $900.00 Assessment ($100/Count) |
| 18:1959(a)(3) – Violent crimes in aid of racketeering: Assault with a dangerous weapon; 18:2 – Aiding and abetting (SEALED INDICTMENT 04/16/2012) | 240 months imprisonment, said term to run concurrently with Counts 2, 3, 4 and 8; 3 years supervised release, said term to run concurrently with Counts 1–6, 8 and 9; $900.00 Assessment ($100/Count) |

(7)

| | |
|---|---|
| 18:1959(a)(6) – Violent crimes in aid of racketeering: conspiracy to commit assault with a dangerous weapon (SEALED INDICTMENT 04/16/2012) (8) | 36 months imprisonment, said term to run concurrently with Counts 1, 2, 3, 4, 5, 7 and 8; 1 year supervised release, said term to run concurrently with all other Counts; $900.00 Assessment ($100/Count) |
| 18:924(c)(1)(A) – Possess and brandish a firearm in furtherance of a crime of violence; aggravated robbery; 18:2 – Aiding and abetting (SEALED INDICTMENT 04/16/2012) (9) | 7 years imprisonment, said term to run consecutively to all other Counts; 3 years supervised release, said term to run concurrently with Counts 1–7 and 8; $900.00 Assessment ($100/Count) |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

| | | |
|---|---|---|
| USA | represented by | **Aaron L. Smith**<br>Office of United States Attorney – Wichita<br>301 North Main Street, Suite #1200<br>Wichita, KS 67202–4812<br>316–269–6561<br>Fax: 316–269–6484<br>Alternative Phone:<br>Cell Phone:<br>Email: aaron.smith3@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Number: 20447*<br>*Bar Status: Active*<br><br>**James A. Brown**<br>Office of United States Attorney – Topeka |

3

290 US Courthouse
444 SE Quincy
Topeka, KS 66683–3592
785–295–2850
Fax: 785–295–2853
Alternative Phone:
Cell Phone: 785–312–0710
Email: james.brown2@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 14254*
*Bar Status: Active*

**Lanny D. Welch**
Office of United States Attorney – Wichita
301 North Main Street, Suite #1200
Wichita, KS 67202–4812
316–269–6481
Fax: 316–269–6484
Alternative Phone:
Cell Phone: 316–640–4026
Email: lanny.welch@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 13267*
*Bar Status: Active*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 04/16/2012 | 1 | | (UNSEALED PER ORDER FILED ON 05/09/2012) INDICTMENT as to Jason Najera (1): counts 1, 26–27 & 33–34; Pedro Garcia (2): counts 1–9; Gonzalo Ramirez (3): counts 1–13; Russell Worthey (4): counts 1–6; Anthony Wright (5): counts 1–6; Joshua Flores (6): counts 1 & 7–9; Jesus Flores (7): counts 1 & 7–9, Angel Cerda (8): counts 1 & 10–13; Juan Torres (9): counts 1 & 10–13; Alfredo Beltran–Ruiz (10): counts 1 & 15–18; Donte Barnes (11): counts 1 & 15–18; Jesus Sanchez (12): counts 1, 19–22, 28 & 35; Enrique Gobin (13): counts 1 & 19–22; Alfonso Banda–Hernandez (14): counts 1 & 19–22; Andrew Gusman (15): counts 1 & 19–22; Eusebio Sierra–Medrano (16): counts 1, 14 & 36–37; Jayson Vargas (17): counts 1, 23–25 & 29; Adam Flores (18): counts 1 & 23–25; Fabian Neave (19): counts 1, 27–28 & 30–32; Jesus Torres (20): counts 1 & 27; Jose Neave (21): counts 1 & 26–27; Hernan Quezada (22): counts 1 & 38; Humberto Ortiz (23): counts 1 & 27. (Sealed User Wichita aa) Modified on 5/9/2012 (aa). (Entered: 04/17/2012) |
| 04/16/2012 | 2 | | MELGREN NOTICE by USA as to Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran–Ruiz, Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda–Hernandez, Andrew Gusman, Eusebio Sierra–Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus |

4

| | | | |
|---|---|---|---|
| | | | Torres, Jose Neave, Hernan Quezada, Humberto Ortiz (Sealed User Wichita aa) (Entered: 04/17/2012) |
| 05/09/2012 | 3 | | MOTION to Unseal by USA as to Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran–Ruiz, Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda–Hernandez, Andrew Gusman, Eusebio Sierra–Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, Hernan Quezada, Humberto Ortiz. (Sealed User Wichita aa) (Entered: 05/09/2012) |
| 05/09/2012 | 4 | | ORDER granting 3 Motion to Unseal Case as to Jason Najera (1), Pedro Garcia (2), Gonzalo Ramirez (3), Russell Worthey (4), Anthony Wright (5), Joshua Flores (6), Jesus Flores (7), Angel Cerda (8), Juan Torres (9), Alfredo Beltran–Ruiz (10), Donte Barnes (11), Jesus Sanchez (12), Enrique Gobin (13), Alfonso Banda–Hernandez (14), Andrew Gusman (15), Eusebio Sierra–Medrano (16), Jayson Vargas (17), Adam Flores (18), Fabian Neave (19), Jesus Torres (20), Jose Neave (21), Hernan Quezada (22), Humberto Ortiz (23). Signed by Magistrate Judge Kenneth G. Gale on 5/9/2012. (aa) (Entered: 05/09/2012) |
| 05/09/2012 | 10 | | ENTRY OF APPEARANCE on behalf of USA by Lanny D. Welch (Welch, Lanny) (Entered: 05/09/2012) |
| 06/18/2012 | 207 | | ENTRY OF APPEARANCE: by attorney John V. Wachtel appearing for Pedro Garcia (Wachtel, John) (Entered: 06/18/2012) |
| 06/18/2012 | 208 | | CJA 30 as to Pedro Garcia: Appointment of Attorney John V. Wachtel. Signed by Magistrate Judge Karen M. Humphreys on 6/14/2012. (aa) Modified on 9/25/2012 to reflect that the form filed was actually a CJA 30, not a CJA 20 (aa). (Entered: 06/18/2012) |
| 06/18/2012 | 209 | | CJA 30 as to Pedro Garcia: Appointment of Attorney Charles M. Rogers. Signed by Magistrate Judge Karen M. Humphreys on 6/14/2012. (aa) Modified on 9/25/2012 to reflect that the form filed was actually a CJA 30, not a CJA 20 (aa). (Entered: 06/18/2012) |
| 06/18/2012 | | | ARREST of Pedro Garcia. (aa) (Entered: 06/19/2012) |
| 06/18/2012 | 210 | | MINUTE ENTRY for proceedings held before Magistrate Judge Karen M. Humphreys: RULE 5/INITIAL APPEARANCE as to Pedro Garcia held on 6/18/2012. ARRAIGNMENT as to Pedro Garcia (2) Count 1,2,3,4,5,6,7,8,9 held on 6/18/2012. The Defendant's next appearance before Judge Belot per scheduling order. The Defendant waived his right to a detention hearing. The Court accepted the waiver and sustained the Government motion for detention. (Tape #1:32–1:43.) (aa) (Entered: 06/19/2012) |
| 06/18/2012 | 211 | | CJA 23 FINANCIAL AFFIDAVIT by Pedro Garcia. (aa) (Entered: 06/19/2012) |
| 06/18/2012 | 212 | | WAIVER OF DETENTION HEARING by Pedro Garcia. (aa) (Entered: 06/19/2012) |
| 06/26/2012 | 221 | | GENERAL ORDER OF DISCOVERY & SCHEDULING as to Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran–Ruiz, |

| | | | |
|---|---|---|---|
| | | | Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda–Hernandez, Andrew Gusman, Eusebio Sierra–Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, Hernan Quezada and Humberto Ortiz. Jury Trial set for 8/28/2012 at 09:00 AM in Courtroom 161 (MLB) before District Judge Monti L. Belot. Status Conference/Plea Hearing set for 8/20/2012 at 02:30 PM in Courtroom 161 (MLB) before District Judge Monti L. Belot. Signed by District Judge Monti L. Belot on 6/26/2012. (sbw) (Entered: 06/26/2012) |
| 06/26/2012 | 224 | | ARREST WARRANT returned executed on 6/15/2012 as to Pedro Garcia (smg) (Entered: 06/27/2012) |
| 07/11/2012 | 229 | | MOTION to Designate as Complex Case *and Requesting Excludable Time Computations* by USA as to Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran–Ruiz, Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda–Hernandez, Andrew Gusman, Eusebio Sierra–Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, Hernan Quezada, Humberto Ortiz. (Smith, Aaron) (Entered: 07/11/2012) |
| 07/12/2012 | 231 | | RESPONSE TO MOTION by Pedro Garcia re 229 MOTION to Designate as Complex Case *and Requesting Excludable Time Computations* (Wachtel, John) (Entered: 07/12/2012) |
| 07/25/2012 | 254 | | MOTION to Continue *AND EXTEND* PRETRIAL DEADLINES AND DATES by Pedro Garcia. (Wachtel, John) (Entered: 07/25/2012) |
| 07/27/2012 | 267 | | ORDER FOR CASE DESIGNATION AS COMPLEX AND ORDERING EXCLUDABLE TIME COMPUTATIONS granting 229 Motion to Designate as Complex Case; granting 254 Motion to Continue; granting 256 Motion for Extension of Time to File; granting 255 Motion for Joinder; granting 250 Motion to Continue; granting 264 Motion for Joinder; granting 259 Motion to Continue; granting 260 Motion for Joinder; granting 258 Motion for Joinder; granting 257 Motion for Joinder; granting 262 Motion to Continue. A Status Hearing is set for August 20, 2012, at 2:30 p.m. in order to set up a schedule for discovery, filing of motions and responses, pretrial hearing and for jury trial. Defendants do not need to appear. Signed by District Judge Monti L. Belot on 7/26/2012. (aa) (Entered: 07/27/2012) |
| 08/20/2012 | | | MINUTE ENTRY for proceedings held before District Judge Monti L. Belot: STATUS CONFERENCE as to Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran–Ruiz, Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda–Hernandez, Andrew Gusman, Eusebio Sierra–Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, Hernan Quezada, Humberto Ortiz held on 8/20/2012. (Court Reporter Cindy Schwemmer.) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (rs) (Entered: 08/20/2012) |
| 09/07/2012 | 290 | | NOTICE of Intent *to Not Seek Death Penalty* by USA as to Pedro Garcia, Gonzalo Ramirez (Smith, Aaron) (Entered: 09/07/2012) |
| 09/21/2012 | 296 | | MOTION for Protective Order *Governing Disclosure* by USA as to Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, |

| | | |
|---|---|---|
| | | Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran–Ruiz, Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda–Hernandez, Andrew Gusman, Eusebio Sierra–Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, Hernan Quezada, Humberto Ortiz. (Welch, Lanny) (Entered: 09/21/2012) |
| 09/21/2012 | 297 | NOTICE OF EXPERT TESTIMONY pursuant to Rule 16(a)(1)(G) by USA as to Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran–Ruiz, Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda–Hernandez, Andrew Gusman, Eusebio Sierra–Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, Hernan Quezada, Humberto Ortiz (Attachments: # 1 curriculum vitae)(Welch, Lanny) (Entered: 09/21/2012) |
| 09/24/2012 | 298 | MOTION to Withdraw Charles M. Rogers as Attorney by Pedro Garcia. (Rogers, Charles) (Entered: 09/24/2012) |
| 09/25/2012 | 299 | MINUTE ORDER granting 298 Motion to Withdraw as Attorney as to Pedro Garcia (2). Signed by District Judge Monti L. Belot on 9/25/2012. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (sbw) (Entered: 09/25/2012) |
| 09/26/2012 | 307 | RESPONSE IN OPPOSITION by Jayson Vargas as to Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran–Ruiz, Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda–Hernandez, Andrew Gusman, Eusebio Sierra–Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, Hernan Quezada, Humberto Ortiz re 296 MOTION for Protective Order *Governing Disclosure filed by USA* (Sevart, Mark) (Entered: 09/26/2012) |
| 09/26/2012 | 308 | MOTION for Joinder *in Defendants Objections to Protective Order Governing Disclosure* by Jason Najera as to Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran–Ruiz, Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda–Hernandez, Andrew Gusman, Eusebio Sierra–Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, Hernan Quezada, Humberto Ortiz. (Moses, David) (Entered: 09/26/2012) |
| 09/27/2012 | 311 | MOTION for Joinder *IN THE RESPONSES OF DEFENDANTS BANDA–HERNANDEZ'S, RUSSELL WORTHEY'S, JUAN TORRES' AND JAYSON VARGAS' OBJECTIONS TO THE GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER GOVERNING DISCLOSURE (DOC. 296)* by Pedro Garcia. (Wachtel, John) (Entered: 09/27/2012) |
| 09/27/2012 | 315 | LETTER from the Honorable Monti L. Belot to Counsel regarding 296 Government's MOTION for Protective Order *Governing Disclosure* and the corresponding Responses by Defendants. Plaintiff is to supplement its Motion and Defendants are to respond to said supplement. Supplemental Motion by the Government due by 10/5/12. Defendants responses due by 10/12/12. SEE ORDER FOR DETAILS. (alm) (Entered: 09/27/2012) |
| 10/02/2012 | 318 | |

| | | | |
|---|---|---|---|
| | | | ORDER CONVERTING CASE FROM CJA 30 to CJA 20 FOR BILLING PURPOSES as to Pedro Garcia re 290 NOTICE of Intent to Not Seek Death Penalty filed by USA. See order for details. Signed by Magistrate Judge Karen M. Humphreys on 10/1/2012. (aa) (Entered: 10/02/2012) |
| 10/02/2012 | 319 | | CJA 20 as to Pedro Garcia: Appointment of Attorney John V. Wachtel. Signed by Magistrate Judge Karen M. Humphreys on 10/1/2012. (alm) (Entered: 10/02/2012) |
| 10/05/2012 | 324 | | Supplemental MOTION for Protective Order by USA as to Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran–Ruiz, Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda–Hernandez, Andrew Gusman, Eusebio Sierra–Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, Hernan Quezada, Humberto Ortiz. (Smith, Aaron) (Entered: 10/05/2012) |
| 10/09/2012 | 325 | | MOTION for Discovery *FOR SPECIFIC DISCOVERY RELATED TO STREET GANGS IN DODGE CITY, KANSAS* by Pedro Garcia. (Wachtel, John) (Entered: 10/09/2012) |
| 10/09/2012 | 326 | | MEMORANDUM IN SUPPORT of 325 MOTION for Discovery *FOR SPECIFIC DISCOVERY RELATED TO STREET GANGS IN DODGE CITY, KANSAS* by Pedro Garcia as to Pedro Garcia (Attachments: # 1 Exhibit 1 and 2)(Wachtel, John) (Entered: 10/09/2012) |
| 10/17/2012 | 328 | | MOTION FOR A BILL OF PARTICULARS (DEFENDANT GARCIA'S THIRD MOTION) by Pedro Garcia. (Wachtel, John) Modified on 10/18/2012 to correct event type (aa). (Entered: 10/17/2012) |
| 10/17/2012 | 329 | | MEMORANDUM IN SUPPORT of 328 MOTION FOR A BILL OF PARTICULARS (DEFENDANT GARCIA'S THIRD MOTION) by Pedro Garcia as to Pedro Garcia (Wachtel, John) Modified on 10/18/2012 (aa). (Entered: 10/17/2012) |
| 10/17/2012 | 330 | | MOTION FOR NOTICE OF CO–CONSPIRATOR STATEMENTS (DEFENDANT GARCIA'S FOURTH MOTION) by Pedro Garcia. (Wachtel, John) (Entered: 10/17/2012) |
| 10/17/2012 | 331 | | MEMORANDUM IN SUPPORT of 330 MOTION FOR NOTICE OF CO–CONSPIRATOR STATEMENTS (DEFENDANT GARCIA'S FOURTH MOTION) by Pedro Garcia as to Pedro Garcia (Wachtel, John) (Entered: 10/17/2012) |
| 10/17/2012 | 332 | | MOTION TO EXCLUDE CO–CONSPIRATORS' TESTIMONIAL STATEMENTS (DEFENDANT GARCIA'S FIFTH MOTION) by Pedro Garcia. (Wachtel, John) Modified on 10/18/2012 to correct event type (aa). (Entered: 10/17/2012) |
| 10/17/2012 | 333 | | MEMORANDUM IN SUPPORT of 332 MOTION TO EXCLUDE CO–CONSPIRATORS' TESTIMONIAL STATEMENTS (DEFENDANT GARCIA'S FIFTH MOTION) by Pedro Garcia as to Pedro Garcia (Wachtel, John) (Entered: 10/17/2012) |
| 10/17/2012 | 334 | | MOTION FOR NOTICE OF THE GOVERNMENT'S INTENT TO OFFER RULE 404(b) EVIDENCE AT TRIAL (DEFENDANT GARCIA'S SIXTH |

| | | | |
|---|---|---|---|
| | | | MOTION) by Pedro Garcia. (Wachtel, John) (Entered: 10/17/2012) |
| 10/17/2012 | 335 | | MEMORANDUM IN SUPPORT of 334 MOTION FOR NOTICE OF THE GOVERNMENT'S INTENT TO OFFER RULE 404(b) EVIDENCE AT TRIAL (DEFENDANT GARCIA'S SIXTH MOTION) by Pedro Garcia as to Pedro Garcia (Wachtel, John) (Entered: 10/17/2012) |
| 10/17/2012 | 336 | | MOTION IN LIMINE TO EXCLUDE EVIDENCE OF GUILTY PLEAS BY NON−TESTIFYING CO−DEFENDANTS (DEFENDANT GARCIA'S SEVENTH MOTION) by Pedro Garcia. (Wachtel, John) Modified on 10/18/2012 to correct event type (aa). (Entered: 10/17/2012) |
| 10/17/2012 | 337 | | MEMORANDUM IN SUPPORT of 336 MOTION IN LIMINE TO EXCLUDE EVIDENCE OF GUILTY PLEAS BY NON−TESTIFYING CO−DEFENDANTS (DEFENDANT GARCIA'S SEVENTH MOTION) by Pedro Garcia as to Pedro Garcia (Wachtel, John) (Entered: 10/17/2012) |
| 10/17/2012 | 338 | | MOTION FOR EXTENSION OF MOTION FILING DATE (DEFENDANT GARCIA'S EIGHTH MOTION) by Pedro Garcia. (Wachtel, John) Modified on 10/18/2012 to correct event type (aa). (Entered: 10/17/2012) |
| 10/18/2012 | 360 | | MOTION for Joinder *(DEFENDANT GARCIA'S NINTH MOTION)* by Pedro Garcia. (Wachtel, John) (Entered: 10/18/2012) |
| 10/19/2012 | 365 | | ORDER FOR PROTECTIVE ORDER terminating 296 Motion for Protective Order as to all Defendants. ; granting 324 Motion for Protective Order as to all Defendants. Signed by District Judge Monti L. Belot on 10/19/2012. (aa) (Entered: 10/19/2012) |
| 10/22/2012 | 369 | | MOTION FOR JAMES HEARING TO DETERMINE THE ADMISSIBILITY OF EXTRA JUDICIAL STATEMENTS OF ALLEGED CO−CONSPIRATORS (DEFENDANT GARCIA'S TENTH MOTION) by Pedro Garcia. (Wachtel, John) Modified on 10/23/2012 to correct motion type (aa). (Entered: 10/22/2012) |
| 10/22/2012 | 370 | | MEMORANDUM IN SUPPORT of 369 MOTION FOR JAMES HEARING TO DETERMINE THE ADMISSIBILITY OF EXTRA JUDICIAL STATEMENTS OF ALLEGED CO−CONSPIRATORS (DEFENDANT GARCIA'S TENTH MOTION) by Pedro Garcia as to Pedro Garcia (Wachtel, John) (Entered: 10/22/2012) |
| 10/23/2012 | 372 | | MOTION to Produce *PRIOR CRIMINAL RECORD (DEFENDANT GARCIA'S ELEVENTH MOTION)* by Pedro Garcia. (Wachtel, John) (Entered: 10/23/2012) |
| 10/23/2012 | 373 | | MINUTE ORDER granting all requests to join motions of co−defendants:granting 308 Motion for Joinder as to Jason Najera (1), Pedro Garcia (2), Gonzalo Ramirez (3), Russell Worthey (4), Anthony Wright (5), Joshua Flores (6), Jesus Flores (7), Angel Cerda (8), Juan Torres (9), Alfredo Beltran−Ruiz (10), Donte Barnes (11), Jesus Sanchez (12), Enrique Gobin (13), Alfonso Banda−Hernandez (14), Andrew Gusman (15), Eusebio Sierra−Medrano (16), Jayson Vargas (17), Adam Flores (18), Fabian Neave (19), Jesus Torres (20), Jose Neave (21), Hernan Quezada (22), Humberto Ortiz (23); granting 311 Motion for Joinder as to Pedro Garcia (2); granting 360 Motion for Joinder as to Pedro Garcia (2); granting 339 Motion for |

| | | | |
|---|---|---|---|
| | | | Joinder as to Russell Worthey (4); granting 361 Motion for Joinder as to Russell Worthey (4); granting 371 Motion as to Russell Worthey (4); granting 312 Motion for Joinder as to Anthony Wright (5); granting 310 Motion for Joinder as to Angel Cerda (8); granting 364 Motion for Joinder as to Angel Cerda (8); granting 313 Motion for Joinder as to Enrique Gobin (13); granting 314 Motion for Joinder as to Andrew Gusman (15); granting 363 Motion for Joinder as to Andrew Gusman (15); granting 358 Motion for Joinder as to Eusebio Sierra–Medrano (16); granting 359 Motion for Joinder as to Eusebio Sierra–Medrano (16); granting 316 Motion for Joinder as to Fabian Neave (19) Signed by District Judge Monti L. Belot on 10/23/2012. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (rs) (Entered: 10/23/2012) |
| 10/25/2012 | 393 | | MOTION for Joinder *IN JASON NAJERA'S MOTION TO DISCLOSE CONFIDENTIAL INFORMANTS [DOC. 381] AND MEMORANDUM IN SUPPORT [DOC. 382] (GARCIA'S TWELFTH MOTION)* by Pedro Garcia. (Wachtel, John) (Entered: 10/25/2012) |
| 10/26/2012 | 407 | | MOTION to Sever Defendant *(GARCIA'S THIRTEENTH MOTION)* by Pedro Garcia. (Wachtel, John) (Entered: 10/26/2012) |
| 10/26/2012 | 408 | | MEMORANDUM IN SUPPORT of 407 MOTION to Sever Defendant *(GARCIA'S THIRTEENTH MOTION)* by Pedro Garcia as to Pedro Garcia (Wachtel, John) (Entered: 10/26/2012) |
| 10/26/2012 | 409 | | MOTION for Joinder *IN CERTAIN MOTIONS FILED BY CO–DEFENDANTS EUSEBIO SIERRA–MEDRANO AND JASON NAJERA (GARCIA'S FOURTEENTH MOTION)* by Pedro Garcia. (Wachtel, John) (Entered: 10/26/2012) |
| 10/26/2012 | 410 | | MOTION for Joinder *IN CO–DEFENDANT ANGEL CERDA'S MOTION FOR DISCLOSURE OF EXCULPATORY EVIDENCE, PLEA AGREEMENTS AND IMPEACHMENT MATERIALS (GARCIA'S FIFTEENTH MOTION)* by Pedro Garcia. (Wachtel, John) (Entered: 10/26/2012) |
| 10/26/2012 | 411 | | MOTION for Joinder *IN CO–DEFENDANT ANGEL CERDA'S MOTION FOR IDENTIFICATION AND PRODUCTION OF STATEMENTS OF PERCIPIENT WITNESSES (GARCIA'S SIXTEENTH MOTION)* by Pedro Garcia. (Wachtel, John) (Entered: 10/26/2012) |
| 10/26/2012 | 435 | | MOTION for Joinder *IN CO–DEFENDANT GONZALO RAMIREZ'S MOTION TO SUPPRESS EVIDENCE FOUND IN CONNECTION WITH THE OCTOBER 19, 2010 SEARCH OF HIS RESIDENCE (GARCIA'S SEVENTEENTH MOTION)* by Pedro Garcia. (Wachtel, John) (Entered: 10/26/2012) |
| 10/26/2012 | 436 | | MOTION for Joinder *IN CO–DEFENDANT GONZALO RAMIREZ'S MOTION TO DISMISS AND REQUEST FOR BILL OF PARTICULARS (GARCIA'S EIGHTEENTH MOTION)* by Pedro Garcia. (Wachtel, John) (Entered: 10/26/2012) |
| 10/29/2012 | 450 | | MOTION for Extension of Time to File Response/Reply as to 435 MOTION for Joinder *IN CO–DEFENDANT GONZALO RAMIREZ'S MOTION TO SUPPRESS EVIDENCE FOUND IN CONNECTION WITH THE OCTOBER* |

*19, 2010 SEARCH OF HIS RESIDENCE (GARCIA'S SEVENTEENTH MOTION)*, 381 MOTION for Disclosure *of Confidential Informants*, 400 MOTION to Suppress *Photo Lineups and Identifications*, 351 MOTION for Bill of Particulars , 414 Second MOTION to Sever Defendant , 449 MOTION for Joinder *in Co−Defendants' Motions*, 334 MOTION FOR NOTICE OF THE GOVERNMENT'S INTENT TO OFFER RULE 404(b) EVIDENCE AT TRIAL (DEFENDANT GARCIA'S SIXTH MOTION) , 338 MOTION for Extension of Time to File, 434 MOTION for Joinder , 419 MOTION for Hearing MOTION to Dismiss Indictment *or For Hearing To Determine Reasons For Government Delay In Filing Indictment*, 422 MOTION in Limine *to Prevent the Government From Referring to Him as a Gang Member*, 378 MOTION to Exclude *Bruton Evidence*, 445 MOTION for Joinder, 358 MOTION for Joinder *In Certain Motions of Co−defendant Garcia*, 366 MOTION FOR NOTICE OF GOVERNMENT'S INTENT TO OFFER , 359 MOTION for Joinder *In Motions Filed By Co−defendants*, 427 MOTION for Joinder *of Motions and Memoranda filed by Co−Defendants*, 446 MOTION for Joinder , 431 MOTION for Joinder *in Co−Defendants' Motions*, 369 MOTION for Hearing, 417 MOTION for Bill of Particulars , 441 MOTION to Sever Defendant , 404 Second MOTION for Joinder *of Motions and Memoranda filed by Co−Defendants*, 349 MOTION for Disclosure *and Inspection of The Grand Jury Transcripts*, 437 Third MOTION for Joinder *of Motions filed by Co−Defendants*, 355 MOTION for Disclosure *Of Gang Participation Information*, 387 MOTION for Joinder, 395 MOTION to Produce, 344 MOTION to Prohibit Government, Law Enforcement or Cooperating Individuals From Approaching Defendant , 386 MOTION to Sever Defendant , 407 MOTION to Sever Defendant *(GARCIA'S THIRTEENTH MOTION)*, 391 MOTION to Sever Defendant *from Co−Defendants*, 447 MOTION for Joinder , 336 MOTION in Limine, 330 MOTION FOR NOTICE OF CO−CONSPIRATOR STATEMENTS (DEFENDANT GARCIA'S FOURTH MOTION) , 403 MOTION in Limine *for Certain Documents*, 413 MOTION for Joinder , 398 MOTION for Separate Trial on Counts Angel Cerda (8) Count 10,11,12,13 , 384 MOTION for Joinder *in Defendant, Pedro Garcia's Motion for James Hearing to Determine the Admissibility of Extra Judicial Statements of Alleged Co−Conspirators (Docs. 369 and 370)*, 396 MOTION for Disclosure *OF EXCULPATORY EVIDENCE, PLEA AGREEMENTS AND IMPEACHMENT MATERIALS*, 325 MOTION for Discovery *FOR SPECIFIC DISCOVERY RELATED TO STREET GANGS IN DODGE CITY, KANSAS*, 363 MOTION for Joinder *in Co−Defendant Motions*, 372 MOTION to Produce *PRIOR CRIMINAL RECORD (DEFENDANT GARCIA'S ELEVENTH MOTION)*, 418 MOTION to Sever Defendant , 421 Amended MOTION for Joinder *in Defendant, Pedro Garcia's Motions (Docs. 325−326 and 328−338)*, 377 MOTION in Limine *for Criminal Record and Other Prior Crimes*, 356 MOTION for Disclosure *of Specific Discovery Related to Street Gangs In Dodge City, Kansas*, 428 MOTION to Sever Defendant , 405 MOTION to Suppress *Statements*, 426 MOTION to Suppress *Evidence Obtained As A Result of Illegal Seizure of Defendant's Car*, 438 MOTION to dismiss counts One , 409 MOTION for Joinder *IN CERTAIN MOTIONS FILED BY CO−DEFENDANTS EUSEBIO SIERRA−MEDRANO AND JASON NAJERA (GARCIA'S FOURTEENTH MOTION)*, 367 MOTION in Limine , 340 MOTION to Exclude *Co−Conspirator's Testimonial Statements*, 385 MOTION for Bill of Particulars , 411 MOTION for Joinder *IN*

| | | | |
|---|---|---|---|
| | | | *CO−DEFENDANT ANGEL CERDA'S MOTION FOR IDENTIFICATION AND PRODUCTION OF STATEMENTS OF PERCIPIENT WITNESSES (GARCIA'S SIXTEENTH MOTION)*, 328 MOTION for Bill of Particulars, 444 MOTION for Joinder *in Co−defendant Motions*, 424 MOTION to Suppress *Defendant's Post−Indictment Statement*, 346 MOTION To Allow Agent/Investigator To Not Be Subject To Sequestration Rule , 383 MOTION for Separate Trial on Counts Jason Najera (1) Count 1,26,27,33−34 , 353 MOTION for Hearing *(James)*, 392 MOTION for Joinder , 327 MOTION for Joinder , 397 MOTION to Produce, 393 MOTION for Joinder *IN JASON NAJERA'S MOTION TO DISCLOSE CONFIDENTIAL INFORMANTS [DOC. 381] AND MEMORANDUM IN SUPPORT [DOC. 382] (GARCIA'S TWELFTH MOTION)*, 436 MOTION for Joinder *IN CO−DEFENDANT GONZALO RAMIREZ'S MOTION TO DISMISS AND REQUEST FOR BILL OF PARTICULARS (GARCIA'S EIGHTEENTH MOTION)*, 440 MOTION to Suppress *Statements*, 448 Supplemental MOTION for Joinder *As To Motions and Memoranda ECF 349, 350, 417, 418, 422, 430 and 438*, 360 MOTION for Joinder *(DEFENDANT GARCIA'S NINTH MOTION)*, 339 MOTION for Joinder, 425 MOTION to Suppress *Evidence Found In Connection With The October 19, 2010, Search of Defendant's Residence*, 375 MOTION for Joinder *Motions and Memoranda filed by Co−Defendants*, 402 Supplemental MOTION to Suppress *Statements and Motion for Additional Discovery* MOTION for Discovery, 379 MOTION for Discovery *Specifically Related to Street Gangs in Dodge City*, 394 MOTION for Joinder *In Motions Filed By Codefendants*, 415 MOTION for Joinder *of Motions and Memoranda Filed by Co−Defendants*, 342 MOTION for Disclosure *of Rule 404(b) Evidence*, 410 MOTION for Joinder *IN CO−DEFENDANT ANGEL CERDA'S MOTION FOR DISCLOSURE OF EXCULPATORY EVIDENCE, PLEA AGREEMENTS AND IMPEACHMENT MATERIALS (GARCIA'S FIFTEENTH MOTION)*, 423 MOTION for Joinder *in Co−Defendants' Pleadings*, 433 MOTION for Joinder, 388 MOTION for Joinder *in the Motions and Memoranda of Co−Defendants*, 347 MOTION For Adequate Court Facilities , 439 MOTION to Dismiss Indictment , 416 MOTION to Dismiss Indictment, 361 MOTION for Joinder, 332 MOTION to Exclude, 371 MOTION to Join , 412 MOTION for Joinder , 443 MOTION for Hearing, 430 MOTION to Dismiss Indictment MOTION for Bill of Particulars , 374 MOTION for Joinder *in Defendant, Russell Worthey's Motion to Join Motions filed by Pedro Garcia (Docs. 325−326 and 328−338)*, 420 MOTION for Joinder by USA as to Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran−Ruiz, Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda−Hernandez, Andrew Gusman, Eusebio Sierra−Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, Hernan Quezada, Humberto Ortiz. (Smith, Aaron) (Entered: 10/29/2012) |
| 10/31/2012 | 451 | | ORDER granting 450 Motion for Extension of Time to File Response/Reply as to Jason Najera (1), Pedro Garcia (2), Gonzalo Ramirez (3), Russell Worthey (4), Anthony Wright (5), Joshua Flores (6), Jesus Flores (7), Angel Cerda (8), Juan Torres (9), Alfredo Beltran−Ruiz (10), Donte Barnes (11), Jesus Sanchez (12), Enrique Gobin (13), Alfonso Banda−Hernandez (14), Andrew Gusman (15), Eusebio Sierra−Medrano (16), Jayson Vargas (17), Adam Flores (18), Fabian Neave (19), Jesus Torres (20), Jose Neave (21), |

| | | | |
|---|---|---|---|
| | | | Hernan Quezada (22), Humberto Ortiz (23) Signed by District Judge Monti L. Belot on 10/31/2012. Responses due by 12/17/12. (alm) (Entered: 10/31/2012) |
| 10/31/2012 | 452 | | ORDER denying 447 Motion for Joinder as to Jesus Sanchez (12); denying 444 Motion for Joinder as to Jayson Vargas (17); denying 412 Motion for Joinder as to Jesus Torres (20).SEE ORDER FOR DETAILS. Signed by District Judge Monti L. Belot on 10/31/2012. (alm) (Entered: 10/31/2012) |
| 11/12/2012 | 461 | | SEALED MOTION for Leave to File Under Seal by Pedro Garcia. (Attachments: # 1 Proposed Sealed Document)(Wachtel, John) (Entered: 11/12/2012) |
| 11/13/2012 | 462 | | MINUTE ORDER granting 461 Sealed Motion for Leave to File Under Seal. Counsel is directed to file forthwith the requested document(s) with an event from the SEALED DOCUMENTS category as to Pedro Garcia (2). Signed by District Judge Monti L. Belot on 11/13/2012. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (sbw) (Entered: 11/13/2012) |
| 11/30/2012 | 471 | | ORDER granting 470 Sealed Motion for Leave to File Under Seal. Counsel is directed to file forthwith the requested document(s) with an event from the SEALED DOCUMENTS category as to Pedro Garcia (2). Signed by District Judge Monti L. Belot on 11/30/2012. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ml) (Entered: 11/30/2012) |
| 12/17/2012 | 475 | | RESPONSE TO MOTION by USA as to Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran−Ruiz, Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda−Hernandez, Andrew Gusman, Eusebio Sierra−Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, Hernan Quezada, Humberto Jorge Ortiz re 449 MOTION for Joinder *in Co−Defendants' Motions*, 411 MOTION for Joinder *IN CO−DEFENDANT ANGEL CERDA'S MOTION FOR IDENTIFICATION AND PRODUCTION OF STATEMENTS OF PERCIPIENT WITNESSES (GARCIA'S SIXTEENTH MOTION)*, 431 MOTION for Joinder *in Co−Defendants' Motions*, 364 MOTION for Joinder *IN GARCIA MOTION # 325 AND FOR ADDITIONAL DISCOVERY RELATED TO STREET GANGS IN DODGE CITY*, 397 MOTION to Produce, 395 MOTION to Produce, 413 MOTION for Joinder , 433 MOTION for Joinder, 398 MOTION for Separate Trial on Counts Angel Cerda (8) Count 10,11,12,13 , 396 MOTION for Disclosure *OF EXCULPATORY EVIDENCE, PLEA AGREEMENTS AND IMPEACHMENT MATERIALS*, 420 MOTION for Joinder (Smith, Aaron) (Entered: 12/17/2012) |
| 12/17/2012 | 476 | | RESPONSE TO MOTION by USA as to Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran−Ruiz, Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda−Hernandez, Andrew Gusman, Eusebio Sierra−Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, Hernan Quezada, Humberto Jorge Ortiz re 367 MOTION in Limine , 449 MOTION for Joinder *in Co−Defendants' Motions*, 366 MOTION FOR NOTICE OF GOVERNMENT'S INTENT TO OFFER , 431 MOTION for Joinder *in Co−Defendants' Motions*, 387 MOTION for Joinder, |

| | | | |
|---|---|---|---|
| | | | 394 MOTION for Joinder *In Motions Filed By Codefendants*, 413 MOTION for Joinder , 423 MOTION for Joinder *in Co−Defendants' Pleadings*, 433 MOTION for Joinder, 458 Fourth MOTION for Joinder *of Motions and Memoranda filed by Co−Defendants*, 420 MOTION for Joinder (Smith, Aaron) (Entered: 12/17/2012) |
| 12/17/2012 | 477 | | DISREGARD THIS ENTRY – DOCUMENT FILED USING THE WRONG EVENT −− SEE DE 488 FOR CORRECT FILING −− REPLY TO RESPONSE to Motion by USA as to Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran−Ruiz, Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda−Hernandez, Andrew Gusman, Eusebio Sierra−Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, Hernan Quezada, Humberto Jorge Ortiz re 460 Second MOTION for Joinder *with Motions and Memorandums filed by Co−Defendants*, 437 Third MOTION for Joinder *of Motions filed by Co−Defendants*, 416 MOTION to Dismiss Indictment (Smith, Aaron) Modified on 12/18/2012 (aa). (Entered: 12/17/2012) |
| 12/17/2012 | 478 | | RESPONSE TO MOTION by USA as to Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran−Ruiz, Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda−Hernandez, Andrew Gusman, Eusebio Sierra−Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, Hernan Quezada, Humberto Jorge Ortiz re 428 MOTION to Sever Defendant (Smith, Aaron) (Entered: 12/17/2012) |
| 12/17/2012 | 479 | | RESPONSE TO MOTION by USA as to Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran−Ruiz, Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda−Hernandez, Andrew Gusman, Eusebio Sierra−Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, Hernan Quezada, Humberto Jorge Ortiz re 385 MOTION for Bill of Particulars , 386 MOTION to Sever Defendant (Smith, Aaron) (Entered: 12/17/2012) |
| 12/17/2012 | 480 | | RESPONSE TO MOTION by USA as to Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran−Ruiz, Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda−Hernandez, Andrew Gusman, Eusebio Sierra−Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, Hernan Quezada, Humberto Jorge Ortiz re 449 MOTION for Joinder *in Co−Defendants' Motions*, 334 MOTION FOR NOTICE OF THE GOVERNMENT'S INTENT TO OFFER RULE 404(b) EVIDENCE AT TRIAL (DEFENDANT GARCIA'S SIXTH MOTION) , 328 MOTION for Bill of Particulars, 358 MOTION for Joinder *In Certain Motions of Co−defendant Garcia*, 427 MOTION for Joinder *of Motions and Memoranda filed by Co−Defendants*, 431 MOTION for Joinder *in Co−Defendants' Motions*, 364 MOTION for Joinder *IN GARCIA MOTION # 325 AND FOR ADDITIONAL DISCOVERY RELATED TO STREET GANGS IN DODGE CITY*, 369 MOTION for Hearing, 392 MOTION for Joinder , 327 MOTION for Joinder , 387 MOTION for Joinder, 375 MOTION for Joinder *Motions and Memoranda filed by Co−Defendants*, 394 MOTION for |

| | | | |
|---|---|---|---|
| | | | Joinder *In Motions Filed By Codefendants*, 407 MOTION to Sever Defendant *(GARCIA'S THIRTEENTH MOTION)*, 336 MOTION in Limine, 415 MOTION for Joinder *of Motions and Memoranda Filed by Co−Defendants*, 330 MOTION FOR NOTICE OF CO−CONSPIRATOR STATEMENTS (DEFENDANT GARCIA'S FOURTH MOTION) , 413 MOTION for Joinder , 423 MOTION for Joinder *in Co−Defendants' Pleadings*, 433 MOTION for Joinder, 325 MOTION for Discovery *FOR SPECIFIC DISCOVERY RELATED TO STREET GANGS IN DODGE CITY, KANSAS*, 388 MOTION for Joinder *in the Motions and Memoranda of Co−Defendants*, 363 MOTION for Joinder *in Co−Defendant Motions*, 372 MOTION to Produce *PRIOR CRIMINAL RECORD (DEFENDANT GARCIA'S ELEVENTH MOTION)*, 332 MOTION to Exclude, 371 MOTION to Join , 455 Second MOTION for Joinder , 374 MOTION for Joinder *in Defendant, Russell Worthey's Motion to Join Motions filed by Pedro Garcia (Docs. 325−326 and 328−338)*, 420 MOTION for Joinder (Smith, Aaron) (Entered: 12/17/2012) |
| 12/17/2012 | 483 | | RESPONSE TO MOTION by USA as to Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran−Ruiz, Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda−Hernandez, Andrew Gusman, Eusebio Sierra−Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, Hernan Quezada, Humberto Jorge Ortiz re 438 MOTION to dismiss counts One , 460 Second MOTION for Joinder *with Motions and Memorandums filed by Co−Defendants*, 441 MOTION to Sever Defendant , 440 MOTION to Suppress *Statements*, 458 Fourth MOTION for Joinder *of Motions and Memoranda filed by Co−Defendants* (Smith, Aaron) (Entered: 12/17/2012) |
| 12/17/2012 | 484 | | RESPONSE TO MOTION by USA as to Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran−Ruiz, Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda−Hernandez, Andrew Gusman, Eusebio Sierra−Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, Hernan Quezada, Humberto Jorge Ortiz re 426 MOTION to Suppress *Evidence Obtained As A Result of Illegal Seizure of Defendant's Car*, 435 MOTION for Joinder *IN CO−DEFENDANT GONZALO RAMIREZ'S MOTION TO SUPPRESS EVIDENCE FOUND IN CONNECTION WITH THE OCTOBER 19, 2010 SEARCH OF HIS RESIDENCE (GARCIA'S SEVENTEENTH MOTION)*, 460 Second MOTION for Joinder *with Motions and Memorandums filed by Co−Defendants*, 449 MOTION for Joinder *in Co−Defendants' Motions*, 424 MOTION to Suppress *Defendant's Post−Indictment Statement*, 453 MOTION for Joinder , 436 MOTION for Joinder *IN CO−DEFENDANT GONZALO RAMIREZ'S MOTION TO DISMISS AND REQUEST FOR BILL OF PARTICULARS (GARCIA'S EIGHTEENTH MOTION)*, 448 Supplemental MOTION for Joinder *As To Motions and Memoranda ECF 349, 350, 417, 418, 422, 430 and 438*, 425 MOTION to Suppress *Evidence Found In Connection With The October 19, 2010, Search of Defendant's Residence*, 413 MOTION for Joinder , 433 MOTION for Joinder, 458 Fourth MOTION for Joinder *of Motions and Memoranda filed by Co−Defendants*, 430 MOTION to Dismiss Indictment MOTION for Bill of Particulars (Smith, Aaron) (Entered: |

| | | | |
|---|---|---|---|
| | | | 12/17/2012) |
| 12/17/2012 | 485 | | RESPONSE TO MOTION by USA as to Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran–Ruiz, Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda–Hernandez, Andrew Gusman, Eusebio Sierra–Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, Hernan Quezada, Humberto Jorge Ortiz re 460 Second MOTION for Joinder *with Motions and Memorandums filed by Co–Defendants*, 419 MOTION for Hearing MOTION to Dismiss Indictment *or For Hearing To Determine Reasons For Government Delay In Filing Indictment*, 422 MOTION in Limine *to Prevent the Government From Referring to Him as a Gang Member*, 417 MOTION for Bill of Particulars , 437 Third MOTION for Joinder *of Motions filed by Co–Defendants*, 448 Supplemental MOTION for Joinder *As To Motions and Memoranda ECF 349, 350, 417, 418, 422, 430 and 438*, 418 MOTION to Sever Defendant , 455 Second MOTION for Joinder (Smith, Aaron) (Entered: 12/17/2012) |
| 12/17/2012 | 486 | | RESPONSE TO MOTION by USA as to Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran–Ruiz, Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda–Hernandez, Andrew Gusman, Eusebio Sierra–Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, Hernan Quezada, Humberto Jorge Ortiz re 381 MOTION for Disclosure *of Confidential Informants*, 400 MOTION to Suppress *Photo Lineups and Identifications*, 409 MOTION for Joinder *IN CERTAIN MOTIONS FILED BY CO–DEFENDANTS EUSEBIO SIERRA–MEDRANO AND JASON NAJERA (GARCIA'S FOURTEENTH MOTION)*, 449 MOTION for Joinder *in Co–Defendants' Motions*, 434 MOTION for Joinder , 378 MOTION to Exclude *Bruton Evidence*, 454 Second MOTION for Joinder *of Co–Defendant Motions*, 453 MOTION for Joinder , 427 MOTION for Joinder *of Motions and Memoranda filed by Co–Defendants*, 431 MOTION for Joinder *in Co–Defendants' Motions*, 383 MOTION for Separate Trial on Counts Jason Najera (1) Count 1,26,27,33–34 , 392 MOTION for Joinder , 393 MOTION for Joinder *IN JASON NAJERA'S MOTION TO DISCLOSE CONFIDENTIAL INFORMANTS [DOC. 381] AND MEMORANDUM IN SUPPORT [DOC. 382] (GARCIA'S TWELFTH MOTION)*, 387 MOTION for Joinder, 379 MOTION for Discovery *Specifically Related to Street Gangs in Dodge City*, 394 MOTION for Joinder *In Motions Filed By Codefendants*, 459 MOTION for Joinder, 415 MOTION for Joinder *of Motions and Memoranda Filed by Co–Defendants*, 413 MOTION for Joinder , 423 MOTION for Joinder *in Co–Defendants' Pleadings*, 433 MOTION for Joinder, 455 Second MOTION for Joinder , 377 MOTION in Limine *for Criminal Record and Other Prior Crimes*, 405 MOTION to Suppress *Statements*, 420 MOTION for Joinder (Smith, Aaron) (Entered: 12/17/2012) |
| 12/17/2012 | 487 | | RESPONSE TO MOTION by USA as to Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran–Ruiz, Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda–Hernandez, Andrew Gusman, Eusebio Sierra–Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, Hernan Quezada, Humberto Jorge Ortiz re 409 MOTION for Joinder *IN CERTAIN MOTIONS FILED BY CO–DEFENDANTS* |

| | | | |
|---|---|---|---|
| | | | *EUSEBIO SIERRA−MEDRANO AND JASON NAJERA (GARCIA'S FOURTEENTH MOTION)*, 351 MOTION for Bill of Particulars , 460 Second MOTION for Joinder *with Motions and Memorandums filed by Co−Defendants*, 449 MOTION for Joinder *in Co−Defendants' Motions*, 427 MOTION for Joinder *of Motions and Memoranda filed by Co−Defendants*, 431 MOTION for Joinder *in Co−Defendants' Motions*, 349 MOTION for Disclosure *and Inspection of The Grand Jury Transcripts*, 355 MOTION for Disclosure *Of Gang Participation Information*, 387 MOTION for Joinder, 344 MOTION to Prohibit Government, Law Enforcement or Cooperating Individuals From Approaching Defendant , 413 MOTION for Joinder , 363 MOTION for Joinder *in Co−Defendant Motions*, 458 Fourth MOTION for Joinder *of Motions and Memoranda filed by Co−Defendants*, 455 Second MOTION for Joinder , 356 MOTION for Disclosure *of Specific Discovery Related to Street Gangs In Dodge City, Kansas*, 340 MOTION to Exclude *Co−Conspirator's Testimonial Statements*, 346 MOTION To Allow Agent/Investigator To Not Be Subject To Sequestration Rule , 353 MOTION for Hearing *(James)*, 392 MOTION for Joinder , 448 Supplemental MOTION for Joinder *As To Motions and Memoranda ECF 349, 350, 417, 418, 422, 430 and 438*, 360 MOTION for Joinder *(DEFENDANT GARCIA'S NINTH MOTION)*, 375 MOTION for Joinder *Motions and Memoranda filed by Co−Defendants*, 394 MOTION for Joinder *In Motions Filed By Codefendants*, 415 MOTION for Joinder *of Motions and Memoranda Filed by Co−Defendants*, 342 MOTION for Disclosure *of Rule 404(b) Evidence*, 423 MOTION for Joinder *in Co−Defendants' Pleadings*, 433 MOTION for Joinder, 347 MOTION For Adequate Court Facilities , 388 MOTION for Joinder *in the Motions and Memoranda of Co−Defendants*, 361 MOTION for Joinder, 420 MOTION for Joinder (Smith, Aaron) (Entered: 12/17/2012) |
| 12/17/2012 | 488 | | RESPONSE TO MOTION by USA as to Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran−Ruiz, Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda−Hernandez, Andrew Gusman, Eusebio Sierra−Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, Hernan Quezada, Humberto Jorge Ortiz re 416 MOTION to Dismiss Indictment, 460 Second MOTION for Joinder with Motions and Memorandums filed by Co−Defendants, 437 Third MOTION for Joinder of Motions filed by Co−Defendants. (THIS IS A DUPLICATE OF DE 477 . DOCUMENT HAS BEEN REFILED USING THE CORRECT EVENT FOR ADMINISTRATIVE PURPOSES.) (aa) (Entered: 12/18/2012) |
| 01/10/2013 | 494 | | MEMORANDUM AND ORDER granting 375 Motion for Joinder as to Jason Najera (1); denying 378 Motion to Exclude as to Jason Najera (1); granting 379 Motion for Discovery as to Jason Najera (1); finding as moot 381 Motion for Disclosure as to Jason Najera (1); granting 404 Motion for Joinder as to Jason Najera (1); granting 437 Motion for Joinder as to Jason Najera (1); granting 458 Motion for Joinder as to Jason Najera (1); granting 325 Motion for Discovery as to Pedro Garcia (2); granting in part and denying in part 328 Motion for Bill of Particulars as to Pedro Garcia (2); granting 330 Motion as to Pedro Garcia (2); finding as moot 332 Motion to Exclude as to Pedro Garcia (2); granting 334 Motion as to Pedro Garcia (2); finding as moot 336 Motion in Limine as to Pedro Garcia (2); denying 338 Motion for Extension of Time to File. as to Pedro Garcia (2); granting 369 |

Motion for Hearing as to Pedro Garcia (2); granting 372 Motion to Produce as to Pedro Garcia (2); granting 393 Motion for Joinder as to Pedro Garcia (2); taking under advisement 407 Motion to Sever Defendant as to Pedro Garcia (2); granting 409 Motion for Joinder as to Pedro Garcia (2); granting 410 Motion for Joinder as to Pedro Garcia (2); granting 411 Motion for Joinder as to Pedro Garcia (2); granting 435 Motion for Joinder as to Pedro Garcia (2); granting 436 Motion for Joinder as to Pedro Garcia (2); granting 423 Motion for Joinder as to Gonzalo Ramirez (3); denying 424 Motion to Suppress as to Gonzalo Ramirez (3); denying 430 Motion to Dismiss Indictment as to Gonzalo Ramirez (3); granting in part and denying in part 430 Motion for Bill of Particulars as to Gonzalo Ramirez (3); granting 459 Motion for Joinder as to Russell Worthey (4); granting 445 Motion for Joinder as to Anthony Wright (5); granting in part and denying in part 385 Motion for Bill of Particulars as to Joshua Flores (6); taking under advisement 386 Motion to Sever Defendant as to Joshua Flores (6); granting 387 Motion for Joinder as to Joshua Flores (6); granting 394 Motion for Joinder as to Angel Cerda (8); granting 395 Motion to Produce as to Angel Cerda (8); granting 396 Motion for Disclosure as to Angel Cerda (8); granting 397 Motion to Produce as to Angel Cerda (8); granting 448 Motion for Joinder as to Angel Cerda (8); granting in part and denying in part 417 Motion for Bill of Particulars as to Juan Torres (9); taking under advisement 418 Motion to Sever Defendant as to Juan Torres (9); granting 420 Motion for Joinder as to Juan Torres (9); granting 457 Motion as to Juan Torres (9); granting 449 Motion for Joinder as to Alfredo Beltran–Ruiz (10); granting 433 Motion for Joinder as to Donte Barnes (11); granting 366 Motion as to Jesus Sanchez (12); granting 367 Motion in Limine as to Jesus Sanchez (12); granting 434 Motion for Joinder as to Jesus Sanchez (12); granting 453 Motion for Joinder as to Jesus Sanchez (12); granting 392 Motion for Joinder as to Enrique Gobin (13); granting 427 Motion for Joinder as to Alfonso Banda–Hernandez (14); taking under advisement 428 Motion to Sever Defendant as to Alfonso Banda–Hernandez (14); taking under advisement 391 Motion to Sever Defendant as to Andrew Gusman (15); granting 460 Motion for Joinder as to Andrew Gusman (15); finding as moot 340 Motion to Exclude as to Eusebio Sierra–Medrano (16); granting 342 Motion for Disclosure as to Eusebio Sierra–Medrano (16); denying 344 Motion as to Eusebio Sierra–Medrano (16); granting 346 Motion as to Eusebio Sierra–Medrano (16); denying 347 Motion as to Eusebio Sierra–Medrano (16); denying 349 Motion for Disclosure as to Eusebio Sierra–Medrano (16); granting in part and denying in part 351 Motion for Bill of Particulars as to Eusebio Sierra–Medrano (16); granting 353 Motion for Hearing as to Eusebio Sierra–Medrano (16); granting 355 Motion for Disclosure as to Eusebio Sierra–Medrano (16); granting 356 Motion for Disclosure as to Eusebio Sierra–Medrano (16); denying 438 Motion to Dismiss Counts as to Jayson Vargas (17); denying 440 Motion to Suppress as to Jayson Vargas (17); taking under advisement 441 Motion to Sever Defendant as to Jayson Vargas (17); granting 443 Motion for Hearing as to Jayson Vargas (17); granting 454 Motion for Joinder as to Jayson Vargas (17); granting 388 Motion for Joinder as to Adam Flores (18); granting 374 Motion for Joinder as to Fabian Neave (19); granting 384 Motion for Joinder as to Fabian Neave (19); granting 421 Motion for Joinder as to Fabian Neave (19); denying 416 Motion to Dismiss Indictment as to Jesus Torres (20); granting 455 Motion for Joinder as to Jesus Torres (20); granting 413 Motion for Joinder as to Jose

| | | | |
|---|---|---|---|
| | | | Neave (21); granting 446 Motion for Joinder as to Jose Neave (21); taking under advisement 414 Motion to Sever Defendant as to Hernan Quezada (22); granting 415 Motion for Joinder as to Hernan Quezada (22); granting 431 Motion for Joinder as to Humberto Jorge Ortiz (23). See order for details. Signed by District Judge Monti L. Belot on 1/10/2013. (aa) (Entered: 01/10/2013) |
| 01/11/2013 | | | NOTICE OF JAMES HEARING as to Defendants Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran–Ruiz, Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda–Hernandez, Andrew Gusman, Eusebio Sierra–Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, Hernan Quezada, Humberto Jorge Ortiz  THIS IS AN OFFICIAL NOTICE FOR THIS HEARING In Court Hearing set for 2/13/2013 at 09:30 AM in Courtroom 161 (MLB)before District Judge Monti L. Belot. (rs) (Entered: 01/11/2013) |
| 01/29/2013 | | | MINUTE ENTRY for proceedings held before District Judge Monti L. Belot: STATUS CONFERENCE as to Pedro Garcia held on 1/29/2013. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (rs) (Entered: 01/29/2013) |
| 01/30/2013 | 504 | | MOTION to Suppress *EVIDENCE FOUND IN CONNECTION WITH THE OCTOBER 19, 2010 SEARCH OF HIS RESIDENCE (GARCIA'S NINETEENTH MOTION)* by Pedro Garcia. (Wachtel, John) (Entered: 01/30/2013) |
| 02/01/2013 | 506 | | MOTION FOR A DAUBERT/KUMHO TIRE HEARING ON CERTAIN EXPERT WITNESSES IDENTIFIED BY THE GOVERNMENT (GARCIA'S TWENTIETH MOTION) by Pedro Garcia. (Wachtel, John) (Entered: 02/01/2013) |
| 02/07/2013 | 517 | | RESPONSE TO MOTION by USA as to Pedro Garcia re 504 MOTION to Suppress *EVIDENCE FOUND IN CONNECTION WITH THE OCTOBER 19, 2010 SEARCH OF HIS RESIDENCE (GARCIA'S NINETEENTH MOTION)* (Smith, Aaron) (Entered: 02/07/2013) |
| 02/08/2013 | 518 | | NOTICE OF HEARING as to Defendants Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran–Ruiz, Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda–Hernandez, Andrew Gusman, Eusebio Sierra–Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, Hernan Quezada, Humberto Jorge Ortiz  THIS IS AN OFFICIAL NOTICE FOR THIS HEARING (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) Status Conference set for 2/11/2013 at 03:00 PM in Courtroom 161 (MLB) before District Judge Monti L. Belot. DEFENDANTS DO NOT NEED TO APPEAR. Defense counsel must appear. Out of town counsel may appear by telephone. Call chambers to provide your contact number.(rs) (Entered: 02/08/2013) |
| 02/11/2013 | 520 | | MEMORANDUM OF LAW by USA as to Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran–Ruiz, Donte Barnes, Jesus |

| | | | |
|---|---|---|---|
| | | | Sanchez, Enrique Gobin, Alfonso Banda–Hernandez, Andrew Gusman, Eusebio Sierra–Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, Hernan Quezada, Humberto Jorge Ortiz *Regarding Admissibility of Co–Conspirator Statements* (Smith, Aaron) (Entered: 02/11/2013) |
| 02/11/2013 | | | MINUTE ENTRY for proceedings held before District Judge Monti L. Belot: STATUS CONFERENCE as to Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran–Ruiz, Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda–Hernandez, Andrew Gusman, Eusebio Sierra–Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, Hernan Quezada, Humberto Jorge Ortiz held on 2/11/2013. (Court Reporter Cindy Schwemmer.) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (rs) (Entered: 02/11/2013) |
| 02/12/2013 | 521 | | NOTICE OF JAMES HEARING as to Defendants Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Joshua Flores, Donte Barnes <span style="color:red">THIS IS AN OFFICIAL NOTICE FOR THIS HEARING</span> (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) In Court Hearing set for 2/13/2013 at 09:00 AM in Courtroom 161 (MLB)before District Judge Monti L. Belot. (rs) (Entered: 02/12/2013) |
| 02/13/2013 | | | MINUTE ENTRY for proceedings held before District Judge Monti L. Belot: JAMES HEARING as to Pedro Garcia, Gonzalo Ramirez, Joshua Flores, Donte Barnes, Enrique Gobin, Alfonso Banda–Hernandez, Andrew Gusman held on 2/13/2013. (Witnesses: Shane Webb; Jay Bice) (Court Reporter Cindy Schwemmer.) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (rs) (Entered: 02/13/2013) |
| 02/18/2013 | 527 | | RESPONSE by Pedro Garcia (Wachtel, John) (Entered: 02/18/2013) |
| 02/19/2013 | 529 | | EXHIBITS IN SUPPORT of 527 Response (Other) by Pedro Garcia *(ATTACHMENT A)* (Wachtel, John) (Entered: 02/19/2013) |
| 02/19/2013 | 531 | | NOTICE of Disclosure of Known Unindicted Co–Conspirators by USA as to Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran–Ruiz, Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda–Hernandez, Andrew Gusman, Eusebio Sierra–Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, Hernan Quezada, Humberto Jorge Ortiz (Smith, Aaron) (Entered: 02/19/2013) |
| 02/22/2013 | 540 | | SUPPLEMENTAL BRIEF IN SUPPORT OF ADMISSION OF COCONSPIRATOR STATEMENTS by USA as to Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran–Ruiz, Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda–Hernandez, Andrew Gusman, Eusebio Sierra–Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, Hernan Quezada, Humberto Jorge Ortiz. (aa) (Entered: 02/25/2013) |
| 02/26/2013 | 546 | | MOTION for Joinder *IN CO–DEFENDANT GONZALO RAMIREZ'S MOTION TO DISMISS AND BRIEF (GARCIA'S TWENTY–FIRST* |

| | | | |
|---|---|---|---|
| | | | *MOTION)* by Pedro Garcia. (Wachtel, John) (Entered: 02/26/2013) |
| 02/26/2013 | 547 | | MOTION for Joinder *IN CO−DEFENDANT GONZALO RAMIREZ'S MOTION TO SUPPRESS AND EXCLUDE EVIDENCE FROM DEFENDANT'S GANG SHEETS, INCLUDING HIS STATEMENTS AND TATTOOS (GARCIA'S TWENTY−SECOND MOTION)* by Pedro Garcia. (Wachtel, John) (Entered: 02/26/2013) |
| 02/27/2013 | 551 | | AMENDED SCHEDULING ORDER as to Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran−Ruiz, Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda−Hernandez, Andrew Gusman, Eusebio Sierra−Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, Hernan Quezada. Defendant Pedro Garcia's motion to suppress will be heard on March 4 at 2:30 p.m. in Courtroom 161 (MLB) before District Judge Monti L. Belot. Please see order for additional deadlines. Signed by District Judge Monti L. Belot on 2/27/2013. (aa) (Entered: 02/27/2013) |
| 03/04/2013 | | | MINUTE ENTRY for proceedings held before District Judge Monti L. Belot: MOTION HEARING as to Pedro Garcia held on 3/4/2013. (Court Reporter Cindy Schwemmer.) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (rs) (Entered: 03/04/2013) |
| 03/07/2013 | 564 | | MEMORANDUM IN SUPPORT of 504 MOTION to Suppress *EVIDENCE FOUND IN CONNECTION WITH THE OCTOBER 19, 2010 SEARCH OF HIS RESIDENCE (GARCIA'S NINETEENTH MOTION)* by Pedro Garcia as to Pedro Garcia (Wachtel, John) (Entered: 03/07/2013) |
| 03/11/2013 | 565 | | RESPONSE TO MOTION by USA as to Pedro Garcia, Gonzalo Ramirez, Angel Cerda, Juan Torres, Alfredo Beltran−Ruiz, Alfonso Banda−Hernandez, Andrew Gusman, Eusebio Sierra−Medrano, Adam Flores, Fabian Neave re 563 MOTION for Joinder *Defendant Fabian Neave's Motion for Permission to Join in Co−Defendant Gonzalo Ramirez's Motion to Suppress and Exclude Evidence*, 560 MOTION for Joinder *in Co−Defendants' Motions to Suppress and Exclude Evidence from Defendant's Gang Sheets, Including His Statements and Tattoos*, 556 MOTION for Joinder *In Co−defendants Gonzalo Ramirez, Pedro Garcia and Angel Cerda's Motions To Exclude And Suppress Evidence of Gang Sheets*, 561 MOTION for Joinder *in Ramirez's Motion to Suppress and Exclude Evidence*, 541 MOTION to Suppress *Firearm, Ammunition, and Evidence Found on Defendant's Cell Phone*, 550 MOTION for Joinder, 546 MOTION for Joinder *IN CO−DEFENDANT GONZALO RAMIREZ'S MOTION TO DISMISS AND BRIEF (GARCIA'S TWENTY−FIRST MOTION)*, 548 MOTION for Joinder *IN RAMIREZ MOTION TO DISMISS (ECF 544)*, 555 MOTION to Exclude *and Suppress Evidence of Gang Sheets, Including His Statements and Tattoos*, 545 MOTION to Exclude *AND SUPPRESS EVIDENCE OF GANG SHEETS*, 547 MOTION for Joinder *IN CO−DEFENDANT GONZALO RAMIREZ'S MOTION TO SUPPRESS AND EXCLUDE EVIDENCE FROM DEFENDANT'S GANG SHEETS, INCLUDING HIS STATEMENTS AND TATTOOS (GARCIA'S TWENTY−SECOND MOTION)*, 544 MOTION to Dismiss Indictment *and Brief*, 562 MOTION for Joinder *on Co−Defendants' Motions (Docs 545 and* |

| | | |
|---|---|---|
| | | *546) to Exclude and Supress Evidence of Gang Sheets and Tattoos*, 542 MOTION to Suppress *and Exclude Evidence from Defendant's Gang Sheets, Including His Statements and Tattoos*, 558 MOTION for Joinder *In Ramirez's Motion to Dismiss* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Smith, Aaron) (Entered: 03/11/2013) |
| 03/14/2013 | 568 | RESPONSE TO MOTION by USA as to Pedro Garcia, Alfredo Beltran–Ruiz, Eusebio Sierra–Medrano re 512 MOTION for Joinder *In Pedro Garcia's Motion For A Daubert/Kumho Tire Hearing*, 566 MOTION for Joinder *in Co–Defendant Pedro Garcia's Motion For Daubert/Kumho Tire Hearing On Certain Expert Witnesses Identified By The Government*, 506 MOTION FOR A DAUBERT/KUMHO TIRE HEARING ON CERTAIN EXPERT WITNESSES IDENTIFIED BY THE GOVERNMENT (GARCIA'S TWENTIETH MOTION) (Smith, Aaron) (Entered: 03/14/2013) |
| 03/20/2013 | 571 | REPLY TO RESPONSE to Motion by Pedro Garcia re 506 MOTION FOR A DAUBERT/KUMHO TIRE HEARING ON CERTAIN EXPERT WITNESSES IDENTIFIED BY THE GOVERNMENT (GARCIA'S TWENTIETH MOTION) (Wachtel, John) (Entered: 03/20/2013) |
| 03/25/2013 | 572 | TRANSCRIPT of Motion Hearing regarding Juan Torres held 2–4–2013 as to Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran–Ruiz, Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda–Hernandez, Andrew Gusman, Eusebio Sierra–Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, Hernan Quezada, Humberto Jorge Ortiz before Judge Belot, Court Reporter Cindy Schwemmer, 316–315–4354, cindy_schwemmer@ksd.uscourts.gov. Transcript purchased by: Michael Shultz. **NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/24/2013. (Schwemmer, Cindy) (Entered: 03/25/2013) |
| 03/25/2013 | 573 | TRANSCRIPT of Hearing on James Motion (Morning session) held 2–13–2013 as to Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran–Ruiz, Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda–Hernandez, Andrew Gusman, Eusebio Sierra–Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, Hernan Quezada, Humberto Jorge Ortiz before Judge Belot, Court Reporter Cindy Schwemmer, 316–315–4354, cindy_schwemmer@ksd.uscourts.gov. |

| | | | |
|---|---|---|---|
| | | | Transcript purchased by: Michael Shultz.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/24/2013. (Schwemmer, Cindy) (Entered: 03/25/2013) |
| 03/25/2013 | 574 | | TRANSCRIPT of Hearing on James Motion (Afternoon Session) held 2–13–2013 as to Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran–Ruiz, Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda–Hernandez, Andrew Gusman, Eusebio Sierra–Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, Hernan Quezada, Humberto Jorge Ortiz before Judge Belot, Court Reporter Cindy Schwemmer, 316–315–4354, cindy_schwemmer@ksd.uscourts.gov. Transcript purchased by: Michael Shultz.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/24/2013. (Schwemmer, Cindy) (Entered: 03/25/2013) |
| 03/29/2013 | 577 | | RESPONSE TO MOTION by USA as to Pedro Garcia re 504 MOTION to Suppress *EVIDENCE FOUND IN CONNECTION WITH THE OCTOBER 19, 2010 SEARCH OF HIS RESIDENCE (GARCIA'S NINETEENTH MOTION)* (Attachments: # 1 Exhibit Government Exhibit 1)(Welch, Lanny) (Entered: 03/29/2013) |
| 04/02/2013 | 579 | | ORDER as to Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran–Ruiz, Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda–Hernandez, Andrew Gusman, Eusebio Sierra–Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, |

| | | | |
|---|---|---|---|
| | | | Hernan Quezada re <u>540</u> SUPPLEMENTAL BRIEF IN SUPPORT OF ADMISSION OF COCONSPIRATOR STATEMENTS by USA. Please see order for details. Signed by District Judge Monti L. Belot on 4/2/2013. (aa) (Entered: 04/02/2013) |
| 04/02/2013 | <u>580</u> | | MEMORANDUM AND ORDER granting <u>546</u> Motion for Joinder as to Pedro Garcia (2); denying 544 Motion to Dismiss Indictment as to Gonzalo Ramirez (3); granting 548 Motion for Joinder as to Angel Cerda (8); granting 550 Motion for Joinder as to Juan Torres (9); granting 558 Motion for Joinder as to Andrew Gusman (15). Signed by District Judge Monti L. Belot on 4/2/2013. (aa) (Entered: 04/02/2013) |
| 04/10/2013 | <u>587</u> | | MEMORANDUM AND ORDER denying <u>504</u> Motion to Suppress as to Pedro Garcia (2). Signed by District Judge Monti L. Belot on 4/10/2013. (aa) (Entered: 04/10/2013) |
| 04/12/2013 | <u>588</u> | | NOTICE of United States' Second Supplemental Brief in Support of Admission of Coconspirator Statements by USA as to Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran–Ruiz, Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda–Hernandez, Andrew Gusman, Eusebio Sierra–Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, Hernan Quezada, Humberto Jorge Ortiz re 526 Memorandum of Law, 533 Objection(s), 538 Memorandum of Law, 534 MOTION to Join Defendant Angel Cerda's Motion to Exclude Rule 801(d)(2)(E) Evidence , 532 Objection(s), 543 Objection(s), 539 Notice (Other), 537 Response (Other), <u>527</u> Response (Other) (Smith, Aaron) (Entered: 04/12/2013) |
| 04/12/2013 | 589 | | NOTICE OF DAUBERT HEARING as to Defendants Pedro Garcia, Gonzalo Ramirez, Angel Cerda, Juan Torres, Hernan Quezada THIS IS AN OFFICIAL NOTICE FOR THIS HEARING (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) In Court Hearing set for 4/16/2013 at 09:00 AM in Courtroom 161 (MLB)before District Judge Monti L. Belot. (rs) (Entered: 04/12/2013) |
| 04/12/2013 | <u>592</u> | | NOTICE of Memorandum in Advance of a Daubert Hearing by USA as to Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran–Ruiz, Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda–Hernandez, Andrew Gusman, Eusebio Sierra–Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, Hernan Quezada, Humberto Jorge Ortiz (Smith, Aaron) (Entered: 04/12/2013) |
| 04/16/2013 | | | MINUTE ENTRY for proceedings held before District Judge Monti L. Belot: DAUBERT HEARING as to Pedro Garcia, Gonzalo Ramirez, Angel Cerda, Juan Torres held on 4/16/2013. (Witnesses: Shane Webb; James Nau)(Court Reporter Cindy Schwemmer.) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (rs) (Entered: 04/16/2013) |
| 04/24/2013 | <u>604</u> | | TRANSCRIPT of Hearing on Daubert Motion held 4/16/2013 as to Pedro Garcia, Gonzalo Ramirez, Angel Cerda, Juan Torres before Judge Belot, Court Reporter Cindy Schwemmer, 316–315–4354, cindy_schwemmer@ksd.uscourts.gov. Transcript purchased by: ALL counsel |

| | | | |
|---|---|---|---|
| | | | of Record.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 7/23/2013. (Schwemmer, Cindy) (Entered: 04/24/2013) |
| 04/26/2013 | 608 | | OBJECTION(S) to *DAUBERT HEARING* by Pedro Garcia (Wachtel, John) (Entered: 04/26/2013) |
| 05/10/2013 | 633 | | RULE 404(b) NOTICE by USA as to Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran–Ruiz, Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda–Hernandez, Andrew Gusman, Eusebio Sierra–Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, Hernan Quezada, Humberto Jorge Ortiz (Smith, Aaron) (Entered: 05/10/2013) |
| 05/17/2013 | 638 | | MEMORANDUM AND ORDER stating Jayson Vargas' objections are overruled in part and sustained in part. (Doc. 526). Pedro Garcia's objections are overruled. (Doc. 527). Angel Cerda's motion is denied. (Doc. 528). Gonzalo Ramirez' objections are overruled. (Doc. 532). Donte Barnes' objections are sustained in part and overruled in part. (Doc. 533). Juan Torres' motion to join is denied as moot. (Doc. 534). Adam Flores' motion is granted. (Doc. 535). Alfonso Banda–Hernandez's objections are overruled. (Doc. 537). Fabian Neave's objections are sustained. (Doc. 538). Josh Flores' motion to exclude/objection is denied. (Doc. 539). Andrew Gusman's objections are overruled. (Doc. 543). SEE ORDER FOR DETAILS. Signed by District Judge Monti L. Belot on 5/16/2013. (alm) (Entered: 05/17/2013) |
| 05/20/2013 | | | ORDER as to Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran–Ruiz, Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda–Hernandez, Andrew Gusman, Eusebio Sierra–Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, Hernan Quezada, Humberto Jorge Ortiz. The deadline to notify the court of an intention to enter a guilty plea will be extended to May 31, 2013. No further extensions will be allowed. Signed by District Judge Monti L. Belot on 5/20/2013. (This is a TEXT ENTRY ONLY. There is no .pdf document associated with this entry.) (rs) (Entered: 05/20/2013) |
| 05/20/2013 | 640 | | NOTICE OF HEARING as to Defendants Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus |

| | | | |
|---|---|---|---|
| | | | Flores, Angel Cerda, Juan Torres, Alfredo Beltran–Ruiz, Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda–Hernandez, Andrew Gusman, Eusebio Sierra–Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, Hernan Quezada, Humberto Jorge Ortiz  THIS IS AN OFFICIAL NOTICE FOR THIS HEARING (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) Status Conference set for 6/10/2013 at 02:00 PM in Courtroom 161 (MLB) before District Judge Monti L. Belot. Defendants do not need to appear. Counsel who have notified the court of his client's intetion to enter a guilty plea do not need to appear. The hearing is to establish a trial schedule with the remaining defendants.(rs) (Entered: 05/20/2013) |
| 05/22/2013 | 643 | | MEMORANDUM AND ORDER overruling 621 Motion in Limine as to Jesus Torres (20), Hernan Quezada (22). Order also grants 609 , 610 , 611 , 613 , 616 , 617 , 618 , 622 , 623 , 625 , 626 and 627 Motions to Join. See order for details. Signed by District Judge Monti L. Belot on 5/21/2013. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3) (aa) Modified on 5/22/2013 to reflect that motions 609–611, 613, 616–618, 622–623, and 625–627 are granted per the footnote located on page 2 of the order (aa). (Entered: 05/22/2013) |
| 05/22/2013 | 645 | | MINUTE ORDER terminating 506 Motion as to Pedro Garcia (2); terminating 566 Motion for Joinder as to Alfredo Beltran–Ruiz (10); terminating 512 Motion for Joinder as to Eusebio Sierra–Medrano (16). The court held Daubert hearings on April 16, 17, and 18. Signed by District Judge Monti L. Belot on 5/22/2013. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (rs) (Entered: 05/22/2013) |
| 05/24/2013 | 647 | | OBJECTION(S) to 633 Notice of Rule 404b, by Pedro Garcia (Wachtel, John) (Entered: 05/24/2013) |
| 06/10/2013 | | | MINUTE ENTRY for proceedings held before District Judge Monti L. Belot: STATUS CONFERENCE as to Jason Najera, Pedro Garcia, Gonzalo Ramirez, Russell Worthey, Anthony Wright, Joshua Flores, Jesus Flores, Angel Cerda, Juan Torres, Alfredo Beltran–Ruiz, Donte Barnes, Jesus Sanchez, Enrique Gobin, Alfonso Banda–Hernandez, Andrew Gusman, Eusebio Sierra–Medrano, Jayson Vargas, Adam Flores, Fabian Neave, Jesus Torres, Jose Neave, Hernan Quezada, Humberto Jorge Ortiz held on 6/10/2013. (Court Reporter Cindy Schwemmer.) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (rs) (Entered: 06/10/2013) |
| 06/10/2013 | 661 | | NOTICE OF HEARING as to Defendants Pedro Garcia, Gonzalo Ramirez, Jayson Vargas, Adam Flores  THIS IS AN OFFICIAL NOTICE FOR THIS HEARING (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) Jury Trial set for 10/1/2013 at 09:00 AM in Courtroom 161 (MLB) before District Judge Monti L. Belot. (rs) (Entered: 06/10/2013) |
| 06/26/2013 | 686 | | OBJECTION(S) to 633 Notice of Rule 404b, *AND MOTION TO EXCLUDE* by Pedro Garcia (Wachtel, John) (Entered: 06/26/2013) |
| 06/26/2013 | 687 | | MOTION to Exclude by Pedro Garcia. (THIS IS A DUPLICATE OF DE 686 . DOCUMENT REFILED TO ACCOUNT FOR THE MOTION PORTION.) |

| | | | |
|---|---|---|---|
| | | | (aa) (Entered: 06/27/2013) |
| 07/10/2013 | 702 | | DEMAND FOR NOTICE OF ALIBI DEFENSE by USA as to Pedro Garcia (Welch, Lanny) (Entered: 07/10/2013) |
| 07/22/2013 | 717 | | TRANSCRIPT ORDER FORM ordering transcript of Plea of Guilty of Anthony Wright held 4–22–13 re 649 Notice of Appeal – Interlocutory filed by USA ( Appeal No. N/A) Transcript due by 8/22/2013. (Schwemmer, Cindy) (Entered: 07/22/2013) |
| 07/22/2013 | 718 | | TRANSCRIPT ORDER FORM by Court Reporter Cindy Schwemmer ordering transcripts of Plea of Guilty of Russell Worthey held 5–6–13 re 649 Notice of Appeal – Interlocutory filed by USA ( Appeal No. N/A) Transcript due by 8/22/2013. (Schwemmer, Cindy) (Entered: 07/22/2013) |
| 07/22/2013 | 719 | | TRANSCRIPT ORDER FORM by Court Reporter Cindy Schwemmer ordering transcripts of Plea of Guilty of Russell Worthey held 5–13–13 re 649 Notice of Appeal – Interlocutory filed by USA ( Appeal No. N/A) Transcript due by 8/22/2013. (Schwemmer, Cindy) (Entered: 07/22/2013) |
| 07/22/2013 | 720 | | TRANSCRIPT of Plea of Guilty of Anthony Wright held 4–22–2013 before Judge Belot, Court Reporter Cindy Schwemmer, 316–315–4354, cindy_schwemmer@ksd.uscourts.gov. Transcript purchased by: Val Wachtel. **NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 10/21/2013. (Schwemmer, Cindy) (Entered: 07/22/2013) |
| 07/22/2013 | 721 | | TRANSCRIPT of Plea of Guilty by Russell Worthey held 5–6–2013 before Judge Belot, Court Reporter Cindy Schwemmer, 316–315–4354, cindy_schwemmer@ksd.uscourts.gov. Transcript purchased by: Val Wachtel. **NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript |

| | | | |
|---|---|---|---|
| | | | Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 10/21/2013. (Schwemmer, Cindy) (Entered: 07/22/2013) |
| 07/22/2013 | 722 | | TRANSCRIPT of Continued Plea of Guilty of Russell Worthey held 5–13–2013 before Judge Belot, Court Reporter Cindy Schwemmer, 316–315–4354, cindy_schwemmer@ksd.uscourts.gov. Transcript purchased by: Val Wachtel. **NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 10/21/2013. (Schwemmer, Cindy) (Entered: 07/22/2013) |
| 07/22/2013 | 723 | | CERTIFICATE OF FILING OF TRANSCRIPTS of Plea of Guilty by Anthony Wright held 4–22–2013; Plea of Guilty of Russell Worthey held 5–6–2013 and 5–13–2013 by Court Reporter Cindy Schwemmer (Schwemmer, Cindy) (Entered: 07/22/2013) |
| 07/26/2013 | 728 | | RESPONSE re 687 MOTION to Exclude, 647 Objection(s) by USA as to Pedro Garcia (Smith, Aaron) (Entered: 07/26/2013) |
| 08/06/2013 | 732 | | MINUTE ORDER terminating 386 Motion to Sever Defendant as to Joshua Flores (6); terminating 536 Motion for Discovery as to Angel Cerda (8); terminating 545 Motion to Exclude as to Angel Cerda (8); terminating 418 Motion to Sever Defendant as to Juan Torres (9); terminating 422 Motion in Limine as to Juan Torres (9); terminating 563 Motion for Joinder as to Fabian Neave (19); terminating 414 Motion to Sever Defendant as to Hernan Quezada (22). This is a housekeeping order only. All of these defendants have entered guilty pleas and the court is therefore terminating their pending motions. Signed by District Judge Monti L. Belot on 8/6/2013. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (rs) (Entered: 08/06/2013) |
| 09/05/2013 | 759 | | NOTICE OF RESET HEARING as to Defendants Pedro Garcia, Gonzalo Ramirez, Jayson Vargas  THIS IS AN OFFICIAL NOTICE FOR THIS HEARING (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) Jury Trial RESET for 10/2/2013 at 09:00 AM in Courtroom 161 (MLB) before District Judge Monti L. Belot. (rs) (Entered: 09/05/2013) |
| 09/05/2013 | 760 | | ORDER denying 716 Motion to Sever Defendant as to Jayson Vargas (17); granting 688 Motion to Sever Defendant as to Adam Flores (18). Signed by District Judge Monti L. Belot on 9/5/2013. (aa) (Entered: 09/05/2013) |

| | | | |
|---|---|---|---|
| 09/09/2013 | 764 | | NOTICE OF HEARING as to Defendants Pedro Garcia, Gonzalo Ramirez, Jayson Vargas  THIS IS AN OFFICIAL NOTICE FOR THIS HEARING (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) Motion Hearing set for 9/12/2013 at 01:30 PM in Courtroom 161 (MLB) before District Judge Monti L. Belot. (rs) (Entered: 09/09/2013) |
| 09/12/2013 | | | MINUTE ENTRY for proceedings held before District Judge Monti L. Belot: MOTION HEARING as to Pedro Garcia, Gonzalo Ramirez, Jayson Vargas held on 9/12/2013. (Court Reporter Cindy Schwemmer.) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (rs) (Entered: 09/12/2013) |
| 09/16/2013 | 772 | | MEMORANDUM AND ORDER denying 687 Motion to Exclude as to Pedro Garcia (2); denying 648 Motion to Exclude as to Gonzalo Ramirez (3); denying 690 Motion to Exclude as to Gonzalo Ramirez (3); denying 651 Motion to Exclude as to Jayson Vargas (17). Signed by District Judge Monti L. Belot on 9/16/2013. (alm) (Entered: 09/16/2013) |
| 09/23/2013 | 775 | | PROPOSED JURY INSTRUCTIONS by Pedro Garcia (Wachtel, John) (Entered: 09/23/2013) |
| 09/26/2013 | 777 | | PROPOSED JURY INSTRUCTIONS by USA as to Pedro Garcia, Gonzalo Ramirez, Jayson Vargas (Smith, Aaron) (Entered: 09/26/2013) |
| 09/27/2013 | 778 | | MOTION for Writ of Habeas Corpus ad testificandum by USA as to Pedro Garcia, Gonzalo Ramirez, Jayson Vargas. (Smith, Aaron) (Entered: 09/27/2013) |
| 09/27/2013 | 781 | | ORDER FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM granting 778 Motion for Writ of Habeas Corpus ad testificandum as to Pedro Garcia (2), Gonzalo Ramirez (3), Jayson Vargas (17). Signed by District Judge Monti L. Belot on 9/27/2013. (aa) (Entered: 09/27/2013) |
| 09/27/2013 | 782 | | WRIT OF HABEAS CORPUS AD TESTIFICANDUM ISSUED as to Alonzo Diego for 10/10/2013 in case as to Pedro Garcia, Gonzalo Ramirez and Jayson Vargas. (aa) (Entered: 09/27/2013) |
| 10/01/2013 | 791 | | SEALED MOTION for Leave to File Under Seal *Motion* by USA as to Jason Najera, Pedro Garcia, Jayson Vargas. (Attachments: # 1 Proposed Sealed Document)(Smith, Aaron) (Entered: 10/01/2013) |
| 10/01/2013 | 793 | | MINUTE ORDER granting 791 Sealed Motion for Leave to File Under Seal. Counsel is directed to file forthwith the requested document(s) with an event from the SEALED DOCUMENTS category as to Pedro Garcia (2), Jayson Vargas (17) Signed by District Judge Monti L. Belot on 10/1/2013. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (rs) (Entered: 10/01/2013) |
| 10/01/2013 | 794 | | SEALED MOTION by USA as to Pedro Garcia, Gonzalo Ramirez, Jayson Vargas. (Smith, Aaron) (Entered: 10/01/2013) |
| 10/11/2013 | 815 | | PROPOSED JURY INSTRUCTIONS *(ADDITIONAL)* by Pedro Garcia (Wachtel, John) (Entered: 10/11/2013) |
| 10/15/2013 | 817 | | MOTION for Joinder *IN CO–DEFENDANT GONZALO RAMIREZ'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF COOPERATING* |

| | | | |
|---|---|---|---|
| | | | *WITNESS (GARCIA'S 23RD MOTION)* by Pedro Garcia. (Wachtel, John) (Entered: 10/15/2013) |
| 10/17/2013 | 819 | | JURY INSTRUCTIONS as to Pedro Garcia & Gonzalo Ramirez. (aa) Modified on 10/18/2013 to correct applicable parties (aa). (Entered: 10/17/2013) |
| 10/17/2013 | 820 | | MINUTE ENTRY for proceedings held before District Judge Monti L. Belot: JURY TRIAL as to Pedro Garcia, Gonzalo Ramirez held on 10/17/2013. Verdict of guilty on all counts as to Pedro Garcia and Gonzalo Ramirez. The Government's exhibits were returned to the Government at the end of the case. Defendant Ramirez' exibits were returned to Joel Mandelman at the end of the case. (Court reporter Cindy Schwemmer.)(Interpreters: LuAnn Rivera & Terry Doolittle) (Attachments: # 1 Ramirez Exhibit List) (aa) (Entered: 10/18/2013) |
| 10/17/2013 | 821 | | JURY QUESTIONS FILED as to Pedro Garcia, Gonzalo Ramirez. (aa) (Additional attachment(s) added on 10/18/2013: # 1 Unredacted Main Document) (aa). (Entered: 10/18/2013) |
| 10/17/2013 | 822 | | JURY QUESTIONS FILED as to Pedro Garcia, Gonzalo Ramirez. (aa) (Additional attachment(s) added on 10/18/2013: # 1 Unredacted Main Document) (aa). (Entered: 10/18/2013) |
| 10/17/2013 | 823 | | JURY QUESTIONS FILED as to Pedro Garcia, Gonzalo Ramirez. (aa) (Additional attachment(s) added on 10/18/2013: # 1 Unredacted Main Document) (aa). (Entered: 10/18/2013) |
| 10/17/2013 | 824 | | WITNESS LIST. (aa) (Entered: 10/18/2013) |
| 10/17/2013 | 826 | | JURY VERDICT as to Pedro Garcia (2) Guilty on Counts 1–9. (aa) (Additional attachment(s) added on 10/18/2013: # 1 Unredacted Main Document) (aa). (Entered: 10/18/2013) |
| 10/18/2013 | 827 | | NOTICE OF HEARING as to Defendant Pedro Garcia THIS IS AN OFFICIAL NOTICE FOR THIS HEARING (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) Sentencing set for 1/6/2014 at 10:00 AM in Courtroom 161 (MLB) before District Judge Monti L. Belot. (rs) (Entered: 10/18/2013) |
| 10/21/2013 | 831 | | MINUTE ORDER as to Pedro Garcia, Gonzalo Ramirez. The Court orders that lunch be provided by the Clerk to the jury members during their deliberation. Signed by deputy clerk on 10/21/2013. (aa) (Entered: 10/21/2013) |
| 10/24/2013 | 834 | | GOVERNMENT'S EXHIBIT LIST by USA as to Pedro Garcia, Gonzalo Ramirez. (aa) (Entered: 10/24/2013) |
| 12/27/2013 | 870 | | SENTENCING MEMORANDUM by Pedro Garcia (Attachments: # 1 Exhibit A)(Wachtel, John) (Entered: 12/27/2013) |
| 12/30/2013 | 871 | | PRESENTENCE INVESTIGATION REPORT as to Pedro Garcia<br><br>**(NOTE: Access to this document is restricted to the USA and this defendant.)** |

| | | |
|---|---|---|
| | | (USPO) (Entered: 12/30/2013) |
| 01/06/2014 | | MINUTE ENTRY for proceedings held before District Judge Monti L. Belot: SENTENCING HEARING held on 1/6/2014 as to defendant Pedro Garcia. (Court Reporter Cindy Schwemmer.) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (rs) (Entered: 01/06/2014) |
| 01/06/2014 | 880 | MINUTE ORDER granting 878 Sealed Motion for Leave to File Under Seal. Counsel is directed to file forthwith the requested document(s) with an event from the SEALED DOCUMENTS category as to Russell Worthey (4); granting 879 Sealed Motion for Leave to File Under Seal. Counsel is directed to file forthwith the requested document(s) with an event from the SEALED DOCUMENTS category as to Anthony Wright (5) Signed by District Judge Monti L. Belot on 1/6/2014. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (rs) (Entered: 01/06/2014) |
| 01/07/2014 | 892 | JUDGMENT as to Pedro Garcia (2): Count 1 = 240 months imprisonment, said term to run concurrently with Counts 2, 3, 4 and 8; 3 years supervised release, said term to run concurrently with Counts 2–7, 8 and 9; $900.00 Assessment ($100/Count); Count 2 = 120 months imprisonment, said term to run concurrently with Counts 1, 3, 5, 7 and 8; 3 years supervised release, said term to run concurrently with Counts 1, 3–7, 8 and 9; $900.00 Assessment ($100/Count); Count 3 = Life imprisonment; 3 years supervised release, said term to run concurrently with Counts 1–2, 4–7, 8 and 9; $900.00 Assessment ($100/Count); Count 4 = 120 months imprisonment, said term to run concurrently with Counts 1, 3, 5, 7 and 8; 3 years supervised release, said term to run concurrently with Counts 1–3, 5–7, 8 and 9; $900.00 Assessment ($100/Count); Count 5 = 240 months imprisonment, said term to run concurrently with Counts 2, 3, 4 and 8; 3 years supervised release, said term to run concurrently with Counts 1–4, 6–8 and 9; $900.00 Assessment ($100/Count); Count 6 = 25 years imprisonment, said term to run consecutively to all other Counts; 3 years supervised release, said term to run concurrently with Counts 1–5, 7, 8 and 9; $900.00 Assessment ($100/Count); Count 7 = 240 months imprisonment, said term to run concurrently with Counts 2, 3, 4 and 8; 3 years supervised release, said term to run concurrently with Counts 1–6, 8 and 9; $900.00 Assessment ($100/Count); Count 8 = 36 months imprisonment, said term to run concurrently with Counts 1, 2, 3, 4, 5, 7 and 8; 1 year supervised release, said term to run concurrently with all other Counts; $900.00 Assessment ($100/Count); Count 9 = 7 years imprisonment, said term to run consecutively to all other Counts; 3 years supervised release, said term to run concurrently with Counts 1–7 and 8; $900.00 Assessment ($100/Count). Signed by District Judge Monti L. Belot on 1/7/2014. (alm) (Entered: 01/07/2014) |
| 01/07/2014 | 893 | STATEMENT OF REASONS as to Pedro Garcia re 892 Judgment.<br><br>**(NOTE: Access to this document is restricted to the USA and this defendant.)**<br><br>(alm) (Entered: 01/07/2014) |
| 01/09/2014 | 898 | NOTICE OF APPEAL TO 10CCA as to defendant PEDRO GARCIA re 892 Judgment,,,,,,,,, (Wachtel, John) (Entered: 01/09/2014) |

| 01/09/2014 | | | APPEAL FEE STATUS: filing fee WAIVED re: 898 Notice of Appeal – Final Judgment on behalf of Defendant Pedro Garcia. (THIS IS A TEXT ONLY ENTRY–NO DOCUMENT IS ASSOCIATED WITH THIS TRANSACTION) (alm) (Entered: 01/09/2014) |
| --- | --- | --- | --- |
| 01/09/2014 | 901 | | PRELIMINARY RECORD ON APPEAL transmitted to 10CCA as to Pedro Garcia re 898 Notice of Appeal – Final Judgment. (Attachments: # 1 Preliminary Packet)(alm) (Entered: 01/09/2014) |
| 01/09/2014 | 902 | | APPEAL DOCKETED in 10CCA on 1/9/14 and assigned Appeal No. 14–3006 re 898 Notice of Appeal – Final Judgment filed by Pedro Garcia.(alm) (Entered: 01/10/2014) |
| 01/23/2014 | 914 | | MOTION for New Trial *PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 33 (Defendant's first post–trial motion)* by Pedro Garcia. (Attachments: # 1 Exhibit A and B)(Wachtel, John) Modified on 1/28/2014 to seal per DE 931 (aa). (Entered: 01/23/2014) |
| 01/23/2014 | 918 | | TRANSCRIPT ORDER FORM: Transcript Requested 10/16/13 Instruction Conf.; Sentencing hearing 1/6/14; Motion to Suppress hearing 3/4/13; motion hearing 9/12/13; entire transcript of trial proceedings of 10/1/13 through 10/17/13 including any court and counsel conferences occurring outside the presence of Mr. Garcia. re 898 Notice of Appeal – Final Judgment filed by Pedro Garcia (Wachtel, John) (Entered: 01/23/2014) |
| 01/23/2014 | 919 | | DESIGNATION OF RECORD ON APPEAL by Pedro Garcia re 898 Notice of Appeal – Final Judgment ( Appeal No. 14–3006) (Attachments: # 1 Exhibit Part 1, # 2 Exhibit Part 2)(Wachtel, John) (Entered: 01/23/2014) |
| 01/25/2014 | 921 | | SEALED RESPONSE by Russell Worthey as to Pedro Garcia, Gonzalo Ramirez, Russell Worthey re 912 MOTION for New Trial , 914 MOTION for New Trial *PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 33 (Defendant's first post–trial motion)* (Pratt, James) (Entered: 01/25/2014) |
| 01/27/2014 | 923 | | SEALED MOTION for Leave to File Under Seal *Response* by USA as to Pedro Garcia, Gonzalo Ramirez. (Attachments: # 1 Proposed Sealed Document)(Welch, Lanny) (Entered: 01/27/2014) |
| 01/27/2014 | 925 | | MINUTE ORDER granting 923 Sealed Motion for Leave to File Under Seal. Counsel is directed to file forthwith the requested document(s) with an event from the SEALED DOCUMENTS category as to Pedro Garcia (2), Gonzalo Ramirez (3) Signed by District Judge Monti L. Belot on 1/27/2014. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (sbw) (Entered: 01/27/2014) |
| 01/27/2014 | 926 | | RESPONSE by USA as to Pedro Garcia, Gonzalo Ramirez re 912 MOTION for New Trial , 914 MOTION for New Trial *PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 33 (Defendant's first post–trial motion)* (Welch, Lanny) Modified on 10/23/2014 to unseal per Minute Order filed as DE 1080 (aa). (Entered: 01/27/2014) |
| 01/27/2014 | 928 | | SEALED MOTION *for Future Filings to be Filed Under Seal* by Russell Worthey as to Pedro Garcia, Gonzalo Ramirez. (Pratt, James) (Entered: 01/27/2014) |

| | | | |
|---|---|---|---|
| 01/28/2014 | 931 | | MINUTE ORDER granting 928 Sealed Motion as to Pedro Garcia (2), Gonzalo Ramirez (3). Signed by deputy clerk on 1/28/2014. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (aa) (Entered: 01/28/2014) |
| 01/29/2014 | 934 | | REPLY TO RESPONSE to Motion by Pedro Garcia re 914 MOTION for New Trial *PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 33 (Defendant's first post−trial motion)* (Attachments: # 1 Exhibit A) (Wachtel, John) Modified on 10/23/2014 to unseal per Minute Order filed as DE 1080 (aa). (Entered: 01/29/2014) |
| 01/30/2014 | 935 | | SEALED REPLY TO RESPONSE to Motion by Pedro Garcia re 914 MOTION for New Trial *PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 33 (Defendant's first post−trial motion) "Supplement to Garcia's Reply to United States' Response to Defendants' Motions for New Trial"* (Attachments: # 1 Exhibit B)(Wachtel, John) Modified on 10/23/2014 to unseal per Minute Order filed as DE 1080 (aa). (Entered: 01/30/2014) |
| 01/31/2014 | 936 | | DOCUMENT by USA as to Pedro Garcia (Welch, Lanny) Modified on 10/23/2014 to unseal per Minute Order filed as DE 1080 (aa). (Entered: 01/31/2014) |
| 02/04/2014 | 940 | | SEALED MOTION *For Joinder in Co−Defendant Gonzalo Ramirez's Motion for Production (Garcia's Second Post Trial Motion)* by Pedro Garcia. (Wachtel, John) (Entered: 02/04/2014) |
| 02/06/2014 | 943 | | TRANSCRIPT ORDER FORM by Court Reporter Cindy Schwemmer ordering transcripts of Motion to Suppress Hearing held 3−4−13; Motion Hearing held 9−12−13; Jury Trial (excluding Voir Dire and Opening Statements) held 10−2−2013 through 10−17−2013 and Sentencing held 1−6−2014 re 898 Notice of Appeal − Final Judgment filed by Pedro Garcia ( Appeal No. 14−3006) Transcript due by 3/6/2014. (Schwemmer, Cindy) (Entered: 02/06/2014) |
| 02/07/2014 | 944 | | NOTICE OF HEARING as to Defendants Pedro Garcia, Gonzalo Ramirez, Russell Worthey. Status Conference set for 2/11/2014 at 02:45 PM in Courtroom 161 (MLB) before District Judge Monti L. Belot.  THIS IS AN OFFICIAL NOTICE FOR THIS HEARING (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(sbw) (Entered: 02/07/2014) |
| 02/19/2014 | 957 | | NOTICE OF HEARING as to Defendants Pedro Garcia, Gonzalo Ramirez THIS IS AN OFFICIAL NOTICE FOR THIS HEARING (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) Status Conference set for 2/24/2014 at 10:30 AM in Courtroom 161 (MLB) before District Judge Monti L. Belot. Defendants do not need to appear.(rs) (Entered: 02/19/2014) |
| 02/19/2014 | 958 | | RESPONSE by USA as to Pedro Garcia, Gonzalo Ramirez re 940 SEALED MOTION *For Joinder in Co−Defendant Gonzalo Ramirez's Motion for Production (Garcia's Second Post Trial Motion)*, 939 SEALED MOTION *For Production* (Smith, Aaron) Modified on 10/23/2014 to unseal per Minute Order filed as DE 1080 (aa). (Entered: 02/19/2014) |
| 02/24/2014 | | | |

33

| | | | |
|---|---|---|---|
| | | | MINUTE ENTRY for proceedings held before District Judge Monti L. Belot: STATUS CONFERENCE as to Pedro Garcia, Gonzalo Ramirez held on 2/24/2014. (Court Reporter Cindy Schwemmer.) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (rs) (Entered: 02/24/2014) |
| 02/24/2014 | 961 | | NOTICE OF HEARING ON MOTION as to Pedro Garcia, Gonzalo Ramirez. THIS IS AN OFFICIAL NOTICE FOR THIS HEARING 914 MOTION for New Trial *PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 33 (Defendant's first post–trial motion)*, 912 MOTION for New Trial , 938 Supplemental SEALED MOTION *For A New Trial and Reply to Government's Response to First New Trial Motion* : (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) Motion Hearing set for 3/31/2014 at 10:00 AM in Courtroom 161 (MLB) before District Judge Monti L. Belot. (rs) (Entered: 02/24/2014) |
| 02/25/2014 | 964 | | SEALED PROTECTIVE ORDER. Signed by District Judge Monti L. Belot on 02/25/2014. (aa) (Entered: 02/25/2014) |
| 02/28/2014 | 971 | | REPLY TO RESPONSE to Motion by Pedro Garcia re 914 MOTION for New Trial *PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 33 (Defendant's first post–trial motion) {"Defendant Pedro Garcia's Second Supplement to Reply to United States' Response to Defendants' Motions for New Trial"}* (Attachments: # 1 Exhibit A – E)(Wachtel, John) Modified on 10/23/2014 to unseal per Minute Order filed as DE 1080 (aa). (Entered: 02/28/2014) |
| 03/11/2014 | 976 | | TRANSCRIPT ORDER FORM: Transcript Requested Closing Arguments on 10/16/2013 re 898 Notice of Appeal – Final Judgment filed by Pedro Garcia. (aa) (Entered: 03/11/2014) |
| 03/13/2014 | 979 | | TRANSCRIPT ORDER FORM by Court Reporter Jo Wilkinson ordering transcripts of Closing Argument, 10–16–13 jury trial re 898 Notice of Appeal – Final Judgment filed by Pedro Garcia ( Appeal No. 14–3006) Transcript due by 4/11/2014. (jw) (Entered: 03/13/2014) |
| 03/18/2014 | 981 | | CERTIFICATE OF FILING OF TRANSCRIPT by Court Reporter Jo Wilkinson (jw) (Entered: 03/18/2014) |
| 03/18/2014 | 982 | | TRANSCRIPT of Trial, Excerpt of Closing Arguments, held October 16, 2013, as to Pedro Garcia before Judge Monti L. Belot, Court Reporter Jo Wilkinson, 316–315–4334, jo_wilkinson@ksd.uscourts.gov. Transcript purchased by: Mr. John V. Wachtel.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.** |

| | | | |
|---|---|---|---|
| | | | Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/16/2014. (jw) (Entered: 03/18/2014) |
| 03/19/2014 | 983 | | TRANSCRIPT of Motion Hearing held 3–4–2013 as to Pedro Garcia before Judge Belot, Court Reporter Cindy Schwemmer, 316–315–4354, cindy_schwemmer@ksd.uscourts.gov. Transcript purchased by: Val Wachtel; Joel Mandelman/Tim Henry.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/17/2014. (Schwemmer, Cindy) (Entered: 03/19/2014) |
| 03/19/2014 | 984 | | TRANSCRIPT of Motion Hearing held 9–12–2013 as to Pedro Garcia before Judge Belot, Court Reporter Cindy Schwemmer, 316–315–4354, cindy_schwemmer@ksd.uscourts.gov. Transcript purchased by: Val Wachtel; Joel Mandelman/Tim Henry.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/17/2014. (Schwemmer, Cindy) (Entered: 03/19/2014) |
| 03/19/2014 | 985 | | TRANSCRIPT of MASTER INDEX for Jury Trial held 10–2–2013 through 10–17–2013 as to Pedro Garcia before Judge Belot, Court Reporter Cindy Schwemmer, 316–315–4354, cindy_schwemmer@ksd.uscourts.gov. Transcript purchased by: Val Wachtel; Joel Mandelman/Tim Henry.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers** |

| | | | |
|---|---|---|---|
| | | | **from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/17/2014. (Schwemmer, Cindy) (Entered: 03/19/2014) |
| 03/19/2014 | 986 | | TRANSCRIPT of Jury Trial held 10–2–2013 & 10–3–2013 Pgs 1–243 as to Pedro Garcia before Judge Belot, Court Reporter Cindy Schwemmer, 316–315–4354, cindy_schwemmer@ksd.uscourts.gov. Transcript purchased by: Val Wachtel; Joel Mandelman/Tim Henry.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/17/2014. (Schwemmer, Cindy) (Entered: 03/19/2014) |
| 03/19/2014 | 987 | | TRANSCRIPT of Jury Trial held 10–4–2013 AM Pg 244–353 as to Pedro Garcia before Judge Belot, Court Reporter Cindy Schwemmer, 316–315–4354, cindy_schwemmer@ksd.uscourts.gov. Transcript purchased by: Val Wachtel;Joel Mandelman/Tim Henry.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/17/2014. (Schwemmer, Cindy) (Entered: 03/19/2014) |
| 03/19/2014 | 988 | | |

| | | | |
|---|---|---|---|
| | | | TRANSCRIPT of Jury Trial held 10–4–2013 PM pg 354–459 as to Pedro Garcia before Judge Belot, Court Reporter Cindy Schwemmer, 316–315–4354, cindy_schwemmer@ksd.uscourts.gov. Transcript purchased by: Val Wachtel;Joel Mandelman/Tim Henry.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/17/2014. (Schwemmer, Cindy) (Entered: 03/19/2014) |
| 03/19/2014 | 989 | | TRANSCRIPT of Jury Trial held 10–8–2013 AM pg 460–584 as to Pedro Garcia before Judge Belot, Court Reporter Cindy Schwemmer, 316–315–4354, cindy_schwemmer@ksd.uscourts.gov. Transcript purchased by: Val Wachtel;Joel Mandelman/Tim Henry.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/17/2014. (Schwemmer, Cindy) (Entered: 03/19/2014) |
| 03/19/2014 | 990 | | TRANSCRIPT of Jury Trial held 10–8–2013 PM pg 585–764 as to Pedro Garcia before Judge Belot, Court Reporter Cindy Schwemmer, 316–315–4354, cindy_schwemmer@ksd.uscourts.gov. Transcript purchased by: Val Wachtel; Joel Mandelman/Tim Henry.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth** |

| | | | |
|---|---|---|---|
| | | | **below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/17/2014. (Schwemmer, Cindy) (Entered: 03/19/2014) |
| 03/19/2014 | 991 | | TRANSCRIPT of Jury Trial held 10–9–2013 AM pg 765–875 as to Pedro Garcia before Judge Belot, Court Reporter Cindy Schwemmer, 316–315–4354, cindy_schwemmer@ksd.uscourts.gov. Transcript purchased by: Val Wachtel; Joel Mandelman/Tim Henry.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/17/2014. (Schwemmer, Cindy) (Entered: 03/19/2014) |
| 03/19/2014 | 992 | | TRANSCRIPT of Jury Trial held 10–9–2013 PM pg 876–1023 as to Pedro Garcia before Judge Belot, Court Reporter Cindy Schwemmer, 316–315–4354, cindy_schwemmer@ksd.uscourts.gov. Transcript purchased by: Val Wachtel;Joel Mandelman/Tim Henry.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/17/2014. (Schwemmer, Cindy) (Entered: 03/19/2014) |
| 03/19/2014 | 993 | | TRANSCRIPT of Jury Trial held 10–10–2013 AM pg 1024–1165 as to Pedro Garcia before Judge Belot, Court Reporter Cindy Schwemmer, 316–315–4354, cindy_schwemmer@ksd.uscourts.gov. Transcript purchased by: Val Wachtel; Joel Mandelman/Tim Henry. |

| | | | |
|---|---|---|---|
| | | | **NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/17/2014. (Schwemmer, Cindy) (Entered: 03/19/2014) |
| 03/19/2014 | <u>994</u> | | TRANSCRIPT of Jury Trial held 10–10–2013 PM pg 1166–1283 as to Pedro Garcia before Judge Belot, Court Reporter Cindy Schwemmer, 316–315–4354, cindy_schwemmer@ksd.uscourts.gov. Transcript purchased by: Val Wachtel; Joel Mandelman/Tim Henry.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/17/2014. (Schwemmer, Cindy) (Entered: 03/19/2014) |
| 03/19/2014 | <u>995</u> | | TRANSCRIPT of Jury Trial held 10–11–2013 AM pg 1284–1394 as to Pedro Garcia before Judge Belot, Court Reporter Cindy Schwemmer, 316–315–4354, cindy_schwemmer@ksd.uscourts.gov. Transcript purchased by: Val Wachtel; Joel Mandelman/Tim Henry.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of |

| | | | |
|---|---|---|---|
| | | | Transcript Restriction set for 6/17/2014. (Schwemmer, Cindy) (Entered: 03/19/2014) |
| 03/19/2014 | 996 | | TRANSCRIPT of Jury Trial held 10–11–2013 PM pg 1395–1519 as to Pedro Garcia before Judge Belot, Court Reporter Cindy Schwemmer, 316–315–4354, cindy_schwemmer@ksd.uscourts.gov. Transcript purchased by: Val Wachtel; Joel Mandelman/Tim Henry. **NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/17/2014. (Schwemmer, Cindy) (Entered: 03/19/2014) |
| 03/19/2014 | 997 | | TRANSCRIPT of Jury Trial held 10–15–2013 AM pg 1520–1653 as to Pedro Garcia before Judge Belot, Court Reporter Cindy Schwemmer, 316–315–4354, cindy_schwemmer@ksd.uscourts.gov. Transcript purchased by: Val Wachtel; Joel Mandelman/Tim Henry. **NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/17/2014. (Schwemmer, Cindy) (Entered: 03/19/2014) |
| 03/19/2014 | 998 | | TRANSCRIPT of Jury Trial held 10–15–2013 PM pg 1654–1724 as to Pedro Garcia before Judge Belot, Court Reporter Cindy Schwemmer, 316–315–4354, cindy_schwemmer@ksd.uscourts.gov. Transcript purchased by: Val Wachtel; Joel Mandelman/Tim Henry. **NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy** |

| | | | |
|---|---|---|---|
| | | | **carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/17/2014. (Schwemmer, Cindy) (Entered: 03/19/2014) |
| 03/19/2014 | 999 | | TRANSCRIPT of Jury Trial held 10–16–2013 & 10–17–2013 pg 1725–1880 (end) as to Pedro Garcia before Judge Belot, Court Reporter Cindy Schwemmer, 316–315–4354, cindy_schwemmer@ksd.uscourts.gov. Transcript purchased by: Val Wachtel; Joel Mandelman/Tim Henry.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/17/2014. (Schwemmer, Cindy) (Entered: 03/19/2014) |
| 03/19/2014 | 1000 | | TRANSCRIPT of Sentencing held 1–6–2014 as to Pedro Garcia before Judge Belot, Court Reporter Cindy Schwemmer, 316–315–4354, cindy_schwemmer@ksd.uscourts.gov. Transcript purchased by: Val Wachtel; Joel Mandelman/Tim Henry.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/17/2014. (Schwemmer, Cindy) (Entered: 03/19/2014) |
| 03/19/2014 | 1001 | | CERTIFICATE OF FILING OF TRANSCRIPT of Motion Hearing held 3–4–2013; Motion Hearing held 9–12–2013; Jury Trial held 10–2–2013 through 10–17–2013; Sentencing held 1–6–2014 by Court Reporter Cindy |

| | | | |
|---|---|---|---|
| | | | Schwemmer (Schwemmer, Cindy) (Entered: 03/19/2014) |
| 03/25/2014 | 1013 | | SEALED MOTION *for Joinder in Co−Defendant Ramirez's Second Supplemental Motion for Post−Trial Relief (Defendant Garcia's Third Post−Trial Motion)* by Pedro Garcia. (Wachtel, John) (Entered: 03/25/2014) |
| 03/25/2014 | 1014 | | SEALED MOTION *for Joinder in Co−Defendant Ramirez's Second Post−Trial Motion for Production (Defendant Garcia's Fourth Post−Trial Motion)* by Pedro Garcia. (Wachtel, John) (Entered: 03/25/2014) |
| 03/26/2014 | 1015 | | MOTION FOR FINDING THAT HIS MOTION FOR NEW TRIAL HAS RAISED SUBSTANTIAL ISSUES (GARCIA'S FIFTH POST−TRIAL MOTION) re 914 MOTION for New Trial *PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 33 (Defendant's first post−trial motion)* by Pedro Garcia. (Wachtel, John) (Entered: 03/26/2014) |
| 03/27/2014 | 1016 | | ENTRY OF APPEARANCE on behalf of USA by James A. Brown (Brown, James) (Entered: 03/27/2014) |
| 03/28/2014 | 1017 | | ORDER sustaining 1015 Motion as to Pedro Garcia (2). Signed by District Judge Monti L. Belot on 3/28/2014. (smg) (Entered: 03/28/2014) |
| 03/28/2014 | 1018 | | RESPONSE by USA as to Pedro Garcia, Gonzalo Ramirez re 1005 Supplemental SEALED MOTION *For Post Trial Relief* (Attachments: # 1 Attachment, # 2 Attachment, # 3 Attachment, # 4 Attachment)(Welch, Lanny) Modified on 10/23/2014 to unseal per Minute Order filed as DE 1080 (aa). (Entered: 03/28/2014) |
| 03/28/2014 | 1020 | | ORDER of 10CCA as to Pedro Garcia re 898 Notice of Appeal − Final Judgment. Order filed by Clerk of the Court (DEC) granting Appellant's motion to remand case. This court retains appellate jurisdiction but the appeal is abated pending a disposition of the Criminal Rule 33 motion in the district court (please see order for further details). Status report due 05/05/2014 by Pedro Garcia. ( Appeal No. 14−3006) (aa) (Entered: 03/31/2014) |
| 03/31/2014 | 1019 | | RESPONSE by USA as to Pedro Garcia, Gonzalo Ramirez re 1005 Supplemental SEALED MOTION *For Post Trial Relief* (Attachments: # 1 Attachment, # 2 Attachment, # 3 Attachment, # 4 Attachment)(Welch, Lanny) Modified on 10/23/2014 to unseal per Minute Order filed as DE 1080 (aa). (Entered: 03/31/2014) |
| 03/31/2014 | 1021 | | MINUTE ENTRY for proceedings held before District Judge Monti L. Belot: MOTION HEARING as to Pedro Garcia, Gonzalo Ramirez held on 3/31/2014. (Court Reporter Cindy Schwemmer.) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (rs) (Entered: 03/31/2014) |
| 04/01/2014 | 1023 | | RECORD ON APPEAL transmitted to 10CCA electronically as to Pedro Garcia, Volume 3; re 898 Notice of Appeal − Final Judgment. ( Appeal No. 14−3006) (aa) (Entered: 04/01/2014) |
| 04/09/2014 | 1026 | | MEMORANDUM AND ORDER denying 914 Motion for New Trial as to Pedro Garcia (2); granting 940 Sealed Motion as to Pedro Garcia (2); granting 1013 Sealed Motion as to Pedro Garcia (2); granting 1014 Sealed Motion as to Pedro Garcia (2); denying 912 Motion for New Trial as to Gonzalo Ramirez (3); denying 938 Sealed Motion as to Gonzalo Ramirez (3); |

| | | | |
|---|---|---|---|
| | | | finding as moot 939 Sealed Motion as to Gonzalo Ramirez (3); denying 1005 Sealed Motion as to Gonzalo Ramirez (3); finding as moot 1007 Sealed Motion as to Gonzalo Ramirez (3). Signed by District Judge Monti L. Belot on 04/09/2014. (aa) Modified on 9/8/2014. Document unsealed per Order filed on 09/08/2014 (aa). (Entered: 04/09/2014) |
| 04/11/2014 | 1027 | | SEALED MOTION by USA as to Pedro Garcia, Gonzalo Ramirez. (Smith, Aaron) (Entered: 04/11/2014) |
| 04/11/2014 | 1028 | | ORDER of 10CCA as to Pedro Garcia re 898 Notice of Appeal – Final Judgment. Order filed by Clerk of the Court (DEC) – Based upon the Appellant's Status Report, the court directs as follows. The appellant has indicated his intent to appeal the district court's denial of his motion for a new trial. It therefore makes sense to consolidate the two appeals. The court accordingly holds off any action lifting the abatement of this appeal and setting a briefing schedule. No additional action is required of the parties other than the timely filing of a new notice of appeal. ( Appeal No. 14–3006) (aa) (Entered: 04/14/2014) |
| 04/14/2014 | 1029 | | SEALED ORDER TO PROVIDE SEALED DOCUMENTS FILE FOR LIMITED PURPOSE granting 1027 Sealed Motion as to Pedro Garcia (2), Gonzalo Ramirez (3). Signed by District Judge Monti L. Belot on 04/14/2014. (Sealed User Wichita aa) (Entered: 04/14/2014) |
| 04/15/2014 | 1030 | | NOTICE OF APPEAL TO 10CCA as to defendant PEDRO C. GARCIA re 1026 Order on Motion for New Trial,,, Order on Sealed Motion,,,,,,,,,,,,,,,,,,,,,,, (Wachtel, John) (Entered: 04/15/2014) |
| 04/16/2014 | | | APPEAL FEE STATUS: filing fee waived re: Notice of Appeal – Final Judgment 1030 on behalf of Defendant Pedro Garcia. (THIS IS A TEXT ONLY ENTRY–NO DOCUMENT IS ASSOCIATED WITH THIS TRANSACTION) (aa) (Entered: 04/16/2014) |
| 04/16/2014 | 1033 | | SEALED PRELIMINARY RECORD ON APPEAL transmitted to 10CCA as to Pedro Garcia re 1030 Notice of Appeal – Final Judgment. (Attachments: # 1 Preliminary Packet –Sealed)(aa) (Entered: 04/16/2014) |
| 04/16/2014 | 1034 | | APPEAL DOCKETED in 10CCA on 04/16/2014 and assigned Appeal No. 14–3081 re 1030 Notice of Appeal – Final Judgment filed by Pedro Garcia. Docketing statement due 04/30/2014 for Pedro Garcia. Notice of appearance due on 04/30/2014 for Pedro Garcia and United States of America. A/Pet designation of record due 04/30/2014 for Pedro Garcia. Transcript order form due 04/30/2014 for John Valentine Wachtel. (aa) (Entered: 04/17/2014) |
| 04/17/2014 | 1037 | | ORDER of 10CCA as to Pedro Garcia re 1030 Notice of Appeal – Final Judgment, 898 Notice of Appeal – Final Judgment. Order filed by Clerk of the Court (DEC) Case Nos. 14–3006 and 14–3081 arise from the same underlying district court proceeding and are now consolidated. The court directs as follows. As directed in the case opening letter issued on 4/6/14 in 14–3081, the parties shall file their entries of appearance and the appellant shall file a docketing statement, any additional designation of record and a transcript order form. All briefs and motions filed in these consolidated appeals will include both case numbers. The previously ordered abatement of 14–3006 is lifted. The consolidated opening brief of the appellant is initially set due on or before 5/27/14. See attached order for further information. ( |

| | | | |
|---|---|---|---|
| | | | Appeal No. 14–3006 & 14–3081) (aa) (Entered: 04/18/2014) |
| 04/18/2014 | 1039 | | DESIGNATION OF RECORD ON APPEAL by Pedro Garcia re 1030 Notice of Appeal – Final Judgment ( Appeal No. 14–3081) (Attachments: # 1 Exhibit DOCKET SHEETS)(Wachtel, John) (Entered: 04/18/2014) |
| 04/18/2014 | 1040 | | TRANSCRIPT ORDER FORM: Transcript Requested MOTION HEARING 3–31–14 re 1030 Notice of Appeal – Final Judgment filed by Pedro Garcia (Wachtel, John) (Entered: 04/18/2014) |
| 04/28/2014 | 1056 | | TRANSCRIPT ORDER FORM: Transcript Already on File re 1030 Notice of Appeal – Final Judgment filed by Pedro Garcia, 898 Notice of Appeal – Final Judgment filed by Pedro Garcia (Wachtel, John) (Entered: 04/28/2014) |
| 04/28/2014 | 1057 | | DESIGNATION OF RECORD ON APPEAL by Pedro Garcia re 1030 Notice of Appeal – Final Judgment, 898 Notice of Appeal – Final Judgment ( Appeal No. 14–3006 and 14–3081) (Wachtel, John) (Entered: 04/28/2014) |
| 04/28/2014 | 1058 | | TRANSCRIPT ORDER FORM by Court Reporter Cindy Schwemmer ordering transcripts of Motion Hearing held 3–31–2014 re 1030 Notice of Appeal – Final Judgment filed by Pedro Garcia, 898 Notice of Appeal – Final Judgment filed by Pedro Garcia ( Appeal No. 14–3081) Transcript due by 5/28/2014. (Schwemmer, Cindy) (Entered: 04/28/2014) |
| 04/28/2014 | 1059 | | DESIGNATION OF RECORD ON APPEAL by Pedro Garcia re 1030 Notice of Appeal – Final Judgment, 898 Notice of Appeal – Final Judgment ( Appeal No. 14–3006 and 14–3081) (Attachments: # 1 Supplement 2nd half of Amended Designation of Record)(Wachtel, John) (Entered: 04/28/2014) |
| 04/28/2014 | 1060 | | TRANSCRIPT of Motion Hearing held 3–31–2014 as to Pedro Garcia & Gonzalo Ramirez before Judge Belot, Court Reporter Cindy Schwemmer, 316–315–4354, cindy_schwemmer@ksd.uscourts.gov. Transcript purchased by: Val Wachtel; Joel Mandelman/Tim Henry (FPD). **NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 7/28/2014. (Schwemmer, Cindy) (Entered: 04/28/2014) |
| 04/28/2014 | 1061 | | CERTIFICATE OF FILING OF TRANSCRIPT of Motion Hearing held 3–31–2014 by Court Reporter Cindy Schwemmer (Schwemmer, Cindy) (Entered: 04/28/2014) |
| 08/27/2014 | 1076 | | MOTION to Unseal Document by USA as to Pedro Garcia, Gonzalo Ramirez. (Smith, Aaron) (Entered: 08/27/2014) |

| 09/08/2014 | 1077 | | ORDER granting 1076 Motion to Unseal Document 1026 Order on Motion for New Trial as to Pedro Garcia (2), Gonzalo Ramirez (3). Signed by District Judge Monti L. Belot on 09/08/2014. (aa) (Entered: 09/08/2014) |
| --- | --- | --- | --- |
| 09/01/2015 | 1083 | | MANDATE from 10CCA: affirming decision of the District Court as to Pedro Garcia, Gonzalo Ramirez. (Appeal No. 14–3006, 14–3039, 14–3081) (Attachments: # 1 Judgment, # 2 Mandate issued letter)(aa) (Entered: 09/01/2015) |
| 10/13/2015 | 1084 | | MINUTE ORDER REASSIGNING CASE: Case reassigned to Chief Judge J. Thomas Marten for all further proceedings. District Judge Monti L. Belot no longer assigned to case. Signed by deputy clerk on 10/13/15. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (cs) (Entered: 10/13/2015) |
| 11/30/2015 | 1085 | | LETTER FROM 10CCA advising re 1030 Notice of Appeal – Final Judgment, 1035 Notice of Appeal – Final Judgment ; assigned Supreme Court No. 15–7141 as to Pedro Garcia, Gonzalo Ramirez. ( Appeal No. 14–3006, 14–3081, 14–3039) (aa) (Entered: 12/02/2015) |
| 01/11/2016 | 1089 | | LETTER FROM 10CCA advising petition for writ of certiorari denied re 1030 Notice of Appeal – Final Judgment, 898 Notice of Appeal – Final Judgment, 959 Notice of Appeal – Final Judgment ; assigned Supreme Court No. 15–9741 as to Pedro Garcia, Gonzalo Ramirez ( Appeal No. 14–3006, 14–3081, 14–3039). (aa) (Entered: 01/12/2016) |
| 02/22/2016 | 1090 | | MOTION to Lift 10/19/2012 Protective Order or MOTION to Appoint Counsel by Pedro Garcia. (aa) (Entered: 02/22/2016) |
| 04/29/2016 | 1092 | | MOTION FOR AN ORDER directing the court reporter to provide transcripts by Pedro Garcia. (aa) (Entered: 04/29/2016) |
| 04/29/2016 | 1093 | | MOTION to Lift Protective Order or in the alternative, MOTION to Appoint Counsel by Pedro Garcia. (aa) (Entered: 04/29/2016) |
| 05/18/2016 | 1094 | | RESPONSE TO MOTION by USA as to Pedro Garcia re 1090 MOTION to Appoint Counsel */Lift Protective Order* (Smith, Aaron) (Entered: 05/18/2016) |
| 06/06/2016 | 1095 | | REPLY TO RESPONSE to Motion by Pedro Garcia re 1093 MOTION MOTION to Appoint Counsel. (aa) (Entered: 06/06/2016) |
| 08/18/2016 | 1119 | | MEMORANDUM AND ORDER denying 1090 Motion to Appoint Counsel and Motion to Lift Protective Order as to Pedro Garcia (2); denying 1093 Motion to Lift Protective Order and Motion to Appoint Counsel as to Pedro Garcia (2); granting 1092 Motion for Transcripts as to Pedro Garcia (2). The court will order that transcripts of the voir dire and any instruction conference be supplied to the defendant, as well as a copy of the Instructions issued by the court. (Dkt. 819). Signed by Chief Judge J. Thomas Marten on 08/18/2016.Mailed to pro se party Pedro Garcia at MCCREARY – USP by regular mail. (aa) (Entered: 08/18/2016) |
| 08/19/2016 | 1120 | | ORDER NUNC PRO TUNC as to Pedro Garcia re 1119 Memorandum and Order. The court having reviewed the matter finds that defendant has shown no specific need for a transcript of the voir dire, and accordingly alters the Order of August 18th, 2016 (Dkt. 1119) to deny the motion as to such |

|  |  |  |
|---|---|---|
|  |  | transcript. Signed by Chief Judge J. Thomas Marten on 08/19/2016. Mailed to pro se party Pedro Garcia at McCreary USP by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (aa) Modified on 9/13/2016 to correct filing date of docket entry 1119 (aa). (Entered: 08/19/2016) |
| 01/13/2017 | 1157 | MOTION to Vacate under 28 U.S.C. 2255 by Pedro Garcia. (mam) Civil case 6:17–cv–01011–JTM opened. (Entered: 01/13/2017) |
| 02/08/2017 | 1160 | MOTION for Extension of Time to File Response/Reply as to 1158 Supplement, 1155 MOTION to Vacate under 28 U.S.C. 2255, 1159 Supplement, 1157 MOTION to Vacate under 28 U.S.C. 2255 by USA as to Pedro Garcia, Gonzalo Ramirez. (Welch, Lanny) (Entered: 02/08/2017) |
| 02/08/2017 | 1161 | ORDER granting 1160 Motion for Extension of Time to File Response/Reply as to Pedro Garcia (2), Gonzalo Ramirez (3). The government is to file its responses by March 30, 2017. The defendants may file a reply to the government's response, if any, by April 13, 2017. Signed by Chief Judge J. Thomas Marten on 2/8/2017. Mailed to pro se party Pedro Garcia and Gonzalo Ramirez by regular mail. (mam) Modified on 2/8/2017 (cs). (Entered: 02/08/2017) |
| 03/29/2017 | 1182 | Second MOTION for Extension of Time to File Response/Reply *to Def.'s 2255 Mot.* by USA as to Pedro Garcia. (Brown, James) (Entered: 03/29/2017) |
| 03/29/2017 | 1184 | ORDER granting 1182 Motion for Extension of Time to File Response to Defendant Pedro Garcia's Motion to Vacate. Response deadline continued to 5/15/17. Signed by Chief Judge J. Thomas Marten on 03/29/17.Mailed to pro se party Pedro Garcia by regular mail (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (Roach, Joyce) (Entered: 03/29/2017) |
| 04/28/2017 | 1202 | MOTION for Joinder, MOTION to Appoint Counsel, MOTION for Correspondence and Copies by Pedro Garcia. (aa) (Entered: 04/28/2017) |
| 05/12/2017 | 1215 | Third MOTION for Extension of Time to File Response/Reply *to Def.'s 2255 Motion* by USA as to Pedro Garcia. (Brown, James) (Entered: 05/12/2017) |
| 05/12/2017 | 1219 | ORDER granting 1215 Motion for Extension of Time to File Response to 1157 Pedro Garcia's Motion to Vacate Under 28 U.S.C. §2255. Response deadline now June 30, 2017. Signed by District Judge J. Thomas Marten on May 12, 2017. Mailed to pro se party by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (shs) (Entered: 05/12/2017) |
| 06/30/2017 | 1231 | Fourth MOTION for Extension of Time to File Response/Reply *to 1157 Def.'s 2255 Mot.* by USA as to Pedro Garcia. (Brown, James) Modified on 6/30/2017 to link entry to 1157 . (mam) (Entered: 06/30/2017) |
| 06/30/2017 | 1233 | ORDER granting 1231 Government's Motion for Extension of Time to File Response as to Pedro Garcia (2). Response deadline now August 15, 2017. Signed by District Judge J. Thomas Marten on 06/30/2017.Mailed to pro se party Pedro Garcia by regular mail (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (kd) (Entered: 06/30/2017) |
| 08/15/2017 | 1236 |  |

| | | | |
|---|---|---|---|
| | | | RESPONSE TO MOTION by USA as to Pedro Garcia re <u>1157</u> MOTION to Vacate under 28 U.S.C. 2255 (Brown, James) (Entered: 08/15/2017) |
| 11/13/2017 | <u>1270</u> | | MEMORANDUM AND ORDER denying <u>1157</u> Motion to Vacate (2255) as to Pedro Garcia (2); denying <u>1202</u> Motion for Additional Relief as to Pedro Garcia (2). See order for details. Signed by District Judge J. Thomas Marten on 11/13/2017. (aa)<br>Civil Case 6:17–cv–01011–JTM closed. (Entered: 11/13/2017) |
| 11/13/2017 | | | NOTICE Re: Pro Se Mailing. Document <u>1270</u> Order on Motion to Vacate (2255) mailed on 11/13/2017 to Pedro Garcia at McCreary – USP by regular mail. (aa) (Entered: 11/13/2017) |
| 12/14/2017 | <u>1276</u> | | MOTION for Extension of Time to File Motions by Pedro Garcia. (aa) (Entered: 12/14/2017) |
| 12/14/2017 | <u>1277</u> | | NOTICE OF APPEAL TO 10CCA by Pedro Garcia re <u>1270</u> Order on Motion to Vacate (2255). (aa) (Entered: 12/14/2017) |
| 12/14/2017 | | | APPEAL FEE STATUS: filing fee not paid re: Notice of Appeal <u>1277</u> on behalf of Defendant Pedro Garcia (THIS IS A TEXT ONLY ENTRY–NO DOCUMENT IS ASSOCIATED WITH THIS TRANSACTION) (aa) (Entered: 12/14/2017) |
| 12/14/2017 | <u>1278</u> | | PRELIMINARY RECORD ON APPEAL transmitted to 10CCA as to Pedro Garcia re <u>1277</u> Notice of Appeal. (Attachments: # <u>1</u> Preliminary Packet)(aa) (Entered: 12/14/2017) |
| 12/14/2017 | <u>1279</u> | | APPEAL DOCKETED in 10CCA on 12/14/2017 and assigned Appeal No. 17–3266 re <u>1277</u> Notice of Appeal filed by Pedro Garcia. Fee or IFP forms due in district court 01/16/2018 for Pedro C. Garcia. Notice of appearance due on 01/16/2018 for Pedro C. Garcia. Notice of appearance due on 12/28/2017 for United States of America. (aa) (Entered: 12/15/2017) |
| 12/14/2017 | <u>1282</u> | | ***DISREGARD, PREVIOUSLY FILED*** NOTICE OF APPEAL TO 10CCA by Pedro Garcia re <u>1270</u> Order on Motion to Vacate (2255),, Order on Motion for Joinder,, Order on Motion to Appoint Counsel, Order on Motion for Order (sz) Modified on 12/20/2017 (sz). (Entered: 12/19/2017) |
| 12/19/2017 | 1280 | | ORDER as to Pedro Garcia. "A certificate of appealability may issue... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has rejected the constitutional claims on the merits, a defendant makes that showing by demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); United States v. Bedford, 628 F.3d 1232 (10th Cir. 2010). The district court finds that defendant has met this standard and grants a certificate of appealability. Signed by District Judge J. Thomas Marten on 12/19/2017. Mailed to pro se party Mr. Pedro C. Garcia # 20432–031, USP – McCreary, P.O. Box 3000, Pine Knot, KY 42635 by regular mail (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (kd) (Entered: 12/19/2017) |
| 12/19/2017 | <u>1281</u> | | MEMORANDUM AND ORDER denying <u>1276</u> Motion for Extension of Time to File Motions as to Pedro Garcia (2). Garcia requests that in the event |

| | | | |
|---|---|---|---|
| | | | the court denies the requested extension, the court should construe his pleading as a Notice of Appeal. The court will so construe the pleading. Signed by District Judge J. Thomas Marten on 12/18/2017. Mailed to pro se party Pedro Garcia at McCreary USP by regular mail. (mam) (Entered: 12/19/2017) |
| 12/21/2017 | 1283 | | MOTION TO ALTER OR AMEND 1270 Order on Motion to Vacate (2255), Order on Motion for Joinder,, Order on Motion to Appoint Counsel, Order on Motion for Order, by Pedro Garcia. (sz) (Entered: 12/22/2017) |
| 12/21/2017 | 1284 | | MOTION for Stay by Pedro Garcia. (sz) (Entered: 12/22/2017) |
| 01/12/2018 | 1285 | | ORDER of 10CCA as to Pedro Garcia re 1277 Notice of Appeal. 10CCA directs a second limited remand for the district court to: (1) clarify the issue or issues on which it has granted a COA; and (2) determine the timeliness of the motion docketed as ECF No. 1283 and, if timely, its merit. Pending the resolution of these issues, the 10CCA court abates this appeal. The government shall file a written report advising this court of the status of the district court proceedings on the earlier of: (a) five days after the district court enters any order affecting the abatement of this appeal; or (b) February 2, 2018. ( Appeal No. 17–3266) (aa) (Entered: 01/16/2018) |
| 02/02/2018 | 1286 | | MEMORANDUM AND ORDER denying 1283 Motion to Amend/Correct as to Pedro Garcia (2); denying as moot 1284 Motion for Stay of Execution as to Pedro Garcia (2). Please see order for details. Signed by District Judge J. Thomas Marten on 02/02/2018. Mailed to pro se party Pedro Garcia at MCCREARY – USP by regular mail. (aa) (Entered: 02/02/2018) |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
### (Wichita Docket)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | } | |
| | } | |
| Plaintiff, | } | Criminal Action |
| | } | |
| v. | } | No. 12-__10089__-01-23-__MLB__ |
| | } | |
| JASON NAJERA, | } | FILED UNDER SEAL |
| a.k.a. Ene, | } | |
| a.k.a. Norte, | } | |
| PEDRO GARCIA, | } | |
| a.k.a. Peter Garcia, | } | |
| a.k.a. Pistol Pete, | } | |
| GONZALO RAMIREZ, | } | |
| a.k.a. Gonzo, | } | |
| RUSSELL WORTHEY, | } | |
| a.k.a. Blanco, | } | |
| ANTHONY WRIGHT, | } | |
| a.k.a. Huesos, | } | |
| JOSHUA FLORES, | } | |
| a.k.a. Big Knox, | } | |
| JESUS FLORES, | } | |
| a.k.a. Tito, | } | |
| ANGEL CERDA, | } | |
| a.k.a. Shrek, | } | |
| JUAN TORRES, | } | |
| a.k.a. Bugsy, | } | |
| ALFREDO BELTRAN-RUIZ, | } | |
| a.k.a. Deuce-Deuce, | } | |
| DONTE BARNES, | } | |
| a.k.a. Snipes, | } | |
| a.k.a. Snipe, | } | |
| a.k.a. Sniper, | } | |
| JESUS SANCHEZ, | } | |
| a.k.a. Drac, | } | |
| a.k.a. Dracula, | } | |
| ENRIQUE GOBIN, | } | |
| a.k.a. Ricky, | } | |

| | |
|---|---|
| a.k.a. Sonny Boy, | } |
| **ALFONSO BANDA-HERNANDEZ,** | } |
| a.k.a. Fonso, | } |
| **ANDREW GUSMAN,** | } |
| a.k.a. Beaver, | } |
| **EUSEBIO SIERRA-MEDRANO,** | } |
| a.k.a. TC, | } |
| **JAYSON VARGAS,** | } |
| a.k.a. Wee Wee, | } |
| **ADAM FLORES,** | } |
| a.k.a. Little Lazy, | } |
| **FABIAN NEAVE,** | } |
| a.k.a. Puppet, | } |
| **JESUS TORRES,** | } |
| a.k.a. Rabbit, | } |
| **JOSE NEAVE,** | } |
| a.k.a. Caiyo, | } |
| **HERNAN QUEZADA,** | } |
| a.k.a. Cheese, | } |
| a.k.a. Cartoon, | } |
| **HUMBERTO ORTIZ,** | } |
| a.k.a. Beto, | } |
| **Defendants.** | } |

## INDICTMENT

### COUNT 1

The Grand Jury charges:

### The Enterprise

1.      At various times relevant to this Indictment;

**JASON NAJERA, PEDRO GARCIA, GONZALO RAMIREZ, RUSSELL**

**WORTHEY, ANTHONY WRIGHT, JOSHUA FLORES, JESUS FLORES,**

**ANGEL CERDA, JUAN TORRES, ALFREDO BELTRAN-RUIZ, DONTE**

2

**BARNES, JESUS SANCHEZ, ENRIQUE GOBIN, ALFONSO BANDA-HERNANDEZ, ANDREW GUSMAN, EUSEBIO SIERRA-MEDRANO, JAYSON VARGAS, ADAM FLORES, FABIAN NEAVE, JESUS TORRES, JOSE NEAVE, HERNAN QUEZADA, HUMBERTO ORTIZ,**

the defendants, and others known and unknown, were leaders, members and associates of the **Nortenos**, a criminal organization whose members and associates engaged in narcotics distribution and acts of violence including acts involving murder and robbery, and which operated principally in Dodge City, Kansas.

2.     The **Nortenos**, including its leadership, membership and associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4) (hereinafter "the enterprise"), that is, a group of individuals associated in fact.  The enterprise constituted an ongoing organization whose members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. This enterprise was engaged in, and its activities affected, interstate and foreign commerce.

3.     The **Nortenos** (Spanish: Northerners) is a street gang present in numerous states in the United States.  In Dodge City, Kansas, **Nortenos** members and associates identify with "sets" named **Diablos Viejos (DV)** and **Los Carnales Chingones (LCC).** The **DV** and **LCC** members are organized under the common identity of **Nortenos**.  Both

3

the **DV** and **LCC** members identify with the same colors and symbols, identify themselves as **Nortenos**, and associate regularly in the commission of various crimes.

## Purposes of the Enterprise

4.      The purposes of the enterprise included the following:

a.      Enriching the members and associates of the enterprise through, among other things, murder, robbery, and distribution of narcotics.

b.      Preserving and protecting the power, territory and profits of the enterprise through the use of actual and threatened violence, including assaults and murder.

c.      Promoting and enhancing the enterprise and the activities and reputations of its members and associates.

d.      Keeping victims in fear of the enterprise and in fear of its members and associates through actual violence and threats of violence.

## Roles of the Defendants

5.      The defendants participated in the operation and management of the enterprise.

a.      Members and associates of the enterprise identify themselves through, amongst other things, clothing, hand signals and tattoos which signify gang affiliation.  Red clothing and paraphernalia are associated with the **Nortenos** street gang. **Nortenos** gang members frequently reference the number "14" through hand signals and

4

tattoos because the letter "N", which represents "Norteno", is the 14th letter of the alphabet.

b.      The defendant **Jason NAJERA** was a leader of the enterprise who directed other members of the enterprise in carrying out unlawful and other activities in furtherance of the conduct of the enterprise's affairs.

c.      Under the direction of **Jason NAJERA** and other leaders of the enterprise, including **Eusebio SIERRA-MEDRANO** and **Fabian NEAVE**, the defendants and others participated in unlawful and other activities in furtherance of the conduct of the enterprise's affairs.

## Means and Methods of the Enterprise

6.      Among the means and methods by which the defendants and others conducted and participated in the conduct of the affairs of the enterprise were the following:

a.      Members of the enterprise and their associates used, attempted to use, and conspired to use murder, robbery and assault, which affected interstate commerce.

b.      Members of the enterprise and their associates committed, attempted and threatened to commit acts of violence, including murder and robbery, to protect and expand the enterprise's criminal operations.

5

c.      Members of the enterprise and their associates promoted a climate of fear through violence and threats of violence.

d.      Members of the enterprise and their associates used and threatened to use physical violence against various individuals, including rival gang members and associates.

e.      Members of the enterprise and their associates trafficked in narcotics, including methamphetamine, cocaine and marijuana.

## The Racketeering Conspiracy

7.      On or about and between 2008 through the date of this Indictment, both dates being approximate and inclusive, within the District of Kansas, and elsewhere, **JASON NAJERA, PEDRO GARCIA, GONZALO RAMIREZ, ANTHONY WRIGHT, JESUS SANCHEZ, EUSEBIO SIERRA-MEDRANO, JAYSON VARGAS, FABIAN NEAVE,** together with persons known and unknown, being persons associated with the **Nortenos** street gang, an enterprise which engaged in, and the activities of which affected, interstate and foreign commerce, knowingly and intentionally conspired to violate 18 U.S.C. § 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as that term is defined in Sections 1961(1) and 1961(5) of Title 18, United States Code, consisting of multiple acts involving:

6

a. Distribution and possession with intent to distribute controlled substances and conspiracy to do so under 21 U.S.C. §841 and §846. and multiple acts involving:

b. Distribution and possession with intent to distribute controlled substances and conspiracy to do so under Kan. Stat. Ann. §§21-5705 and 5302 (formerly §§65-4161 and 21-36a05 and 21-3302).

c. Murder, chargeable under Kan. Stat. Ann. §§21-5402 and 5403 (formerly §§21-3401 and 3402), Kan. Stat. Ann. §21-5403 (formerly §21-3402), and attempts and conspiracies to do so under Kan. Stat. Ann. §§21-5301 and 5302 (formerly §§21-3301 and 3302).

d. Robbery, chargeable under Kan. Stat. Ann. §21-5420 (formerly §21-3426 and §21-3427), and attempts and conspiracies to do so under Kan. Stat. Ann. §§21-5301 and 5302 (formerly §§21-3301 and 3302).

8. It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

All in violation of Title 18, United States Code, Section 1962(d).

## COUNT 2

### Violent Crimes in Aid of Racketeering
### Conspiracy to Murder Israel Peralta, Mariano Sorano, Faustino Peralta, and Roberto Arco

9.      At all times relevant to this Indictment, the **Nortenos**, as more fully described in Paragraphs 1 through 6 of Count One of this Indictment, which are realleged and incorporated by reference as though set forth fully herein, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), namely the **Nortenos**, that is, a group of individuals associated in fact which was engaged in, and the activities of which affected, interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

10.      At all times relevant to this Indictment, the above-described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving murder, robbery, and narcotics trafficking in violation of the laws of the State of Kansas, and narcotics trafficking in violation of Title 21, United States Code, Sections 841 and 846.

11.      On or about June 8, 2009, in the District of Kansas, for the purpose of gaining entrance to and maintaining and increasing position in the **Nortenos**, an enterprise engaged in racketeering activity,

**PEDRO GARCIA,**
**GONZALO RAMIREZ,**
**RUSSELL WORTHEY, and**
**ANTHONY WRIGHT**,

the defendants herein, and others known and unknown, unlawfully, and knowingly

conspired to murder Israel Peralta, Mariano Sorano, Faustino Peralta, and Roberto Arco,

in violation of Kan. Stat. Ann. §21-5402 (formerly §21-3401).

In violation of Title 18, United States Code, Section 1959(a)(5).

## COUNT 3

### Violent Crimes in Aid of Racketeering
### Murder of Israel Peralta

12.     Paragraphs 9 and 10 of Count Two of this Indictment are realleged and

incorporated by reference as though fully set forth herein.

13.     On or about June 8, 2009, in the District of Kansas, for the purpose of

gaining entrance to and maintaining and increasing position in the **Nortenos**, an

enterprise engaged in racketeering activity,

**PEDRO GARCIA,**
**GONZALO RAMIREZ,**
**RUSSELL WORTHEY, and**
**ANTHONY WRIGHT,**

the defendants herein, unlawfully, and knowingly murdered Israel Peralta, in violation of

Kan. Stat. Ann. § 21-5402 (formerly §21-3401).

In violation of Title 18, United States Code, Section 1959(a)(1) and Section 2.

9

## COUNT 4

### Violent Crimes in Aid of Racketeering
### Attempted Murder of Mariano Sorano, Faustino Peralta, and Roberto Arco

14.    Paragraphs 9 and 10 of Count Two of this Indictment are realleged and incorporated by reference as though fully set forth herein.

15.    On or about June 8, 2009, in the District of Kansas, for the purpose of gaining entrance to and maintaining and increasing position in the **Nortenos**, an enterprise engaged in racketeering activity,

**PEDRO GARCIA,**
**GONZALO RAMIREZ,**
**RUSSELL WORTHEY, and**
**ANTHONY WRIGHT**,

the defendants herein, unlawfully, and knowingly attempted the murder of Mariano Sorano, Faustino Peralta, and Roberto Arco, in violation of Kan. Stat. Ann. §21-5402 (formerly §21-3401).

All in violation of Title 18, United States Code, Section 1959(a)(5) and Section 2.

## COUNT 5

### Violent Crimes in Aid of Racketeering
### Assault With a Dangerous Weapon Upon Israel Peralta, Mariano Sorano, Faustino Peralta, and Roberto Arco

16.    Paragraphs 9 and 10 of Count Two of this Indictment are realleged and incorporated by reference as though fully set forth herein.

17.    On or about June 8, 2009, in the District of Kansas, for the purpose of gaining entrance to and maintaining and increasing position in the **Nortenos**, an enterprise engaged in racketeering activity,

**PEDRO GARCIA,
GONZALO RAMIREZ,
RUSSELL WORTHEY, and
ANTHONY WRIGHT**,

the defendants herein, unlawfully, and knowingly assaulted Israel Peralta, Mariano Sorano, Faustino Peralta, and Roberto Arco with a dangerous weapon, to wit: a firearm, in violation of Kan. Stat. Ann. §21-5412(b)(1) (formerly §21-3410(a)).

All in violation of Title 18, United States Code, Section 1959(a)(3) and Section 2.

## COUNT 6

### Possess/Discharge a Firearm in Furtherance of a Crime of Violence

18.    On or about June 8, 2009, in the District of Kansas, the defendants,

**PEDRO GARCIA,
GONZALO RAMIREZ,
RUSSELL WORTHEY, and
ANTHONY WRIGHT**,

the defendants herein, did knowingly possess firearms and discharge firearms, in furtherance of a crime of violence for which they may be prosecuted in a court of the United States, to wit: 18 U.S.C. §1959, referencing Murder in the First Degree in violation of Kan. Stat. Ann. §21-5402 (formerly §21-3401).

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and Section 2.

## COUNT 7

### Violent Crimes in Aid of Racketeering
### Assault with a Dangerous Weapon Upon Isidro Raleas-Velasquez

19.     Paragraphs 9 and 10 of Count Two of this Indictment are realleged and incorporated by reference as though fully set forth herein.

20.     On or about June 8, 2009, in the District of Kansas, for the purpose of gaining entrance to and maintaining and increasing position in the **Nortenos**, an enterprise engaged in racketeering activity,

**PEDRO GARCIA,
GONZALO RAMIREZ,
JOSHUA FLORES, and
JESUS FLORES,**

the defendants herein, and others known and unknown, unlawfully, and knowingly committed an assault with a dangerous weapon, to wit: a firearm, upon Isidro Raleas-Velasquez, in violation of Kan. Stat. Ann. §21-5412(b)(1) (formerly §21-3410(a)).

In violation of Title 18, United States Code, Section 1959(a)(3) and Section 2.

## COUNT 8

### Violent Crimes in Aid of Racketeering
### Conspiracy to Commit an Assault with a Dangerous Weapon

21.     Paragraphs 9 and 10 of Count Two of this Indictment are realleged and incorporated by reference as though fully set forth herein.

12

22.     On or about June 8, 2009, in the District of Kansas, for the purpose of gaining entrance to and maintaining and increasing position in the **Nortenos**, an enterprise engaged in racketeering activity,

**PEDRO GARCIA,**
**GONZALO RAMIREZ,**
**JOSHUA FLORES, and**
**JESUS FLORES,**

the defendants herein, and others known and unknown, unlawfully, and knowingly conspired to commit an assault with a dangerous weapon, to wit: a firearm, upon Isidro Raleas-Velasquez, in violation of Kan. Stat. Ann. §21-5412(b)(1) (formerly §21-3410(a)).

In violation of Title 18, United States Code, Section 1959(a)(6).

## COUNT 9

### Possess and Brandish a Firearm in Furtherance of a Crime of Violence

23.     On or about June 8, 2009, in the District of Kansas,

**PEDRO GARCIA,**
**GONZALO RAMIREZ,**
**JOSHUA FLORES, and**
**JESUS FLORES,**

the defendants herein, did knowingly possess firearms and brandish firearms, in furtherance of a crime of violence for which they may be prosecuted in a court of the United States, to wit: 18 U.S.C. §1951 and 18 U.S.C. §1959, referencing Aggravated Robbery, in violation of Kan. Stat. Ann. §21-5420(b)(1) (formerly §21-3427).

13

In violation of Title 18, United States Code, Section 924(c)(1)(A) and Section 2.


## COUNT 10

### Violent Crimes in Aid of Racketeering
### Conspiracy to Commit the Murder of Rumalda Hipolito and Abel Hernandez


24.     Paragraphs 9 and 10 of Count Two of this Indictment are realleged and incorporated by reference as though fully set forth herein.

25.     On or about October 4, 2008, in the District of Kansas, for the purpose of gaining entrance to and maintaining and increasing position in the **Nortenos**, an enterprise engaged in racketeering activity,

**ANGEL CERDA,**
**JUAN TORRES, and**
**GONZALO RAMIREZ,**

the defendants herein, and others known and unknown, unlawfully, and knowingly conspired to muder Ruamlda Hipolito and Abel Hernandez, in violation of Kan. Stat. Ann. §21-5402 formerly §21-3401).

All in violation of Title 18, United States Code, Section 1959(a)(5).

## COUNT 11

### Violent Crimes in Aid of Racketeering
### Attempted Murder of Rumalda Hipolito and Abel Hernandez

26.  Paragraphs 9 and 10 of Count Two of this Indictment are realleged and incorporated by reference as though fully set forth herein.

27.  On or about October 4, 2008, in the District of Kansas, for the purpose of gaining entrance to and maintaining and increasing position in the **Nortenos**, an enterprise engaged in racketeering activity,

**ANGEL CERDA,**
**JUAN TORRES, and**
**GONZALO RAMIREZ,**

the defendants herein, unlawfully, and knowingly attempted the murder of Rumalda Hipolito and Abel Hernandez, in violation of Kan. Stat. Ann. §21-5402 (formerly §21-3401).

All in violation of Title 18, United States Code, Section 1959(a)(5) and Section 2.

## COUNT 12

### Violent Crimes in Aid of Racketeering
### Assault With a Dangerous Weapon Upon Rumalda Hipolito and Abel Hernandez

28.  Paragraphs 9 and 10 of Count Two of this Indictment are realleged and incorporated by reference as though fully set forth herein.

29.     On or about October 4, 2008, in the District of Kansas, for the purpose of gaining entrance to and maintaining and increasing position in the **Nortenos**, an enterprise engaged in racketeering activity,

**ANGEL CERDA,**
**JUAN TORRES, and**
**GONZALO RAMIREZ,**

the defendants herein, unlawfully, and knowingly assaulted Rumalda Hipolito and Abel Hernandez, with a dangerous weapon, to wit: a firearm, in violation of Kan. Stat. Ann. §21-5412(b)(1) (formerly §21-3410(a)).

All in violation of Title 18, United States Code, Section 1959(a)(3) and Section 2.

## COUNT 13

### Possess and Discharge a Firearm in Furtherance of a Crime of Violence

30.     On or about October 4, 2008, in the District of Kansas,

**ANGEL CERDA,**
**JUAN TORRES, and**
**GONZALO RAMIREZ,**

the defendants herein, did knowingly possess firearms and discharge firearms, in furtherance of a crime of violence for which they may be prosecuted in a court of the United States, to wit: 18 U.S.C. § 1959, referencing Aggravated Assault, in violation of Kan. Stat. Ann. §21-5412(b)(1) (formerly §21-3410(a)).

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and Section 2.

16

## COUNT 14

### Violent Crimes in Aid of Racketeering
### Assault With a Dangerous Weapon Upon Jose Arreola

31.     Paragraphs 9 and 10 of Count Two of this Indictment are realleged and incorporated by reference as though fully set forth herein.

32.     On or about March 29, 2010, in the District of Kansas, for the purpose of gaining entrance to and maintaining and increasing position in the **Nortenos**, an enterprise engaged in racketeering activity,

### EUSEBIO SIERRA-MEDRANO,

the defendant herein, unlawfully, and knowingly committed an assault with a dangerous weapon, to wit: a knife, upon Jose Arreola, in violation of Kan. Stat. Ann. §21-5412(b)(1) (formerly §21-3410(a)).

All in violation of Title 18, United States Code, Section 1959(a)(3) and Section 2.

## COUNT 15

### Violent Crimes in Aid of Racketeering
### Conspiracy to Commit the Murder of Reyes Delira-Padilla

33.     Paragraphs 9 and 10 of Count Two of this Indictment are realleged and incorporated by reference as though fully set forth herein.

17

34.     On or about March 15, 2011, in the District of Kansas, for the purpose of gaining entrance to and maintaining and increasing position in the **Nortenos**, an enterprise engaged in racketeering activity,

**ALFREDO BELTRAN-RUIZ, and
DONTE BARNES,**

the defendants herein, and others known and unknown, unlawfully, and knowingly conspired to murder Reyes Delira-Padilla, in violation of Kan. Stat. Ann. §21-5402 (formerly §21-3401).

All in violation of Title 18, United States Code, Section 1959(a)(5).

## COUNT 16

### Violent Crimes in Aid of Racketeering
### Attempted Murder of Reyes Delira-Padilla

35.     Paragraphs 9 and 10 of Count Two of this Indictment are realleged and incorporated by reference as though fully set forth herein.

36.     On or about March 15, 2011, in the District of Kansas, for the purpose of gaining entrance to and maintaining and increasing position in the Nortenos, an enterprise engaged in racketeering activity,

**ALFREDO BELTRAN-RUIZ, and
DONTE BARNES,**

the defendants herein, unlawfully, and knowingly attempted the murder of Reyes Delira-Padilla, in violation of Kan. Stat. Ann. §21-5402 (formerly §21-3401).

18

All in violation of Title 18, United States Code, Section 1959(a)(5) and Section 2.

## COUNT 17

### Violent Crimes in Aid of Racketeering
### Assault with a Dangerous Weapon Upon Reyes Delira-Padilla

37.     Paragraphs 9 and 10 of Count Two of this Indictment are realleged and incorporated by reference as though fully set forth herein.

38.     On or about March 15, 2011, in the District of Kansas, for the purpose of gaining entrance to and maintaining and increasing position in the **Nortenos**, an enterprise engaged in racketeering activity,

**ALFREDO BELTRAN-RUIZ, and
DONTE BARNES,**

the defendants herein, unlawfully, and knowingly assaulted Reyes Delira-Padilla with a dangerous weapon, to-wit: a firearm, in violation of Kan. Stat. Ann. §21-5412(b)(1) (formerly §21-3410(a)).

All in violation of Title 18, United States Code, Section 1959(a)(3) and Section 2.


## COUNT 18

### Possess and Discharge a firearm in Furtherance of a Crime of Violence

39.     On or about March 15, 2011, in the District of Kansas,

**ALFREDO BELTRAN-RUIZ, and
DONTE BARNES,**

the defendants herein, did knowingly possess a firearm and discharge a firearm, in furtherance of a crime of violence for which they may be prosecuted in a court of the United States, to wit:  18 U.S.C. §1959, referencing Aggravated Assault, in violation of Kan. Stat. Ann. §21-5412(b)(1) (formerly §21-3410(a)).

In violation of Title 18, United States Code, Section 924(c)(1)(A) and Section 2.

## COUNT 19

### Violent Crimes in Aid of Racketeering
### Conspiracy to Commit the Murder of George Gonzalez

40.     Paragraphs 9 and 10 of Count Two of this Indictment are realleged and incorporated by reference as though fully set forth herein.

41.     On or about March 30, 2011, in the District of Kansas, for the purpose of gaining entrance to and maintaining and increasing position in the **Nortenos**, an enterprise engaged in racketeering activity,

**JESUS SANCHEZ,**
**ENRIQUE GOBIN,**
**ALFONSO BANDA-HERNANDEZ, and**
**ANDREW GUSMAN**,

the defendants herein, and others known and unknown, unlawfully, and knowingly conspired to commit the murder of George Gonzalez, in violation of Kan. Stat. Ann. §21-5402 (formerly §21-3401).

All in violation of Title 18, United States Code, Section 1959(a)(5).

20

## COUNT 20

### Violent Crimes in Aid of Racketeering
### Attempted Murder of George Gonzalez

42.      Paragraphs 9 and 10 of Count Two of this Indictment are realleged and incorporated by reference as though fully set forth herein.

43.      On or about March 30, 2011, in the District of Kansas, for the purpose of gaining entrance to and maintaining and increasing position in the **Nortenos**, an enterprise engaged in racketeering activity,

**JESUS SANCHEZ,
ENRIQUE GOBIN,
ALFONSO BANDA-HERNANDEZ, and
ANDREW GUSMAN**,

the defendants herein, unlawfully, and knowingly attempted the murder of George Gonzalez, in violation of Kan. Stat. Ann. §21-5402 (formerly §21-3401).

All in violation of Title 18, United States Code, Section 1959(a)(5) and Section 2.

## COUNT 21

### Violent Crimes in Aid of Racketeering
### Assault with a Dangerous Weapon Upon George Gonzalez

44.      Paragraphs 9 and 10 of Count Two of this Indictment are realleged and incorporated by reference as though fully set forth herein.

21

45.     On or about March 30, 2011, in the District of Kansas, for the purpose of gaining entrance to and maintaining and increasing position in the **Nortenos**, an enterprise engaged in racketeering activity,

**JESUS SANCHEZ,
ENRIQUE GOBIN,
ALFONSO BANDA-HERNANDEZ, and
ANDREW GUSMAN**,

the defendants herein, unlawfully, and assaulted George Gonzalez with a dangerous weapon, to-wit: a firearm, in violation of Kan. Stat. Ann. §21-5412(b)(1) (formerly §21-3410(a)).

All in violation of Title 18, United States Code, Section 1959(a)(3) and Section 2.

## COUNT 22

### Possess and Discharge a firearm in Furtherance of a Crime of Violence

46.     On or about March 30, 2011, in the District of Kansas,

**JESUS SANCHEZ,
ENRIQUE GOBIN,
ALFONSO BANDA-HERNANDEZ, and
ANDREW GUSMAN**,

the defendants herein, did knowingly possess firearms and discharge firearms, in furtherance of a crime of violence for which they may be prosecuted in a court of the United States, to wit: Aggravated Assault, in violation of Kan. Stat. Ann. §21-5412(b)(1) (formerly §21-3410(a)).

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and Section 2.

## COUNT 23

### Violent Crimes in Aid of Racketeering
### Assault with a Dangerous Weapon Upon Jose Santaella and Santos Gutierrez

47.     Paragraphs 9 and 10 of Count Two of this Indictment are realleged and incorporated by reference as though fully set forth herein.

48.     On or about April 30, 2011, in the District of Kansas, for the purpose of gaining entrance to and maintaining and increasing position in the **Nortenos**, an enterprise engaged in racketeering activity,

**JAYSON VARGAS, and
ADAM FLORES,**

the defendants herein, unlawfully, and assaulted Jose Santaella and Santos Gutierrez with a dangerous weapon, to-wit: a firearm, in violation of Kan. Stat. Ann. §21-5412(b)(1) (formerly §21-3410(a)).

All in violation of Title 18, United States Code, Section 1959(a)(3) and Section 2.

## COUNT 24

### Violent Crimes in Aid of Racketeering
### Conspiracy to Commit an Assault with a Dangerous Weapon

49.     Paragraphs 9 and 10 of Count Two of this Indictment are realleged and incorporated by reference as though fully set forth herein.

23

50.     On or about April 30, 2011, in the District of Kansas, for the purpose of gaining entrance to and maintaining and increasing position in the **Nortenos**, an enterprise engaged in racketeering activity,

**JAYSON VARGAS, and**
**ADAM FLORES,**

the defendants herein, and others known and unknown, unlawfully, and knowingly conspired to commit an assault with a dangerous weapon, to wit; a firearm, against Jose Santaella and Santos Gutierrez, in violation of Kan. Stat. Ann. §21-5412(b)(1) (formerly §21-3410(a)).

In violation of Title 18, United States Code, Section 1959(a)(6).

## COUNT 25

### Possess and Brandish a Firearm in Furtherance of a Crime of Violence

51.     On or about April 30, 2011, in the District of Kansas,

**JAYSON VARGAS, and**
**ADAM FLORES,**

the defendants herein, did knowingly possess firearms and brandish firearms, in furtherance of a crime of violence for which they may be prosecuted in a court of the United States, to wit:18 U.S.C. §1951 and 18 U.S.C. §1959, referencing Aggravated Robbery, in violation of Kan. Stat. Ann. §21-5420(b)(1) (formerly §21-3427).

In violation of Title 18, United States Code, Section 924(c)(1)(A) and Section 2.

## COUNT 26

### Violent Crimes in Aid of Racketeering
### Attempted Murder of Gabriel Rivera and Carlos Ramirez

52.     Paragraphs 9 and 10 of Count Two of this Indictment are realleged and incorporated by reference as though fully set forth herein.

53.     On or about August 27, 2011, in the District of Kansas, for the purpose of gaining entrance to and maintaining and increasing position in the **Nortenos**, an enterprise engaged in racketeering activity,

**JASON NAJERA, and
JOSE NEAVE,**

the defendant herein, unlawfully, and knowingly attempted the murder of Gabriel Rivera and Carlos Ramirez, in violation of Kan. Stat. Ann. §21-5402 (formerly §21-3401).

All in violation of Title 18, United States Code, Section 1959(a)(5) and Section 2.

## COUNT 27

### Violent Crimes in Aid of Racketeering
### Assault with a Dangerous Weapon Upon Gabriel Rivera and Carlos Ramirez

54.     Paragraphs 9 and 10 of Count Two of this Indictment are realleged and incorporated by reference as though fully set forth herein.

55.     On or about August  27, 2011, in the District of Kansas, for the purpose of gaining entrance to and maintaining and increasing position in the **Nortenos**, an enterprise engaged in racketeering activity,

25

**JASON NAJERA,**
**FABIAN NEAVE,**
**JESUS TORRES,**
**JOSE NEAVE, and**
**HUMBERTO ORTIZ**

the defendants herein, unlawfully, and assaulted Gabriel Rivera and Carlos Ramirez with a dangerous weapon, to-wit: a knife, in violation of Kan. Stat. Ann. §21-5412(b)(1) (formerly §21-3410(a)).

All in violation of Title 18, United States Code, Section 1959(a)(3) and Section 2.

## COUNT 28

### Violent Crimes in Aid of Racketeering
### Conspiracy to Commit an Assault with a Dangerous Weapon

56.     Paragraphs 9 and 10 of Count Two of this Indictment are realleged and incorporated by reference as though fully set forth herein.

57.     On or about July 2, 2008, in the District of Kansas, for the purpose of gaining entrance to and maintaining and increasing position in the **Nortenos**, an enterprise engaged in racketeering activity,

**JESUS SANCHEZ, and**
**FABIAN NEAVE,**

the defendants herein, and others known and unknown, unlawfully, and knowingly conspired to commit an assault with a dangerous weapon, to wit: a knife, against Bryant Licon, in violation of Kan. Stat. Ann. §21-5412(b)(1) (formerly §21-3410(a)).

In violation of Title 18, United States Code, Section 1959(a)(6).

26

## COUNT 29

### Felon in Possession of a Firearm

58.     On or about August 20, 2011, in the District of Kansas, the defendant,

**JAYSON VARGAS**,

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce, a firearm, to wit: an Ejericto Argentino, Model 1927, .45 caliber handgun, with an obliterated Serial Number, said firearm having been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Section 922(g)(1) and Title 18, United States Code, Section 924(a)(2).

## COUNT 30

### Felon in Possession of a Firearm

59.     On or about December 27, 2011, in the District of Kansas, the defendant,

**FABIAN NEAVE**,

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce, a firearm and ammunition, to wit: Jiminez Arms, model J.A. Nine, 9 mm semi-automatic handgun, Serial Number obliterated, said firearm having been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Section 922(g)(1) and Title 18, United States Code, Section 924(a)(2).

## COUNT 31

### Possession with Intent to Distribute Methamphetamine

60.   On or about December 27, 2011, in the District of Kansas, the defendant,

### FABIAN NEAVE,

did unlawfully, knowingly, and intentionally posses with intent to distribute

approximately 22 grams of a mixture or substance containing methamphetamine, a

controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Section 2.

## COUNT 32

### Possess a Firearm in Furtherance of a Drug Trafficking Crime

61.   On or about December 27, 2011, in the District of Kansas,

### FABIAN NEAVE,

the defendant herein, did knowingly possess a firearm, in furtherance of a drug trafficking

crime, for which they may be prosecuted in a court of the United States, to wit: possess

with the intent to distribute methamphetamine in violation of 21 U.S.C. §841(a).

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 33

### Felon in Possession of Ammunition

62.     On or about March 21, 2008, in the District of Kansas, the defendant,

**JASON NAJERA**,

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce, ammunition, to wit: Winchester, Western Model,  .380 caliber ammunition, said ammunition having been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Section 922(g)(1) and Title 18, United States Code, Section 924(a)(2).

## COUNT 34

### Felon in Possession of Ammunition

63.     On or about January 28, 2012, in the District of Kansas, the defendant,

**JASON NAJERA,**

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce, ammunition, to wit: Federal, Champion Model, 9mm caliber ammunition and Winchester, SuperX model, 20 gauge ammunition, said ammunition having been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Section 922(g)(1) and Title 18, United States Code, Section 924(a)(2).

## COUNT 35

### Illegal Alien in Possession of a Firearm

64.    On or about February 20, 2011, in the District of Kansas, the defendant,

**JESUS SANCHEZ**,

being a citizen of Mexico, who is illegally and unlawfully in the United States, and who is

not a citizen or national of the United States, did knowingly possess in and affecting

commerce, a firearm and ammunition, to wit: Frontier, model Six-Shooter, .22 caliber

handgun, Serial Number 15726, said firearm having been shipped and transported in

interstate commerce.

In violation of Title 18, United States Code, Section 922(g)(5) and Title 18, United

States Code, Section 924(a)(2).

## COUNT 36

### Felon in Possession of a Firearm

65.    On or about July 30, 2010, in the District of Kansas, the defendant,

**EUSEBIO SIERRA-MEDRANO**,

having been convicted of a crime punishable by imprisonment for a term exceeding one

year, did knowingly possess in and affecting commerce, a firearm and ammunition, to

wit: Springfield Armory, model 1911A1, .45 caliber semi-automatic handgun, Serial

Number 47727, said firearm having been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Section 922(g)(1) and Title 18, United

States Code, Section 924(a)(2).

## COUNT 37

### Felon in Possession of a Firearm

66.     On or about July 30, 2010, in the District of Kansas, the defendant,

### EUSEBIO SIERRA-MEDRANO,

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce, a firearm and ammunition, to wit: Norinco, model SKS, 7.62 mm rifle, Serial Number 24004675K, said firearm having been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Section 922(g)(1) and Title 18, United States Code, Section 924(a)(2).

## COUNT 38

### Violent Crimes in Aid of Racketeering
### Assault with a Dangerous Weapon Upon Reyes Bocanegra

67.     Paragraphs 9 and 10 of Count Two of this Indictment are realleged and incorporated by reference as though fully set forth herein.

68.     On or about February 5, 2012, in the District of Kansas, for the purpose of gaining entrance to and maintaining and increasing position in the **Nortenos**, an enterprise engaged in racketeering activity,

### HERNAN QUEZADA,

31

the defendant herein, unlawfully, and assaulted Reyes Bocanegra with a dangerous weapon, to-wit: a beer bottle, in violation of Kan. Stat. Ann. §21-5412(b)(1) (formerly §21-3410(a)).

All in violation of Title 18, United States Code, Section 1959(a)(3) and Section 2.


## NOTICE OF SPECIAL FINDINGS

The allegations contained in paragraphs 1 through 18 of this Indictment are hereby re-alleged and incorporated by reference as if fully set forth herein.

### Defendants PEDRO GARCIA, a/k/a "Peter Garcia" and "Pistol Pete" and GONZALO RAMIREZ, a/k/a "Gonzo"

As to Count 3 of this Indictment, the defendants PEDRO GARCIA, a/k/a "Peter Garcia" and "Pistol Pete" and GONZALO RAMIREZ, a/k/a "Gonzo":

(1)     Were both 18 years of age or older at the time of the offense. Title 18, United States Code, Section 3591(a).

(2)     Intentionally killed Israel Peralta. Title 18, United States Code, Section 3591(a)(2)(A).

(3)     Intentionally inflicted serious bodily injury that resulted in the death of Israel Peralta.  Title 18, United States Code, Section 3591(a)(2)(B).

(4)     Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person,

32

other than one of the participants in the homicide offense and Israel Peralta died as a direct result of the act. Title 18, United States Code, Section 3591(a)(2)(C).

(5)     Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the homicide offense, such that participation in the act constituted a reckless disregard for human life, and Israel Peralta died as a direct result of the act.  Title 18, United States Code, Section 3591(a)(2)(D).

(6)     In the commission of the offense knowingly created a grave risk of death to one or more persons in addition to the victim of the offense. Title 18, United States Code, Section 3592(c)(5).

(7)     Intentionally killed or attempted to kill more than one person in a single criminal episode. Title 18, United States Code, Section 3592(c)(16).

Pursuant to Title 18, United States Code, Sections 3591 and 3592.

A TRUE BILL

 April 16, 2012                                 s/Foreperson                              
DATE                                         FOREMAN OF THE GRAND JURY

33

Appellate Case: 17-3266   Document: 30-2   Date Filed: 02/05/2018   Page: 82

  /s/ Barry R. Grissom         
BARRY R. GRISSOM
United States Attorney
District of Kansas
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
(316) 269-6481
(316) 269-6484 (fax)
barry.grissom@usdoj.gov
KS. S. Ct. No. 10866

(It is requested that trial be held in Wichita, Kansas.)

AO 245B    (Rev. 09/11 - D/KS 08/12)  Judgment in a Criminal Case
Sheet 1

# United States District Court
## District of Kansas

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| Pedro  Garcia | Case Number:  6:12CR10089 - 002 |
| | USM Number:  20432-031 |
| | Defendant's Attorney:  John V. Wachtel |

## THE DEFENDANT:

☐   pleaded guilty to count(s):  ___.

☐   pleaded nolo contendere to count(s) ___ which was accepted by the court.

☒   was found guilty by jury trial on count(s) 1, 2, 3, 4, 5, 6, 7, 8, and 9 of the Indictment after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| See Next Page | | | |

The defendant is sentenced as provided in pages 1 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count(s) ___.

☐   Count(s) ___ is dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of material changes in economic circumstances.

01/06/2014
Date of Imposition of Judgment

s/ Monti Belot
Signature of Judge

Honorable Monti L. Belot, U.S. District Judge
Name & Title of Judge

1/7/14
Date

AO 245B (Rev. 09/11 - D/KS 08/12) Judgment in a Criminal Case
Sheet 1A

Judgment – Page **2** of **7**

DEFENDANT: Pedro Garcia
CASE NUMBER: 6:12CR10089 - 002

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1962(d) | CONSPIRACY TO COMMIT RACKETEERING ACTIVITIES | 04/16/2012 | 1 |
| 18 U.S.C. § 1959(a)(5) | VIOLENT CRIMES IN AID OF RACKETEERING- CONSPIRACY TO COMMIT MURDER | 06/08/2009 | 2 |
| 18 U.S.C. § 1959(a)(1) | VIOLENT CRIMES IN AID OF RACKETEERING – MURDER | 06/08/2009 | 3 |
| 18 U.S.C. § 1959(a)(5) | VIOLENT CRIMES IN AID OF RACKETEERING - ATTEMPTED MURDER | 06/08/2009 | 4 |
| 18 U.S.C. § 1959(a)(3) | VIOLENT CRIMES IN AID OF RACKETEERING - ASSAULT WITH A DANGEROUS WEAPON | 06/08/2009 | 5 |
| 18 U.S.C. § 924(c)(1)(A) | POSSESSION AND DISCHARGE OF FIREARM IN FURTHERANCE OF CRIME OF VIOLENCE | 06/08/2009 | 6 |
| 18 U.S.C. § 1959(a)(3) | VIOLENT CRIMES IN AID OR RACKETEERING - ASSAULT WITH A DANGEROUS WEAPON | 06/08/2009 | 7 |
| 18 U.S.C. § 1959(a)(6) | VIOLENT CRIMES IN AID OF RACKETEERING - CONSPIRACY TO COMMIT ASSAULT WITH A DANGEROUS WEAPON | 06/08/2009 | 8 |
| 18 U.S.C. § 924(c)(1)(A) | POSSESS AND BRANDISH A FIREARM IN FURTHERANCE OF A CRIME OF VIOLENCE - AGGRAVATED ROBBERY | 06/08/2009 | 9 |

AO 245B     (Rev. 09/11 - D/KS 08/12)  Judgment in a Criminal Case
Sheet 2 - Imprisonment

DEFENDANT:     Pedro  Garcia
CASE NUMBER:   6:12CR10089 - 002

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of
Life plus 32 years to be served consecutively .

   Count 3:  Life;
   Counts 2 and 4:  120 months, each count, said terms to run concurrently with Counts 1, 3, 5, 7 and 8;
   Counts 1, 5 and 7:  240 months, each count, said terms to run concurrently with Counts 2, 3, 4, and 8;
   Count 8:  36 months, said term to run concurrently with Counts 1, 2, 3, 4, 5, 7, and 8;
   Count 9:  7 years, said term to run consecutively to all other counts.
   Count 6:  25 years, said term to run consecutively to all other counts.

☐      The Court makes the following recommendations to the Bureau of Prisons:

☒      The defendant is remanded to the custody of the United States Marshal.

☐      The defendant shall surrender to the United States Marshal for this district.

     ☐ at ___ on ___.

     ☐ as notified by the United States Marshal.

☐      The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐ before ___ on ___.

     ☐ as notified by the United States Marshal.

     ☐ as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____  to  _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S.  Marshal

AO 245B    (Rev. 09/11 - D/KS 08/12)  Judgment in a Criminal Case

Sheet 3 - Supervised Release

DEFENDANT:      Pedro  Garcia
CASE NUMBER:   6:12CR10089 - 002

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>three (3) years</u>.

Counts 1-7 and 9:  3 years, each count, said terms to run concurrently with each other and Count 8;
Count 8:  1 year, said term to run concurrently with all other counts.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐       The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check if applicable)*

☒       The defendant is prohibited from possessing or purchasing a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check if applicable)*

☒       The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check if applicable)*

☐       The defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where the defendant resides, where the defendant is an employee, and where the defendant is a student.  For initial registration purposes only, the defendant shall also register in the jurisdiction in which convicted, if such jurisdiction is different from the jurisdiction of residence.  Registration shall occur not later than 3 business days after being sentenced, if the defendant is not sentenced to a term of imprisonment.  The defendant shall, not later than 3 business days after each change in name, residence, employment, or student status, appear in person in at least one jurisdiction in which the defendant is registered and inform that jurisdiction of all changes in the information required.  *(Check if applicable)*

☐       The defendant shall participate in an approved program for domestic violence. *(Check if applicable)*

If this judgment imposes a fine or restitution, it is to be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without permission of the court or probation officer;
2)   the defendant shall report to the probation officer in a manner and frequency directed by the court or the probation officer;
3)   the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4)   the defendant shall support his or her dependents and meet other family responsibilities;
5)   the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substances or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)   the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B     (Rev. 09/11 - D/KS 08/12)  Judgment in a Criminal Case
Sheet 4C Supervised Release

DEFENDANT:        Pedro  Garcia
CASE NUMBER:   6:12CR10089 - 002

# SPECIAL CONDITIONS OF SUPERVISION

1.      The defendant shall successfully participate in an approved program for substance abuse, which may include urine, breath, or sweat patch testing, outpatient and/or residential treatment, and share in the costs, based on the ability to pay. The defendant shall abstain from the use of alcohol and other intoxicants during said treatment program as directed by the Probation Office.

2.      The defendant shall abstain from the use of alcohol during the term of supervision.

3.      The defendant shall not be a member of any street gang, participate in any gang-related activities, or associate with any gang members during the term of supervision. The defendant shall comply with any curfew established by the probation officer, who may utilize electronic monitoring to verify the defendant's compliance with the curfew schedule. As instructed by the probation officer, the defendant may be required to maintain a telephone at the defendant's place of residence without call forwarding, caller ID, call waiting, portable cordless telephones, answering machines/service, or any other feature or service which would interfere with the operation of electrical monitoring equipment. The defendant may be required to wear an electronic monitoring device, which may include Global Positioning System and/or Random Tracking, and follow electronic monitoring procedures specified by the probation officer. Additionally, the probation officer may restrict the defendant from certain areas within the community, and the defendant must comply with these restrictions. The defendant shall assist in the costs of home confinement, based on the ability to pay, at the direction of the probation officer.

4.      The defendant shall submit his/her person, house, residence, vehicle(s), papers, business or place of employment and any property under the defendant's control to a search, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

5.      The defendant is prohibited from possessing or purchasing a firearm, ammunition, destructive device, or any other dangerous weapon.

AO 245B    (Rev. 09/11 - D/KS 08/12)  Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties

DEFENDANT:      Pedro  Garcia
CASE NUMBER:   6:12CR10089 - 002

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the total criminal monetary penalties under the Schedule of Payments set forth in this Judgment.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $900, representing $100 per count | Waived | Not applicable |

☐    The determination of restitution is deferred until ___. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐    The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Totals: | $ | $ | |

☐    Restitution amount ordered pursuant to plea agreement $___ .

☐    The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options set forth in this Judgment may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐    The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for the ☐ fine and/or ☐ restitution.

☐ the interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 09/11 - D/KS 08/12)  Judgment in a Criminal Case
            Sheet 6 – Schedule of Payments

Judgment – Page **7** of **7**

DEFENDANT:      Pedro  Garcia
CASE NUMBER:   6:12CR10089 - 002

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    ☐    Lump sum payment of $___ due immediately, balance due
           ☐ not later than ___, or
           ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B    ☒    Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☒ F below); or

C    ☐    Payment in monthly installments of not less than 5% of the defendant's monthly gross household income over a period
           of ___ years to commence ___ days after the date of this judgment; or

D    ☐    Payment of not less than 10%  of the funds deposited each month into the inmate's trust fund account and monthly
           installments of not less than 5% of the defendant's monthly gross household income over a period of ____ years, to
           commence ___ days after release from imprisonment to a term of supervision;  or

E    ☐    Payment during the term of supervised release will commence within ____ (e.g., 30 or 60 days) after release from
           imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that
           time; or

F    ☒    Special instructions regarding the payment of criminal monetary penalties:

If restitution is ordered, the Clerk, U.S. District Court, may hold and accumulate restitution payments, without distribution, until the
amount accumulated is such that the minimum distribution to any restitution victim will not be less than $25.

Payments should be made to Clerk, U.S. District Court, U.S. Courthouse - Room 259, 500 State Avenue, Kansas City, Kansas 66101.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is
due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐      Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount Joint and Several Amount and
corresponding payee, if appropriate.

| Case Number (Including Defendant Number) | Defendant Name | Joint and Several Amount |
|---|---|---|
| | | |

☐     The defendant shall pay the cost of prosecution.

☐     The defendant shall pay the following court cost(s):

☐     The defendant shall forfeit the defendant's interest in the following property to the United States.  Payments against any
        money judgment ordered as part of a forfeiture order should be made payable to the United States of America, c/o United
        States Attorney, Attn: Asset Forfeiture Unit, 1200 Epic Center, 301 N. Main, Wichita, Kansas 67202.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Case 6:12-cr-10089-JTM   Document 1083   Filed 09/01/15   Page 1 of 40

Appellate Case: 17-3266   Document: 30-3   Date Filed: 02/05/2018   Page: 90
Appellate Case: 14-3006   Document: 01019455257   Date Filed: 07/14/2015   Page: 1

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**July 14, 2015**

**TENTH CIRCUIT**

**Elisabeth A. Shumaker**
**Clerk of Court**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PEDRO GARCIA,

    Defendant - Appellant.

Nos.  14-3006 & 14-3081

---

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

v.

GONZALO RAMIREZ,

    Defendant – Appellant.

No. 14-3039

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. Nos. 6:12-CR-10089-MLB-2 and 6:12-CR-10089-MLB-3)**

---

J. Val Wachtel, Klenda Austerman LLC, Wichita, Kansas for Appellant Pedro Garcia.

Andrew J. McGowan, Assistant Federal Public Defender, (Melody Brannon Evans, Federal Public Defender, with him on the brief), Topeka, Kansas, for Appellant Gonzalo Ramirez.

Appellate Case: 14-3006   Document: 01019459257   Date Filed: 07/14/2015   Page: 2

James A. Brown, Assistant United States Attorney (Barry R. Grissom, United States Attorney, with him on the brief), Topeka, Kansas, for Appellee.

_____

Before **HARTZ**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

_____

**HARTZ**, Circuit Judge.

_____

Defendants Pedro Garcia and Gonzalo Ramirez were convicted of conspiring with other members of their criminal gang to violate the Racketeer Influenced and Corrupt Organizations Act (RICO), *see* 18 U.S.C. § 1962(d).  They were also convicted of committing various violent crimes in aid of racketeering, *see id.* § 1959 (VICAR), and multiple firearm counts, *see id.* § 924(c)(1)(A).  They challenge their convictions, arguing that (1) the government violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose promises made to a key cooperating witness; (2) the government put on false evidence at trial in violation of *Napue v. Illinois*, 360 U.S. 264 (1959); (3) the jury was incorrectly instructed that the jurisdictional element of RICO requires showing only a minimal effect on interstate commerce; (4) VICAR was unconstitutionally applied because their violent crimes did not affect interstate commerce; and (5) the court erroneously admitted testimonial hearsay under the guise of a gang expert's opinion, in violation of the Confrontation Clause.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.  We hold that (1) the government did not violate *Brady* because the undisclosed evidence was not material; (2) the government did not violate *Napue*; (3) the challenge to the interstate-commerce

2

Case 6:12-cr-10089-JTM   Document 1083   Filed 09/01/15   Page 3 of 40

Appellate Case: 17-3266   Document: 30-2   Date Filed: 02/05/2018   Page: 92
Appellate Case: 14-3006   Document: 01019453257   Date Filed: 07/14/2015   Page: 3

jury instruction on the RICO charge fails because it is based on the false premise that there was no evidence that the RICO enterprise engaged in economic activity; (4) the challenge to the VICAR convictions fails because it is based on the same false premise; and (5) testimonial hearsay was erroneously admitted but harmless because it was cumulative of other testimony.

## I.   BACKGROUND

### A.   The Evidence at Trial

According to trial testimony by Shane Webb, a government "gang expert" and former Dodge City, Kansas police officer, the city was home to four rival gangs from at least 2008 to 2012.  The Diablos Viejos (DVs) and Los Carnales Chingones were "sets" under the Norteños (Northerners) gang.  Ramirez R., Vol. III at 926.  Members of both sets wore red.  Their rivals, who wore blue, were the Master Criminal Boys and 18th Streeters, sets under the Sureños (Southerners) gang.  The DVs, to which Defendants belonged, engaged in criminal activity including assaults, batteries, robberies, shootings, homicides, and drug trafficking.  Trial testimony concerned both the general criminal activities of the gang and three criminal incidents in particular.

#### 1.   The House Shooting

The first incident involved Defendant Ramirez (but not Defendant Garcia), who was convicted of wounding two victims by shooting into their house.  Juan Torres, a DV member, was the principal witness to the events.  On the night of October 4, 2008, Ramirez drove Torres, Angel Cerda, and two women to the house of the Hernandez

family.  An altercation erupted between those in the vehicle and several men outside the house.  Enraged, Ramirez drove with his passengers back to his house, where he picked up a rifle.  They returned to the Hernandez neighborhood, parking in an alley near the Hernandez house.  Ramirez, rifle in hand, ran through the alley and turned a corner toward the house.  At least 19 shots were fired at the house.  One hit the sleeping Rumalda Hipolito in the arm, and another hit her son, 18-year-old Abel Hernandez, in the leg.  Ramirez returned to his car and drove it to Cerda's property, parking the car in a barn.  Cerda went to his house while the others fled into a nearby field, hiding in the tall grass until the coast was clear.

### 2.     The Home-Invasion Robbery

The next incident involved both Defendants.  Jesus Flores was the principal witness.  On June 8, 2009, Defendants and at least two others affiliated with the Norteños, Jesus and Josh Flores, robbed the occupants of a house.  That evening Defendants and the Floreses were at Garcia's house when they left to go look for "scraps," *id.* at 1727, meaning Sureños.  Jesus Flores and Ramirez (and perhaps others) had guns.  The group traveled through the alley behind Garcia's house for a couple of blocks before stopping to break into the house of Isidoro Raleas-Velasquez, a Guatemalan immigrant.  After Ramirez checked things out by peering through a side window, he and the others entered the house through the front door.  Raleas and another occupant, Alonzo Diego-Hemon, were in the living room watching television when the invaders burst in.  Ramirez grabbed Raleas and struck him on the head with his pistol.

<div align="center">4</div>

Ramirez (and perhaps others) then took Raleas into his bedroom and stole $800 in cash.

While this was going on, Diego was forced to the ground at gunpoint.  The other

assailants acted as lookouts and rummaged through the house for items to steal.  The

group returned to Garcia's house and split the money.

### 3.   The Trailer-Park Shooting

After the home-invasion robbery, Defendants and two other Norteños, cousins

Anthony Wright and Russell Worthey, continued the night's criminal activities.  Several

witnesses testified about the events.

#### a.   Wright's Account

According to Wright, late in the afternoon of June 8 he drove his girlfriend's gold

Mazda to Worthey's house and picked him up.  They drove around Wright's trailer park

and spotted a group of people having a party in front of a trailer.  All were wearing blue,

so Wright decided that they were Sureños.

After dark they drove to Garcia's house, knocked on the back door, and waited.  A

few minutes later, as they were about to leave, they saw Defendants and Jesus and Josh

Flores down the alley, running toward the house.  At least some of them had red

bandanas over their faces.  Everyone went inside the house to the living room.  Wright

saw Defendants and the Floreses splitting up some cash.  They told him that they had just

completed a home invasion.  Wright also saw that Defendants and Josh Flores had

firearms, and Jesus probably did as well.  Someone suggested they go look for Sureños.

Everyone left.  Wright, Worthey, and Defendants got into the Mazda.  Wright drove, Worthey sat in the front passenger seat, Garcia sat in the back-left passenger seat, and Ramirez sat in the back-right passenger seat.  Defendants each had a gun.  Recalling that he had seen Sureños in the trailer park earlier in the day, Wright drove there.  They drove by the people in blue he had seen earlier, who were still in front of their trailer.  After parking some distance away, the four men got out of the car and headed through the trailers toward the group.  Defendants were in the lead, with guns in their hands and bandanas over their faces.

They approached the group from behind their trailer, then came around to the front.  Someone said "puro Norte" (pure north), and Defendants opened fire while the victims attempted to flee.  *Id.* at 1289.  Wright and Defendants ran back to the car, sitting in the same seats as before.  They then picked up Worthey.  As they drove off, Ramirez said to Garcia, "[Y]ou got that one."  *Id.* at 1291.  Sometime later Garcia made a comment about everyone having kids, which Wright understood to mean that they should be quiet about the shooting to protect their families.  Wright dropped off Defendants, then Worthey.

### b.    Worthey's Account

Worthey's testimony matched Wright's in most respects.  On June 7 (the day before the shooting) he was picked up by Wright and they drove to a trailer park, where they saw two persons outside on a porch.  Wright flashed a gang sign at them, but they did not respond.  Wright said that Sureños lived at that house.

6

95

Appellate Case: 17-3266   Document: 01019459257   Date Filed: 07/14/2015   Page: 7

The next day, June 8, as it was getting dark Wright picked up Worthey at his house to go cruising in Wright's gold Mazda.  They eventually drove to Garcia's house, knocked on the back door, and turned to leave when nobody answered.  But they then heard rapid footsteps and saw Defendants and the Floreses approaching from the alley. Two of the four had bandanas over their faces.  Everyone went inside.  Worthey saw that Josh Flores had a pistol, but he did not see any cash.

Defendants, Worthey, and Wright then got into Wright's Mazda to go for a cruise. Worthey did not see either Defendant with a gun.  Wright drove, with Worthey in the front passenger seat, Garcia in the back-left passenger seat, and Ramirez in the back-right.  In the car Defendants discussed a home invasion that, Worthey gathered, had just taken place.  After cruising around for an hour or so, the group drove to the trailer park. As they approached the location of the eventual victims, Wright said that there were some Sureños who lived nearby.  They drove by the victims' trailer and saw a group of men outside drinking beer.  "[W]e're going to get these mother fuckers," Garcia said.  *Id.* at 1476.

Wright parked the car some distance away.  He and Defendants got out of the car, and Defendants put bandanas over their faces.  Worthey was hesitant to follow, but Ramirez said to him, "Let's go home boy."  *Id.* at 1479.  Worthey understood this as an order from the high-status Ramirez that he had to go with the group or else suffer a "violation," *id.* at 1481, meaning a beating or other discipline.  Worthey followed the rest of the group as they approached the trailer immediately behind the victims.  They came

7

Case 6:12-cr-10089-JTM   Document 1083   Filed 09/01/15   Page 8 of 40

Appellate Case: 17-3266   Document: 01019453257   Date Filed: 02/05/2018   Page: 97
Appellate Case: 14-3006   Document: 01019453257   Date Filed: 07/14/2015   Page: 8

around to the front of the trailer in a line, with Garcia in front, then Ramirez, then Worthey, then Wright. Garcia shouted "puro Norte" and Ramirez pulled out a revolver. *Id.* at 1485. Worthey heard shots and ran. Although he did not see any of the shooting, he heard too many shots for them to have come from only Ramirez's revolver.

After the shooting, Wright in his gold Mazda picked up Worthey, who got into the front passenger seat. Defendants were already in the car, in the same seats as before. As they drove away, Garcia said, "I got that one, I got him," and Ramirez responded, "[Y]eah, you got him," *id.* at 1491. Worthey took this to mean that Garcia had shot someone. Garcia said that he knew he got him because of how he fell over a fence. He told the others to keep their mouths shut because they had kids. Wright dropped off Defendants in Dodge City, then dropped off Worthey.

### c.     Other Witnesses

Other witnesses also testified about the trailer-park shooting. Officers who arrived at the trailer park later that night said that they recovered 10 spent shell casings and one live round, and that they found one person dead, killed by a single bullet to the back.

One of the men targeted testified that he saw three or four men and heard gunshots, but everything happened too quickly for him to notice the clothing or faces of the attackers. Another testified that he thought there were four or five gunmen, but he ran before he could get a good look at them. He heard gunshots and saw bullets kick up sand on the ground.

Appellate Case: 17-3266   Document: 01019453257   Date Filed: 02/05/2018   Page: 98

Two bystanders saw part of what happened.  Ricardo Sanchez was in his trailer that night.  He said that at about 11:00 p.m. he heard a car speed by his trailer and suddenly stop.  Through a television monitor connected to a security camera outside his trailer he saw four men exit a small four-door car.  One had a gun, and one, perhaps the same person, had a bandana over his face.  The group ran behind his trailer, several shots were fired, and two of the men returned to the car and left.

The second bystander, April Solis, was babysitting in a nearby trailer.  She stated that sometime between 10:00 p.m. and midnight she heard popping noises that she first thought were fireworks but soon concluded were gunshots.  She heard a group of people running and a vehicle pull up nearby.  Peeking out the trailer window, she saw a grey four-door car driven by a pale man.  Contrary to the testimony of Wright and Worthey (who said that Worthey sat in the front passenger seat and did not have a gun), she said that someone with a gun got in the front passenger seat and put the gun in the center console before the vehicle drove away.

Two DV members also testified about the night of the shooting.  Joe Galindo stated that Ramirez called to get a ride that night, saying that it was a Norteño matter.  He found Defendants on a Dodge City street and drove them to Ramirez's house.  Galindo observed that "something was wrong because [Ramirez]'s prancin' around.  He was just walkin' around like showin' something was wrong."  *Id.* at 1600.  Garcia "was just shakin' his head."  *Id.* at 1601.  Galindo asked Defendants what was wrong, and Garcia said that "a scrap died tonight. . . . [T]here was a scrap, a Sureno, trying to jump over the

9

fence and . . . he [Garcia] shot him in the back—or just shot him, and that the last words that Sureno heard was Norte puro." *Id.* at 1602.  Ramirez laughed.  Garcia joked that Ramirez's gun jammed, and Ramirez agreed that his gun had jammed.  Defendants told Galindo not to tell anyone.

The other DV member, Fabian Neave, testified that Garcia had confessed to him while they were both in jail.  Garcia said that Wright and Worthey told him about the Sureños in the trailer park, that they drove there, and that Garcia had used a TEC-9 firearm to shoot at the Sureños.

## B.  Procedural History

On April 16, 2012, Defendants and 21 others affiliated with the Norteños were indicted in the United States District Court for the District of Kansas.  Both Defendants were charged with (1) a conspiracy to violate RICO, based on the Norteños' drug trafficking and violent crimes; (2) four VICAR offenses and discharge of a firearm in furtherance of a crime of violence, based on the trailer-park shooting; and (3) two VICAR offenses and brandishing of a firearm in furtherance of a crime of violence, based on the home-invasion robbery.  In addition, Ramirez was charged with three VICAR offenses and discharge of a firearm in furtherance of a crime of violence, based on the house shooting.

Of the other 21 defendants, 20 pleaded guilty and one was dismissed.  After trial from October 2 to October 17, 2013, Defendants were found guilty by a jury on all counts.  Garcia was sentenced to life imprisonment plus 32 years, and Ramirez was

Case 6:12-cr-10089-JTM  Document 1083  Filed 09/01/15  Page 11 of 40

Appellate Case: 17-3266  Document 30-2  Date Filed: 02/05/2018  Page: 100
Appellate Case: 14-3006  Document: 01019459257  Date Filed: 07/14/2015  Page: 11

sentenced to life imprisonment plus 57 years.  The district court denied Defendants'

motions for a new trial on *Brady* and *Napue* grounds, and they now appeal.

## II.    DISCUSSION

### A.    *Brady*

"[T]he suppression by the prosecution of evidence favorable to an accused upon

request violates due process where the evidence is material either to guilt or to

punishment, irrespective of the good faith or bad faith of the prosecution."  *Brady*, 373

U.S. at 87.

#### 1.    The Claim

Defendants claim that they are entitled to a new trial because the government

failed to disclose promises made to key prosecution witness Worthey.  Although they

were informed of the written plea agreement between Worthey and the government, they

were not told of a recorded conversation in which the government spoke of "work[ing]

down from thirty" years' imprisonment and assured Worthey that the government would

also take into consideration his cooperation in an unrelated state murder case.  Ramirez

R., Vol. II at 781.  According to Defendants, the failure to disclose the promises

prevented them from (1) showing that Worthey was "willing to do anything to curry

favor" with the government, and (2) exposing that the sentence he was facing was far less

than the "natural life" term he testified to on the stand.  Ramirez Aplt. Br. at 61–62

(internal quotation marks omitted).  To evaluate these claims, we must review what was

disclosed before or at trial about the history of Worthey's cooperation with the prosecution.

Worthey at first did not cooperate. He was interviewed by Dodge City detectives 10 days after the trailer-park shooting (June 17, 2009) and falsely denied involvement. In a November 2010 meeting with then-Detective Webb, Worthey again denied involvement and requested a lawyer. On May 9, 2012, after he was indicted in this case, Worthey declined to speak with law enforcement without a lawyer.

Two weeks later, however, Worthey began cooperating. On May 22 he met with law enforcement and began to "tell the truth." Ramirez R., Vol. III at 1542. He followed up with discussions on August 8 and December 17. On May 13, 2013, he signed a plea agreement, which included a statement of facts substantially identical to his trial testimony. At trial, Defendants' counsel cross-examined Worthey about his earlier denials of involvement but raised no discrepancies between his 2012 interviews and his plea-agreement statement or his testimony.

Defendants cross-examined Worthey at length about the promises in his plea agreement. Worthey acknowledged that in exchange for his guilty plea and testimony against Defendants the government would dismiss four of his six charges, refrain from filing additional charges, recommend an offense-level reduction under the sentencing guidelines, and file a substantial-assistance motion to further reduce his sentence.

What was not disclosed before the verdict were two meetings between Worthey and law enforcement. The first was on March 15, 2013, two months before Worthey

executed the plea agreement and six-and-a-half months before trial.  Worthey and his

attorney met with Special Agent Steven Gravatt and Assistant United States Attorney

(AUSA) Lanny Welch, one of the attorneys who would prosecute Defendants at trial.  A

transcript of the meeting reveals that Welch told Worthey that he was likely to get a

sentence of less than 30 years:

> I talked to [Department of Justice officials in Washington] this morning and
> they said it's gotta be the RICO count and the gun count because that's 30
> years and we can work down from 30.  I know that doesn't make you
> happy, but . . . Russell, I can't promise you everything.  Cause it's the
> judge's decision in the end, okay, so . . . we could do everything for you
> that we say we're going to do, and the judge still says, "Nah, I don't care."
> But I don't think that's going to happen.  I've done a lot of cases with this
> judge and I've done a lot of murder cases with this judge, okay?  And he
> has been very good about following our recommendations in the past,
> alright.  And we're going to tell him that you and Anthony [Wright]
> cooperated from the start. . . .

*Id.*, Vol. II at 781 (spelled-out numbers and parentheses omitted).

The discussion then turned to Worthey's cooperation in an unrelated state-court

murder case against Jerone Brown.  Worthey was assured a benefit for his cooperation in

that case as well:

> Welch:  . . . I'm gonna leave here shortly.  There's going to be a homicide
> detective from the Wichita PD come in to talk to you about this other thing,
> okay.
> Worthey:  Yeah.
> Welch:  Now, uh, *if you give them information that helps them lead to new
> charges, then we're gonna take that into consideration also*.
> Worthey:  Okay.
> Welch: We, *we will help you with your recommendation* . . . as we always
> said, just be honest.  Tell them what you know.  If it works out, great,
> okay?

13

*Id.* at 782 (emphasis added).

The second meeting was on June 14, 2013.  According to Defendants' posttrial pleadings, Worthey met with Special Agent Gravatt and a local detective to provide information about the state case.  On June 18, Worthey testified at a preliminary hearing in the state case that in jail he had heard Brown talk about his involvement in two murders (unrelated to the Norteños or Defendants).  On January 6, 2014, the government filed a motion to reduce Worthey's sentence to 120 months, citing his cooperation against Defendants and others in this case, his testimony at the state preliminary hearing, and his expected testimony at the state trial.  That same day, Worthey testified at Brown's trial and Defendants were sentenced in this case.

On January 14, 2014, Ramirez's counsel learned from a newspaper article that Worthey had testified at the state trial.  Soon after, both Defendants moved for a new trial on *Brady* grounds.  The government's response in opposition—filed on January 27, the same day Worthey received the reduced, 120-month sentence that the government had requested earlier that month—falsely stated that Worthey "had been offered nothing in return by federal and state authorities" for his cooperation in the state case, *id.* at 226, a position the government reiterated in later filings on January 31 and February 19.  After much briefing, which included an eventual concession from the government that Worthey *did* receive a benefit for his state-court cooperation, the district court denied the motions.

Appellate Case: 14-3006   Document: 01019453257   Date Filed: 07/14/2015   Page: 15

### 2.      Analysis

To establish a *Brady* claim, "the defendant must prove by a preponderance of the evidence:  (1) the government suppressed evidence; (2) the evidence was favorable to the defendant; and (3) the evidence was material."  *United States v. Reese*, 745 F.3d 1075, 1083 (2014).  "Evidence is *material* if there is a reasonable probability that the result of the proceeding would have been different had the evidence been disclosed."  *Id.*  "A *reasonable probability* means the likelihood of a different result is great enough to undermine confidence in the outcome."  *Id.* (internal quotation marks omitted).  When a defendant appeals the denial of a *Brady* motion, we review the district court's underlying factual findings for clear error and its ultimate ruling de novo.  *See id.*

The government concedes that its failure to disclose Worthey's March and June meetings satisfies the first two elements of the *Brady* test.  Therefore, Defendants' claim turns on whether the suppressed evidence was material.  We hold that it was not.

Several considerations convince us that disclosure of the meetings would not have affected the verdict.  Turning first to the failure to disclose Worthey's state-court cooperation, we do not see, and Defendants do not explain, how the promise of leniency for testimony in a state proceeding would influence the witness's testimony in a federal trial about a totally different crime.  It is one thing to say, as courts often have, that a promise of leniency in return for favorable testimony can induce a witness to embellish or even falsify that testimony.  *See, e.g.*, *Douglas v. Workman*, 560 F.3d 1156, 1174–75 (10th Cir. 2009) (per curiam) (prosecution failed to disclose agreement with witness in

exchange for his trial testimony).  But it is quite another to suggest that a witness will commit perjury in one case because he may receive a benefit from testifying in a wholly unrelated case.  Here, the prospective benefit to Worthey from offering information about the state offense could induce him only to embellish his testimony about *that* case.  AUSA Welch told Worthey, "[I]f you give [the Wichita police department] information that helps them lead to new charges, then we're gonna take that into consideration also." Ramirez R., Vol. II at 782.  Worthey may have had reason to provide false information about the state-court defendant in hopes of a lighter sentence in this case.  But that does not impugn his testimony against Defendants.

Defendants suggest that Worthey's testimony in the state case established that he was "willing to do anything to curry favor with prosecutors for a lower sentence." Ramirez Aplt. Br. at 62.  But we do not think that this argument adds substantially to the impeachment of Worthey's credibility.  In *United States v. Trujillo*, 136 F.3d 1388 (10th Cir. 1998), we rejected the same argument when the undisclosed cooperation of the witness concerned, unlike here, information adverse to a *friend* of the witness.  The defendant argued that the *Brady* violation was material because it would "demonstrate to the jury [that the witness] is the kind of person who would implicate anyone, including a friend, regardless of the truthfulness of his statements if it would benefit him." *Id.* at 1393 (internal quotation marks omitted).  We held, however, that the undisclosed evidence was not material but merely cumulative, observing that "[t]he jury was well

16

105

aware of [the witness's] criminal propensities and motive for testifying that [the defendant] committed the . . . robbery." *Id.* at 1394.  So too here.

As for the assurance to Worthey that the government would "work down from thirty," Ramirez R., Vol. II at 781, this undisclosed information was also immaterial because the trial evidence had clearly established that Worthey would likely be receiving a reduced sentence in exchange for his cooperation.  Worthey admitted that the sentencing guidelines indicated that he would be sentenced to less than life imprisonment and that his plea agreement provided that the government would bring no further charges and would file a motion to reduce his sentence.

Moreover, the timing of the undisclosed meetings forecloses the possibility that they corrupted Worthey's testimony.  Worthey provided information to law enforcement on at least three occasions in 2012.  Defendants do not direct us to any differences between Worthey's statements at the 2012 meetings and his testimony at trial, and no differences were elicited at trial.  We fail to see how any assurances given Worthey at the 2013 meetings influenced his testimony when the substance of that testimony had previously been communicated to law enforcement.  *See Mastracchio v. Vose,* 274 F.3d 590, 604 (1st Cir. 2001) ("The fact that [the witness] had staked out his position well before he received any emoluments renders remote any possibility that the jury would have thought that he had fabricated his story in return for cash.").

We also note that Defendants vigorously impeached Worthey at trial.  He acknowledged that the sentencing guidelines indicated that he would most likely be

17

sentenced to less than life imprisonment; that his plea agreement provided that the government would bring no further charges and would file a motion to reduce his sentence because of his guilty plea, his adoption of a statement of facts incriminating Defendants, and his commitment to testify against Defendants; and that the government could renege if it did not like his testimony.  He also admitted that he was a gang member; that he had fought rival gang members; that he managed the gang's money to help imprisoned gang members and to buy drugs and guns; that he used drugs and had once traded some speakers and an amplifier for methamphetamine when he was 14 or 15; that he had been convicted of two felony burglaries; that he had pleaded guilty to an assault involving a tire iron; that he had once gotten into a fistfight with Defendant Ramirez; that he was a cousin of fellow cooperating witness Wright; that pending state charges for assault were dropped only because the federal government decided to prosecute this case; and that before his arrest he had lied about his involvement in the trailer-park shooting.  Further, the jury was instructed to treat with greater care the testimony of a witness who provides evidence in exchange for personal advantage.  And in closing argument, counsel for both Defendants emphasized Worthey's plea agreement as a reason not to believe him.  Any additional impeachment stemming from the undisclosed meetings "would have provided only marginal additional support for the defense" and was not material.  *United States v. Cooper*, 654 F.3d 1104, 1120 (10th Cir. 2011) (brackets and internal quotation marks omitted); *see United States v. Page*,

18

808 F.2d 723, 730 (10th Cir. 1987) (failure to disclose additional arrest immaterial under *Brady* when witness impeached with seven felony convictions).

As a final effort, Defendants contend that nondisclosure of Worthey's meetings was material because they could have used that information to expose Worthey's misstatements on direct examination about his contacts with the government. Defendants focus on Worthey's omission of the March meeting when he was asked how many times he had met with the government. Yet even though Worthey did not mention the March meeting, it does not follow that, had the Defendants been informed about the meeting, they would have been able to exploit Worthey's omission. Defendants' argument assumes that the government would have disclosed the meeting to Defendants yet forgotten to remind Worthey about it before trial or raise it on direct examination. We do not think that sequence of events is plausible.

We recognize that Worthey was a very important witness and conviction was hardly assured. But these considerations are no substitute for the absence of impeachment value in the undisclosed evidence. Although we disapprove of the government's nondisclosure and its responding to Defendants' posttrial motions with false denials (which, at best, were the result of gross incompetence), we hold that the nondisclosure was immaterial. Defendants' *Brady* challenge fails.

**B.** *Napue*

Defendants raise a claim under *Napue*, 360 U.S. at 269, which held that the Due Process Clause would be violated if the prosecutor knowingly failed to correct perjured

19

Appellate Case: 14-3006   Document: 01019453257   Date Filed: 07/14/2015   Page: 20

testimony in its case, even when the evidence went only to the credibility of the witness. A *Napue* violation occurs when (1) a government witness committed perjury, (2) the prosecution knew the testimony to be false, and (3) the testimony was material. *See United States v. Caballero*, 277 F.3d 1235, 1243 (10th Cir. 2002). We review for clear error the district court's factual findings on the first two elements. *See Smith v. Sec'y of N.M. Dep't of Corr.*, 50 F.3d 801, 828 (10th Cir. 1995). The false testimony is material "unless failure to disclose [the perjury] would be harmless beyond a reasonable doubt." *United States v. Bagley*, 473 U.S. 667, 680 (1985).

Defendants assert that the government countenanced the false testimony of Worthey and Special Agent Gravatt when each omitted to mention meetings between Worthey and the government after being asked questions that should have caused them to disclose the meetings. Their *Napue* claim closely resembles their *Brady* claim. Indeed, one's first instinct might be to reject the *Napue* claim on the same ground that the *Brady* claim was rejected—lack of materiality—because the nondisclosure in both claims is essentially the same—the failure to disclose two meetings between Worthey and government agents. But there is an important difference. The materiality standard is not the same for the two claims. Under *Brady* the standard is whether "there is a reasonable probability that the result of the proceeding would have been different had the evidence been disclosed." *Reese*, 745 F.3d at 1083. Under *Napue* materiality is easier to establish: the failure to disclose is material unless it was harmless beyond a reasonable doubt.

Appellate Case: 17-3266   Document 30-2   Date Filed: 02/05/2018   Page: 110
Appellate Case: 14-3006   Document: 01019453257   Date Filed: 07/14/2015   Page: 21

There is a reason that the materiality standard for *Napue* violations is more easily satisfied. A defendant may have a *Brady* claim if the witness *unintentionally* gave false testimony or the prosecution did not correct testimony that it *should have known* was false. *See Smith*, 50 F.3d at 831. But this court has repeatedly spoken of *Napue* claims as requiring perjury by the witness, *see, e.g.*, *United States v. Crockett*, 435 F.3d 1305, 1316–17 (10th Cir. 2006); *Tapia v. Tansy*, 926 F.2d 1554, 1563 (10th Cir. 1991); *McBride v. United States*, 446 F.2d 229, 230 (10th Cir. 1971), and the prosecutor's knowledge of the falsity, *see Crockett*, 435 F.3d at 1317; *Caballero*, 277 F.3d at 1243; *Smith*, 50 F.3d at 831 (failure of detective to convey information to prosecutor precluded *Napue* claim, but *Brady* claim survives). A prosecutor's knowing use of perjured testimony is misconduct that goes beyond the denial of a fair trial, which is the focus of *Brady*. It is misconduct that undermines fundamental expectations for a "just" criminal-justice system. As the Supreme Court expressed the point, "[T]he knowing use of perjured testimony . . . involves a corruption of the truth-seeking function of the trial process." *Bagley*, 473 U.S. at 680 (internal quotation marks omitted); *accord Smith*, 50 F.3d at 826 n.38 (explaining difference between materiality standards under *Napue* and *Brady*).

Defendants, however, have failed to establish the elements of a *Napue* claim. We first address Gravatt's testimony (about which only Ramirez complains). The alleged false testimony involved his denial of any recorded meetings:

Q. As part of the investigation, you mentioned some debriefings?

21

A. Yes.
Q. Following the Indictment in this case, uhm, you or some officer with the ATF participated with maybe Detective Bice in meeting with—you've been here all this—many of the witnesses we've seen?
A. Yes.
Q. Were any of those meetings recorded?
A. No.
. . . .
Q. And you understand if those meetings are recorded, you're required to turn them over to defense counsel?
A. Yes.

Ramirez R., Vol. III at 2436–37. On redirect examination, Gravatt was asked, "after all of these debriefings, were reports generated that were turned over to the defense in this case?" *Id.* at 2437. He responded, "Every single one, yes." *Id.*

Ramirez contends that this testimony was false because Gravatt attended Worthey's March and June 2013 interviews, both of which were recorded. The district court disagreed, finding that Gravatt understood defense counsel's imprecise questioning to refer to a series of proffer meetings attended by him and Detective Bice and that Gravatt truthfully responded that none of those meetings was recorded. This is not a clearly erroneous interpretation of the testimony. Consequently, Gravatt's testimony did not violate *Napue*.

As for Worthey, the challenged testimony involves his omission of the March and June meetings during the cross-examination mentioned earlier:

Q. After your arrest in this case, how many times did you meet with the Government?
A. Three times.
Q. Do you remember when those occasions were?
A. No.

22

Q. You met with them on May 22nd of 2012; is that correct?  A few weeks
after you were first arrested?
A. Correct.
Q. And then again on June 14th, 2012?
A. I don't know about that one.  I met once in August and once in
December.
Q. Okay.  You remember meeting on August 8th of 2012?
A. Correct.
Q. And then again on December 17 of 2012?
A. Correct.
Q. And then since that time, have you met with the Government at all?
A. Only on [sic] just to let me know that I was coming to testify.
Q. And when was that?
A. Like three weeks ago.

*Id.* at 1547–48.

The district court found that Worthey's omission of the meetings did not amount

to knowing false testimony or perjury, and that the prosecutor did not knowingly fail to

correct Worthey's testimony but simply failed to recall the meetings during the

testimony.  Defendants argue that it is clear that Worthey's omission was intentional.  We

disagree.  We can imagine no reason why Worthey would admit to three other meetings

with the government yet purposely conceal the March and June meetings.  As already

discussed, any additional impeachment of or embarrassment to Worthey from revealing

the meetings was minimal compared to the deluge of material about Worthey's checkered

past already divulged to the jury.  And the meetings were brief, further suggesting that

Worthey could have forgotten about them.  The district court's determination that

Worthey did not commit perjury is not clearly erroneous.

23

Appellate Case: 14-3006   Document: 01019453257   Date Filed: 07/14/2015   Page: 24

Likewise, the district court could credit the prosecutor's statement that he had forgotten the meetings. Indeed, Defendants present no serious challenge to that finding by the court. We therefore reject the *Napue* claim.

## C.    RICO

Defendants were charged under RICO, 18 U.S.C. § 1962(d), with conspiring to violate 18 U.S.C. § 1962(c). Section 1962(c) states:

> It shall be unlawful for any person employed by or associated with *any enterprise engaged in, or the activities of which affect, interstate or foreign commerce,* to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c) (emphasis added). Defendants do not take issue with the district court's jury instructions explaining the meanings of *conspiracy*, *enterprise*, or *pattern of racketeering activity*. But they challenge the following portion of the instruction explaining what is required for the activities of the enterprise to affect interstate commerce: "The evidence also need not show any particular degree of an effect on interstate commerce. The government is not required to prove a significant or substantial effect on interstate or foreign commerce. Rather, a minimal effect is sufficient." Ramirez R., Vol. I at 1243. They argue that more than a minimal effect was required in this case.

"We review de novo the jury instructions as a whole and view them in the context of the entire trial to determine if they accurately state the governing law and provide the jury with an accurate understanding of the relevant legal standards and factual issues in

24

Appellate Case: 14-3006   Document: 01019453257   Date Filed: 07/14/2015   Page: 25

the case." *United States v. Bedford*, 536 F.3d 1148, 1152 (10th Cir. 2008) (internal quotation marks omitted). The "shaping or phrasing of a particular jury instruction," however, is reviewed only for abuse of discretion. *Id.*

The government contends that we need not address this issue because it had no obligation to prove a RICO enterprise in the first place; rather, all it had to show under § 1962(d) was that Defendants belonged to a *conspiracy* to associate with a RICO enterprise. We disagree. True, "§ 1962(d) does not require the Government to establish that an enterprise existed." *United States v. Harris*, 695 F.3d 1125, 1132 (10th Cir. 2012). But the jury still needed to be told what Defendants allegedly conspired to do. It had to find that Defendants "intend[ed] to further an endeavor which, *if completed*, would satisfy all of the elements of a substantive criminal offense," *Salinas v. United States*, 522 U.S. 52, 65 (1997) (emphasis added). In particular, the government had to prove that Defendants conspired to commit an offense with an interstate-commerce component, and the jury had to be instructed on the meaning of that component. We therefore must address Defendants' argument.

We have no binding precedent on the matter. As we said a decade ago, "Whether § 1962(c) should be interpreted to require a substantial effect on interstate commerce is an open question in this circuit." *United States v. Smith*, 413 F.3d 1253, 1274 (10th Cir. 2005), *overruled on other grounds by Boyle v. United States*, 556 U.S. 938, 948–49 (2009). Most other circuits, however, have held that RICO requires only a minimal effect on interstate commerce. *See United States v. Marino*, 277 F.3d 11, 34–35 (1st Cir. 2002);

*United States v. Miller*, 116 F.3d 641, 673–74 (2d Cir. 1997); *United States v. Cornell*, 780 F.3d 616, 621–23 (4th Cir. Mar. 16, 2015), *pet'n for cert. docketed*, No. 14-10267 (U.S. June 15, 2015); *United States v. Delgado*, 401 F.3d 290, 297 (5th Cir. 2005); *United States v. Riddle*, 249 F.3d 529, 537 (6th Cir. 2001); *United States v. Espinoza*, 52 F. App'x 846, 848–49 (7th Cir. 2002) (per curiam) (unpublished); *United States v. Shryock*, 342 F.3d 948, 984 & n.6 (9th Cir. 2003); *United States v. Beasley*, 72 F.3d 1518, 1526 (11th Cir. 1996); *cf. United States v. Maloney*, 71 F.3d 645, 663 (7th Cir. 1995) (minimal-effect jury instruction not plain error).

Defendants do not dispute the general rule but argue that it does not apply when there is no evidence that the enterprise engaged in economic activity and that "there was no evidence that the DVs . . . ever engaged directly in interstate commerce or economic activity." Garcia Aplt. Br. at 28. They rely on a decision by the Sixth Circuit and two district-court decisions from that circuit: *Waucaush v. United States*, 380 F.3d 251 (6th Cir. 2004); *United States v. Garcia*, 143 F. Supp. 2d 791 (E.D. Mich. 2000); and *United States v. Garcia*, 68 F. Supp. 2d 802 (E.D. Mich. 1999). Because the three decisions follow the same analysis, we need discuss only the circuit decision. In *Waucaush* federal prosecutors indicted a member of a street gang on RICO charges, alleging that he and his associates "murdered, conspired to murder, and . . . assaulted, with intent to murder, members of two rival gangs." 380 F.3d at 253. Seeking habeas relief, the defendant argued that he could not have violated RICO because his gang was not an enterprise that "'engaged in, or the activities of which affect[ed], interstate . . . commerce.'" *Id.* at 255

Appellate Case: 14-3006   Document: 01019453257   Date Filed: 07/14/2015   Page: 27

(quoting 18 U.S.C. § 1962(c)).  The government did not assert that the gang *engaged* in any sort of commerce, so the only issue was whether the gang's *effect* on interstate commerce had to be substantial or merely minimal to sustain a RICO conviction.  The court said that in most cases involving a Commerce Clause challenge to RICO, a minimal effect sufficed because the enterprise engaged in economic activity, such as trafficking in drugs, extorting money, or fencing stolen merchandise.  The defendant's gang, however, participated only in "violence *qua* violence."  *Id.* at 256.  In that circumstance, said the court, the government was required to prove that the enterprise had a substantial effect on interstate commerce, and the gang's violence alone did not suffice.  *See id.* at 258 ("The [gang's] violent enterprise surely affected interstate commerce in some way—a corpse cannot shop, after all.  But we may not 'follow the but-for causal chain from the initial occurrence of violent crime . . . to every attenuated effect upon interstate commerce.'" (quoting *United States v. Morrison*, 529 U.S. 598, 615 (2000)).  The court concluded that the defendant had not violated RICO.

That decision may be correct.  *See Morrison*, 529 U.S. at 617 ("We . . . reject the argument that Congress may regulate noneconomic, violent criminal conduct based solely on that conduct's aggregate effect on interstate commerce.").  But Defendants err in saying that *Waucaush* applies here because (according to them) their gang did not engage in economic activity.  There was ample evidence that the Norteños' enterprise included drug trafficking, and drug trafficking is undoubtedly economic activity.  *See, e.g., Shryock*, 342 F.3d at 984 n.6 ("drug trafficking and extortion[] are quintessential

illegal economic activities"). The evidence of drug trafficking included testimony from law enforcement that the gang trafficked in methamphetamine, cocaine, and marijuana, as well as testimony from gang members and their associates that the gang distributed drugs and was trying to accomplish "more drug selling; more profits." Ramirez R., Vol. III at 2258. And there was evidence that some of the trafficking was interstate in character: members of the gang sent money to California for drugs and sold drugs mailed from California. Because the Norteños engaged in economic activity, the factual predicate for Defendants' argument fails. They do not argue that the minimal-effect instruction was incorrect even if there was evidence that the Norteños engaged in economic activity.

### D.    VICAR

Defendants next contest their VICAR convictions, focusing here as well on the statute's interstate-commerce requirement. The VICAR statute punishes violent crimes committed "for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity." 18 U.S.C. § 1959(a). Similar to RICO, VICAR limits the definition of *enterprise* to a group "which is engaged in, or the activities of which affect, interstate or foreign commerce." *Id.* § 1959(b)(2). The indictment identified the Norteños gang as such an enterprise and Defendants' predicate VICAR offenses as various crimes under Kansas law, specifically, murder, assault with a dangerous weapon, and related attempt and conspiracy offenses.

Defendants raise an as-applied challenge to their VICAR convictions. Their argument is much the same as their argument against the RICO instruction: "Application

28

Appellate Case: 14-3006   Document: 01019453257   Date Filed: 07/14/2015   Page: 29

of VICAR to [Defendants], violated the Commerce Clause because the murder and other violent crimes had no effect on interstate commerce and were non-commercial in nature, and [were] unrelated to organized interstate trafficking efforts in drugs or other contraband." Garcia Aplt. Br. at 33. Our response is likewise similar. The factual predicate of the argument is incorrect. As previously discussed, the Norteños' enterprise did have a commercial component—namely, drug trafficking. We reject the VICAR challenge because it is based on a false factual premise.

### E.      The Gang Expert's Testimony

Defendants' final challenge is to the admission of several statements by the government's proffered gang expert, Shane Webb, who had focused on gang activity as an officer of the Dodge City Police Department. They argue that these statements involved no expertise at all, but rather were merely "parrot[ed]" testimonial hearsay in violation of their Confrontation Clause rights. *United States v. Kamahele*, 748 F.3d 984, 1000 (10th Cir. 2014). We review de novo a district court's legal conclusions regarding the Confrontation Clause. *See United States v. Torrez-Ortega*, 184 F.3d 1128, 1132 (10th Cir. 1999). The admission of evidence barred by the Confrontation Clause requires reversal of the conviction unless the admission was harmless beyond a reasonable doubt. *See United States v. Summers*, 414 F.3d 1287, 1303 (10th Cir. 2005).

### 1.      Gang-Expert Testimony and the Confrontation Clause

The Sixth Amendment's Confrontation Clause guarantees the right of the accused "to be confronted with the witnesses against him." U.S. Const. amend. VI. It bars

"admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53–54 (2004). Testimonial statements include "those in which state actors are involved in a formal, out-of-court interrogation of a witness to obtain evidence for trial." *Michigan v. Bryant*, 131 S. Ct. 1143, 1155 (2011). The statements may or may not be hearsay excluded under Federal Rule of Evidence 802. *See Crawford*, 541 U.S. at 51.

Special considerations arise under the Confrontation Clause in the context of expert testimony. Federal Rule of Evidence 703 allows an expert to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed"; and "[i]f experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, *they need not be admissible for the opinion to be admitted*" (emphasis added). In particular, the rule could allow an expert to rely on testimonial hearsay. Of course, Rule 703 cannot override the Confrontation Clause, but we have held that the Rule and the Clause can be reconciled if the expert exercises "independent judgment" in assessing and using the hearsay (and other sources) to reach an expert opinion. *Kamahele*, 748 F.3d at 1000; *see also United States v. Pablo*, 696 F.3d 1280, 1288 (10th Cir. 2012). As the Fourth Circuit reasoned: "As long as [an expert] is applying his training and experience to the sources before him and reaching an independent judgment, there will typically be no *Crawford* problem. The expert's

opinion will be an original product that can be tested through cross-examination." *United States v. Johnson*, 587 F.3d 625, 635 (4th Cir. 2009).

The independent-judgment requirement under the Confrontation Clause will generally be satisfied if the testimony by the expert satisfies the Rule 702 requirement that the expert testimony assist the jury because of the value of the witness's expertise. *See Williams v. Illinois*, 132 S. Ct. 2221, 2241 (2012) (plurality opinion) ("[T]rial courts can screen out experts who would act as mere conduits for hearsay by strictly enforcing the requirement that experts display some genuine 'scientific, technical, or other specialized knowledge [that] will help the trier of fact to understand the evidence or to determine a fact in issue.'" (quoting Fed. R. Evid. 702(a))). On the other hand, if "[t]he jury [is] every bit as qualified to analyze" a piece of mundane evidence as the purported expert, the expert provides no added value on which to be cross-examined. *United States v. Benson*, 941 F.2d 598, 605 (7th Cir. 1991) (expert "had nothing to offer on this question that would assist the jury's understanding of the issue"), *mandate recalled and amended*, 957 F.2d 301 (7th Cir. 1992).

In this case we apply the above analysis to testimony by a gang expert. We have long recognized the usefulness of such testimony "because the average juror is often innocent of the ways of the criminal underworld." *United States v. Vann*, 776 F.3d 746, 758 (10th Cir. 2015) (brackets and internal quotation marks omitted). Expert testimony about a gang's history, territory, colors, hand signs, graffiti use, naming practice, tattoos, structure, membership rules, and similar sociological evidence can assist the jury in

Appellate Case: 14-3006   Document: 01019453257   Date Filed: 07/14/2015   Page: 32

understanding and evaluating evidence concerning the specific crimes charged. *See United States v. Archuleta*, 737 F.3d 1287, 1294–95 (10th Cir. 2013); *United States v. Robinson*, 978 F.2d 1554, 1561–63 (10th Cir. 1992); *United States v. Hartsfield*, 976 F.2d 1349, 1352 (10th Cir. 1992); *United States v. Mejia*, 545 F.3d 179, 187 (2d Cir. 2008). But there is no sociological expertise in testifying to gang members' specific travels, specific uses of gang funds, or commission of specific crimes. *See Mejia*, 545 F.3d at 194–95; *see also Benson*, 941 F.2d at 605 (admission of IRS agent's testimony an abuse of discretion when "[t]here was no complex transaction that had to be broken down so the jury could understand it, no tax law concept or accounting principle to explain"). When the expert's testimony on such matters is not based on personal knowledge but on testimonial hearsay, the testimony violates not only the rules of evidence but also the Confrontation Clause. We have repeatedly cautioned about the impropriety of permitting an "expert" witness to "parrot[]" testimonial hearsay. *Kamahele*, 748 F.3d at 1000. As we said in *Pablo*, "If an expert simply parrots another individual's out-of-court statement, rather than conveying an independent judgment that only incidentally discloses the statement to assist the jury in evaluating the expert's opinion, then the expert is, in effect, disclosing that out-of-court statement for its substantive truth; the expert thereby becomes little more than a backdoor conduit for an otherwise inadmissible statement." 696 F.3d at 1288; *see United States v. Garcia*, 752 F.3d 382, 394 (4th Cir. 2004) (expert not permitted to "channel[]" statements from nontestifying witnesses).

Case 6:12-cr-10089-JTM   Document 1083   Filed 09/01/15   Page 33 of 40

Appellate Case: 17-3266   Document: 30-2   Date Filed: 02/05/2018   Page: 122
Appellate Case: 14-3006   Document: 01019453257   Date Filed: 07/14/2015   Page: 33

An important consideration in distinguishing proper testimony from parroting is the generality or specificity of the expert testimony. As stated in *Mejia*, when gang-expert testimony descends to a discussion of specific events recounted by others, the expert is merely adding "unmerited credibility" to the sources, 545 F.3d at 192 (internal quotation marks omitted), and summarizing evidence in a way that should be reserved for the government's closing argument. The court explained:

> If the officer expert strays beyond the bounds of appropriately "expert" matters, that officer becomes, rather than a sociologist describing the inner workings of a closed community, a chronicler of the recent past whose pronouncements on elements of the charged offense serve as shortcuts to proving guilt. As the officer's purported expertise narrows from "organized crime" to "this particular gang," from the meaning of "capo" to the criminality of the defendant, the officer's testimony becomes more central to the case, more corroborative of the fact witnesses, and thus more like a summary of the facts than an aide in understanding them.

*Id.* at 190. When an expert's bailiwick is only "internal expertise" of the investigation at hand and the expert does no more than "disgorge . . . factual knowledge to the jury," the expert is "no longer aiding the jury in its factfinding [but is] instructing the jury on the existence of the facts needed to satisfy the elements of the charged offense." *Id.* at 191; *cf. United States v. Dukagjini*, 326 F.3d 45, 59 (2d Cir. 2003) (pre-*Crawford* opinion holding that expert testimony violated Confrontation Clause when gang expert "was not translating drug jargon, applying expert methodology, or relying on his general experience in law enforcement," but rather "was relying on his conversations with non-testifying witnesses and co-defendants"). Such a witness cannot be distinguished from

any other witness conveying hearsay, and the parroting by the "expert" may violate the

Confrontation Clause.

### 2. The Gang Expert's Statements

These principles in hand, we turn to the facts of this case. The government called

Webb as its first witness at trial. Defendants take issue with five of his statements.[1]

### a. Statement One

Webb testified about the DV's home-invasion robberies of Guatemalan

immigrants. He was asked, "And is there anything about the stature of Guatemalans that,

according to DV gang members, make them an attractive target?" Ramirez R., Vol. III at

982. He replied, "Yes. I've been told that they are small. They're also scared about their

immigration status and . . . they're afraid if they call law enforcement that they will be

deported." *Id.* Defendants contend that admission of the answer was error.

The hearsay is readily apparent from the exchange. Webb was asked for his

opinion about whether Guatemalans' stature makes them attractive targets "*according to*

*DV gang members.*" *Id.* (emphasis added). His answer relayed at least one out-of-court

statement: "I've *been told* that they are small." *Id.* (emphasis added). And that

---

[1] Defendants identify eight allegedly problematic statements in their briefing, but at trial they objected on Confrontation Clause grounds to only five of them. On appeal they do not argue that the admission of the other three statements was plain error, so we will not review them. *See United States v. McGehee*, 672 F.3d 860, 873 (10th Cir. 2012) ("[W]here a defendant has forfeited an issue in the district court, in order to prevail in an appellate challenge regarding that issue, a defendant must make a sufficient showing of error under the plain-error standard.").

Appellate Case: 14-3006   Document: 01019453257   Date Filed: 07/14/2015   Page: 35

statement was offered for its truth (not that Guatemalans are small, but why DV gang members target them).  Webb indicated that the source of his information was investigative interviews, and the government has not suggested that the hearsay he relied on was other than testimonial.  *See Bryant*, 131 S. Ct. at 1155 (statements gathered from "formal, out-of-court interrogation of a witness to obtain evidence for trial" are testimonial).

The government cannot plausibly argue that Webb applied his expertise to this statement.  It involves no interpretation of gang culture or iconography, no deciphering of coded messages, no calibrated judgment based on years of experience and the synthesis of multiple sources of information.  He simply relayed what DV gang members told him.  Admission of the testimony violated the Confrontation Clause.

Still, we must decide whether in light of the whole record Webb's testimony was harmless beyond a reasonable doubt.  Factors for determining harmless error include "the importance of the witness'[s] . . . testimony in the prosecution's case, the cumulative nature of the testimony, the presence or absence of corroborating or contradictory testimony, the extent of cross-examination otherwise permitted, and the overall strength of the prosecution's case." *Summers*, 414 F.3d at 1303 (internal quotation marks omitted).

We conclude that the testimony was harmless.  The "expert opinion" that DV members targeted Guatemalans added little to the other evidence on the matter.  Jesus Flores and the victims gave first-hand testimony that Defendants participated in a home-

35

invasion robbery of Guatemalans.  DV member Galindo testified that he and other gang members were involved in about 20 robberies of Guatemalan immigrants, whom they targeted because they would hold their money in cash rather than deposit it in banks. And Webb testified at length without objection (at trial or on appeal) that Norteño-affiliated gangs committed home-invasion robberies of Guatemalan immigrants.

### b.      Statement Two

Webb was next asked: "And do you have experience, Agent Webb, where Guatemalan immigrants have been the victims of these robberies and lost sizable amounts of money, currency?"  Ramirez R., Vol. III at 982.  He answered, "Yes."  *Id.*  This testimony, too, is presumably based upon testimonial-hearsay statements of DV members and Guatemalan victims to the police.  *Cf. Mejia*, 545 F.3d at 194–95 (no expertise needed to testify to compilation of crimes allegedly committed by gang).  Nevertheless, it was harmless for the same reason that admission of the previous statement was harmless.

### c.      Statement Three

Webb testified about Defendants' "status," meaning seniority or respect, in the DV gang:

> Q. . . . [D]o you know Pedro Garcia and Gonzalo Ramirez to be people, gang members, that were considered to have status within the DV gang?
> A.  Yes.
> Q. . . . Tell us how you know that.
> A.  Through debriefing other gang members that have cooperated with us.

Ramirez R., Vol. III at 989.  This testimony is quintessential parroting.

36

125

But Webb's statement about Defendants' status was harmless.  At trial, Worthey agreed that Defendants "had a great deal of status," *id.* at 1481, to the point of "the ultimate respect," *id.* at 1493.  Wright testified that Defendants were the type of gang members who "ha[d] heart," meaning they would go with him if he was going to fight or do something of that nature, *id.* at 1256, and that gave Defendants "status," *id.* at 1257.  Torres testified that Garcia received more respect than other gang members, that Ramirez was viewed the same way, and that Ramirez's "status within the gang" was one of respect.  *Id.* at 2102.  Given this testimony from fellow gang members, we are convinced that Webb's reference to Defendants' status was harmless.[2]

### d.     Statement Four

Webb testified that DV gang members had told him that they were "jumped in," meaning physically assaulted, as their initiation into the gang.  *Id.* at 1007.  This evidence, too, was harmless.  The statement does little to inculpate Defendants in any meaningful way.  And several gang members testified about their own and others' jump-ins.  The testimony was so cumulative that by the third day of testimony the court instructed the government to move more quickly when questioning witnesses about jump-ins.  Webb's testimony on jump-ins did not contribute to the guilty verdicts.

---

[2] It may be that Webb's testimony about status was based solely on what he was told by persons who testified at trial.  Because the trial witnesses were subject to cross-examination, the use of their hearsay statements would not violate the Confrontation Clause.  *See Crawford*, 541 U.S. at 59 n.9 ("[W]hen the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements.").

37

Appellate Case: 14-3006   Document: 01019453257   Date Filed: 07/14/2015   Page: 38

### e.   Statement Five

Finally, Webb testified about a ledger that recorded payments made by gang members at gang meetings.  He was asked: "And you know this was a gang roster and . . . this was a ledger of monies being paid for meetings attended, you know that how?" *Id.* at 1012.  He replied: "From two—debriefing of two different individuals that described that." *Id.*  This is parroting.  There is no application of experience or judgment; Webb simply repeated in court what two persons had told him about the ledger.  Even so, the statement was harmless.  The apparent point of this testimony was to demonstrate that there were "rosters of DV gang members and proof that there [were] meetings being held by the DV." *Id.*  But the jury also heard about the DV enterprise from no fewer than seven self-avowed gang members.  And Worthey provided far more detail about the ledger, testifying that the DV gang held meetings and that at those meetings the members made monthly payments toward the gang, which he recorded in the ledger; another gang member, Juan Torres, corroborated this testimony.  Webb's statement about the ledger, like his other contested statements, was harmless.

### III.   CONCLUSION

We AFFIRM the judgment of the district court.

**UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT
OFFICE OF THE CLERK**

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker
Clerk of Court

July 14, 2015

Chris Wolpert
Chief Deputy Clerk

Mr. Andrew John McGowan
Office of the Federal Public Defender
District of Kansas
117 SW 6th Avenue, Suite 200
Topeka, KS 66603

Mr. Joel Mandelman
Mr. John Valentine Wachtel
Klenda Austerman
1600 Epic Center
301 North Main Street
Wichita, KS 67202-4816

**RE:      14-3006, 14-3039, and 14-3081, United States v. Garcia
         United States v. Ramirez**
         Dist/Ag docket: 6:12-CR-10089-MLB-2-3

Dear Counsel:

Attached is a copy of the opinion of the court issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40, any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. If requesting rehearing en banc, the requesting party must file 12 paper copies with the clerk, in addition to satisfying all Electronic Case Filing requirements. *See* Fed. R. App. P. Rules 35 and 40, and 10th Cir. R. 35 and 40 for further information governing petitions for rehearing.

Appellate Case: 14-3006   Document: 01019459281   Date Filed: 07/14/2015   Page: 2

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk of the Court


cc:    James A. Brown
       Aaron L. Smith
       Lanny D. Welch


EAS/at

2

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 14, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PEDRO GARCIA,

    Defendant - Appellant.

Nos. 14-3006 & 14-3081
(D.C. No. 6:12-CR-10089-MLB-2)
(D. Kan.)

_____

**JUDGMENT**
_____

Before **HARTZ**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.
_____

These cases originated in the District of Kansas and were argued by counsel.

The judgment of that court is affirmed.

If defendant, Pedro Garcia, was released pending appeal, the court orders that,

within 30 days of this court's mandate being filed in District Court, the defendant shall

surrender to the United States Marshal for the District of Kansas. The District Court may,

however, in its discretion, permit the defendant to surrender directly to a designated

Bureau of Prisons institution for service of sentence.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

130

Case 6:12-cr-10089-JTM   Document 1083-2   Filed 09/01/15   Page 1 of 1

Appellate Case: 17-3266   Document: 30-2   Date Filed: 02/05/2018   Page: 131
Appellate Case: 14-3006   Document: 01019483865   Date Filed: 09/01/2015   Page: 1

# UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT
### OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker
Clerk of Court

September 01, 2015

Chris Wolpert
Chief Deputy Clerk

Mr. Timothy M. O'Brien
United States District Court for the District of Kansas
Office of the Clerk
401 North Market Street
U.S. Courthouse
Room 204
Wichita, KS 67202-0000


**RE:**    **14-3006 & 14-3081, United States v. Garcia**
**14-3039, United States v. Ramirez**
Dist/Ag dockets: 6:12-CR-10089-MLB-2 and 6:12-CR-10089-MLB-3


Dear Clerk:

Please be advised that the mandate for these cases has issued today. Please file accordingly in the records of your court or agency.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk of the Court

cc:    James A. Brown
       Andrew John McGowan
       Aaron L. Smith
       John Valentine Wachtel
       Lanny D. Welch


EAS/at

131

# Supreme Court of the United States
# Office of the Clerk
# Washington, DC  20543-0001

**Scott S. Harris**
Clerk of the Court
(202) 479-3011

January 11, 2016

Clerk
United States Court of Appeals for the Tenth
Circuit
Byron White Courthouse
1823 Stout Street
Denver, CO  80257

      Re:  Pedro Garcia and Gonzalo Ramirez
             v. United States
             No. 15-7141
             (Your No. 14-3006, 14-3081, 14-3039)

Dear Clerk:

The Court today entered the following order in the above-entitled case:

The petition for a writ of certiorari is denied.

Sincerely,

**Scott S. Harris**, Clerk

AO 243   (Rev. 2/95)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District **DISTRICT OF KANSAS** | |
|---|---|---|
| Name of Movant<br>PEDRO C. GARCIA | Prisoner No.<br>20432-031 | Case No.<br>12-CR-10089-JTM |
| Place of Confinement   USP McCreary<br>PO Box 3000<br>Pine Knot, KY 42635 | | **FILED**<br>U.S. District Court<br>District of Kansas |

UNITED STATES OF AMERICA          V.          PEDRO C. GARCIA

(name under which convicted)

**JAN 1 3 2017**

Clerk, U.S. District Court
By _____ Deputy Clerk

## MOTION

1. Name and location of court which entered the judgment of conviction under attack   U.S. District Court
District of Kansas
401 North Market St.
Wichita, Kansas 67202-2000

2. Date of judgment of conviction   **January 9, 2014**

3. Length of sentence   **Life plus 32 years**

4. Nature of offense involved (all counts)   <u>Count 1</u>: RICO conspiracy (18 U.S.C. § 1962(d); <u>Counts 2, 3, 4, 5, 7 and 8</u>: violent crimes in aid of racketeering ("VICAR" 18 U.S.C. § 1959); <u>Count 6</u>: discharge of a firearm in furtherance of a crime of violence (18 U.S.C. § 924(c)); and <u>Count 9</u>: possessing/brandishing a firearm in furtherance of a crime of violence (18 U.S.C. § 924(c)).

5. What was your plea? (Check one)
   (a) Not guilty          [xx]
   (b) Guilty              [ ]
   (c) Nolo contendere     [ ]

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury          [xx]
   (b) Judge only    [ ]

7. Did you testify at the trial?
   Yes [ ]    No [xx]

8. Did you appeal from the judgment of conviction?
   Yes [xx]    No [ ]

AO 243   (Rev. 2/95)

9.   If you did appeal, answer the following:

(a) Name of court   **U.S. Court of Appeals for the Tenth Circuit**

(b) Result   **District Court judgment affirmed.**

(c) Date of result   **July 14, 2015; writ of cert. denied by Supreme Court Jan. 11, 2016.**

10.   Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
Yes ☐   No ☒

11.   If your answer to 10 was "yes," give the following information:

N/A
(a)   (1) Name of court

(2) Nature of proceeding

(3) Grounds raised

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☐

(5) Result

(6) Date of result

(b)   As to any second petition, application or motion give the same information:

(1) Name of court

(2) Name of proceeding

(3) Grounds raised

AO 243   (Rev. 2/95)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☐

(5) Result

(6) Date of result

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.   Yes ☐   No ☐
(2) Second petition, etc.   Yes ☐   No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12.   State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

AO 243     (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

## I. THE 28 U.S.C. § 2255 REMEDY AND PROCEDURE

Under 28 U.S.C. § 2255, a federal prisoner is provided with a post-conviction avenue to collaterally attack a federal conviction and/or sentence.  Section 2255 specifies four categories upon which federal prisoners may challenge their conviction and/or sentence: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States," (2) "that the Court was without jurisdiction to impose such sentence," (3) "that the sentence was in excess of the maximum authorized by law," and (4) "that the sentence is otherwise subject to collateral attack[.]" See, 28 U.S.C. § 2255(a).

The procedure established for such motions commands that if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." See, 28 U.S.C. § 2255(b).  If the court finds that relief is warranted under any of the categories identified in section 2255(a), then "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant him a new trial or correct the sentence as may appear appropriate." Id. § 2255(b).

## II. PETITIONER GARCIA'S GROUNDS FOR RELIEF

A. THE JUDGMENT AGAINST PETITIONER SHOULD BE VACATED PER THE DUE PROCESS VIOLATION ARISING FROM PROSECUTORIAL MISCONDUCT BASED ON THE PROSECUTOR ELICITING TESTIMONY FROM A KEY WITNESS THE PROSECUTOR KNEW WAS FALSE AND IN FAILING TO CORRECT THE REPEATED INSTANCES OF THE FALSE AND MISLEADING TESTIMONY

1. Governing Law

It is well-settled that a prosecutor may not deliberately deceive the court and jury by presenting false or misleading testimony, Mooney v. Holohan, 294 U.S. 103, 112 (1935) or by failing to correct such testimony when the prosecutor is aware of the false or misleading nature of it. Napue v. Illinois, 360 U.S. 264, 269 (1959).

-4-

## 2. Cognizability

A violation of due process based on a prosecutor permitting a witness to give false or misleading testimony is cognizable on collateral review per the plain language (i.e., "...Constitution or laws of the United States...") of § 2255(a), and authority of the Tenth Circuit. See e.g., Douglas v. Workman, 560 F.3d 1156, 1174-76 (10th Cir. 2009)(benefit to witness who identified defendants as gunmen in shooting that was not disclosed by prosecutor even after witness denied any deal was prosecutorial misconduct/due process violation that justified collateral relief).

## 3. Discussion

Russell Worthey ("Worthey") was a key government witness in this RICO/VICAR case and he was one of only two witnesses who identified Petitioner as one of the gunmen in a shooting incident that resulted in the death of a man named Israel Peralta. That murder was the center-piece of the government's case against Petitioner, and that murder is the basis of Petitioner's mandatory life sentence.

On direct examination, Assistant United States Attorney Lanny Welch ("AUSA Welch") asked Worthey:

> Has anyone that you met with, as part of your plea in this case or your testimony in this case, has anyone on the Government-- promised you a sentence that you were going to receive?

(Trial Record, pp. 627-28).

Worthey's answer and the related exchange between him and AUSA Welch is as follows ("A" are Worthey's answers, "Q" are AUSA Welch's questions):

> A Promised? No.
> Q Has anyone told you that you will receive a reduced sentence?
> A No.
> Q Do you hope to receive a reduced sentence?
> A I hope.
> Q An ultimately, who will decide what your sentence is, Mr. Worthey?
> A The judge.
> Q And Mr. Worthey, as part of the plea agreement, do you understand that the Government has instructed you that no matter what happens here, you will be sentenced to a term in federal prison?
> A Yeah. My plea says I have to go to prison.

(Trial Record, p. 628).

On cross-examination, Petitioner's counsel asked Worthey if the government agreed "they were going to do certain things for you..." and twice Worthey said "they" only told him "they" would do one thing, which was file a motion to reduce his sentence based on substantial assistance. (Trial Record, pp. 660-62).

-5-

On further questioning on cross-examination as to any promises made in exchange for his testimony in this case he said: "Nobody promised me nothing." (Trial Record, p. 666). Thrice more Worthey affirmed that no promises were made to him and that the only agreement he had with the government in exchange for his testimony was that the government would file a motion to reduce his sentence. (Trial Record, at 666-67).

AUSA Welch knew that all of the foregoing testimony on direct and cross examination was outright false and misleading in several ways. Indeed, there is indisputable documentary evidence demonstrating AUSA Welch's knowledge of the false and misleading nature of Worthey's direct and cross examination testimony that was acknowledged by the Tenth Circuit on direct appeal in this case. Such being, a recording of a meeting between Worthey and AUSA Welch that took place seven months prior to the trial in this matter that the Tenth Circuit found "reveals that Welch told Worthey that he was likely to get a sentence of less than 30 years...." United States v. Garcia, 793 F.3d 1194, 1204 (10th Cir. 2015).

Worthey was charged in, and admitted to conduct that would sustain, the VICAR murder and conspiracy to murder counts of the indictment in this matter. The penalty for those offenses is mandatory life. Yet, the government (through AUSA Welch) promised Worthey a sentence starting at 30 years and reassured him it would go down from there. Ibid. Thus, Worthey's above referenced testimony was both false and misleading in several ways since: (a) Worthey unequivocally said he was not promised any specific sentence or any sentence reduction at all when the truth he and AUSA Welch were aware of is that he was guaranteed 30 years instead of mandatory life as a starting point; (b) Worthey said no one told him he would receive a reduced sentence when the truth he and AUSA Welch were aware of is that AUSA Welch reassured him that he had a good working relationship with the judge (i.e., Judge Belot) and that the judge was "very good" about following the government's recommendations (Id. 793 F.3d, at 1204) and that turned our to be true since the judge imposed the 10 year sentence specifically requested by the government on Worthey's behalf, Id. 793 F.3d, at 1204 (noting government sought a 10 year sentence on Worthey's behalf); and (c) Worthey said the only thing the government agreed to do for him was file a motion for a sentence reduction when the truth he and AUSA Welch were aware of is that the government had already agreed not to subject him to the charges providing for a mandatory life sentence and instead start his sentence exposure at 30 years which could be worked down

-6-

to the 10 years the government specifically requested Judge Belot impose on Worthey.  Id. 793 F.3d, at 1204.

The circumstances here are comparable to the due process violation found in Napue in some respects and worse in others.  A comparative analysis is in order.

Napue: On cross the witness in issue was asked, "Did anybody give you a reward or promise you a reward for testifying[,]" to which he answered, "There ain't nobody promised me anything."  The prosecutor followed up on redirect by asking: "Have I promised you that I would recommend any reduction of sentence to anybody?"  The response was: "You did not."  Id. 360 U.S., at 267 n. 2.

Here: AUSA Welch asked about any promises and whether anyone told Worthey he would get a reduced sentence (supra at 5), and on cross Worthey stood firm in his position elicited by AUSA Welch on direct that he was promised nothing, was not told he would get a reduction in his sentence, and that the government only agreed to file a non-specific motion to reduce his sentence (supra at 5-6).

Napue: It was later revealed that the prosecution represented to the witness in issue that if he cooperated with law enforcement against his accomplices, a recommendation for a sentence reduction "would be made and, if possible, effectuated[,]" (quoting 360 U.S., 266 n. 1).

Here: It was later revealed that AUSA Welch told Worthey prior to the trial in this case that the government had already reduced his sentence exposure from mandatory life to a starting point of 30 years which AUSA Welch reassured Worthey would go down to whatever the government recommended Judge Belot impose and the government's specific request for a 10 year sentence for Worthey was in fact the resulting sentence (supra, at 6-7).

What makes matters worse here is: (a) AUSA Welch elicited Worthey's false testimony denying benefits to him they both knew per the recorded meeting seven months earlier was false; (b) AUSA Welch permitted Worthey to continue to testify falsely and misleadingly on cross-examination and he failed to correct it at any point; and (c) Worthey was an important witness, arguably the most important as demonstrated by the fact that of the only two witnesses who identified Petitioner as one of the gunmen, his testimony was the most extensive and his testimony consumes more of the record than any other fact witness in the case.

As observed in Napue: "A lie is a lie, no matter what its subject, and if it is in any way relevant to the case, the [prosecutor] has the responsibility and duty to correct what he knows to be false and elicit the truth."  360 U.S., at

-7-

269-70.  (Internal quotation marks and citation omitted).  The court added that other matters bearing on the credibility of such a witness being put before the jury does not remove the taint inherent in such a situation, 360 U.S., at 270, and it made it abundantly clear that any conviction infected with such circumstances cannot stand.  360 U.S., at 270-72.

Further, in DeMarco v. United States, 415 U.S. 449, 450 (1974), the Supreme Court wrote on the matter of benefits to witnesses that when there is a promise made to a witness prior to the witness' testimony and that information is not disclosed, a reversal is required.  415 U.S., at 450 ("Unquestionably, had there been a promise to the witness prior to his testimony [Giglio v. United States, 405 U.S. 150 (1972) and Napue] would require reversal of petitioner's conviction.").

That is precisely the circumstances here.  The indisputable documentary evidence in this case reflecting AUSA Welch promising Worthey he would not be subject to mandatory life and would instead be starting at a 30 year sentence that AUSA Welch reassured Worthey would go down to whatever the government recommended.

There is no clearer instance than the factual setting in this case that demonstrates the absolute propriety of granting relief in this collateral proceeding based on the indisputable prosecutorial misconduct in this case arising from the prosecutorial misconduct of AUSA Welch in prompting Worthey to provide indisputably false and misleading testimony and then failing to correct the repeated instances of the same on cross examination.

Accordingly, the criminal judgment entered against Petitioner in this matter should be vacated and the indictment should be dismissed based on the prosecutorial misconduct by AUSA Welch and the United States Attorney's Office for the District of Kansas which was privy to, and complicit in, the misconduct by failing to properly supervise AUSA Welch and/or intervene to correct and mitigate his misconduct.  At a bare minimum, the judgment should be vacated and the case should be retried.

B. PETITIONER'S 18 U.S.C. § 924(c) CONVICTIONS SHOULD BE VACATED BASED ON LACK OF JURISDICTION (COUNT 9) AND THE HOLDING IN JOHNSON V. UNITED STATES (COUNTS 6 AND 9)

1. Count 9

The 18 U.S.C. § 924(c) charge in Count 9 was charged to the jury as being based on a state crime of "aggravated robbery" which the jury was told "is a crime of violence...."  (Jury Instruction 42).

First, the plain language of 18 U.S.C. § 924(c)(1)(A)("...any person who, during and in relation to any crime of violence...for which the person may be prosecuted in a court of the United States..."), unequivocally requires that the underlying "crime of violence" upon which a § 924(c) charge is based, be an offense that is prosecutable in federal court.  Aggravated robbery per a Kansas statutory provision is not prosecutable in federal court.  Thus, jurisdiction is lacking as to Count 9 as charged to the jury in this case.

Second, even if aggravated robbery per a Kansas statutory provision could be prosecuted in federal court (and it clearly cannot be), that offense is not categorically a "crime of violence" within the meaning of § 924(c)(3)(B) per the holding in Johnson v. United States, 576 U.S. ___, (2015).

## 2. Count 6

The § 924(c) charge in Count 6 was charged to the jury based on murder which the court instructed was "a crime of violence...." (Jury Instruction 41).  Per the holding in Johnson murder is not categorically a "crime of violence" within the meaning of § 924(c)(3)(B) since physical force is not required to be held accountable for the offense of murder.

## 3. Cognizability

Challenges to the jurisdiction of a convicting/sentencing court is always a proper issue to advance under 28 U.S.C. § 2255.  United States v. Furman, 112 F.3d 435, 438 (10th Cir. 1997).

With regard to claims based on the Johnson holding, that holding has been made retroactive to cases such as this one on collateral review by Welch v. United States, 578 U.S. ___ (2016).

**C. THE JUDGMENT AGAINST PETITIONER SHOULD BE VACATED SINCE THE VICAR AND RICO STATUTES PETITIONER STANDS CONVICTED UNDER ARE UNCONSTITUTIONALLY VAGUE, ARE UNCONSTITUTIONAL AS-APPLIED, AND THERE IS OTHERWISE A LACK OF JURISDICTION AS TO THOSE STATUTES**

## 1. Vagueness

The VICAR statute is facially unconstitutional for the following reasons:

(A) It fails to provide sufficient notice of what conduct is prohibited.

(B) It fails to define how the various elements must relate to one another.

(C) It fails to provide sufficient notice of how many "racketeering acts" must be committed and/or by how many people associated with the enterprise, before the enterprise can be said to be "engaged in racketeering activity."

(D) It provides no temporal parameters.

(E) It is amenable to arbitrary enforcement and application.

(F) It permits the federalization of purely local conduct traditionally within the jurisdiction of state courts.

The RICO statute is unconstitutionally vague for the following reasons:

(A) It is amenable to arbitrary enforcement and application.

(B) It criminalizes virtually any and all associations and friendships by loosely defining the term "enterprise."

## 2. Unconstitutional In The As-Applied Context

The VICAR and RICO statutes were unconstitutionally applied in this case in each of the ways identified above.

Additionally, those statutes were unconstitutionally applied in this case because purely personal and individual drug-related activity (assuming for the sake of argument that the attribution of drug activity is true) was relied on and attributed to the "enterprise" even though all of the government's own witnesses verified that no drug proceeds were required to be paid into the enterprise or to any other members, and that any drug-related activity was in fact a personal activity rather than an organizational or enterprise activity.

Moreover, the government did not dispute or otherwise meaningfully challenge or put on evidence that refutes the defense expert witness' testimony that the "enterprise" alleged in this case was not actually affiliated with the national "enterprise" alleged in this case.

## 3. Jurisdictional Flaws

The VICAR and RICO statutes are defective because the legislative premise upon which federal jurisdiction over those statutes is founded, is flawed.

> **D. THE JUDGMENT AGAINST PETITIONER SHOULD BE VACATED SINCE HE IS BEING DENIED ACCESS TO THE COURT TO TEST THE VALIDITY OF HIS CONVICTION BY THE DENIAL OF ACCESS TO ALL DISCOVERY INFORMATION AND TRANSCRIPTS OF PUBLIC PROCEEDINGS**

Petitioner began seeking access to the discovery relative to this case, and transcripts of the jury selection and closing arguments, soon after his petition for review in the Supreme Court was denied, via formal motions.  Those motions were denied and because the discovery and identified transcripts of public events were not made available to Petitioner it is impossible for him to identify and research issues that those materials may provide a basis for.

Because Petitioner has acted with due diligence in seeking the discovery materials in this case and the transcripts of the jury selection and closing

-10-

arguments, Petitioner reserves the right to raise any and all issues that are apparent from the materials identified, and/or issues supportable by information within the identified materials, including issues already advanced herein.

Such issues include, but are not limited to:

(A) Any jurisdictional, structural, constitutional, or procedural issues relative to any single juror, the entire jury pool, the jury empaneled, or any other justicable matter concerning the jury or the jury selection process.

(B) Any jurisdictional, structural, constitutional, or procedural issues relative to the closing argument segment of the trial.

(C) Any jurisdictional, structural, constitutional, or procedural issues that may be identified by the information within the discovery materials in this case.

Regarding discovery, Petitioner notes that one of the defense attorneys stated on the record how voluminous the discovery was and noted that he himself did not "have the resources to go through every one of those files" in the discovery provided by the government.  (Trial Record, p. 453).  Thus, it is very plausible that Petitioner's attorney may have overlooked something or not taken the time necessary to go through the discovery material with sufficient through-ness to learned whether there was information of value that could have been used to develop or support challenges to the government's evidence and witnesses, or that may have supported a particular defense strategy.  Petitioner thus reserves any ineffective assistance arguments that may be supported by information within the discovery material.

Because all of the identified materials have been withheld by the government and because the government prevailed in persuading this Court to deny Petitioner's motions seeking an order requiring the identified materials to be produced to Petitioner specifically relative to this § 2255 proceeding, any amended or new § 2255 motion to raise issues supportable by information within the identified materials would fall under the government impediment provision of § 2255.  Any amendment could also be deemed to relate back to this initial motion since Petitioner has raised very broadly, a number of issues supported by the informa-tion within the identified materials, above.

Unless the Court is going to rule in Petitioner's favor as to any issues relative to jury selection, closing arguments, and/or discovery without a precise identification of issues, Petitioner again seeks an order requiring that he be

-11-

Appellate Case: 17-3266  Document: 30-2  Date Filed: 02/05/2018  Page: 144

provided with the transcripts of the jury selection and closing argument segments of the trial in this matter, and a full set of discovery.

This Court is empowered by statute to provide Petitioner with the sought transcripts. Specifically, "[u]nder 28 U.S.C. 753(f), an indigent defendant is entitled to have the government pay the fees for a copy of his transcript in a 2255 proceeding only if he demonstrates that his suit is not frivolous and that the transcript is needed to decide the issue presented by the suit." Sistrunk v. United States, 992 F.2d 258, 259 (10th Cir. 1993).

Petitioner has raised above any and all issues that may be identified within the transcripts of the jury selection and/or closing arguments. No one can plausibly state that there are no non-frivolous issues within those segments of the trial in this matter that can be raised as stand alone issues or under the rubric of ineffective assistance, without reviewing the transcripts to make an informed determination as to the merit, or non, of any arguable issues reflected within those transcripts.

In addition to the broadly raised issues Petitioner raises as to jury selection, closing arguments, and discovery, this particular overarching issue is that Petitioner is being deprived of his right to access the court to raise issues that support a grant of collateral relief in this § 2255 litigation. That issue alone warrants production of the identified transcripts and discovery.

There can be no legitimate claim of a continued need to keep the discovery away from Petitioner. The identity of the government's witnesses in this case are a matter of public record. The only reason the government would have to continue to keeo the discovery away from Petitioner at this juncture is if it is worried Petitioner will learn that there is further information supportive of his claim of prosecutorial misconduct, and/or supportive of one or more claims of ineffective assistance of counsel. Moreover, the discovery is on discs. The Bureau of Prisons has a system in place at its institutions for inmates to review legal information contained on discs. The information can be viewed, but not copied. As such, that additional fact cuts against any claim of a continued need to keep the discovery away from Petitioner.

Thus, to enable Petitioner to meaningfully develop this issue and amend into this matter any information supportive of the issues Petitioner has broadly raised and reserved the right to amend/supplement as to jury selection, closing arguments, and discovery, Petitioner respectfully requests that the Court order

144

the government to provide Petitioner with copies of the transcripts of the jury selection, closing arguments, and a full set of the discovery in this matter.

### E. THE JUDGMENT SHOULD BE VACATED BECAUSE PETITIONER WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL

1. Governing Law

To establish ineffective assistance of counsel a criminal defendant must show: (a) that his counsel's actions fell below an objective standard of reasonableness; and (b) that the conduct in issue prejudiced the defendant such that, absent the errors, the outcome would have been different. See, Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

When there are multiple claims of error by counsel, it is appropriate for a reviewing court to consider the cumulative effect of all the errors. Cargle v. Mullin, 317 F.3d 1196, 1224-25 (10th Cir. 2003).

2. Cognizability

Claims of ineffective assistance are properly brought under 28 U.S.C. § 2255 since that procedural vehicle enables factual development through a hearing and other evidence. Massaro v. United States, 538 U.S. 500, 504-06 (2003).

3. Discussion

Petitioner was deprived of his constitutional right to the effective assistance of counsel at the trial and appellate stages of this case as follows:

(A) Trial counsel failed to investigate the fragmented projectile that was recovered from Israel Peralta's body during the autopsy, which the medical examiner said was the cause of death. That evidence was presented as Exhibit 149 at trial. There was no evidence presented as to a murder weapon, but it was implied that the victim was shot by Petitioner with a 9 millimeter firearm. It was thus important for counsel to investigate the fragmented projectile to get a determination as to whether that projectile was a 9 millimeter or not. If it is not a 9 millimeter, then that would have cast the entire defense in a much different perspective since it would have opened debate to whether or not the government's two witnesses were more guilty than they implied or whether they falsely implicated Petitioner to protect someone else they did not identify who was the actual shooter. There is absolutely no good reason why counsel did not investigate that projectile since if it is not a 9 millimeter, then that key fact would have opened the door to a number of different defense strategies.

(B) Trial counsel should have called Angelica Flores as a witness to refute the testimony of Fabian Neave who testified that Petitioner gave the gun he used in the Peralta murder to her to get rid of it.  (Trial Record, p. 1382).

(C) Trial counsel should have called Eusebio Sierra as a witness to refute the testimony of Fabian Neave that Petitioner got drugs from Sierra's counsin in California, and to determine if the person even existed.  (Trial Record, p. 1359-60).

(D) Trial counsel should have raised an objection to the admission of all of Fabian Neave's testimony relative to statements he claims to have elicited from Petitioner while they were detained pre-trial in relation to this matter.  All of that damaging testimony concerning drugs, the Peralta murder, and other bad acts that Neave said Petitioner told him about, (Trial Record, pp. 1359-62, 1365, 1379-82), should have been challenged per Massiah v. United States, 377 U.S. 201 (1964) and United States v. Henry, 447 U.S. 264 (1980).  That is especially so since he noted he was in contact with law enforcement seeking to cooperate and such implies a need to have a determination as to whether or not he was then instructed to elicit the information from Petitioner he claimed Petitioner told him.  ((Trial Record, pp. 1441-42).

(E) Trial counsel should have objected to the repeated instances of testimony and emphasis on evidence of Petitioner previously and at the time of trial being imprisoned.  (Trial Record, pp. 1180, 1359-62, 1365, 1379-82, 1391, 1422-24, 1550, 1558-63).  There was absolutely no legitimate purpose, and no purpose ever stated, for the admission of testimony and evidence that Petitioner was previously and at the time of trial imprisoned.  No curative or limiting instructions were offered or requested at any point.  Counsel should have at a very bare minimum sought curative instructions when such evidence and testimony made its way before the jury.

(F) Counsel should have raised the issue advanced supra at 4-8 in the new trial motion counsel filed and on direct appeal.

(G) To the extent that any of the issues raised in Grounds A-D supra could or should have been raised pre-trial, during trial, post-trial, or on direct appeal, ineffective assistance of counsel is the cause of any arguable default.

(H) Counsel should have raised a proper and thorough insufficiency of the evidence challenge to the enterprise, pattern of racketeering activity, and interstate commerce elements of the VICAR and RICO charges.

-14-

AO 243   (Rev. 2/95)

Petitioner is entitled to relief on each individual claim of ineffective assistance of counsel identified above, and cumulatively.  The violation of Petitioner's constitutional right to the effective assistance of counsel warrants vacatur of the judgment against Petitioner and a new trial.

### III. APPOINTMENT OF COUNSEL, DISCOVERY, HEARING

Discovery per Rule 6 of the Rules Governing Section 2255 Proceedings is warranted to enable full development of all claims raised herein in need of full development, and a hearing is warranted and proper in light of the fact-intense nature of the issues advanced herein.

Petitioner is a laymen with no litigation capabilities.  Thus, he asks that this and all pro se pleadings be construed liberally.  And, because of what is at stake in this proceeding (i.e., whether Petitioner will remain in prison for the rest of his life), Petitioner is entitled to full and meaningful collateral review. To effectuate that, Petitioner respectfully requests appointment of counsel.

13.   If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

Ineffective assistance of counsel is the cause of any procedural default.

14.   Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes [ ]   No [ xx ]

15.   Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a)  At preliminary hearing   N/A

(b)  At arraignment and plea   J. Val Wachtel; 301 N. Main, 1600 Epic Center; Wichita, KS 67202-4816

(c)  At trial   Same as (b).

(d)  At sentencing   Same as (b).

-15-

AO 243   (Rev. 4/99)

(e)   On appeal    Same as (b).

(f)   In any post-conviction proceeding    N/A

(g)   On appeal from any adverse ruling in a post-conviction proceeding    N/A

16.    Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes  [XX]   No  [ ]

17.    Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes  [ ]   No  [XX]

(a)   If so, give name and location of court which imposed sentence to be served in the future:

(b)   Give date and length of the above sentence:

(c)   Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes  [ ]   No  [ ]

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

January 6, 2017
_____
Date

*"Mailbox Rule" Invoked To
Ensure Timely Filing As of:
January 6, 2017*

Pedro C. Garcia    _____
Signature of Movant

-16-

148



Pedro Garcia
Reg. No. 20432-031
USP McCreary
P.O. Box 3000
Pine Knot, KY 42635

CERTIFIED MAIL

7015 1520 0000 7027 2045

United States Penitentiary, McCreary
Pine Knot, KY 42635
Date: 1-10-17

⇔20432-031⇔
Clerks Office
401 N Market ST
U.S. District Court
Wichita, KS 67202-2000
United States

RECEIVED
JAN 13 2017
CLERK, U.S. DIST. COURT
WICHITA, KANSAS 67202

Appellate Case: 17-3266    Document: 30-2    Date Filed: 02/05/2018    Page: 149

149

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(Wichita Docket)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | No. 12-10089-02,03-JTM |
| | } | |
| PEDRO C. GARCIA | } | |
| and GONZALO RAMIREZ, | } | |
| | } | |
| Defendants. | } | |

**MOTION FOR EXTENSION OF TIME
TO FILE RESPONSE TO 28 U.S.C. § 2255 MOTIONS**

The United States, by Lanny D. Welch, Assistant U.S. Attorney, moves the Court for an order extending the time in which the government may respond to the defendants' 28 U.S.C. § 2255 motions (Docs. 1155, 1157, 1158 and 1159). The United States requests an extension of time until March 30, 2017, in which to file its responses to these motions. In support of this request for an extension the government states:

1.    The trial of these cases was complex and involved an indictment which charged numerous violations including Racketeering Conspiracy in violation of Title 18, U.S.C. § 1962(d) and multiple Violent Crimes in Aid of Racketeering (VICAR) in violation of Title 18, U.S.C. § 1959.[1] The pretrial motions and the trial itself generated a record which contains numerous volumes.

2.    Post-conviction the defendants filed motions for a new trial and other relief before the District Court and once those were denied they also filed appeals before the

---

[1] The multiple VICAR counts charged against these defendants included allegations of murder, attempted murder, assault with a dangerous weapon and other racketeering activity.

United States Court of Appeals for the Tenth Circuit.   Consequently, the post-trial and appellate record is voluminous as well.

3.      Due to the complexity of the charges and the length of the trial and the voluminous record it will be necessary for the United States to engage in time-consuming preparation and research which cannot be completed under the current briefing schedule.

4.      This is the government's first request for an extension of time to prepare responses.

The United States respectfully requests that its Motion for Extension of Time to File Responses be granted and the time for filing of motion responses be extended to March 30, 2017.

Respectfully submitted,

THOMAS E. BEALL
United States Attorney

s/Lanny D. Welch
Lanny D. Welch
Kan. Sup. Ct. No. 13267
Assistant United States Attorney
District of Kansas
301 N. Main, Suite 1200
Wichita, Kansas 67202
(316) 269-6481
Lanny.Welch@usdoj.gov

152

**NOTICE OF SEVICE**

I hereby certify that this Motion was electronically filed 8th day of February, 2017,

using the CM/ECT system, and that a copy of the motion was mailed to the defendants,

postage prepaid, this 8th day of February, 2017 as follows:

Pedro Garcia
#20432-031
USP McCreary
P.O. Box 3000
Pine Knot, Kentucky 42635

Gonzolo Ramirez
#22221-031
USP Florence
P.O. Box 7000
Florence, Colorado 81226

/s/Lanny D. Welch
Lanny D. Welch
Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(Wichita Docket)

UNITED STATES OF AMERICA,

     Plaintiff,

v.                 No. 12-10089-02,03-JTM

PEDRO C. GARCIA
and GONZALO RAMIREZ,

     Defendants.

## ORDER

The United States has moved for an extension of time in which the file its responses to the defendants' motions pursuant to 28 U.S.C. § 2255 (Dkts. 1155, 1157, 1158, and 1159).

The Court, after reviewing the motion and being fully advised in the premises, finds that additional time is required due to the complexity of the charges, length of the trial, and the voluminous record.

The Court grants the motion and orders that the government file its responses by March 30, 2017. The defendants may file a reply to the government's response, if any, by April 13, 2017.

IT IS SO ORDERED this 8th day of February, 2017.

s/ J. Thomas Marten
Chief United States District Judge

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,  )
      Plaintiff,  )
          )
          )
vs.          )  No.  12-CR-10089-JTM-2
          )      17-CV-01011-JTM
PEDRO GARCIA,    )
      Defendant.  )
_____)

## MOTION FOR EXTENSION OF TIME
## TO FILE RESPONSE TO DEFENDANT'S § 2255 MOTION

COMES NOW the Plaintiff, United States of America, by and through undersigned

counsel, and requests an additional 45 days to respond to the defendant's Motion under

28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody

(Doc. 1157.)  In support of this request, the undersigned shows that Court as follows:

1.  The defendant filed the instant Motion on January 13, 2017.  The government's

response is due on March 30, 2017.  (*See* Doc. 1161.)

2.  This is the government's second motion for an extension of time to file its response to

the defendant's motion.  (*See* Doc. 1160 (first motion for extension).)

3.  The undersigned will not be able to complete the response by the due date.   The

defendant's pleading alleges at least eleven grounds for relief.  Many of his claims are legally

and factually complex and involve time-consuming legal research and review of the record.  The

record in this case involves a lengthy jury trial, in which the undersigned did not participate, as

well as extensive post-trial litigation.  Further, during the preceding six weeks, the undersigned

has been obligated to devote the substantial majority of his time to working on briefs due before

the United States Court of Appeals for the Tenth Circuit.  The undersigned has been working on briefs in *United States v. Karen Johnson*, No. 16-3280, which is due on April 20, 2017; *United States v. Stephen Bagley*, No. 16-3305, which was filed on February 16, 2017; *United States v. Faustino Soto*, No. 16-3276, which will be filed on or about March 29, 2017; and *United States v. Wayne Benton*, No. 16-3332, which is due on April 26, 2017.   Given these circumstances, the response is taking much longer than expected.

4.  Given these upcoming deadlines and the press of business in these cases and others, the undersigned needs an additional 45 days to respond to the defendant's motion, which the undersigned estimates will require at least one week to complete.

5.  Accordingly, the undersigned requests that the deadline be extended to **May 15, 2017**.

6.  The defendant is in custody and his position on this motion is unknown.

Respectfully submitted:
THOMAS E. BEALL
UNITED STATES ATTORNEY

*/s  James A. Brown*
James A. Brown
Assistant United States Attorney
United States Attorney's Office
444 S.E. Quincy Ave., Ste. 290
Topeka, KS  66683
Tel.  785-295-7683
James.Brown2@usdoj.gov

156

## CERTIFICATE OF SERVICE

I certify that on the **29th day of March, 2017**, I electronically filed the foregoing pleading with the Clerk of the District Court by using the CM/ECF system, which will transmit a copy to the defendant's last counsel of record.  I further certify that on this date I deposited a filed version of the foregoing in the U.S. Mail, first-class postage prepaid, addressed to:  Mr. Pedro Garcia, No. 20432-031, USP McCreary, P.O. Box 3000, Pine Knot, KY  42635.

*s/  James A. Brown*
James A. Brown

```
MIME-Version:1.0
From:KSD_CMECF@ksd.uscourts.gov
To:ksd_nef@localhost.localdomain
Bcc:
--Case Participants: Gregory D. Bell (greg@bellandrobinson.com), Mark L. Bennett, Jr
(clerk@mlbjrlaw.com, mark@mlbjrlaw.com), James A. Brown (caseview.ecf@usdoj.gov,
james.brown2@usdoj.gov, valerie.myers@usdoj.gov), Jessica M. Burtin (jburtin@hinklaw.com),
Derek S. Casey (dscasey@twgfirm.com, slfox@twgfirm.com), Roger L. Falk
(dee_falk@sbcglobal.net, jamescline2000@gmail.com, pilgrimett@gmail.com,
roger_falk@sbcglobal.net), Jay F. Fowler (apollardmeek@foulston.com,
jfowler@foulston.com), David J. Freund (david_freund@fd.org, jackie_carter@fd.org,
lorraine_schroeder@fd.org, sharon_padgett@fd.org), Molly M. Gordon
(belinda.bishop@wichita.edu, molly.gordon@wichita.edu), Steven Kent Gradert
(jackie_carter@fd.org, lorraine_schroeder@fd.org, sharon_padgett@fd.org,
steve_gradert@fd.org), Jeff L. Griffith (jlgriffithlaw@aol.com), Eric A. Hartenstein
(eahartenstein@gmail.com), Timothy J. Henry (jackie_carter@fd.org,
lorraine_schroeder@fd.org, sharon_padgett@fd.org, tim_henry@fd.org), Michael D. Hepperly
(mhepperly@aol.com), Kevin W. Loeffler (kloeffler@lawyer.com), Joel Mandelman
(jackie_carter@fd.org, jmandelman@yahoo.com, lorraine_schroeder@fd.org,
sharon_padgett@fd.org), Carl Fredrick A. Maughan (carl@mlglc.com), Paul S. McCausland
(p.mccausland@youngboglelaw.com), Sean C. McEnulty (s@mcenultylawfirm.com), David H. Moses
(belinda.bishop@wichita.edu, david.moses@wichita.edu), Charles A. O'Hara
(ohara@oharaohara.com), Christopher S. O'Hara (ohara@oharaohara.com), James R. Pratt
(jim.prattesq@gmail.com, jim@jamesrprattlaw.com), Chekasha F. Ramsey
(cachet_williams@fd.org, che_ramsey@fd.org, jami_krause@fd.org, sandy_schnack@fd.org),
David M. Rapp (drapp@hinklaw.com, lschneider@hinklaw.com, mcheek@hinklaw.com), Edward L.
Robinson (erobinson@robinsonlawks.com, mkoci@robinsonlawks.com,
yroberts@robinsonlawks.com), Kari S. Schmidt (karis@fcse.net), Mark T. Schoenhofer
(jenniferlewilson@yahoo.com, mydefensefirst@yahoo.com), Mark A. Sevart
(markchrissevart@yahoo.com), Michael J. Shultz (cheryl@shultzlaw.net,
michael@shultzlaw.net), Aaron L. Smith (aaron.smith3@usdoj.gov, caseview.ecf@usdoj.gov,
rachael.adams@usdoj.gov, robin.wilson@usdoj.gov), John V. Wachtel
(ddscheffe@klendalaw.com, jvwachtel@klendalaw.com), Lanny D. Welch
(caseview.ecf@usdoj.gov, lanny.welch@usdoj.gov, robin.wilson@usdoj.gov,
tracy.ballard@usdoj.gov), Chief Judge J. Thomas Marten (joyce_roach@ksd.uscourts.gov,
ksd_marten_chambers@ksd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:4165489@ksd.uscourts.gov
Subject:Activity in Case 6:12-cr-10089-JTM USA v. Najera et al Order on Motion for
Extension of Time to File Response/Reply
Content-Type: text/html
```

## U.S. District Court

## DISTRICT OF KANSAS

### Notice of Electronic Filing

The following transaction was entered on 3/29/2017 at 3:06 PM CDT and filed on 3/29/2017

**Case Name:**        USA v. Najera et al

**Case Number:**      6:12–cr–10089–JTM

**Filer:**

**Document Number:** 1184(No document attached)

**Docket Text:**
**ORDER granting [1182] Motion for Extension of Time to File Response to Defendant Pedro**

**Garcia's Motion to Vacate. Response deadline continued to 5/15/17. Signed by Chief Judge J. Thomas Marten on 03/29/17.Mailed to pro se party Pedro Garcia by regular mail (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (Roach, Joyce)**

**6:12–cr–10089–JTM–2 Notice has been electronically mailed to:**

Mark L. Bennett, Jr    mark@mlbjrlaw.com, clerk@mlbjrlaw.com

Jay F. Fowler    jfowler@foulston.com, apollardmeek@foulston.com

Jeff L. Griffith    jlgriffithlaw@aol.com

Eric A. Hartenstein    eahartenstein@gmail.com

Michael D. Hepperly    mhepperly@aol.com

Paul S. McCausland    p.mccausland@youngboglelaw.com

David H. Moses    David.Moses@wichita.edu, belinda.bishop@wichita.edu

Charles A. O'Hara    ohara@oharaohara.com

Mark A. Sevart    markchrissevart@yahoo.com

Lanny D. Welch    lanny.welch@usdoj.gov, CaseView.ECF@usdoj.gov, tracy.ballard@usdoj.gov

Kevin W. Loeffler    kloeffler@lawyer.com

John V. Wachtel    jvwachtel@klendalaw.com, ddscheffe@klendalaw.com

James A. Brown    james.brown2@usdoj.gov, CaseView.ECF@usdoj.gov, Valerie.Myers@usdoj.gov

David M. Rapp    drapp@hinklaw.com, lschneider@hinklaw.com, mcheek@hinklaw.com

Steven Kent Gradert    steve_gradert@fd.org, Jackie_Carter@fd.org, Lorraine_Schroeder@fd.org, Sharon_padgett@fd.org

Sean C. McEnulty    s@mcenultylawfirm.com

Kari S. Schmidt    karis@fcse.net

Timothy J. Henry    tim_henry@fd.org, jackie_carter@fd.org, lorraine_schroeder@fd.org, sharon_padgett@fd.org

Gregory D. Bell    greg@bellandrobinson.com

Roger L. Falk    roger_falk@sbcglobal.net, dee_falk@sbcglobal.net, jamescline2000@gmail.com, pilgrimett@gmail.com

Derek S. Casey    dscasey@twgfirm.com, slfox@twgfirm.com

Mark T. Schoenhofer    mydefensefirst@yahoo.com, jenniferlewilson@yahoo.com

David J. Freund    david_freund@fd.org, Jackie_carter@fd.org, Lorraine_schroeder@fd.org, sharon_padgett@fd.org

James R. Pratt    jim@jamesrprattlaw.com, jim.prattesq@gmail.com

Carl Fredrick A. Maughan    carl@mlglc.com

Aaron L. Smith    aaron.smith3@usdoj.gov, CaseView.ECF@usdoj.gov, Rachael.Adams@usdoj.gov, robin.wilson@usdoj.gov

Christopher S. O'Hara    ohara@oharaohara.com

Edward L. Robinson    erobinson@robinsonlawks.com, mkoci@robinsonlawks.com, yroberts@robinsonlawks.com

Michael J. Shultz    michael@shultzlaw.net, cheryl@shultzlaw.net

Molly M. Gordon    molly.gordon@wichita.edu, belinda.bishop@wichita.edu

Joel Mandelman    jmandelman@yahoo.com, jackie_carter@fd.org, lorraine_schroeder@fd.org, sharon_padgett@fd.org

Jessica M. Burtin    jburtin@hinklaw.com

Chekasha F. Ramsey    che_ramsey@fd.org, cachet_williams@fd.org, jami_krause@fd.org, sandy_schnack@fd.org

**6:12–cr–10089–JTM–2 Notice has been delivered by other means to:**

Fabian Neave(Terminated)
22113–031
COLEMAN II – USP
U.S. Penitentiary
Inmate Mail/Parcels
PO Box 1034
Coleman, FL 33521

Gonzalo Ramirez(Terminated)
22221–031
FLORENCE – USP HIGH
U.S. Penitentiary
Inmate Mail/Parcels
PO Box 7000
Florence, CO 81226

Jason Najera(Terminated)
22114–031
MCCREARY – USP
U.S. Penitentiary
Inmate Mail/Parcels

PO Box 3000
Pine Knot, KY 42635

Pedro Garcia(Terminated)
20432–031
MCCREARY – USP
U.S. Penitentiary
Inmate Mail/Parcels
PO Box 3000
Pine Knot, KY 42635

FILED
U.S. District Court
District of Kansas

APR 2 8 2017

Clerk U.S. District Court
By _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(Wichita Docket)

UNITED STATES OF AMERICA,        )
                                 )
          Plaintiff-Respondent,  )
                                 )
vs.                              )  No. 12-CR-10089-JTM
                                 )
PEDRO C. GARCIA,                 )
                                 )
          Defendant-Movant.      )

## DEFENDANT-MOVANT PEDRO C. GARCIA'S MOTION FOR APPOINTMENT OF COUNSEL AND OTHER OMNIBUS RELIEF

Pedro C. Garcia, Defendant-Movant pro se, respectfully moves for appointment of counsel and other omnibus relief, including adoption of the issues advanced by codefendant Gonzalo Ramirez, to be furnished with copies of the filings submitted by codefendant Ramirez, and an order directing the Wardens of USP Florence and USP McCreary to expedite the process of granting correspondence and electronic communication between Garcia and Ramirez so they may meaningfully collaborate in this collateral proceeding. In support Garcia submits the following.

### A. Appointment of Counsel

In this 28 U.S.C. § 2255 proceeding the Court may appoint counsel under the Criminal Justice Act under 28 U.S.C. § 2255(g). Appointment of counsel is warranted in this matter because the jailhouse lawyer who was assisting Garcia will be transferred to another prison by the time this Court receives this motion.

Federal prisoners cannot assist prisoners in other prisons and there are no other jailhouse lawyers available to Garcia at his institution. Garcia himself is incapable of handling this

litigation in any meaningful way.

As this Court can confirm from Garcia's PSR, Garcia has only a 10th grade education, he was in special education classes all of his years of schooling, and he has learning and comprehension disabilities and does not read very well.

It would be extremely unfair to deprive Garcia of a meaningful opportunity to exercise his sole shot to seek collateral review because he cannot afford counsel, is learning disabled, and has no one else available to assist him in this litigation.

As this Court recognized in its February 8, 2017 order, this is a complex matter with a voluminous record. (Document 1161). The government noted the factually complex nature of the issues raised in Garcia's § 2255 motion in its most recent motion for extension of time to file a response. (Document 1182, at 1 ¶ 3).

In light of all that, counsel is needed in this matter and appointment under § 2255(g) would aid the Court as much as Garcia.

B. Adoption of Codefendant Gonzalo Ramirez's Issues

Garcia's codefendant Gonzalo Ramirez has also moved for relief under § 2255. Garcia and Ramirez were tried together and have joined in one another's positions and arguments from the start of this case. To the extent Ramirez has raised issues that may apply to Garcia, Garcia seeks leave to adopt any and all arguments raised by Ramirez applicable to Garcia that are not inconsistent with any position Garcia has himself raised.

C. Copies of Ramirez's Filings

Garcia seeks copies of all § 2255 related filings by Ramirez thus far. Garcia should be aware of the issues raised by his

-2-

Appellate Case: 17-3266   Document: 30-2   Date Filed: 02/05/2018   Page: 162   162

codefendant and co-movant in this § 2255 litigation.

Garcia thus requests that the Court direct the Clerk to send Garcia copies of Documents 1155, 1157, 1158, and 1159 in addition to any additional filings by Ramirez as of this date.

D. **Order To Wardens**

Garcia and his codefendant/co-movant Ramirez are imprisoned in separate federal prisons.  The Federal Bureau of Prisons ("BOP") does permit federal prisoners in different institutions to corresp- ond relative to active litigation they are jointly engaged in.

However, the process is painstakingly slow.  Garcia has been trying to get the necessary approval for almost a year and there is no indication that BOP staff at both institutions will get it done anytime soon.  This is a matter that is low on the priority list of BOP staff.

Garcia thus asks that the Court issue an order to the Wardens of United States Penitentiary McCreary located in Pine Knot, KY (where Garcia is imprisoned), and United States Penitentiary Florence in Florence. CO (where Ramirez is imprisoned), directing them to expedite the legal correspondence process so Garcia and Ramirez can send emails and regular mail to one another relative to this litigation so they can meaningfully collaborate and keep each other abreast of their efforts.

E. **Conclusion**

For the foregoing reasons, Garcia prays this Court will grant all of the relief sought herein.

-3-

Dated: April 24, 2017

Respectfully submitted,

*P Garou*

Pedro C. Garcia, <u>pro</u> <u>se</u>
Reg. No. 20432-031
USP McCreary
P.O. Box 3000
Pine Knot, KY 42635

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April, 2017, I served a copy of the foregoing via prepaid, U.S. First-Class Mail, upon:

James A. Brown, AUSA
U.S. Attorney's Office
444 S.E. Quincy Ave., Ste. 290
Topeka, KS 66683

By: *P Garou*
Pedro C. Garcia

Appellate Case: 17-3266     Document: 30-2     Date Filed: 02/05/2018     Page: 165

Name. Pedro Garcia
Reg. No. 20432-031       Unit 4B
United States Penitentiary McCreary
P.O Box 3000
Pine Knot, KY 42635

KNOXVILLE TN 377

25 APR 2017 PM 1 L



United States Penitentiary, McCreary
Pine Knot, KY 42635
Date: 4-25-17
The enclosed letter was processed through special mailing
procedures for forwarding to you. The letter has been
neither opened nor inspected. If the writer raises a question
or problem over which this facility has jurisdiction, you
may wish to return the material for further information or
clarification. If the writer encloses correspondence for
forwarding to another address, please return the enclosure
to the above address.

Legal Mail

⇔20432-031⇔
Clerks Office
401 N Market ST
U.S. District Court
Wichita, KS 67202-2000
United States

RECEIVED
APR 28 2017
CLERK, U.S. DIST. COURT
WICHITA, KANSAS 67202

67202-208999

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,               )
                Plaintiff,              )
                                        )
                                        )
vs.                                     )        No.    12-CR-10089-JTM-2
                                        )               17-CV-01011-JTM
PEDRO GARCIA,                           )
                Defendant.              )
_____ )

**MOTION FOR EXTENSION OF TIME
TO FILE RESPONSE TO DEFENDANT'S § 2255 MOTION**

COMES NOW the Plaintiff, United States of America, by and through undersigned counsel, and requests an additional 45 days to respond to the defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1157.)  In support of this request, the undersigned shows that Court as follows:

1.  The defendant filed the instant Motion on January 13, 2017.  The government's response is due on May 15, 2017.

2.  This is the government's **third** motion for an extension of time to file its response to the defendant's motion.

3.  The undersigned will not be able to complete the response by the due date.   The defendant's pleading alleges at least eleven grounds for relief.  Many of his claims are legally and factually complex and involve time-consuming legal research and review of the record.  The record in this case involves a lengthy jury trial, in which the undersigned did not participate, as well as extensive post-trial litigation.  During the preceding 45 days, counsel has been working on the response; unfortunately, counsel will not be able to complete it by the due date, as

research on the issues presented has taken much longer than expected, given the voluminous record and fact-intensive nature of the defendant's stated grounds for relief.

4.   The undersigned estimates that he will need an additional 45 days to submit a response that is worthy of this Court's consideration.

5.   Accordingly, counsel requests that the deadline be extended to **June 30, 2017**.

6.   The defendant is in custody and his position on this motion is unknown.

Respectfully submitted:
THOMAS E. BEALL
UNITED STATES ATTORNEY

*/s  James A. Brown*
James A. Brown
Assistant United States Attorney
United States Attorney's Office
444 S.E. Quincy Ave., Ste. 290
Topeka, KS  66683
Tel.  785-295-7683
James.Brown2@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on the **12th day of May, 2017**, I electronically filed the foregoing pleading with the Clerk of the District Court by using the CM/ECF system, which will transmit a copy to the defendant's last counsel of record.  I further certify that on this date I deposited a filed version of the foregoing in the U.S. Mail, first-class postage prepaid, addressed to:  Mr. Pedro Garcia, No. 20432-031, USP McCreary, P.O. Box 3000, Pine Knot, KY  42635.

*s/  James A. Brown*
James A. Brown

MIME-Version:1.0
From:KSD_CMECF@ksd.uscourts.gov
To:ksd_nef@localhost.localdomain
Bcc:
--Case Participants: Gregory D. Bell (greg@bellandrobinson.com), Mark L. Bennett, Jr
(clerk@mlbjrlaw.com, mark@mlbjrlaw.com), James A. Brown (caseview.ecf@usdoj.gov,
james.brown2@usdoj.gov, valerie.myers@usdoj.gov), Jessica M. Burtin (jburtin@hinklaw.com),
Derek S. Casey (dscasey@twgfirm.com, slfox@twgfirm.com), Roger L. Falk
(dee_falk@sbcglobal.net, jamescline2000@gmail.com, pilgrimett@gmail.com,
roger_falk@sbcglobal.net), Jay F. Fowler (apollardmeek@foulston.com,
jfowler@foulston.com), David J. Freund (david_freund@fd.org, jackie_carter@fd.org,
lorraine_schroeder@fd.org, sharon_padgett@fd.org), Molly M. Gordon
(belinda.bishop@wichita.edu, molly.gordon@wichita.edu), Steven Kent Gradert
(jackie_carter@fd.org, lorraine_schroeder@fd.org, sharon_padgett@fd.org,
steve_gradert@fd.org), Jeff L. Griffith (jlgriffithlaw@aol.com), Eric A. Hartenstein
(eahartenstein@gmail.com), Timothy J. Henry (jackie_carter@fd.org,
lorraine_schroeder@fd.org, sharon_padgett@fd.org, tim_henry@fd.org), Michael D. Hepperly
(mhepperly@aol.com), Kevin W. Loeffler (kloeffler@lawyer.com), Joel Mandelman
(jackie_carter@fd.org, jmandelman@yahoo.com, lorraine_schroeder@fd.org,
sharon_padgett@fd.org), Carl Fredrick A. Maughan (carl@mlglc.com), Paul S. McCausland
(p.mccausland@youngboglelaw.com), Sean C. McEnulty (s@mcenultylawfirm.com), David H. Moses
(belinda.bishop@wichita.edu, david.moses@wichita.edu), Charles A. O'Hara
(ohara@oharaohara.com), Christopher S. O'Hara (ohara@oharaohara.com), James R. Pratt
(jim.prattesq@gmail.com, jim@jamesrprattlaw.com), Chekasha F. Ramsey
(cachet_williams@fd.org, che_ramsey@fd.org, jami_krause@fd.org, sandy_schnack@fd.org),
David M. Rapp (drapp@hinklaw.com, lschneider@hinklaw.com, mcheek@hinklaw.com), Edward L.
Robinson (erobinson@robinsonlawks.com, mkoci@robinsonlawks.com,
yroberts@robinsonlawks.com), Kari S. Schmidt (karis@fcse.net), Mark T. Schoenhofer
(jenniferlewilson@yahoo.com, mydefensefirst@yahoo.com), Mark A. Sevart
(markchrissevart@yahoo.com), Michael J. Shultz (cheryl@shultzlaw.net,
michael@shultzlaw.net), Aaron L. Smith (aaron.smith3@usdoj.gov, caseview.ecf@usdoj.gov,
rachael.adams@usdoj.gov, robin.wilson@usdoj.gov), John V. Wachtel
(ddscheffe@klendalaw.com, jvwachtel@klendalaw.com), Lanny D. Welch
(caseview.ecf@usdoj.gov, lanny.welch@usdoj.gov, robin.wilson@usdoj.gov,
tracy.ballard@usdoj.gov), District Judge J. Thomas Marten (joyce_roach@ksd.uscourts.gov,
ksd_marten_chambers@ksd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:4198586@ksd.uscourts.gov
Subject:Activity in Case 6:12-cr-10089-JTM USA v. Najera et al Order on Motion for
Extension of Time to File Response/Reply
Content-Type: text/html

## U.S. District Court

## DISTRICT OF KANSAS

## Notice of Electronic Filing

The following transaction was entered on 5/12/2017 at 11:18 AM CDT and filed on 5/12/2017

| | |
|---|---|
| **Case Name:** | USA v. Najera et al |
| **Case Number:** | 6:12–cr–10089–JTM |
| **Filer:** | |
| **Document Number:** | 1219(No document attached) |

**Docket Text:**
**ORDER granting [1215] Motion for Extension of Time to File Response to [1157] Pedro**

**Garcia's Motion to Vacate Under 28 U.S.C. §2255. Response deadline now June 30, 2017. Signed by District Judge J. Thomas Marten on May 12, 2017.Mailed to pro se party by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (shs)**

**6:12−cr−10089−JTM−2 Notice has been electronically mailed to:**

Mark L. Bennett, Jr    mark@mlbjrlaw.com, clerk@mlbjrlaw.com

Jay F. Fowler    jfowler@foulston.com, apollardmeek@foulston.com

Jeff L. Griffith    jlgriffithlaw@aol.com

Eric A. Hartenstein    eahartenstein@gmail.com

Michael D. Hepperly    mhepperly@aol.com

Paul S. McCausland    p.mccausland@youngboglelaw.com

David H. Moses    David.Moses@wichita.edu, belinda.bishop@wichita.edu

Charles A. O'Hara    ohara@oharaohara.com

Mark A. Sevart    markchrissevart@yahoo.com

Lanny D. Welch    lanny.welch@usdoj.gov, CaseView.ECF@usdoj.gov, tracy.ballard@usdoj.gov

Kevin W. Loeffler    kloeffler@lawyer.com

John V. Wachtel    jvwachtel@klendalaw.com, ddscheffe@klendalaw.com

James A. Brown    james.brown2@usdoj.gov, CaseView.ECF@usdoj.gov, Valerie.Myers@usdoj.gov

David M. Rapp    drapp@hinklaw.com, lschneider@hinklaw.com, mcheek@hinklaw.com

Steven Kent Gradert    steve_gradert@fd.org, Jackie_Carter@fd.org, Lorraine_Schroeder@fd.org, Sharon_padgett@fd.org

Sean C. McEnulty    s@mcenultylawfirm.com

Kari S. Schmidt    karis@fcse.net

Timothy J. Henry    tim_henry@fd.org, jackie_carter@fd.org, lorraine_schroeder@fd.org, sharon_padgett@fd.org

Gregory D. Bell    greg@bellandrobinson.com

Roger L. Falk    roger_falk@sbcglobal.net, dee_falk@sbcglobal.net, jamescline2000@gmail.com, pilgrimett@gmail.com

Derek S. Casey    dscasey@twgfirm.com, slfox@twgfirm.com

Mark T. Schoenhofer      mydefensefirst@yahoo.com, jenniferlewilson@yahoo.com

David J. Freund      david_freund@fd.org, Jackie_carter@fd.org, Lorraine_schroeder@fd.org, sharon_padgett@fd.org

James R. Pratt      jim@jamesrprattlaw.com, jim.prattesq@gmail.com

Carl Fredrick A. Maughan      carl@mlglc.com

Aaron L. Smith      aaron.smith3@usdoj.gov, CaseView.ECF@usdoj.gov, Rachael.Adams@usdoj.gov, robin.wilson@usdoj.gov

Christopher S. O'Hara      ohara@oharaohara.com

Edward L. Robinson      erobinson@robinsonlawks.com, mkoci@robinsonlawks.com, yroberts@robinsonlawks.com

Michael J. Shultz      michael@shultzlaw.net, cheryl@shultzlaw.net

Molly M. Gordon      molly.gordon@wichita.edu, belinda.bishop@wichita.edu

Joel Mandelman      jmandelman@yahoo.com, jackie_carter@fd.org, lorraine_schroeder@fd.org, sharon_padgett@fd.org

Jessica M. Burtin      jburtin@hinklaw.com

Chekasha F. Ramsey      che_ramsey@fd.org, cachet_williams@fd.org, jami_krause@fd.org, sandy_schnack@fd.org

**6:12–cr–10089–JTM–2 Notice has been delivered by other means to:**

Fabian Neave(Terminated)
22113–031
COLEMAN II – USP
U.S. Penitentiary
Inmate Mail/Parcels
PO Box 1034
Coleman, FL 33521

Gonzalo Ramirez(Terminated)
22221–031
FLORENCE – USP HIGH
U.S. Penitentiary
Inmate Mail/Parcels
PO Box 7000
Florence, CO 81226

Jason Najera(Terminated)
22114–031
MCCREARY – USP
U.S. Penitentiary

Inmate Mail/Parcels
PO Box 3000
Pine Knot, KY 42635

Pedro Garcia(Terminated)
20432–031
MCCREARY – USP
U.S. Penitentiary
Inmate Mail/Parcels
PO Box 3000
Pine Knot, KY 42635

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | No.   12-CR-10089-JTM-2 |
| | ) | 17-CV-01011-JTM |
| PEDRO GARCIA, | ) | |
| Defendant. | ) | |
| | ) | |

### MOTION FOR EXTENSION OF TIME
### TO FILE RESPONSE TO DEFENDANT'S § 2255 MOTION

COMES NOW the Plaintiff, United States of America, by and through undersigned

counsel, and requests an additional 45 days to respond to the defendant's Motion under

28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody

(Doc. 1157.)  In support of this request, the undersigned shows that Court as follows:

1.  The defendant filed the instant Motion on January 13, 2017.  The government's response

is due on June 30, 2017.

2.  This is the government's **fourth** motion for an extension of time to file its response to

the defendant's motion.

3.  The undersigned will not be able to complete the response by the due date.   The

defendant's pleading alleges at least eleven grounds for relief.  Many of his claims are legally

and factually complex and involve time-consuming legal research and review of the record.  The

record in this case involves a lengthy jury trial, in which the undersigned did not participate, as

well as extensive post-trial litigation.  During the preceding 45 days, counsel has been working

on the response; unfortunately, counsel will not be able to complete it by the due date, as

research on the issues presented has taken much longer than expected, given the voluminous record and fact-intensive nature of the defendant's stated grounds for relief, as well as the press of business in other cases.

4.  The undersigned estimates that he will need an additional 45 days to submit a response that is worthy of this Court's consideration.

5.  Accordingly, counsel requests that the deadline be extended to **August 15, 2017**.

6.  The defendant is in custody and his position on this motion is unknown.

<div style="margin-left: 40%">

Respectfully submitted:
THOMAS E. BEALL
UNITED STATES ATTORNEY

*/s  James A. Brown*
James A. Brown
Assistant United States Attorney
United States Attorney's Office
444 S.E. Quincy Ave., Ste. 290
Topeka, KS  66683
Tel.  785-295-7683
James.Brown2@usdoj.gov

</div>

## CERTIFICATE OF SERVICE

I certify that on the **30th day of June, 2017**, I electronically filed the foregoing pleading with the Clerk of the District Court by using the CM/ECF system, which will transmit a copy to the defendant's last counsel of record.  I further certify that on this date I deposited a filed version of the foregoing in the U.S. Mail, first-class postage prepaid, addressed to:  Mr. Pedro Garcia, No. 20432-031, USP McCreary, P.O. Box 3000, Pine Knot, KY  42635.

<div style="margin-left: 40%">

*s/  James A. Brown*
James A. Brown

</div>

Appellate Case: 17-3266   Document: 30-2   Date Filed: 02/05/2018   Page: 174

```
MIME-Version:1.0
From:KSD_CMECF@ksd.uscourts.gov
To:ksd_nef@localhost.localdomain
Bcc:
--Case Participants: Gregory D. Bell (greg@bellandrobinson.com), Mark L. Bennett, Jr
(clerk@mlbjrlaw.com, mark@mlbjrlaw.com), James A. Brown (caseview.ecf@usdoj.gov,
james.brown2@usdoj.gov, valerie.myers@usdoj.gov), Jessica M. Burtin (jburtin@hinklaw.com),
Derek S. Casey (dscasey@twgfirm.com, slfox@twgfirm.com), Roger L. Falk
(dee_falk@sbcglobal.net, jamescline2000@gmail.com, pilgrimett@gmail.com,
roger_falk@sbcglobal.net), Jay F. Fowler (apollardmeek@foulston.com,
jfowler@foulston.com), David J. Freund (david_freund@fd.org, jackie_carter@fd.org,
lorraine_schroeder@fd.org, sharon_padgett@fd.org), Molly M. Gordon
(molly.gordon@wichita.edu), Steven Kent Gradert (jackie_carter@fd.org,
lorraine_schroeder@fd.org, sgradert@hotmail.com, sharon_padgett@fd.org), Jeff L. Griffith
(jlgriffithlaw@aol.com), Eric A. Hartenstein (eahartenstein@gmail.com), Timothy J. Henry
(jackie_carter@fd.org, lorraine_schroeder@fd.org, sharon_padgett@fd.org,
tim_henry@fd.org), Michael D. Hepperly (mhepperly@aol.com), Kevin W. Loeffler
(kloeffler@lawyer.com), Joel Mandelman (jackie_carter@fd.org, jmandelman@yahoo.com,
lorraine_schroeder@fd.org, sharon_padgett@fd.org), Carl Fredrick A. Maughan
(carl@mlglc.com), Paul S. McCausland (p.mccausland@youngboglelaw.com), Sean C. McEnulty
(s@mcenultylawfirm.com), Robert J. Moody (jelear@martinpringle.com,
kmtate@martinpringle.com, rjmoody@martinpringle.com), David H. Moses
(belinda.bishop@wichita.edu, david.moses@wichita.edu), Charles A. O'Hara
(ohara@oharaohara.com), Christopher S. O'Hara (ohara@oharaohara.com), James R. Pratt
(jim.prattesq@gmail.com, jim@jamesrprattlaw.com), Chekasha F. Ramsey
(cachet_williams@fd.org, che_ramsey@fd.org, jami_krause@fd.org, sandy_schnack@fd.org),
David M. Rapp (drapp@hinklaw.com, lschneider@hinklaw.com, mcheek@hinklaw.com), Edward L.
Robinson (erobinson@robinsonlawks.com, mcalisti@robinsonlawks.com,
mkoci@robinsonlawks.com), Kari S. Schmidt (karis@fcse.net), Mark T. Schoenhofer
(jenniferlewilson@yahoo.com, mydefensefirst@yahoo.com), Mark A. Sevart
(markchrissevart@yahoo.com), Michael J. Shultz (cheryl@shultzlaw.net,
michael@shultzlaw.net), Aaron L. Smith (aaron.smith3@usdoj.gov, caseview.ecf@usdoj.gov,
rachael.adams@usdoj.gov, robin.wilson@usdoj.gov), John V. Wachtel
(ddscheffe@klendalaw.com, jvwachtel@klendalaw.com), Lanny D. Welch
(caseview.ecf@usdoj.gov, lanny.welch@usdoj.gov, robin.wilson@usdoj.gov,
tracy.ballard@usdoj.gov), District Judge J. Thomas Marten (joyce_roach@ksd.uscourts.gov,
ksd_marten_chambers@ksd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:4233022@ksd.uscourts.gov
Subject:Activity in Case 6:12-cr-10089-JTM USA v. Najera et al Order on Motion for
Extension of Time to File Response/Reply
Content–Type: text/html
```

## U.S. District Court

## DISTRICT OF KANSAS

## Notice of Electronic Filing

The following transaction was entered on 6/30/2017 at 12:24 PM CDT and filed on 6/30/2017

| | |
|---|---|
| **Case Name:** | USA v. Najera et al |
| **Case Number:** | 6:12–cr–10089–JTM |
| **Filer:** | |
| **Document Number:** | 1233(No document attached) |

**Docket Text:**
 **ORDER granting [1231] Government's Motion for Extension of Time to File Response as to Pedro Garcia (2). Response deadline now August 15, 2017. Signed by District Judge J. Thomas Marten on 06/30/2017.Mailed to pro se party Pedro Garcia by regular mail (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (kd)**


**6:12–cr–10089–JTM–2 Notice has been electronically mailed to:**

Mark L. Bennett, Jr     mark@mlbjrlaw.com, clerk@mlbjrlaw.com

Jay F. Fowler     jfowler@foulston.com, apollardmeek@foulston.com

Jeff L. Griffith     jlgriffithlaw@aol.com

Eric A. Hartenstein     eahartenstein@gmail.com

Michael D. Hepperly     mhepperly@aol.com

Paul S. McCausland     p.mccausland@youngboglelaw.com

David H. Moses     David.Moses@wichita.edu, belinda.bishop@wichita.edu

Charles A. O'Hara     ohara@oharaohara.com

Mark A. Sevart     markchrissevart@yahoo.com

Lanny D. Welch     lanny.welch@usdoj.gov, CaseView.ECF@usdoj.gov, tracy.ballard@usdoj.gov

Kevin W. Loeffler     kloeffler@lawyer.com

John V. Wachtel     jvwachtel@klendalaw.com, ddscheffe@klendalaw.com

James A. Brown     james.brown2@usdoj.gov, CaseView.ECF@usdoj.gov, Valerie.Myers@usdoj.gov

David M. Rapp     drapp@hinklaw.com, lschneider@hinklaw.com, mcheek@hinklaw.com

Steven Kent Gradert     sgradert@hotmail.com, Jackie_Carter@fd.org, Lorraine_Schroeder@fd.org, Sharon_padgett@fd.org

Sean C. McEnulty     s@mcenultylawfirm.com

Kari S. Schmidt     karis@fcse.net

Timothy J. Henry     tim_henry@fd.org, jackie_carter@fd.org, lorraine_schroeder@fd.org, sharon_padgett@fd.org

Gregory D. Bell     greg@bellandrobinson.com

Roger L. Falk     roger_falk@sbcglobal.net, dee_falk@sbcglobal.net, jamescline2000@gmail.com, pilgrimett@gmail.com

Derek S. Casey    dscasey@twgfirm.com, slfox@twgfirm.com

Mark T. Schoenhofer    mydefensefirst@yahoo.com, jenniferlewilson@yahoo.com

David J. Freund    david_freund@fd.org, Jackie_carter@fd.org, Lorraine_schroeder@fd.org, sharon_padgett@fd.org

James R. Pratt    jim@jamesrprattlaw.com, jim.prattesq@gmail.com

Carl Fredrick A. Maughan    carl@mlglc.com

Aaron L. Smith    aaron.smith3@usdoj.gov, CaseView.ECF@usdoj.gov, Rachael.Adams@usdoj.gov, robin.wilson@usdoj.gov

Christopher S. O'Hara    ohara@oharaohara.com

Edward L. Robinson    erobinson@robinsonlawks.com, mcalisti@robinsonlawks.com, mkoci@robinsonlawks.com

Michael J. Shultz    michael@shultzlaw.net, cheryl@shultzlaw.net

Molly M. Gordon    molly.gordon@wichita.edu

Joel Mandelman    jmandelman@yahoo.com, jackie_carter@fd.org, lorraine_schroeder@fd.org, sharon_padgett@fd.org

Jessica M. Burtin    jburtin@hinklaw.com

Chekasha F. Ramsey    che_ramsey@fd.org, cachet_williams@fd.org, jami_krause@fd.org, sandy_schnack@fd.org

Robert J. Moody    rjmoody@martinpringle.com, jelear@martinpringle.com, kmtate@martinpringle.com

**6:12–cr–10089–JTM–2 Notice has been delivered by other means to:**

Gonzalo Ramirez(Terminated)
22221–031
FLORENCE – USP HIGH
U.S. Penitentiary
Inmate Mail/Parcels
PO Box 7000
Florence, CO 81226

Jason Najera(Terminated)
22114–031
MCCREARY – USP
U.S. Penitentiary
Inmate Mail/Parcels
PO Box 3000
Pine Knot, KY 42635

Pedro Garcia(Terminated)

20432–031
MCCREARY – USP
U.S. Penitentiary
Inmate Mail/Parcels
PO Box 3000
Pine Knot, KY 42635

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-10089-02-JTM |
| | ) | |
| PEDRO GARCIA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO VACATE PURSUANT TO 28 U.S.C. § 2255**

The United States of America, by and through Assistant United States

Attorney James A. Brown, hereby submits its response in opposition to defendant's

Motion to Vacate, Pursuant to 28 U.S.C. § 2255 (Doc. 1157).  The defendant's

motion is without merit, and the Court should deny it.

INTRODUCTION

Habeas relief is reserved for the few persons "whom society has grievously

wronged and for whom belated liberation is little enough compensation." *Faye v.

Noia*, 372 U.S. 391, 440-41 (1963) (other holdings called into question).   Pedro

Garcia is not among these few persons.  Instead, defendant Garcia stands convicted

of gang-inspired violent crimes, including First Degree Murder.

1

The defendant received an exceedingly fair trial.  As the docket and trial transcript reflect, an experienced federal criminal defense counsel, Val Wachtel, offered a robust defense, raising numerous arguments pre-trial and post-trial, vigorously cross-examining adverse witnesses, and presenting evidence on the defendant's behalf.   But the evidence against the defendant, including his own admissions, was substantial, resulting in his convictions for nine violent crimes:

- a racketeering conspiracy;

- one charge of possessing and brandishing a firearm; and

- seven charges of violent crimes in aid of racketeering, including:

   - a murder;

   - a conspiracy to commit murder;

   - an attempted murder;

   - two assaults with a dangerous weapon;

   - discharge of a firearm in furtherance of a crime of violence; and

   - conspiracy to commit an assault with a dangerous weapon.

The Court sentenced defendant Garcia to life imprisonment for the murder convictions, plus a mandatory consecutive term of 32 years for the two 18 U.S.C. § 924(c) convictions.  *See* Doc. 892.

The defendant now raises multiple issues that he claims warrant relief:  (1) prosecutorial misconduct; (2) defective indictment; (3) *Johnson* error; (4)

2

constitutional and jurisdictional defects of the RICO[1] and VICAR[2] statutes; (5)

denial of access to the courts; and (6) ineffective assistance of counsel. The

defendant's arguments do not support the relief he requests. The Tenth Circuit

already heard and rejected defendant's prosecutorial misconduct claim and his

constitutional challenge to VICAR, and this Court has previously addressed his

denial of access to the courts complaint. Except for the ineffective assistance of

counsel claims, the rest of the defendant's claims are procedurally barred. Finally,

the defendant has not shown how his defense counsel was ineffective, and has

utterly failed to show how any alleged ineffectiveness caused him prejudice.

Hence, the Court should deny his motion to vacate.

<div align="center">DISCUSSION</div>

**I.      The defendant cannot re-litigate claims that the Tenth Circuit already decided.**

Federal prisoner habeas corpus practice does not require a federal court to

second-guess itself. Accordingly, when a federal prisoner raises a claim decided

on direct review, he ordinarily cannot later attempt to re-litigate the same claim in

a Section 2255 proceeding. *Withrow v. Williams*, 507 U.S. 680, 720-21 (1993)

(Scalia, J., concurring) (collecting cases). Thus, absent an intervening change in

---

[1] 18 U.S.C. § 1962.

[2] 18 U.S.C. § 1959.

<div align="center">3</div>

circuit law, issues disposed of on direct appeal will not be considered on collateral attack. *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989); *see also, United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994); *United States v. Nolan*, 571 F.2d 528, 530 (10th Cir. 1978). This general rule is an extension of the law-of-the-case doctrine to the federal-prisoner habeas context. "The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *See United States v. Alvarez*, 142 F.3d 1243, 1247 (10th Cir. 1998). Therefore, a direct-appeal decision rejecting a claim will preclude the defendant from obtaining a merits review of the same claim under Section 2255. The Tenth Circuit's rulings on the defendant's direct appeal constitute binding law of the case, *id.*, and this Court should not allow the defendant to re-litigate claims he lost on direct appeal.

A.    **The Tenth Circuit rejected the defendant's *Brady* and *Napue* claims.**

In the direct appeal of his convictions, the defendant raised the identical claims of prosecutorial misconduct that he raises again on collateral attack. *See United States v. Garcia*, 793 F.3d 1194 (10th Cir. 2015). The defendant claimed that he was entitled to a new trial because the government, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), failed to disclose promises made to key prosecution witness Worthey, and because the government put on false evidence at trial in violation of *Napue v. Illinois*, 360 U.S. 264 (1959). *See Garcia*, 793 F.3d at 1199,

4

1203-09.  The Tenth Circuit held that there was no *Brady* violation because the suppressed evidence was not material.  *Id*. at 1205-1207.  Similarly, the Tenth Circuit rejected the defendant's *Napue* challenge.  *Id*. at 1207-09.  Consequently, the defendant cannot re-litigate his *Brady* and *Napue* claims in his current § 2255 motion.  The Court should summarily deny these claims.

**B.**     **The Tenth Circuit rejected the defendant's constitutional challenge to the VICAR statute.**

The defendant raised an as-applied challenge to the VICAR statute in his direct appeal.  *See id*. at 1211.  The Tenth Circuit rejected the defendant's challenge because it was "based on a false factual premise."  *Id.*  Specifically, the defendant claimed that, as applied, the VICAR statute violated the Commerce Clause because the murder and other violent crimes had no effect on interstate commerce, were non-commercial in nature, and were unrelated to organized interstate trafficking efforts in drugs or other contraband.  *Id*.  The Tenth Circuit held that the racketeering enterprise in which the defendant was involved did have a commercial component – drug trafficking.  *Id*.  Hence, the defendant cannot re-litigate in a § 2255 motion his as-applied challenge to the VICAR statute; instead, the Court should summarily deny this challenge.

**II.**    **The defendant cannot re-litigate claims that this Court already decided.**

Similarly, the defendant should not be allowed to re-litigate his claim that he is being denied access to the courts.  In three prior motions, defendant Garcia

5

requested access to discovery, access to transcripts, and appointment of counsel. *See* Doc. 1090, 1092, 1093.   This Court granted the defendant access to the requested transcripts, making his current claim for transcripts moot. *See United States v. Garcia*, 2016 WL 4398972 *2 (D. Kan. Aug. 18, 2016).  In the same Memorandum and Order, this Court denied the defendant's request for discovery, which would have required the Court to lift a Protective Order. *See id*. at **1-2. Finally, this Court denied the defendant's request for appointment of counsel. *See id*. at *2.  Therefore, the defendant should not be allowed to re-litigate his discovery and counsel requests in his § 2255 motion.  The proper procedure for challenging the Court's prior ruling would have been a timely filed Motion for Reconsideration.  A § 2255 motion is not a substitute for such a motion.

Moreover, standing to assert a constitutional claim of being denied access to the courts requires the defendant to "go one step further" and demonstrate an actual injury, namely that the alleged lack of access has hindered his efforts to pursue a non-frivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349-51 (1996).  The defendant has no constitutionally protected right to be provided materials sufficient to research the possibility of any claim that might still be available, nor does the right of access to the courts encompass his argument for access to materials that would allow him to more effectively litigate his § 2255 motion. *Id*. at 354.  Having shown no actual injury, the defendant is not entitled to the relief requested.

**III.   Three of defendant's claims have been procedurally defaulted.**

Failure to raise an issue either at trial or on direct appeal imposes a procedural bar to habeas review.  *See United States v. Frady*, 456 U.S. 152, 167-68 (1982); *United States v. Barajas-Diaz*, 313 F.3d 1242, 1245 (10th Cir. 2002).  The *Frady* procedural bar is applicable and applies when defendants fail to raise an issue on direct appeal, even if they raised the issue at trial.  *See, e.g., United States v. Cervini,* 379 F.3d 987,990 (10th Cir. 2004); *Barajas-Diaz*, 313 F.3d at 1245; *United States v. Khan*, 835 F.2d 749 (10th Cir. 1987).

The procedural default doctrine reflects the "general rule" that "claims not raised on direct appeal may not be raised on collateral review." *Massaro v. United States*, 538 U.S. 500, 504 (2003).  The doctrine of procedural default is a stricter, collateral-review analog to the plain-error standard.  The doctrine is neither a statutory nor a constitutional requirement, but a judge-made rule "adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Id*.

The defendant procedurally defaulted three claims, and he has offered no valid excuse for his procedural default, nor has he even attempted to show actual prejudice.  Therefore, the Court must deny the defendant's motion to vacate on these bases.

**A.      The claimed defect in Count 9 should have been raised pre-trial.**

The defendant claims that Count 9, which charged the defendant with a violation of 18 U.S.C. § 924(c), is defective because the underlying felony is a state, rather than a federal crime.  Although the defendant couches his argument as a lack of jurisdiction, it is actually an argument that Count 9 of the indictment fails to state an offense.  Such an argument must be made pre-trial.  *See* Fed. R. Crim. P. 12(b)(3)(B)(v).  Failure to make such an argument pre-trial makes it untimely, and the Court can only hear it if the party shows good cause for the delay in raising the argument.  *See* Fed. R. Crim. P. 12(c)(3).  The defendant has not shown good cause for his delay in raising his claim that Count 9 of the indictment is defective for failing to state an offense.  Nor has he shown a reason for failing to raise this issue on direct appeal.  Consequently, this argument is barred by double procedural default.

But even assuming the defendant's claim was timely, or its untimeliness was excused for good cause, or it was not barred by procedural default, the defendant's claim is without merit.  Count 9 of the indictment charged as follows:

> On or about June 8, 2009, in the District of Kansas,
> **PEDRO GARCIA** [and others] . . . did knowingly
> possess firearms and brandish firearms, in furtherance of
> a crime of violence for which they may be prosecuted in
> a court of the United States, to wit:  18 U.S.C. § 1951 and
> 18 U.S.C. § 1959, referencing Aggravated Robbery, in
> violation of Kan.. Stat. Ann. § 21-5420(b)(1) (formerly §

8

21-3427).  In violation of Title 18, United States Code, Section 924(c)(1)(A) and Section 2.

Doc.1 at pp. 13-14.   The defendant's argument apparently rests on the reference to the Kansas state crime of aggravated robbery.  The defendant misinterprets the charge in Count 9.  Count 9 properly charges a federal crime, namely interference with commerce by threats or violence (18 U.S.C. § 1951), which includes robbery, and violent crimes in aid of racketeering (18 U.S.C. § 1959), which incorporates violations of state laws.  Thus, Count 9 is not defective for failing to state a claim.

The Court should deny this claim as both procedurally defaulted and without merit.

**B.    The constitutional claims against the RICO and VICAR statutes, to the extent not raised on direct appeal, should have been.**

The defendant raises a claim that the RICO and VICAR statutes are unconstitutionally vague on their face.  Because the defendant failed to raise this "facially unconstitutional" issue before the district court or the Tenth Circuit, it is doubly procedurally barred.

Even assuming the defendant's argument is not procedurally barred, it is without merit.  Facial challenges to statutes are reserved for those statutes that affect First Amendment rights.  *See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494-95 (1982); *United States v. Jackson*, 968

9

F.2d 158, 161 (2d Cir. 1992). The RICO and VICAR statutes do not affect the defendant's First Amendment rights.

The defendant also raises a claim that RICO is unconstitutional as applied. The defendant failed to raise this specific issue in his direct appeal, but raised analogous claims that were decided against him. Again, failure to raise the issue on direct appeal means it is now procedurally barred.

But even assuming the defendant's argument is not procedurally barred, it, too, is without merit. The defendant argues that he was engaged in personal drug activity, not in an enterprise that affected interstate commerce. The Tenth Circuit rejected this argument, which the defendant made on direct appeal regarding the VICAR charges and the RICO jury instructions. *See Garcia*, 793 F.3d 1209-11. Specifically, the Tenth Circuit found that there was evidence that some of the drug trafficking "was interstate in character: members of the gang sent money to California for drugs and sold drugs mailed from California." *Id*. at 1211. And, the Tenth Circuit found that the enterprise did have a commercial component – namely, drug trafficking. *See id*.

Finally, the defendant raises a broad claim that jurisdiction is lacking because the legislative premise upon which federal jurisdiction is founded is flawed. District judges always have subject matter jurisdiction based on any indictment purporting to charge a violation of federal criminal law. *United States*

10

*v. Bjorkman*, 270 F.3d 482, 490-91 (7th Cir. 2000); 18 U.S.C. § 3231. The indictment in this case properly charged violations of federal criminal law; therefore, jurisdiction was not lacking.

The Court can deny the defendant's claims as procedurally barred and without merit.

## C.   The defendant's claim of instructional error is barred.

The defendant contends that the jury was instructed that murder is a crime of violence, which he now apparently claims was error under *Johnson v. United States*, 135 S. Ct. 2551 (2015) (*Johnson II*). *Johnson II* did not concern jury instructions. Instead, *Johnson II* was about the residual clause found in 18 U.S.C. § 924(e)(2)(B)(ii), which creates a mandatory minimum of 15 years for defendants with three prior violent felony convictions. *Johnson II* held that the residual clause was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2556-57.[3]

Whether or not *Johnson* applies to jury instructions, the time to raise error in jury instructions was, at a minimum, on direct appeal. The defendant did not raise

---

[3]  To the extent the defendant is attempting to raise a *Johnson II* challenge to his sentence, U.S.S.G. § 4B1.1 was discussed in the Presentence Report, but not applied, because the murder charges for which the defendant was convicted (Counts 2-5) carried a life sentence. *See* Doc. 871, ¶ 103. Additionally, the Supreme Court recently held that *Johnson II* did not extend to the Sentencing Guidelines. *See Beckles v. United States*, 137 S. Ct. 886, 895 (2017).

11

a claim of error as to Instruction 41 on direct appeal. Therefore, his claim of instructional error is procedurally barred.

Additionally, the district court did not commit error in instructing the jury that murder is a crime of violence. Under Kansas law, murder in the first degree is defined as a killing of a human being intentionally and with premeditation. Kan. Stat. Ann. § 5402(a)(1). The jury returned a special verdict, finding the defendant had committed first degree murder. *See* Doc. 826. The defendant offers no rationale for his general conclusion that murder is not a crime of violence. Shooting a person in the back is certainly a crime of violence, and that is one of the crimes of violence for which the defendant stands convicted.

**D.     The defendant has not shown cause or prejudice excusing his procedural defaults.**

Because the defendant procedurally defaulted the above-discussed claims, he must show cause and prejudice to escape that default. The cause and prejudice standard imposes a "significantly higher hurdle" than the plain-error standard of Federal Rule of Criminal Procedure 52 and *United States v. Olano*, 507 U.S. 725 (1993). *See Frady*, 456 U.S. at 166. Although procedural default can be excused by ineffective assistance of counsel, *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986), the defendant offers no real support for such a claim, which he simply states in general fashion, *i.e.,* if the issues should have been raised below or on

12

direct appeal, the default is because of ineffective assistance of counsel. *See* Doc.

1157 at p. 14-15.

But more importantly, the defendant has not even attempted to show actual

prejudice. "Actual prejudice" requires more than the mere possibility of prejudice:

it requires a showing that the alleged error "worked to [defendant's] *actual* and

substantial disadvantage." *Frady*, 456 U.S. at 170. The defendant cannot meet

such a high hurdle, which is greater than the hurdle of establishing plain error. *Id.*

at 166. None of his procedurally barred claims has merit. Consequently, counsel's

alleged failure to raise these issues cannot meet the actual prejudice standard.

**V.     The defendant's ineffective assistance of counsel claims are without
         merit.**

The defendant's motion contains a litany of trial counsel's alleged errors and

omissions, untethered to any claim or showing of prejudice. Indeed, defendant's

motion fails to discuss, let alone apply, the *Strickland* standards to explain how any

of the grounds he raises would entitle him to relief. Therefore, the government

will begin with the relevant standards and then address the defendant's claims in

light of those standards.

**A.     The *Strickland* Standard**

Thirty years ago, the Supreme Court established standards for analyzing

claims of ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S.

668 (1984). In *Strickland*, the Supreme Court set forth the now familiar two-part

test governing ineffective assistance of counsel claims.  Specifically, a defendant claiming his counsel was ineffective must demonstrate that (1) the representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance prejudiced the defense.  *Id*. at 688-89.  A defendant has the burden of proving the deficiency and prejudice prongs of the *Strickland* standard.  *See Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).  Failure to establish either prong of the *Strickland* standard will result in a denial of a defendant's Sixth Amendment claim.  *Strickland*, 466 U.S. at 696.

The first prong, the deficiency component, requires a showing that trial counsel committed errors that were so deficient that the performance failed to meet the standard of "counsel" required under the Sixth Amendment.  *Id*. at 687.  The defendant must show "that counsel made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*.  Counsel's performance must fall below an objective standard of reasonableness under prevailing professional norms.  *Id*. at 687-88.  While "[j]udicial scrutiny of counsel's performance must be highly deferential," *id*. at 689, the Court remains cognizant of the fact that a defendant is entitled to "the 'exercise' [of] the skill, judgment and diligence of a reasonably competent defense attorney."  *United States v. Burney,* 756 F.2d 787, 790 (10th Cir. 1985), *quoting*

14

*Dyer v. Crisp,* 613 F.2d 275, 279 (10th Cir. 1980) (*en banc*).  The Court evaluates

counsel's performance from counsel's "perspective at the time of that performance,

considered in light of all the circumstances."  *Median v. Barnes*, 71 F.3d 363, 368

(10th Cir. 1995).   Because of the distorting effect of  hindsight, and because trial

strategies necessarily evolve without the benefit of hindsight, a reviewing court

must exercise care in determining whether counsel's actions fall below an

objective standard of reasonableness.

> Judicial scrutiny of counsel's performance must be
> highly deferential.  It is all too tempting for a defendant
> to second-guess counsel's assistance after conviction or
> adverse sentence, and it is all too easy for a court,
> examining counsel's defense after it has proved
> unsuccessful, to conclude that a particular act or omission
> of counsel was unreasonable . . . .  Because of the
> difficulties inherent in making the evaluation, a court
> must indulge a strong presumption that counsel's conduct
> falls within the wide range of reasonable professional
> assistance; that is, the defendant must overcome the
> presumption that, under the circumstances, the
> challenged action "might be a considered sound trial
> strategy."

*Strickland*, 466 U.S. at 689-70 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101

(1955)).

The second prong of the *Strickland* test, the prejudice component, demands

proof that there is a "reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different."  *Strickland*, 466

15

U.S. at 694.  Reasonable probability is defined as "probability sufficient to undermine confidence in the outcome."  *Id*.

> It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.  Virtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding.

*Id*. at 693.  Any analysis of prejudice must take into account the strength of the government's case.  *See United States v. Rivera*, 900 F.2d 1462, 1474 (10th Cir. 1990).  The Supreme Court observed that it often may be easier to dispose of an ineffectiveness claim for lack of prejudice than to determine whether the alleged errors were legally deficient.  *Strickland*, 466 U.S. at 697.

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  *Id*. at 686.  Stated another way:  "The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect."  *Kimmelman*, 477 U.S. at 374.  The defendant's motion completely misses the mark in terms of any showing of prejudice, let alone prejudice to this extreme.

In a habeas proceeding, the defendant has the burden to demonstrate that his counsel performed deficiently. *See Beeler v. Crouse*, 332 F.2d 783, 783 (10th Cir. 1964) ("Habeas corpus is a civil proceeding and the burden is on the petitioner to show by a preponderance of the evidence that he is entitled to relief."). This means that the defendant has the burden to allege facts that would entitle him to relief upon proof. *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *overruled on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001) (*en banc*). Most importantly, "the allegations must be specific and particularized, not general or conclusory." *Id.*; *see also United States v. Quarterman*, 242 F.3d 392, *2 n.3 (10th Cir. 2000) (table) (noting, in considering petitioner's unsupported § 2255 claim: "Despite [petitioner's pro se status, this court will not sift through her brief in an attempt to construct legal argument or theories for her . . . .") (citing *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)).

**B.      The defendant has offered no showing of actual prejudice or a reasonable probability of prejudice.**

Although the defendant lists numerous acts and omissions by counsel, he neither discusses nor offers any showing that these claimed acts and omissions caused him to suffer actual prejudice or a reasonable probability of prejudice. Instead, the defendant wants the Court to speculate as to how the alleged ineffective acts and omissions actually compromised the reliability of the outcome

of the proceeding.  If vague and conclusory statements of prejudice are insufficient, *see Stafford v. Saffle*, 34 F.3d 1557, 1564-65 (10th Cir. 1994), no statements of prejudice are clearly insufficient to warrant relief.

The government suggests that the defendant's motions can be disposed of on the prejudice prong alone.  *See United States v. Haddock*, 12 F.3d 950, 955 (10th Cir. 1994) (rejecting defendant's claims of ineffectiveness for lack of prejudice).  Even if the defendant was able to show deficiencies (which he cannot), he has not shown how the deficiencies allegedly prejudiced him.  Based on the evidence presented at trial,[4] there is simply no reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different.

## C.    The defendant has failed to prove his counsel was ineffective.

The defendant's motion contains little information from which the Court or the government can discern why any or omission was ineffective, or why it was prejudicial.  Nevertheless, the government will attempt to address the acts and omissions he alleges made counsel ineffective.  In this case, the various alleged

---

[4]  Rather than recounting that evidence here, the government asks the Court to refer to the facts in the Tenth Circuit's opinion on direct appeal.  *See Garcia*, 793 F.3d at 1199-1202.

attorney errors were harmless, not prejudicial.  *See Strickland*, 466 U.S. at 694.  As

the Tenth Circuit has cautioned:

> Repentance born of a failed trial or sentencing strategy
> can often be turned against defense counsel.  We
> recognize that such criticism is often converted into a
> challenge asserting inadequate assistance.  Thus we look
> for genuine – rather than perceived –  ineffectiveness of
> counsel.

*Rogers v. United States*, 91 F.3d 1388, 1392 (10th Cir. 1996).  Consequently –

> Absent the incompetence of counsel or some other
> exceptional circumstance, a defendant will be bound by
> the decisions of his counsel.  Mistakes of judgment on
> the part of counsel, or mistakes of tactics, strategy or
> policy in the course of a criminal trial do not constitute
> grounds for a later collateral attack pursuant to Section
> 2255.

*United States v. Nolan*, 571 F.2d 528, 534 (10th Cir 1978).  The defendant's claims

are perceived, not genuine inadequacies, and he has not shown counsel to be

incompetent.  The government will briefly address each of the defendant's

ineffectiveness claims.

    **1.    Counsel failed to investigate the fragmented projectile recovered from Peralta's body.**

The defendant first contends that defense counsel failed to investigate

whether the fragmented projectile recovered from the murder victim's (Peralta's)

body came from a 9 millimeter weapon.  In support of this claim, the defendant

states that no murder weapon was introduced into evidence, and that it was merely

implied that a 9 millimeter firearm was used to murder Peralta.  The defendant

further argues that if the bullet was not a 9 millimeter, other defense strategies

would have been available.   But the defendant points to no such alternative

defense strategies.  And, the defendant fails to identify any fact which counsel

should have, but did not, glean, which if properly developed would have affected

the outcome of the proceedings.  *See United States v. Green*, 882 F.2d 999, 1008

(5th Cir. 1989) ("A defendant who alleges a failure to investigate on the part of his

counsel must allege with specificity what the investigation would have revealed

and how it would have altered the outcome of the trial.").

"[A]n attorney who makes a strategic choice to channel his investigation into

fewer than all plausible lines of defense is effective so long as the assumptions

upon which he bases his strategy are reasonable and his choices on the basis of

those assumptions are reasonable."  *United States v. Glick*, 710 F.2d 639, 644 (10th

Cir. 1983).  Counsel is even allowed to make a reasonable decision that

investigation is unnecessary.  *See Wallace v. Ward*, 191 F.3d 1235, 1247 (10th Cir.

1999).

The defendant has not made a sufficient showing to warrant a finding of

ineffectiveness on the alleged failure to investigate the fragmented bullet found in

his victim.  Moreover, given the evidence, the type of weapon used was not at

issue.  It was undisputed that all of the shell casings at the scene were 9 millimeter.

20

Doc. 986, pp. 231-33.  Added to this evidence was the testimony from the multiple witnesses to the murder (*e.g.*, co-defendants Anthony Wright, Russell Worthey), and defendant's confessions to others about his murdering Peralta (*e.g.*, to Joe Galindo, and to co-defendant Fabian Neave).  *See Garcia*, 793 F.3d at 1200-02. Accordingly, it is difficult to understand how an investigation into the bullet fragment would have yielded anything helpful to the defense.  Indeed, defendant told co-defendant Fabian Neave that he used a TEC 9 (a 9 millimeter firearm) to murder Peralta.  Doc. 995, 1381, 1431-32.  Defense counsel was not ineffective for choosing to investigate fruitful lines of defense, as opposed to unfruitful lines of defense.  The Court should reject this claim of ineffectiveness.

> **2.     Counsel should have called Angelica Flores and Eusebio Sierra as witnesses.**

The defendant next contends that counsel was ineffective for failing to call two rebuttal witnesses, Angelica Flores and Eusebio Sierra.  The defendant does not indicate what each of these witnesses would have offered in testimony, making his allegation insufficient to prove his proposition of ineffectiveness.  Instead, the defendant relies on a general statement that both of these witnesses could have refuted a small part of co-defendant Fabian Neave's testimony.  Moreover, the defendant offers no explanation of how such refutations would have caused the result of the proceedings to be different.

21

The defendant first asserts that Angelica Flores, his girlfriend, would have refuted Neave's testimony that the defendant gave the murder weapon to Flores for disposal.  Even if she could have done so, this refutation would not undermine the other testimony that the gang had access to 9 millimeter weapons, or defendant's admissions of shooting Peralta with a TEC 9.  *See* Doc. 997 at pp. 1531-34 (Rodriguez testified that he sold a MAC 11 to co-defendant Ramirez); Doc. 991 at pp. 847-50 (Jesus Flores testified that Garcia had a MAC 11, which belonged to the gang, and was a semiautomatic handgun that fired 9 millimeter ammunition); Doc. 995 at p. 1381 (Garcia's confession to Neave that he used a TEC 9 to shoot Peralta).  Nor would it undermine other testimony that Flores had a firearm.  *See id.* at 1538-40 (Timothy Quinn testifies that Angelica Flores brought him a MAC 11 to hold onto).  Calling Angelica Flores could have been a disastrous strategy, as well, given that defendant could have made many admissions to his girlfriend, which the government would have been entitled to explore on cross-examination. Finally, Angelica Flores could have asserted her Fifth Amendment right not to incriminate herself, making it impossible for the defense to call her as a witness.

The defendant next asserts that Eusebio Sierra could refute Neave's testimony that the defendant obtained drugs from California.  But the defendant does not explain how such contrary evidence would have helped his defense. Factually, aside from Neave, multiple witnesses testified about the gang's drug

trafficking and its possession or use of firearms that had moved in interstate commerce.[5]   Legally, drug trafficking alone satisfies the jurisdictional interstate commerce requirement of VICAR.  *See, e.g., United States v. Feliciano*, 223 F.3d 102, 119 (2d Cir. 2000); *accord*, *United States v. Crenshaw*, 359 F.3d 977, 986 (8th Cir. 2004) (well established that drug trafficking has a sufficient effect on interstate commerce); *United States v. Smith*, 413 F.3d 1253, 1273-74 (10th Cir. 2005) (street gang engaged in drug trafficking and robberies of drug dealers); *United States v. Tucker*, 90 F.3d 1135, 1140 (6th Cir. 1996) (drug trafficking is an economic enterprise that affects interstate commerce in numerous clear ways).

Calling Eusebio Sierra may have been problematic for the defense. According to Galindo's testimony, Eusebio Sierra-Medrano was a gang member who trafficked in methamphetamine, and who sent proceeds to Porterville, California, for drugs.  *See* Doc. 990 at 696-700.  Consequently, Sierra-Medrano

---

[5] Drug trafficking:  Doc. 986 at p. 107 (Officer Webb's testimony that gang members trafficked in methamphetamine, cocaine, marijuana); Doc. 989 at pp. 581-83 (co-defendant Worthey's testimony that gang members distributed drugs); Doc. 988 at pp. 393-94, 425-26, 445-46 (co-defendant Wright's testimony that defendant supplied him with methamphetamine to sell and other gang members sold narcotics); Doc. 991 at pp. 845-48 (Jesus Flores' testimony about supplying Ramirez and Garcia with methamphetamine); Doc. 996 at pp.1480-83 (Kendra Owens' testimony that Garcia trafficked methamphetamine); Doc. 994 at pp. 1196-98 (Juan Torres' testimony that gang members distributed methamphetamine. Firearms:  Doc. 996 at pp. 1457-63, 1493-94 (SKS rifled found at gang residence); *id.* at pp. 1509-11; Doc. 997 at pp. 1558-60 (defendant in possession of a Mossberg shotgun); Doc. 996 at pp. 1497, 1502; Doc. 997 at pp. 1629-31 (firearms in Eusebio Sierra-Medrano's residence).

23

could have asserted his Fifth Amendment right not to incriminate himself, or the government could have elicited more incriminating information against the defendant when it cross-examined Eusebio Sierra-Medrano.

Defense counsel did call witnesses. Whether to call a particular witness is a tactical decision and, thus, a matter of discretion for trial counsel. *See United States v. Miller*, 643 F.2d 713, 714 (10th Cir. 1981); *see also, Brecheen v. Reynolds*, 41 F.3d 1343, 1369 (10th Cir. 1994) (even counsel's choice to not present mitigating evidence at a capital sentencing is a tactical choice federal courts do not second guess). Failure to present witness testimony which would have been of limited probative value is not ineffectiveness. *See Medina v. Barnes*, 71 F.3d 363, 367 (10th Cir. 1995) (rejecting similar claim of ineffectiveness). The defendant has not shown that these two witnesses were available to testify, given their Fifth Amendment privileges, nor that these two witnesses would have provided testimony that could have refuted all of the testimony of the many witnesses who offered compelling and corroborated evidence against the defendant. The Court should deny this ineffectiveness claim.

**3.     Counsel failed to object to Fabian Neave's testimony about defendant's statements during pre-trial detention.**

The defendant next argues that counsel was ineffective when he did not object to co-defendant Neave's testimony about his admissions in their jailhouse conversations. "Mere failure to object to evidence does not render an attorney

24

ineffective." *Yarrington v. Davies*, 992 F.2d 1077, 1080 (10th Cir. 1993).

Defendant's admissions were proper evidence under Federal Rule of Evidence

801(d)(2)(A), and the defendant does not identify any basis for defense counsel to

object to this evidence, nor any basis for the district court to sustain an objection.

Failure to object to this testimony did not make defense counsel ineffective.

Additionally, citing to *Massiah v. United* States, 377 U.S. 201 (1964), and

*United States v. Henry*, 447 U.S. 264 (1980), the defendant contends that defense

counsel should have questioned whether Neave was working for law enforcement

and whether Neave was instructed to elicit the information. *Massiah* and *Henry*

are cases involving a government agent deliberately eliciting statements from a

represented defendant, in violation of his Sixth Amendment right to counsel.  But

when statements by a represented defendant are made to an individual who is not

an agent for the government, although he may be a government informant, no Sixth

Amendment violation occurs, not even when the statements are deliberately

elicited. *See United States v. Taylor*, 800 F.2d 1012, 1015 (10th Cir. 1986).  There

is no evidence in the record, and the defendant points to no evidence in the record,

that Neave was working as a government agent.  Therefore, while counsel could

have asked the questions defendant now poses, Neave would have answered "no,"

making the inquiries fruitless.   The Court should reject this ineffectiveness claim.

25

**4.     Counsel failed to object to, or ask for limiting instructions regarding, repeated testimony that defendant had been in prison previously and during trial.**

Related to his last claim, the defendant also argues that his counsel was ineffective for failing to object to "repeated" testimony about the defendant's being in prison.  The defendant does not identify the "repeated testimony" from the record, nor does he identify the prejudice resulting from this testimony.  A review of the record indicates that testimony about the defendant's being in jail was a very limited part of the testimony, occurring five times.  *See* Doc. 995 at pp. 1380, 1391, 1424 (Neave's testimony); Doc. 997 at pp. 1563-64 (ATF Agent Gravatt's testimony); *id.* at p. 1639 (Officer Webb's testimony).  When eliciting testimony about statements a defendant has made, the context, including place and time, are essential foundational facts.  Thus, the fact that defendant was in jail awaiting trial was necessary to explain when and where he spoke to co-defendant Fabian Neave.  Defense counsel elicited this same information in an effort to establish when the incriminating conversations with Neave occurred.  *Id*. at 1424.   The Sixth Amendment does not guarantee an errorless trial, and prevailing professional norms do not require perfection at trial.  *See Denton v. Ricketts*, 791 F.2d 824, 828 (10th Cir. 1986); *Yarrington*, 992 F.2d at 1080 ("Mere failure to object to evidence does not render an attorney ineffective.").   Failure to object to this limited testimony did not make defense counsel ineffective, and given the substantial

26

evidence against the defendant, the defendant cannot sustain a claim of prejudicial effect.  The Court should reject this ineffectiveness claim.

5.      **Counsel failed to raise the *Napue* argument in a Motion for New Trial and on direct appeal.**

The defendant argues that counsel was ineffective for failing to raise the *Napue* argument.  This argument is based on a mistaken premise.  Defense counsel did raise a *Napue* argument in a Reply regarding the defendant's New Trial Motion.  *See* Doc. 934.  Additionally, co-defendant Ramirez raised the *Napue* argument, in which the defendant joined.  *See* Doc. 1005, 1013.  Finally, the *Napue* argument was raised on direct appeal and decided against the defendant.  *See discussion supra*, pp. 4-5.  Because the basis for this ineffectiveness claim is factually incorrect, the Court should find it meritless.

6.      **Counsel failed to raise insufficiency of the evidence challenge to enterprise, pattern of racketeering activity, and interstate commerce elements of VICAR and RICO.**

The defendant's last argument is that defense counsel was ineffective for failing to raise a sufficiency of the evidence challenge.  Again, the defendant is misremembering what his defense counsel did.  Defense counsel challenged the sufficiency of the evidence as to the enterprise, pattern of racketeering activity, and interstate commerce elements of VICAR and RICO in the oral motions for judgment of acquittal at the end of the government's case-in-chief.  *See* Doc. 998 at pp. 1665-69 (defense counsel adopts sufficiency arguments made by Federal

Public Defender).  Furthermore, defense counsel hired and presented an expert witness at trial to refute the interstate commerce element.  *See* Doc. 998 at 1671-1721.  The Court should reject this claim as factually inaccurate.

**D.     Defendant has failed to make out a case for ineffective assistance of counsel.**

The strong presumption that counsel provided effective assistance easily overcomes the defendant's alleged failures.  Countless ways exist to provide effective legal assistance in any given case.  *See United States v. Maxwell*, 966 F.2d 545, 548 (10th Cir. 1992).  As the Supreme Court stated, "the best criminal defense attorneys would not defend a particular client in the same way." *Strickland*, 466 U.S. at 689.  Considering all the circumstances, the Court should have no trouble finding that counsel's performance was both reasonable and effective, and that it fell within the wide range of acceptable professional assistance.  Furthermore, the Court can easily find that the defendant suffered no prejudice from any or all of the alleged claims of ineffectiveness, especially since he identified none.

<div style="text-align:center">CONCLUSION</div>

The Court should deny defendant's § 2255 Motion.

<div style="text-align:center">28</div>

Respectfully submitted,

THOMAS E. BEALL
United States Attorney

/s/ James A. Brown
James A. Brown #14254
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2017, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system.  I hereby certify that I

mailed the document by U.S. mail, postage prepaid, to the defendant, who is a non-

filing user:

Pedro C. Garcia, No. 20432-031
USP McCreary
P.O. Box 3000
Pine Knot, KY   42635

/s/ James A. Brown
James A. Brown #14254
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

      vs.                           Case No. 12-10089-02-JTM

PEDRO C. GARCIA,

      Defendant.

MEMORANDUM AND ORDER

Following a jury trial, defendant Pedro Garcia was convicted of participating in a racketeering conspiracy, and numerous crimes in support of the conspiracy, including first degree murder, attempted murder, conspiracy to commit murder, and assault with a dangerous weapon. The court sentenced Garcia to life imprisonment for the murder convictions, with an added mandatory consecutive term of 32 years to life for two firearms convictions pursuant to 18 U.S.C. § 924(c). Defendant's conviction and sentence were affirmed on appeal.

Garcia now seeks relief under 28 U.S.C. § 2255, arguing that the government committed misconduct, that his sentence was illegal under *Johnson v. United States*, the statutes of conviction were unconstitutional, that he was denied access to the courts, and

that his counsel was ineffective. The court has reviewed the record of the proceedings and briefs of the parties, and finds that defendant's motion for relief should be denied.

The defendant's arguments of prosecutorial misconduct, charging the government failed to disclose promises to its witnesses and relied on false evidence substantially replicate claims that were advanced to, and rejected by the Tenth Circuit in the direct appeal. *United States v. Garcia*, 793 F.3d 1194, 1205-09 (10th Cir. 2015). This conclusion forecloses consideration of the same arguments by collateral attack. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994). This is equally true for Garcia's as-applied constitutional argument relating to the VICAR statute, which the Tenth Circuit considered and rejected. *Id.* at 1211.

Defendant's arguments claiming he was deprived of access to the courts have also previously been addressed. Garcia has previously sought discovery, requested transcripts, and applied for appointment of counsel. (Dkt. Nos. 1090, 1092, 1093). This court granted defendant access to transcripts and denied other relief. *See United States v. Garcia*, 2016 WL 4398972 *2 (D. Kan. Aug. 18, 2016). If defendant wished to challenge the denial, the proper vehicle was a timely motion for reconsideration rather than a collateral proceeding. Further, the defendant has failed to make any credible showing of actual injury of a hampering of his ability to present non-frivolous legal claims. *See Lewis v. Casey*, 518 U.S. 343, 349-51 (1996).

The defendant does present some claims which have not been previously advanced: an alleged defect in Count 9 charging a violation of 18 U.S.C. § 924(c), additional arguments

2

relating to the RICO and VICAR statutes, and instructional error. However, the court finds that each of these claims is subject to procedural default because they should have been presented either at trial or on direct appeal. *See United States v. Barajas-Diaz*, 313 F.3d 1242, 1245 (10th Cir. 2002).

With respect to Count 9, which defendant argues was defective because the underlying crime was allegedly a state rather than a federal crime, the claim is procedurally defaulted because defendant has failed to show any good rationale for failing to raise the argument at the time of trial. Moreover, the argument is without merit. Count 9 charges the federal crimes of interference with commerce by threats of violence  (18 U.S.C. § 1951), as well as robbery and violent crimes in aid of racketeering (18 U.S.C. § 1959). Section 1959 specifically prohibits such violent racketeering activity "in violation of the laws of any State or the United States." Count 9 properly charged the defendant.

Defendant now argues that RICO and VICAR are unconstitutionally vague on their face, and that RICO is unconstitutional as applied in his case. The defendant presents no valid reason for failing to present such claims in conjunction with his as-applied challenge on direct appeal, and the claims are therefore procedurally barred. Even if they were not, the facial validity claim lacks merit. Challenges to the facial validity of statutes are considered only for laws affecting First Amendment rights, s*ee Village of Hoffman Estates v. Flipside, Hoffman Estates*, 455 U.S. 489, 494-95 (1982), which RICO and VICAR do not. Similarly, the defendant's argument that the RICO statute was unconstitutional as applied to him because he was engaged in personal drug activity lacks any underlying merit, even

3

if it were not defaulted. The Tenth Circuit rejected this exact argument in the direct appeal, advanced with respect to the VICAR charges and the RICO jury instruction, stressing evidence that some of the conspiracy's activities involved exchanging drugs and money with confederates in California, and further concluding that the enterprise was commercial in nature. *See Garcia*, 793 F.3d 1209-11. Such conclusions are fatal to defendant's present RICO argument. The indictment charged violations of federal law, and the court accordingly had jurisdiction to address the charges against the defendant. *See United States v. Bjorkman*, 270 F.3d 482, 490-91 (7th Cir. 2000).

Citing *Johnson v. United States*, 135 S. Ct. 2551 (2015), the defendant argues that the jury was erroneously instructed that murder is a crime of violence. The argument is procedurally defaulted, as defendant has failed to present any good cause for failing to present the claim in his direct appeal. Even if it were not defaulted, the argument lacks merit. *Johnson* addressed the definition of a crime of violence as set forth in 18 U.S.C. § 924(e)(2)(B)(ii), it did not address how the crime of murder is defined in jury instructions. K.S.A. § 5402(a)(1) defines murder in the first degree as a killing of a human being intentionally and with premeditation. Here, the jury returned a special verdict finding Garcia had committed first degree murder. Defendant has failed to show how the crime charged in the indictment is not a crime of violence.

Finally, the defendant presents a list of supposed errors by trial counsel to support his claim that his counsel was constitutionally ineffective. Such claims require proof that counsel acted beneath an objective standard of reasonableness under prevailing

professional norms, and that this resulted in prejudice to the defendant. *Strickland v. Washington*, 466 U.S. 668 (1984). The court finds that the defendant in the present action has failed to meet his burden to show that his trial counsel performed deficiently. *See Beeler v. Crouse*, 332 F.2d 783, 783 (10th Cir. 1964) (defendant bears burden of proof in habeas corpus proceeding).

First, the court finds that the defendant has not met his burden to demonstrate the existence of actual or likely prejudice from any of the alleged deficiencies. Prejudice exists only where there is the "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," meaning a "probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Defendant has omitted any demonstration of probable prejudice, and his claims of ineffective assistance are accordingly denied.

In addition, the court finds defendant has failed to show that counsel's performance fell below any objective norm of conduct. Defendant complains that counsel was deficient in (1) failing to investigate the caliber of a fragmented bullet recovered from the body of the murder victim, (2) failing to call two rebuttal witnesses (Angelica Flores and Eusebio Sierra), (3) failing to object to the testimony of a witness (Fabian Neave) as to comments by Garcia while in pretrial custody, (4) failing to object to references to Garcia's previous or contemporary imprisonment, (5) failing to raise a *Napue* argument, and (6) failing to challenge the sufficiency of the evidence relating to the racketeering charges. Having reviewed the record, the court finds that trial counsel was not deficient, but in fact

presented a zealous, professional, and energetic defense of his client. The specific challenges now raised as to that representation are either incorrect (as counsel did in fact raise such issues), or reflect valid tactical decisions which are committed to the sound discretion of trial counsel. *See United States v. Miller*, 643 F.2d 713, 714 (10th Cir. 1981).

First, Garcia contends that counsel should have investigated to discover whether the fragmented projectile recovered from victim's body was in fact a 9 millimeter projectile. He stresses that the murder weapon was not introduced into evidence, and the trial testimony only established that it was likely that a 9 millimeter firearm was used in the murder. But the defendant fails to show that an actual investigation would indeed have shown the bullet was of a different caliber, and thus cannot show that it would have caused a different result. See *United States v. Green*, 882 F.2d 999, 1008 (5th Cir. 1989) (failure-to-investigate collateral claim "must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial"). Moreover, the decision must also be viewed in the context of the remainder of the evidence at the trial (both the testimony of co-defendants and Garcia's admissions to other witnesses), which strongly supported the conclusion that Garcia murdered the victim.

Counsel was not deficient in failing to call either Angelica Flores (defendant's girlfriend) or Eusebio Sierra. Whether to call a particular witness is a tactical decision and thus is generally committed to the discretion for trial counsel. *See United States v. Miller*, 643 F.2d 713, 714 (10th Cir. 1981). The defendant fails to supply any exact statement of what either witness would have testified, but the decision not to call these witnesses was a

legitimate tactical decision. Calling Flores would have been a dangerous choice, as she might have simply pled the Fifth Amendment and refused to testify. Or she could have further incriminated the defendant, by describing admissions made by him. Moreover, even if she did testify and deny Neave's testimony that defendant told him he had given the murder weapon to Flores for disposal, there remained substantial evidence that the gang had access to 9 millimeter weapons in general, and that the defendant had otherwise acknowledged shooting the victim. Calling Flores thus offered substantial dangers for little reward.

Similarly, defendant argues Eusebio Sierra would have denied Neave's description of the importation of drugs from California. Again, however, there was substantial evidence showing that the defendants' criminal enterprise relied on interstate trafficking in drugs and firearms. And calling Sierra could again pose a risk to the defendant. Other testimony indicated that Sierra was himself a gang member trafficking in methamphetamine, who sent the proceeds to California. As with Flores, calling Sierra might have been counterproductive, if he refused to testify or indeed made incriminating statements as to the defendant.

Counsel had no basis for objecting to the testimony of Neave, whose testimony as to Garcia's statements while in pretrial custody was admissible pursuant to Fed.R.Evid. 801(d)(2)(A). Moreover, as Neave was a co-defendant represented by counsel and not a government agent, counsel would have had no valid basis for objecting to his testimony pursuant to *Massiah v. United States*, 377 U.S. 201 (1964), and *United States v. Henry*, 447 U.S.

7

264 (1980).

At times during the trial, references were made to the fact that Garcia was in custody. (Dkt. 995, at 1380, 1391, Dkt. 996 at 1424; Dkt. 997 at 1563-64, 1639). However, in each instance, the limited reference to the fact of custody was necessary to place the witness's testimony in context. such as where certain conversations or communications occurred. Accordingly, counsel was not deficient in failing to object to testimony which was properly admitted.

Defendant argues that counsel should have argued that the government relied on false evidence at trial, in violation of *Napue v. Illinois*, 360 U.S. 264 (1959). But counsel cited *Napue* in his Motion for New Trial (Dkt. 934, at 12), and separately joined (Dkt. 1013) the motion by co-defendant Gonzalo Ramirez (Dkt. 1005, at 35-39) which also raised *Napue* issues. The argument was also presented and rejected on appeal. Counsel was not deficient.

Finally, defendant argues that counsel was deficient in failing to attack the sufficiency of the evidence to support the VICAR and RICO convictions. In fact, counsel did argue the VICAR and RICO charges were not supported by sufficient evidence (Dkt. 998, at 1665-69), and presented his own expert witness in an effort to argue there was no interstate nexus to support the charges. (Dkt. 998, at 1671-1721).

Also before the court is defendant's Motion for Appointment of Counsel and Other Omnibus Miscellaneous Relief (Dkt. 1202). To the extent Garcia seeks appointment of counsel, the request is denied for reasons stated in previous orders of the court. Defendant also asks for an order to Bureau of Prisons wardens to expedite his mail. However, there

is no indication that existing mail procedures prevent the effective presentation of his arguments. Finally, the court denies the conclusory request for "leave to adopt any and all arguments" raised separately by co-defendant Gonzalo Ramirez which might be "applicable to Garcia" to the extent that " are not inconsistent with any position Garcia has himself raised." (*Id.* at 3).

As indicated earlier, the burden is on the defendant to demonstrate his entitlement to collateral relief, and he must meet this burden by making specific allegations of error. The court "will not sift through [defendant's] brief in an attempt to construct legal arguments or theories for [him]." *United States v. Quarterman*, 2000 WL 1862684, at *2 n. 3 (10th Cir. 2000) (citing *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir.1997)). Instead,"allegations must be specific and particularized, not general or conclusory." *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *overruled on other gds., Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001) (*en banc*).

Garcia's trial counsel was effective under *Strickland*, and Garcia has failed to show how any tactical decision, even if it were deficient, caused him prejudice. Having failed to meet his burden of demonstrating any entitlement to collateral relief, the court finds that defendant's Motion to Vacate should be denied.

217

IT IS ACCORDINGLY ORDERED this 13th day of November, 2017, that the defendant's Motions to Vacate (Dkt. 1157) and Additional Relief (Dkt. 1202) are hereby denied.


        s/ J. Thomas Marten
        J. THOMAS MARTEN, JUDGE

```
MIME-Version:1.0
From:KSD_CMECF@ksd.uscourts.gov
To:ksd_nef@localhost.localdomain
Bcc:
--Case Participants: Gregory D. Bell (greg@bellandrobinson.com), Mark L. Bennett, Jr
(clerk@mlbjrlaw.com, mark@mlbjrlaw.com), James A. Brown (caseview.ecf@usdoj.gov,
james.brown2@usdoj.gov, valerie.myers@usdoj.gov), Jessica M. Burtin (jburtin@hinklaw.com),
Derek S. Casey (dscasey@twgfirm.com, slfox@twgfirm.com), Roger L. Falk
(dee_falk@sbcglobal.net, jamescline2000@gmail.com, pilgrimett@gmail.com,
roger_falk@sbcglobal.net), Jay F. Fowler (apollardmeek@foulston.com,
jfowler@foulston.com), David J. Freund (david_freund@fd.org, jackie_carter@fd.org,
lorraine_schroeder@fd.org, sharon_padgett@fd.org), Molly M. Gordon
(molly.gordon@wichita.edu), Steven Kent Gradert (jackie_carter@fd.org,
lorraine_schroeder@fd.org, sgradert@hotmail.com, sharon_padgett@fd.org), Jeff L. Griffith
(jlgriffithlaw@aol.com), Eric A. Hartenstein (eahartenstein@gmail.com), Timothy J. Henry
(jackie_carter@fd.org, lorraine_schroeder@fd.org, sharon_padgett@fd.org,
tim_henry@fd.org), Michael D. Hepperly (mhepperly@aol.com), Kevin W. Loeffler
(kloeffler@lawyer.com), Joel Mandelman (jackie_carter@fd.org, jmandelman@yahoo.com,
lorraine_schroeder@fd.org, sharon_padgett@fd.org), Carl Fredrick A. Maughan
(carl@mlglc.com), Paul S. McCausland (p.mccausland@youngboglelaw.com), Sean C. McEnulty
(s@mcenultylawfirm.com), Robert J. Moody (jelear@martinpringle.com,
kmtate@martinpringle.com, rjmoody@martinpringle.com), David H. Moses
(belinda.bishop@wichita.edu, david.moses@wichita.edu), Charles A. O'Hara
(ohara@oharaohara.com), Christopher S. O'Hara (ohara@oharaohara.com), James R. Pratt
(jim.prattesq@gmail.com, jim@jamesrprattlaw.com), Chekasha F. Ramsey
(cachet_williams@fd.org, che_ramsey@fd.org, jami_krause@fd.org, jennifer_wilson@fd.org),
David M. Rapp (drapp@hinklaw.com, lschneider@hinklaw.com, mcheek@hinklaw.com), Edward L.
Robinson (adreasher@robinsonlawks.com, erobinson@robinsonlawks.com,
mkoci@robinsonlawks.com), Kari S. Schmidt (karis@fcse.net), Mark T. Schoenhofer
(jenniferlewilson@yahoo.com, mydefensefirst@yahoo.com), Mark A. Sevart
(markchrissevart@yahoo.com), Michael J. Shultz (cheryl@shultzlaw.net,
michael@shultzlaw.net), Aaron L. Smith (aaron.smith3@usdoj.gov, caseview.ecf@usdoj.gov,
rachael.adams@usdoj.gov, robin.wilson@usdoj.gov), John V. Wachtel
(ddscheffe@klendalaw.com, jvwachtel@klendalaw.com), Lanny D. Welch
(caseview.ecf@usdoj.gov, lanny.welch@usdoj.gov, robin.wilson@usdoj.gov,
tracy.ballard@usdoj.gov), District Judge J. Thomas Marten (joyce_roach@ksd.uscourts.gov,
ksd_marten_chambers@ksd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:4341934@ksd.uscourts.gov
Subject:Activity in Case 6:12-cr-10089-JTM USA v. Najera et al Notice Re Pro Se Mailing
```
Content–Type: text/html

## U.S. District Court

## DISTRICT OF KANSAS

## Notice of Electronic Filing

The following transaction was entered on 11/13/2017 at 12:54 PM CST and filed on 11/13/2017

| | |
|---|---|
| **Case Name:** | USA v. Najera et al |
| **Case Number:** | 6:12–cr–10089–JTM |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**NOTICE Re: Pro Se Mailing. Document [1270] Order on Motion to Vacate (2255) mailed on**

**11/13/2017 to Pedro Garcia at McCreary – USP by regular mail. (aa)**

**6:12–cr–10089–JTM–2 Notice has been electronically mailed to:**

Mark L. Bennett, Jr     mark@mlbjrlaw.com, clerk@mlbjrlaw.com

Jay F. Fowler     jfowler@foulston.com, apollardmeek@foulston.com

Jeff L. Griffith     jlgriffithlaw@aol.com

Eric A. Hartenstein     eahartenstein@gmail.com

Michael D. Hepperly     mhepperly@aol.com

Paul S. McCausland     p.mccausland@youngboglelaw.com

David H. Moses     David.Moses@wichita.edu, belinda.bishop@wichita.edu

Charles A. O'Hara     ohara@oharaohara.com

Mark A. Sevart     markchrissevart@yahoo.com

Lanny D. Welch     lanny.welch@usdoj.gov, CaseView.ECF@usdoj.gov, tracy.ballard@usdoj.gov

Kevin W. Loeffler     kloeffler@lawyer.com

John V. Wachtel     jvwachtel@klendalaw.com, ddscheffe@klendalaw.com

James A. Brown     james.brown2@usdoj.gov, CaseView.ECF@usdoj.gov, Valerie.Myers@usdoj.gov

David M. Rapp     drapp@hinklaw.com, lschneider@hinklaw.com, mcheek@hinklaw.com

Steven Kent Gradert     sgradert@hotmail.com, Jackie_Carter@fd.org, Lorraine_Schroeder@fd.org, Sharon_padgett@fd.org

Sean C. McEnulty     s@mcenultylawfirm.com

Kari S. Schmidt     karis@fcse.net

Timothy J. Henry     tim_henry@fd.org, jackie_carter@fd.org, lorraine_schroeder@fd.org, sharon_padgett@fd.org

Gregory D. Bell     greg@bellandrobinson.com

Roger L. Falk     roger_falk@sbcglobal.net, dee_falk@sbcglobal.net, jamescline2000@gmail.com, pilgrimett@gmail.com

Derek S. Casey     dscasey@twgfirm.com, slfox@twgfirm.com

Mark T. Schoenhofer     mydefensefirst@yahoo.com, jenniferlewilson@yahoo.com

David J. Freund    david_freund@fd.org, Jackie_carter@fd.org, Lorraine_schroeder@fd.org, sharon_padgett@fd.org

James R. Pratt    jim@jamesrprattlaw.com, jim.prattesq@gmail.com

Carl Fredrick A. Maughan    carl@mlglc.com

Aaron L. Smith    aaron.smith3@usdoj.gov, CaseView.ECF@usdoj.gov, Rachael.Adams@usdoj.gov, robin.wilson@usdoj.gov

Christopher S. O'Hara    ohara@oharaohara.com

Edward L. Robinson    erobinson@robinsonlawks.com, adreasher@robinsonlawks.com, mkoci@robinsonlawks.com

Michael J. Shultz    michael@shultzlaw.net, cheryl@shultzlaw.net

Molly M. Gordon    molly.gordon@wichita.edu

Joel Mandelman    jmandelman@yahoo.com, jackie_carter@fd.org, lorraine_schroeder@fd.org, sharon_padgett@fd.org

Jessica M. Burtin    jburtin@hinklaw.com

Chekasha F. Ramsey    che_ramsey@fd.org, cachet_williams@fd.org, jami_krause@fd.org, jennifer_wilson@fd.org

Robert J. Moody    rjmoody@martinpringle.com, jelear@martinpringle.com, kmtate@martinpringle.com

**6:12–cr–10089–JTM–2 Notice has been delivered by other means to:**

Gonzalo Ramirez(Terminated)
22221–031
FLORENCE – USP HIGH
U.S. Penitentiary
Inmate Mail/Parcels
PO Box 7000
Florence, CO 81226

Jason Najera(Terminated)
22114–031
MCCREARY – USP
U.S. Penitentiary
Inmate Mail/Parcels
PO Box 3000
Pine Knot, KY 42635

Pedro Garcia(Terminated)
20432–031
MCCREARY – USP
U.S. Penitentiary
Inmate Mail/Parcels

PO Box 3000
Pine Knot, KY 42635

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
U.S. District Court
District of Kansas

DEC 1 4 2017

Clerk, U.S. District Court
By _____ Deputy Clerk

UNITED STATES OF
AMERICA,

v.

PEDRO GARCIA,

           DEFENDANT.

No. 12-10089-02-JTM

## MOTION FOR EXTENSION OF TIME

Now comes the Defendant Pedro Garcia, pro-se and as a layman, humbly moves this honorable court pursuant to Rule 6 (B) of the Fed. R. Civ. P. For an extension of time to file his Motion to Alter or Amend judgment pursuant to Rule 59 (e) and simultaniously filing of his Motion to Stay, pursuant to Rule 62 (b) (3).

The Defendant humbly request this honorable court to extend the filing deadlines for the abovenamed Motions up to and including December 30, 2017.

In support hereof, defendant states as follows:

1. On or about January 6, 2017, the Defendar Filed a Motion to Vacate, pursuant to

28 USC § 2255.

2. On November 13, 2017, This honorable Court Denied said Motion.

3. The Defendant is preparring a Motion To alter or amend judgment pursuant to Rule 59(e) and Motion to stay The abovementioned judgment pursuant to Rule 62 (b) (3).

4. During The final preparations To File The abovestated Motions, The prison was Placed on Lock-down on December 4, 2017.

5. This Lock-down is preventing The Defendant From accessing his legal Materials; From going to The law Library; From buying Stamps; From obtaining a typewriter; and Most importantly, From obtaining said Motions From The law clerk assisting in their preparation.

6. This extension is not sought For any dilatory reasons or purpose of Delay. It is simply To allow The Defendant time To File properly preparred Motions.

7. The Government will not suffer any undue prejudice by granting This extension.

8 At The time of Filing This Motion, Decembe

8, 2017, The prison is still Locked down and is expected to remain on lock-down throughout the following week. (see: Ex. A).

WHEREFORE, The Defendant humbly request an extension of time up to and including December 30, 2017 To File his Motion to alter or amend The judgment; and Motion to stay The judgment of November 13, 2017 until his Rule 59 Motion is decided.

In The alternitive, if This honorable Court were to DENY The Defendant The requested extension of time, The Defendant humbly ask This Court to construe this instant Motion as Notice of Appeal to the November 13, 2017 memorandum and order.

Respectfully Submitted

S/P.Garcia

Pedro Garcia, Defendant pro-se

Pedro Garcia # 20432-031
USP McCreary
P.O. Box 3000
Pine Knot, KY 42635

3

Appellate Case: 17-3266   Document: 30-2   Date Filed: 02/05/2018   Page: 224

# MCR INMATE BULLETIN

Ex. A

## SUBJECT: Institution Schedule

The following information is provided to keep you informed of the schedule of institution operations throughout the weekend and into the next week.  **The schedule is tentative and changes may occur.**

Saturday & Sunday, December 9 & 10, 2017
Inmates will remain secured in cells.  Visitation will not be authorized.

Starting Monday, December 11, 2017
Information gathering will continue and some additional inmate interviews may be conducted.  Once appropriate steps have been taken, inmates will be notified in advance if any schedule regarding the return to normal operations.

Showers
Showers will continue Sunday (December 10) / If necessary Monday (December 11). Any further scheduling of showers will be completed as necessary.

Laundry
Sunday, December 10 – Yellow side pick-up (evening)
Monday, December 11 – Yellow side laundry returned/Blue side pick up
Tuesday, December 12 – Blue side laundry returned
Wednesday, December 13 – Yellow & Blue sides linen pick up by 6:15 a.m. & returned in afternoon (sheets & pillow case only); Yellow side pick-up (evening)
Thursday, December 14 – Yellow side laundry returned/Blue side pick up
Friday, December 15 – Blue side laundry returned
**The schedule is tentative and changes may occur.**

Commissary
A modified Commissary schedule will be forthcoming from Trust Fund Staff.

**Adequate supplies of toilet paper will made available to the housing units for the upcoming weekend.

While it is recognized and acknowledged lockdowns are unpleasant and frustrating, we remain committed to making every effort to ensure the safe and orderly operation of USP McCreary.  Your willingness to resolve conflicts through effective communication is an integral part of establishing the timeframe for the institution to remain to normal operations.

J. Ray Ormond, Warden          December 8, 2017

## CERTIFICATE OF SERVICE

I Pedro Garcia certify and swear That a true handwritten copy of The above Motion For Extension of Time was served upon:

> United States Attorneys Office
> District of Kansas
> 444 SE Quincy St. Suite 290
> Topeka, KS      66683

by placing in The hands of prison officials To deposit in The U.S. Mail at USP McCreary, Pine Knot, Ky on This 8th Day of December.

S/ P.Garcia

Pedro Garcia, Def. pro-se

Pedro Garcia # 20432-031
USP McCreary
P.O. Box 3000
Pine Knot, KY   42635

Name PEDRO GARCIA
Reg. No 20432-031 Unit 43
United States Penitentiary McCreary
P.O.Box 3000
Pine Knot, KY 42635

KNOXVILLE TN 379

11 DEC 2017 PM 5 L



RECEIVED
DEC 14 2017
CLERK, U.S. DIST. COURT
WICHITA, KANSAS 57202

UNITED. STATES. DISTRICT COURT
DISTRICT OF KANSAS
401 NORTH MARKET ST.
WICHITA, KANSAS 67202-2000

LEGAL MAIL

6720282089

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
U.S. District Court
District of Kansas

DEC 14 2017

Clerk, U.S. District Court
By _____ Deputy Clerk

UNITED STATES OF
AMERICA,

    v.

PEDRO GARCIA,

        DEFENDANT.

No. 12-10089-02-JTM

## MOTION FOR EXTENSION OF TIME

Now comes the Defendant Pedro Garcia, pro-se and as a layman, humbly moves this honorable court pursuant to Rule 6 (B) of the Fed. R. Civ. P. for an extension of time to file his Motion to Alter or Amend judgment pursuant to Rule 59 (e) and Simultaniously filing of his Motion to Stay, pursuant to Rule 62 (b) (3).

The Defendant humbly request this honorable court to extend the filing deadlines for the abovenamed Motions up to and including December 30, 2017.

In support hereof, defendant states as follows:

1. On or about January 6, 2017, the Defendant filed a Motion to Vacate, pursuant to

28 USC § 2255.

2. On November 13, 2017, This honorable Court Denied Said Motion.

3. The Defendant is preparring a Motion To alter or amend judgment pursuant to Rule 59(e) and Motion to Stay The abovementioned judgment pursuant to Rule 62 (b) (3).

4. During the Final preparations To File The aboveStated Motions, The prison was placed on Lock-down on December 4, 2017.

5. This Lock-down is preventing The Defendant From accessing his legal Materials; From going to The Law Library; From buying Stamps; From obtaining a typewriter; and Most importantly, From obtaining Said Motions From The law clerk assisting in Their preparation.

6. This extension is not Sought For any dilatory reasons or purpose OF Delay. It is Simply To allow The Defendant time To File Properly prepared Motions.

7. The Government will not Suffer any undue prejudice by granting This extension.

8 At The time of Filing This Motion, December

8, 2017, The prison is Still Locked down and is expected To remain on lock-down Throughout The Following week. (see: Ex. A).

WHEREFORE, The Defendant humbly request an extension of time up To and including December 30, 2017 To File his Motion To alter or amend The judgment; and Motion To Stay The judgment of November 13, 2017 until his Rule 59 Motion is decided.

In The alternitive, if This honorable Court were To DENY The Defendant The requested extension of time, The Defendant humbly ask This court To construe this instant Motion as Notice of Appeal To the November 13, 2017 memorandum and order.

Respectfully Submitted

s/P.Gar

Pedro Garcia, Defendant pro/s

Pedro Garcia # 20432-031
USP McCreary
P.O. Box 3000
Pine Knot, KY 42635

3

Appellate Case: 17-3266   Document: 30-2   Date Filed: 02/05/2018   Page: 230

# MCR INMATE BULLETIN

Ex. A

## SUBJECT: Institution Schedule

The following information is provided to keep you informed of the schedule of institution operations throughout the weekend and into the next week. **The schedule is tentative and changes may occur.**

Saturday & Sunday, December 9 & 10, 2017
Inmates will remain secured in cells. Visitation will not be authorized.

Starting Monday, December 11, 2017
Information gathering will continue and some additional inmate interviews may be conducted. Once appropriate steps have been taken, inmates will be notified in advance if any schedule regarding the return to normal operations.

Showers
Showers will continue Sunday (December 10) / If necessary Monday (December 11). Any further scheduling of showers will be completed as necessary.

Laundry
Sunday, December 10 – Yellow side pick-up (evening)
Monday, December 11 – Yellow side laundry returned/Blue side pick up
Tuesday, December 12 – Blue side laundry returned
Wednesday, December 13 – Yellow & Blue sides linen pick up by 6:15 a.m. & returned in afternoon (sheets & pillow case only); Yellow side pick-up (evening)
Thursday, December 14 – Yellow side laundry returned/Blue side pick up
Friday, December 15 – Blue side laundry returned
**The schedule is tentative and changes may occur.**

Commissary
A modified Commissary schedule will be forthcoming from Trust Fund Staff.

**Adequate supplies of toilet paper will made available to the housing units for the upcoming weekend.

While it is recognized and acknowledged lockdowns are unpleasant and frustrating, we remain committed to making every effort to ensure the safe and orderly operation of USP McCreary. Your willingness to resolve conflicts through effective communication is an integral part of establishing the timeframe for the institution to remain to normal operations.

J. Ray Ormond, Warden          December 8, 2017

<u>CERTIFICATE OF SERVICE</u>

I Pedro Garcia Certify and Swear That a true handwritten copy of The above Motion For Extension of Time was served upon:

> United States Attorneys office
> District of Kansas
> 444 SE Quincy St. Suite 290
> Topeka, KS      66683

by placing in The hands of prison officials To deposit in The U.S. Mail at USP McCreary, Pine Knot, Ky on This 8th Day of December.

> S/ P.Garcia
> Pedro Garcia, Def. pro-se

Pedro Garcia # 20432-031
USP McCreary
P.O. Box 3000
Pine Knot, KY   42635

Name PEDRO GARCIA
Reg. No 20432-031 Unit 4B
United States Penitentiary McCreary
P.O.Box 3000
Pine Knot, KY 42635

KNOXVILLE TN 379

11 DEC 2017 PM 5 L



RECEIVED
DEC 14 2017
CLERK, U.S. DIST. COURT
WICHITA, KANSAS 57202

UNITED. STATES. DISTRICT COURT
DISTRICT OF KANSAS
401 NORTH MARKET ST.
WICHITA, KANSAS 67202-2000

LEGAL MAIL

6720282089

```
MIME-Version:1.0
From:KSD_CMECF@ksd.uscourts.gov
To:ksd_nef@localhost.localdomain
Bcc:
--Case Participants: Gregory D. Bell (greg@bellandrobinson.com), Mark L. Bennett, Jr
(clerk@mlbjrlaw.com, mark@mlbjrlaw.com), James A. Brown (caseview.ecf@usdoj.gov,
james.brown2@usdoj.gov, valerie.myers@usdoj.gov), Jessica M. Burtin (jburtin@hinklaw.com),
Derek S. Casey (dscasey@twgfirm.com, slfox@twgfirm.com), Roger L. Falk
(dee_falk@sbcglobal.net, jamescline2000@gmail.com, pilgrimett@gmail.com,
roger_falk@sbcglobal.net), Jay F. Fowler (apollardmeek@foulston.com,
jfowler@foulston.com), David J. Freund (david_freund@fd.org, jackie_carter@fd.org,
lorraine_schroeder@fd.org, sharon_padgett@fd.org), Molly M. Gordon
(molly.gordon@wichita.edu), Steven Kent Gradert (jackie_carter@fd.org,
lorraine_schroeder@fd.org, sgradert@hotmail.com, sharon_padgett@fd.org), Jeff L. Griffith
(jlgriffithlaw@aol.com), Eric A. Hartenstein (eahartenstein@gmail.com), Timothy J. Henry
(jackie_carter@fd.org, lorraine_schroeder@fd.org, sharon_padgett@fd.org,
tim_henry@fd.org), Michael D. Hepperly (mhepperly@aol.com), Kevin W. Loeffler
(kloeffler@lawyer.com), Joel Mandelman (jackie_carter@fd.org, jmandelman@yahoo.com,
lorraine_schroeder@fd.org, sharon_padgett@fd.org), Carl Fredrick A. Maughan
(carl@mlglc.com), Paul S. McCausland (p.mccausland@youngboglelaw.com), Sean C. McEnulty
(s@mcenultylawfirm.com), Robert J. Moody (jelear@martinpringle.com,
kmtate@martinpringle.com, rjmoody@martinpringle.com), David H. Moses
(belinda.bishop@wichita.edu, david.moses@wichita.edu), Charles A. O'Hara
(ohara@oharaohara.com), Christopher S. O'Hara (ohara@oharaohara.com), James R. Pratt
(jim.prattesq@gmail.com, jim@jamesrprattlaw.com), Chekasha F. Ramsey
(cachet_williams@fd.org, che_ramsey@fd.org, jami_krause@fd.org, jennifer_wilson@fd.org),
David M. Rapp (drapp@hinklaw.com, lschneider@hinklaw.com, mcheek@hinklaw.com), Edward L.
Robinson (adreasher@robinsonlawks.com, erobinson@robinsonlawks.com,
mkoci@robinsonlawks.com), Kari S. Schmidt (karis@fcse.net), Mark T. Schoenhofer
(mtslaw1@yahoo.com, mydefensefirst@yahoo.com), Mark A. Sevart (markchrissevart@yahoo.com),
Michael J. Shultz (cheryl@shultzlaw.net, michael@shultzlaw.net), Aaron L. Smith
(aaron.smith3@usdoj.gov, caseview.ecf@usdoj.gov, rachael.adams@usdoj.gov,
robin.wilson@usdoj.gov), John V. Wachtel (ddscheffe@klendalaw.com,
jvwachtel@klendalaw.com), Lanny D. Welch (caseview.ecf@usdoj.gov, lanny.welch@usdoj.gov,
robin.wilson@usdoj.gov, tracy.ballard@usdoj.gov), District Judge J. Thomas Marten
(joyce_roach@ksd.uscourts.gov, ksd_marten_chambers@ksd.uscourts.gov)
--Non Case Participants: Clerk of Court, US Court of Appeals
(ca10_team2@ca10.uscourts.gov)
--No Notice Sent:

Message-Id:4364948@ksd.uscourts.gov
Subject:Activity in Case 6:12-cr-10089-JTM USA v. Najera et al Appeal Filing Fee
Waived/Not Paid
Content-Type: text/html
```

## U.S. District Court

## DISTRICT OF KANSAS

### Notice of Electronic Filing

The following transaction was entered on 12/14/2017 at 10:16 AM CST and filed on 12/14/2017

| | |
|---|---|
| **Case Name:** | USA v. Najera et al |
| **Case Number:** | 6:12–cr–10089–JTM |
| **Filer:** | Dft No. 2 – Pedro Garcia |
| **Document Number:** | No document attached |

**Docket Text:**
 **APPEAL FEE STATUS: filing fee not paid re: Notice of Appeal[1277] on behalf of Defendant Pedro Garcia (THIS IS A TEXT ONLY ENTRY–NO DOCUMENT IS ASSOCIATED WITH THIS TRANSACTION) (aa)**


**6:12–cr–10089–JTM–2 Notice has been electronically mailed to:**

Mark L. Bennett, Jr    mark@mlbjrlaw.com, clerk@mlbjrlaw.com

Jay F. Fowler    jfowler@foulston.com, apollardmeek@foulston.com

Jeff L. Griffith    jlgriffithlaw@aol.com

Eric A. Hartenstein    eahartenstein@gmail.com

Michael D. Hepperly    mhepperly@aol.com

Paul S. McCausland    p.mccausland@youngboglelaw.com

David H. Moses    David.Moses@wichita.edu, belinda.bishop@wichita.edu

Charles A. O'Hara    ohara@oharaohara.com

Mark A. Sevart    markchrissevart@yahoo.com

Lanny D. Welch    lanny.welch@usdoj.gov, CaseView.ECF@usdoj.gov, tracy.ballard@usdoj.gov

Kevin W. Loeffler    kloeffler@lawyer.com

John V. Wachtel    jvwachtel@klendalaw.com, ddscheffe@klendalaw.com

James A. Brown    james.brown2@usdoj.gov, CaseView.ECF@usdoj.gov, Valerie.Myers@usdoj.gov

David M. Rapp    drapp@hinklaw.com, lschneider@hinklaw.com, mcheek@hinklaw.com

Steven Kent Gradert    sgradert@hotmail.com, Jackie_Carter@fd.org, Lorraine_Schroeder@fd.org, Sharon_padgett@fd.org

Sean C. McEnulty    s@mcenultylawfirm.com

Kari S. Schmidt    karis@fcse.net

Timothy J. Henry    tim_henry@fd.org, jackie_carter@fd.org, lorraine_schroeder@fd.org, sharon_padgett@fd.org

Gregory D. Bell    greg@bellandrobinson.com

Roger L. Falk    roger_falk@sbcglobal.net, dee_falk@sbcglobal.net, jamescline2000@gmail.com, pilgrimett@gmail.com

Derek S. Casey    dscasey@twgfirm.com, slfox@twgfirm.com

Mark T. Schoenhofer    mydefensefirst@yahoo.com, mtslaw1@yahoo.com

David J. Freund    david_freund@fd.org, Jackie_carter@fd.org, Lorraine_schroeder@fd.org, sharon_padgett@fd.org

James R. Pratt    jim@jamesrprattlaw.com, jim.prattesq@gmail.com

Carl Fredrick A. Maughan    carl@mlglc.com

Aaron L. Smith    aaron.smith3@usdoj.gov, CaseView.ECF@usdoj.gov, Rachael.Adams@usdoj.gov, robin.wilson@usdoj.gov

Christopher S. O'Hara    ohara@oharaohara.com

Edward L. Robinson    erobinson@robinsonlawks.com, adreasher@robinsonlawks.com, mkoci@robinsonlawks.com

Michael J. Shultz    michael@shultzlaw.net, cheryl@shultzlaw.net

Molly M. Gordon    molly.gordon@wichita.edu

Joel Mandelman    jmandelman@yahoo.com, jackie_carter@fd.org, lorraine_schroeder@fd.org, sharon_padgett@fd.org

Jessica M. Burtin    jburtin@hinklaw.com

Chekasha F. Ramsey    che_ramsey@fd.org, cachet_williams@fd.org, jami_krause@fd.org, jennifer_wilson@fd.org

Robert J. Moody    rjmoody@martinpringle.com, jelear@martinpringle.com, kmtate@martinpringle.com

**6:12−cr−10089−JTM−2 Notice has been delivered by other means to:**

Gonzalo Ramirez(Terminated)
22221−031
FLORENCE − USP HIGH
U.S. Penitentiary
Inmate Mail/Parcels
PO Box 7000
Florence, CO 81226

Jason Najera(Terminated)
22114−031
MCCREARY − USP
U.S. Penitentiary
Inmate Mail/Parcels
PO Box 3000
Pine Knot, KY 42635

Pedro Garcia(Terminated)
20432−031

MCCREARY – USP
U.S. Penitentiary
Inmate Mail/Parcels
PO Box 3000
Pine Knot, KY 42635

```
MIME-Version:1.0
From:KSD_CMECF@ksd.uscourts.gov
To:ksd_nef@localhost.localdomain
Bcc:
--Case Participants: David M. Rapp (drapp@hinklaw.com, lschneider@hinklaw.com,
mcheek@hinklaw.com), John V. Wachtel (ddscheffe@klendalaw.com, jvwachtel@klendalaw.com),
Michael D. Hepperly (mhepperly@aol.com), Jeff L. Griffith (jlgriffithlaw@aol.com), Molly
M. Gordon (molly.gordon@wichita.edu), Edward L. Robinson (adreasher@robinsonlawks.com,
erobinson@robinsonlawks.com, mkoci@robinsonlawks.com), David H. Moses
(belinda.bishop@wichita.edu, david.moses@wichita.edu), David J. Freund
(david_freund@fd.org, jackie_carter@fd.org, lorraine_schroeder@fd.org,
sharon_padgett@fd.org), Mark A. Sevart (markchrissevart@yahoo.com), Mark T. Schoenhofer
(mtslaw1@yahoo.com, mydefensefirst@yahoo.com), Joel Mandelman (jackie_carter@fd.org,
jmandelman@yahoo.com, lorraine_schroeder@fd.org, sharon_padgett@fd.org), Paul S.
McCausland (p.mccausland@youngboglelaw.com), Derek S. Casey (dscasey@twgfirm.com,
slfox@twgfirm.com), Mark L. Bennett, Jr (clerk@mlbjrlaw.com, mark@mlbjrlaw.com), Robert J.
Moody (jelear@martinpringle.com, kmtate@martinpringle.com, rjmoody@martinpringle.com),
James R. Pratt (jim.prattesq@gmail.com, jim@jamesrprattlaw.com), Jessica M. Burtin
(jburtin@hinklaw.com), Aaron L. Smith (aaron.smith3@usdoj.gov, caseview.ecf@usdoj.gov,
rachael.adams@usdoj.gov, robin.wilson@usdoj.gov), Sean C. McEnulty
(s@mcenultylawfirm.com), Eric A. Hartenstein (eahartenstein@gmail.com), Kari S. Schmidt
(karis@fcse.net), James A. Brown (caseview.ecf@usdoj.gov, james.brown2@usdoj.gov,
valerie.myers@usdoj.gov), Timothy J. Henry (jackie_carter@fd.org,
lorraine_schroeder@fd.org, sharon_padgett@fd.org, tim_henry@fd.org), Charles A. O'Hara
(ohara@oharaohara.com), Kevin W. Loeffler (kloeffler@lawyer.com), Gregory D. Bell
(greg@bellandrobinson.com), Christopher S. O'Hara (ohara@oharaohara.com), Roger L. Falk
(dee_falk@sbcglobal.net, jamescline2000@gmail.com, pilgrimett@gmail.com,
roger_falk@sbcglobal.net), Chekasha F. Ramsey (cachet_williams@fd.org, che_ramsey@fd.org,
jami_krause@fd.org, jennifer_wilson@fd.org), Lanny D. Welch (caseview.ecf@usdoj.gov,
lanny.welch@usdoj.gov, robin.wilson@usdoj.gov, tracy.ballard@usdoj.gov), Jay F. Fowler
(apollardmeek@foulston.com, jfowler@foulston.com), Michael J. Shultz
(cheryl@shultzlaw.net, michael@shultzlaw.net), Carl Fredrick A. Maughan (carl@mlglc.com),
Steven Kent Gradert (jackie_carter@fd.org, lorraine_schroeder@fd.org,
sgradert@hotmail.com, sharon_padgett@fd.org), District Judge J. Thomas Marten
(joyce_roach@ksd.uscourts.gov, ksd_marten_chambers@ksd.uscourts.gov)
--Non Case Participants: US Marshal (court.mail-ksd@usdoj.gov, roland.hoffer@usdoj.gov),
US Probation (ksp_cmecf@ksp.uscourts.gov)
--No Notice Sent:

Message-Id:4368591@ksd.uscourts.gov
Subject:Activity in Case 6:12-cr-10089-JTM USA v. Najera et al Order
Content-Type: text/html
```

## U.S. District Court

## DISTRICT OF KANSAS

**Notice of Electronic Filing**

The following transaction was entered on 12/19/2017 at 10:50 AM CST and filed on 12/19/2017

**Case Name:**      USA v. Najera et al

**Case Number:**    6:12–cr–10089–JTM

**Filer:**

**Document Number:** 1280(No document attached)

**Docket Text:**

 **ORDER as to Pedro Garcia. "A certificate of appealability may issue... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §**

238

**2253(c)(2). Where a district court has rejected the constitutional claims on the merits, a defendant makes that showing by demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); United States v. Bedford, 628 F.3d 1232 (10th Cir. 2010). The district court finds that defendant has met this standard and grants a certificate of appealability. Signed by District Judge J. Thomas Marten on 12/19/2017. Mailed to pro se party Mr. Pedro C. Garcia # 20432–031, USP – McCreary, P.O. Box 3000, Pine Knot, KY 42635 by regular mail (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (kd)**

**6:12–cr–10089–JTM–2 Notice has been electronically mailed to:**

Mark L. Bennett, Jr     mark@mlbjrlaw.com, clerk@mlbjrlaw.com

Jay F. Fowler     jfowler@foulston.com, apollardmeek@foulston.com

Jeff L. Griffith     jlgriffithlaw@aol.com

Eric A. Hartenstein     eahartenstein@gmail.com

Michael D. Hepperly     mhepperly@aol.com

Paul S. McCausland     p.mccausland@youngboglelaw.com

David H. Moses     David.Moses@wichita.edu, belinda.bishop@wichita.edu

Charles A. O'Hara     ohara@oharaohara.com

Mark A. Sevart     markchrissevart@yahoo.com

Lanny D. Welch     lanny.welch@usdoj.gov, CaseView.ECF@usdoj.gov, tracy.ballard@usdoj.gov

Kevin W. Loeffler     kloeffler@lawyer.com

John V. Wachtel     jvwachtel@klendalaw.com, ddscheffe@klendalaw.com

James A. Brown     james.brown2@usdoj.gov, CaseView.ECF@usdoj.gov, Valerie.Myers@usdoj.gov

David M. Rapp     drapp@hinklaw.com, lschneider@hinklaw.com, mcheek@hinklaw.com

Steven Kent Gradert     sgradert@hotmail.com, Jackie_Carter@fd.org, Lorraine_Schroeder@fd.org, Sharon_padgett@fd.org

Sean C. McEnulty     s@mcenultylawfirm.com

Kari S. Schmidt     karis@fcse.net

Timothy J. Henry     tim_henry@fd.org, jackie_carter@fd.org, lorraine_schroeder@fd.org, sharon_padgett@fd.org

Gregory D. Bell     greg@bellandrobinson.com

Roger L. Falk     roger_falk@sbcglobal.net, dee_falk@sbcglobal.net, jamescline2000@gmail.com, pilgrimett@gmail.com

Derek S. Casey     dscasey@twgfirm.com, slfox@twgfirm.com

Mark T. Schoenhofer     mydefensefirst@yahoo.com, mtslaw1@yahoo.com

David J. Freund     david_freund@fd.org, Jackie_carter@fd.org, Lorraine_schroeder@fd.org, sharon_padgett@fd.org

James R. Pratt     jim@jamesrprattlaw.com, jim.prattesq@gmail.com

Carl Fredrick A. Maughan     carl@mlglc.com

Aaron L. Smith     aaron.smith3@usdoj.gov, CaseView.ECF@usdoj.gov, Rachael.Adams@usdoj.gov, robin.wilson@usdoj.gov

Christopher S. O'Hara     ohara@oharaohara.com

Edward L. Robinson     erobinson@robinsonlawks.com, adreasher@robinsonlawks.com, mkoci@robinsonlawks.com

Michael J. Shultz     michael@shultzlaw.net, cheryl@shultzlaw.net

Molly M. Gordon     molly.gordon@wichita.edu

Joel Mandelman     jmandelman@yahoo.com, jackie_carter@fd.org, lorraine_schroeder@fd.org, sharon_padgett@fd.org

Jessica M. Burtin     jburtin@hinklaw.com

Chekasha F. Ramsey     che_ramsey@fd.org, cachet_williams@fd.org, jami_krause@fd.org, jennifer_wilson@fd.org

Robert J. Moody     rjmoody@martinpringle.com, jelear@martinpringle.com, kmtate@martinpringle.com

**6:12–cr–10089–JTM–2 Notice has been delivered by other means to:**

Gonzalo Ramirez(Terminated)
22221–031
FLORENCE – USP HIGH
U.S. Penitentiary
Inmate Mail/Parcels
PO Box 7000
Florence, CO 81226

Jason Najera(Terminated)
22114–031
MCCREARY – USP
U.S. Penitentiary
Inmate Mail/Parcels

PO Box 3000
Pine Knot, KY 42635

Pedro Garcia(Terminated)
20432–031
MCCREARY – USP
U.S. Penitentiary
Inmate Mail/Parcels
PO Box 3000
Pine Knot, KY 42635

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.                   Case No. 12-10089-02-JTM

PEDRO C. GARCIA

        Defendant.

MEMORANDUM AND ORDER

This matter is before the court on defendant Pedro Garcia's December 14, 2017 Motion for Extention of Time (Dkt. 1276), seeking to expand the time in which he might file a Fed.R.Civ.P. 59(e) motion to alter or amend judgment challenging the court's denial of his motion to vacate under 28 U.S.C. § 2255. (Dkt. 1270). Garcia seeks an extension because the prison in which he was incarcerated was placed on lockdown on December 4, 2017.

The court denied Garcia's § 2255 motion to vacate on November 13, 2017. Any motion under Rule 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. *See* Fed.R.Civ.P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)").

The Tenth Circuit has "consistently held a district court is without authority to extend the time for filing a Rule 59(e) motion." *Brown v. McKune*, 162 Fed.Appx. 795, 796 (10th Cir. 2006). *See Weitz v. Lovelace Health Sys.*, 214 F.3d 1175, 1179 (10th Cir. 2000) ("Rule 59 provides no exceptions" to the 28-day time requirement, and thus "the district court lack[s] authority to grant [defendant's] motion for additional time to file her 59(e) motion.").

Accordingly, the court hereby denies the motion to extend. Garcia requests that in the event the court denies the requested extension, the court should construe his pleading as a Notice of Appeal. The court will so construe the pleading.

IT IS ACCORDINGLY ORDERED, this 18th day of December, 2017, that defendant's Motion to Extend (Dkt. 1276) is hereby denied.

                    ___s/ J. Thomas Marten____
                    J. Thomas Marten, Judge

UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas

DEC 21 2017

Clerk, U.S District Court
By_____ Deputy Clerk

UNITED STATES OF AMERICA ) 

vs. )   Case No. 12-10089-02-JTM

PEDRO GARCIA )
   Defendant. )

======================================================

### MOTION TO ALTER OR AMEND JUDGMENT

======================================================

Now Comes the defendant, PEDRO GARCIA, pro-se, and as a layman, humbly moves this honorable court pursuant to Rule 59(e) of the federal Rule of Civil Procedure to alter, amend and/or vacate it's final judgment that was entered on November 13, 2017 in the abovementioned cause of action that denied the defendant's to vacate that defendant filed pursuant to 28 USC § 2255, (see Ex. A, Memo and Order) in this honorable court.

In support hereof, defendant states as follows:

### PROCEDURAL HISTORY

The defendant was charged and convicted in the above styled cause for participating in a rackettering conspiracy "RICO  18 USC § 1962(d)", and numerous crimes in support of the alledged conspiracy, including first degree murder; attempted murder; conspiracy to commit murder, and assault with a dangerous weapon.

After being found guilty by a jury, the court sentenced the defendant to life inprisonment for the murder convictions, with an added mandatory consecutive term of 30 years for two firearm convictions under 18 USC  § 924(c).

The defendant filed a timely appeal and his conviction and sentences were affirmed (See United States v. Garcia, 793 F.3d 1194 (10th Cir. 2015).

On or about January 6, 2017, the defendant sought collateral relief under 28 USC § 2255 raising claims of prosecutor misconduct;  The  knowing use of perjured testimony; challenges to the jurisdictional federal nexus required by § 924(c); the constitutionally of § 924(c); the jurisdictional federal nexis required by the RICO and VICAR statutes and their constitutionality on their face, and as applied to the defendant; and access to the court claim; and ineffective assistance

- 1 -

On November 13, 2017, this court entered a "Memorandum and Order" denying all of the defendant's claims (See Ex. A).

<u>REASONS WHY THIS HONORABLE COURT SHOUDL ALTER; AMEND; OR VACATE IT'S</u>
<u>NOVEMBER 17, 2017 JUDGMENT</u>

"Under Rule 59 of the Fed. R. Civ. P. a court may alter; amend; or vacate the judgment based upon 1. A clear error of the law; 2. newly discovered evidence; 3. an intervening change in controlling law; or 4. A need to prevent a manigest injustice." <u>Intera Corp. v. Henderaon</u>, 428 F.3d  605 (6th Cir. 2005)(quoted by <u>United States v. Orr</u>, 2015 U.S. Dist. LEXIS 62787 (U.S.D.C. Dist. of KS).

A. <u>THE COURT SHOULD ALLOW THE DEFENDANT TO AMEND HIS § 2255 MOTION TO PREVENT A</u>
   <u>MANIFEST INJUSTICE IN LIGHT OF NEWLY DISCOVERED EVIDENCE</u>.

In the Defendant's § 2255 motion, the defendant advances a claim of prosecutorial misconduct, charging that the government failed to disclosed promises to a key government witness and allowed said witness (Russell Worthey) to present false testimony to the jury at trial, concerning said promises, in violation of the defendant's  rights under the 5th, 6th, and 14th Amendments to the Constitution of the United States, and <u>Napue v. Illinois,</u> 360 U.S. 264 (1954); <u>Demarco v. United States</u>, 415 U.S. 449 (1974); <u>Giglio v. United States</u>, 405 U.S. 150 (1972); and <u>Douglas v. Workman</u>, 560 F.3d 1156 (10th Cir. 2009).

The government's witness testified that no promises were made to him concerning his pending charges that carried a mandatory life sentence. But, on defendant's direct appeal in this case, it was discovered that a recording existed that reveals that Assistant Attorney General Welch advise d the witness **BEFORE** the defendant's trial, that if he cooperates it is likely that he will receive a sentence of <u>**LESS THAN 30 YEARS**</u>. <u>United States v. Garcia</u>, 793 F.3d 1194 (10th Cir. 2015). In this court's November 13, 2017 Memorandum and Order, this court refused to address the merita of this claim, stating that the defendant's argument substantially replicates the claim that was advanced and rejected by the 10th Circuit on the defendant's direct appeal. (See: Nov. 13, 2017 Memo nad Order, pg.2). The defendant now contends that this specific argument was not advanced on his direct appeal, because the evidence of the recordings was not known or discovered until the 10th Circuit entered it's decision thereon, and disclosed that said recording existed. Therefore, the defendant humbly request that this honorable court allow him to file an amended § 2255 motion that will clarify and/or amplify the above claim of prosecutorial misconduct.

- 2 -

"In a post judgment motion to amend, the Rule 15 and 59 inquiries turn on the same factors." Clark v. United States, 764 F.3d 653 (6th Cir. 2014). I order for a proposed amended petition to be timely, his original habeas petition must have been timely, and the claim in his proposed amended petition either (1) Be timely under the AEDPA's 1-year statute of limitations, or (2) Clarify or amplify a claim that appeared in his original habeas petition." Holly v. Bravo, 2014 U.S. Dist LEXIS 186267.

As stated above, the defendant now ask this court to alter, or amend it's November 13, 2017 judgment, to grant the defendant leave to amend his § 2255 motion to clarify and/or amplify his claim of prosecutorial misconduct to include the claim that it is based on newly discovered evidence that was not available at the time of his direct appeal.

B. THE COURT COMMITTED CLEAR ERROR OF THE LAW IN DENYING THE DEFENDANT'S CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL, WITHOUT CONSIDERING THE DEFENDANT'S PRO SE STATUS.

In the defendant's § 2255 motion, the defendant asserts the claim of ineffective assistance of trial counsel based on several defects in his trial counsel's representation that resulted in prejudice to the defendant.

It appears that this court recognizes that the defendant does in fact have meritorious claims of ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), where the defendant suffered from his counsel's deficient performance that resulted in prejudice. However, this honorable court refuses to entertain the likelihood of said prejudice based on the defendant's inarticulate presentations of his claims. For example, the defendant's claim that his trial counsel failed to investigate the caliber of the projectile that was recovered from the victim's body is a solid claim of ineffective assistance of counsel that prejudiced the defendant. The defendant however, simply failed to present said claim with the specificity required by this court's strict standard of review. "Must allege with specificity what the investigation would have revealed, and how it would have altered the outcome of the trial." (See Nov. 134, 2017 Memo and Order. pg.6). The court further states that "The burden is on the defendant to demonstrate his entitlement to collateral relief, and he must meet this burden by making specific allegations of error. This court will not sift through defendant's brief in an attempt to construct legal arguments or theories for him. Instead, allegations must be specific and particularized, not general or conclusory."

- 3 -

(See Memo and Order, pg.9).

The defendant understands this honorable court refusal to research and articulate his claims for him. However, it would be a travisty of justice for the defendant to be denied relief ona meritorious claim, simply because he did not understand what level of specificity was required in presenting his claims within a § 2255 motion.

It is understood that "Though the court is not an advocate for the defendant, the court must construe motions and other papers liberally because he is not represented by an attorney." Haines v. Kerner, 404 U.S. 519 (1972); Hall v. Bellmon, 935 F.2d 1106 (10th Cir. 1991); and Stephenson v. Gray, 2016 U.S. Dist. LEXIS 42446.

Wherefore, the defendant humble ask this honorable court to amend and/or alter it's November 13, 2017 judgment to allow the defendant leave to amend his § 2255 motion so that he can clarify and/or amplify his claim of ineffective assistance of counsel to clearly show deficient representation and specific prejudice resulting therefrom.

C. THIS COURT SHOULD ALTER OR AMEND IT'S NOVEMBER 13, 2017 JUDGMENT WHEREAS IT IS STAYED PENDING A DECISION IN DIMAYA.

At this present time, a case is pending before the United States Supreme Court styled Sessions v. Dimaya, ___ U.S. ___ (2017) Said case concerns a vagueness challenge to the residual clause of the illegal reentry statute and could have far reaching ramifications to the legal landscape in America.

Of particular interest to this particular case is the fact that the language of the illegal reentry statute's residual clause concerning prior violent felonies is identical to the language in 18 USC § 924(c) and could directly affect the defendant's sentence in this case.

Wherefore, the defendant respectfully ask this honorable court to stay it's November 13, 2017 Momorandum and Order until the decision is entered in the above Dimaya case that more likely will result in an intervening change in the current law in regards to sentencing violent felonies under § 924(c). If "Dimaya" is decided in his favor, ruling that the residual clause of the illegal reentry statute is unconstitutionally vauge, the defendant ask this court to allow him to amend his § 2255 motion to apply the Dimaya decision to his argument challenging the definition of "violent felony" under § 924(c). If the Dimaya decision upholds

- 4 -

the constitutionality of the illegal reentry statute's residual clause, this this request is moot and the defendant stands on his above stated request.

D. **THIS COURT MUST ALTER AND/OR AMEND IT'S NOV. 13, 2017 JUDGMENT TO INCLUDE THE GRANTING OR DENIAL OF A CERTIFICATE OF APPEALABILITY.**

On November 13, 2017, this honorable court entered a "Memorandum and Order" denying the defendant's motion under § 2255. (See: Ex. A). This order failed to grant or deny a Certificate of Appealability. "Pursuant to Rule 11 of the Rules Governing § 2255 proceedings, the court MUST issue or deny a certificate of appeal-ability when it enters an order adverse to the applicant." 28 USC § 2253(c)(2). United States v. Gilchirst, 2016 U.S. Dist. LEXIS 68501. "To satisfy this standard the movant must demonstrate that reasonable jurist would find the district court's assessment of the constitutional claims debatable or wrong." Ellis v. United States, 2017 U.S. Dist. LEXIS 38142; Saiz v. Ortiz, 392 F.3d 1166 (10th Cir. 2004).

In this instant case, the defendant's constitutional claims that are included in the instant motion are indeed, at minimum debatable, and therefore, if this honorable court does not grant the defendant's Rule 59 motion, and allow the defen-dant to amend his § 2255 motion to clarify and/or amplify his already pending claims - Then this honorable court should GRANT the defendant a COA.

WHEREFORE, the defendant respectfully request this honorable court to GRANT the relief that is requested in this instant Rule 59 motion, and grant any additional relief that this court deems just and proper.

Respectfully Submitted:

P.Garr
_____
Pedro Garcia, Defendant pro-se
Reg. No. 20432-031
USP McCreary
P.O. Box 3000
Pine Knot, KY 42635

CERTIFICATE OF SERVICE

I Pedro Garcia certify and swear that a true copy of the above "Motion to Stay" and "Motion to Alter or Amend Judgment" was served upon:

U.S. Attorney's Office
District of Kansas
444 SE Quincy St., Suite 290
Topeka, Kansas 66683

by placing a properly addressed envelope, with postage pre-paid, in the Legal Mail here at U.S. Penitentiary McCreary, in Pine Knot, Kentucky, on this _____ day of December, 2017.

/s/ Pedro
_____
Pedro Garcia, Defendant pro-se

FILED
U.S. District Court
District of Kansas

DEC 21 2017

Clerk, U.S. District Court
By _____ Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,       :

                                   :   Case No. 12-10089-02-JTM

vs.                           :

                                   :

PEDRO GARCIA,             :

    Defendant.            :

                                   :

## M O T I O N   T O   S T A Y

Now Comes the defendant, PEDRO GARCIA, pro-se, and a layman, humbly moves this honorable court pursuant to Rule 62(b)(3) of the Fed. R. Civ. p., to enter a stay of proceedings to enforce it's judgment that was entered in the aformentioned cause on November 13, 2017 (see: EX A), that denied defendant's Motion to Vacate, that was filed pursuant to 28 USC § 2255.

In support of granting this stay, defendant states as follows:

1.  On November 13, 2017, this honorable court entered a judgment in the above-mentioned cause that denied the defendant's $ 2255 Motion to Vacate. (see: Ex. A).

2.  Said judgment, styled "Memorandum and Order" should be altered; amended; or vacated pursuant to Rule 59 of the Fed. R. Civ. P.

3.  The defendant is filing a Motion to Alter, or Amend Judgment pursuant to Rule 59 of the Fed. R. civ. P. simultaniously with this instant motion.

4.  It is well established that "A Motion to Stay the judgment is properly filed pursuant to Rule 62(b), which provides for a stay while a rule 59, or 60 motion is pending." United States v. Orr, 2015 U.S. Dist. LEXIS 62787.

5.  Notwithstanding the aformentioned reasons why a stay of the November 13, 2017 judgment should be stayed during the pendancy of the defendant's Rule 59 motion, is the inevitable decision that should be entered in the very near future by the United States Supreme Court case of Sessions v. Dimaya, ___ U.S. ___.

6.  The Dimaya case will in fact be far reaching if decided in Dimaya's favor, and "may" have an immediate impact on the defendant's sentence under § 924(c).

7.  The defendant will discuss this further in his Rule 59 motion. However, in theinterest of justice and judicial economy, the defendant further ask this court

- 1 -

to stay it's November 13, 2017 judgment until a decision is reached in <u>Dimaya</u>, and if said decision is "defendant friendly" allow the defendant to amend his § 2255 motion to include a challenge to his § 924(c) sentence in light of <u>Dimaya</u>.

WHEREFORE, for all of the abovementioned reasons, the defendant humbly request this honorable court to stay it's November 13, 2017 "Memorandum and Order" until it rules on defendant's simultaniously filed Rule 59 motion. And/or a decision is reached by the United States Supreme Court in <u>Dimaya</u> that could, and more than likely will result in an intervening change in controlling law.

Respectfully Submitted:


Pedro Garcia, Defendant pro-se
Reg. No. 20432-031
USP McCreary
P.O. Box 3000
Pine Knot, KY 42635

Name PEDRO GARCIA
Reg. No. 20432-031          Unit 4-B
United States Penitentiary McCreary
P.O. Box 3000
Pine Knot, Ky 42635

KNOXVILLE TN 377

RECEIVED
DEC 2 1 2017
CLERK, U.S. DIST. COURT
WICHITA, KANSAS 67202

⇔20432-031⇔
Clerks Office
401 N Market ST
U.S. District Court
Wichita, KS 67202-2000
United States

LEGAL MAIL          67202-208999

252

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PEDRO C. GARCIA,

    Defendant - Appellant.

No. 17-3266
(D.C. No. 6:17-CV-01011-JTM)
(D. Kan.)

_____

**ORDER**
_____

Before **MATHESON** and **BACHARACH**, Circuit Judges.
_____

This matter is before the court on: (1) the government's *Motion for Limited Remand for Clarification as to Grounds for Issuance of Certificate of Appealability* (COA); and (2) appellant Pedro C. Garcia's response to that motion. Upon consideration, the court grants the motion.

This court previously remanded this appeal to the district court for consideration of whether a COA should issue. On remand, the district court held Mr. Garcia had met the standard for issuance of a COA and granted a COA. [ECF No. 1280 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *United States v. Bedford*, 628 F.3d 1232 (10th Cir. 2010)].

"The COA may issue only if the petitioner has made a 'substantial showing of the denial of a constitutional right,' [28 U.S.C.] § 2253(c)(2), and 'shall indicate which

Appellate Case: 17-3266   Document: 01019292378   Date Filed: 01/12/2018   Page: 2

specific issue' satisfies that showing. [28 U.S.C.] § 2253(c)(3)." *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012); *see also United States v. Magallanes*, 301 F.3d 1267, 1269 (10th Cir. 2002) ("[A] COA is an issue-by-issue jurisdictional prerequisite to a merits determination on appeal."). The district court did not identify the issue or issues for which it granted a COA. [*See* ECF No. 1280].

The court further notes that, on December 21, 2017—the day after this court lifted its previous abatement of this appeal—Mr. Garcia filed two motions in the district court: (1) a *Motion to Alter or Amend Judgment* (citing Rule 59(e) of the Federal Rules of Civil Procedure) [ECF No. 1283]; and (2) a *Motion to Stay* [ECF No. 1284]. The motion docketed at ECF No. 1283 was not received by the district court before the Rule 59(e) deadline, and it is not immediately apparent from the materials before this court whether Mr. Garcia can invoke the prison mailbox rule to establish timely filing under Rule 59(e) and thus under Rule 4(a)(4)(A)(iv) of the Federal Rules of Appellate Procedure. For example, the certificate of service Mr. Garcia appended to ECF No. 1283 is not dated and the postmark on the envelope in which both motions were apparently contained is illegible in the docketed copy. If the motion docketed at ECF No. 1283 is timely filed, Mr. Garcia's notice of appeal will not become effective until the district court has disposed of that motion, *see* Fed. R. App. P. 4(a)(4)(B), which it has not yet done.

Accordingly, the court directs a second limited remand for the district court to: (1) clarify the issue or issues on which it has granted a COA; and (2) determine the timeliness of the motion docketed as ECF No. 1283 and, if timely, its merit. Pending the resolution of these issues, the court abates this appeal.

2

Appellate Case: 17-3266   Document: 01019929378   Date Filed: 01/12/2018   Page: 3

255

The government shall file a written report advising this court of the status of the district court proceedings on the earlier of: (a) five days after the district court enters any order affecting the abatement of this appeal; or (b) February 2, 2018.

Entered for the Court
ELISABETH A. SHUMAKER, Clerk

by: Lisa A. Lee
    Counsel to the Clerk

3

255

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                  Case No. 12-10089-02-JTM

PEDRO C. GARCIA,

      Defendant.

MEMORANDUM AND ORDER

This matter is before the court following a limited remand by the Tenth Circuit for consideration of two issues. First, the court addresses the extent of the certificate of appealability as to the issues presented by petitioner-defendant's appeal of the court's Order of November 13, 2017. Second, the court considers whether Garcia's Motion to Alter and Amend filed with the court on December 21, 2017 is timely.

A certificate of appealability may issue if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). A certificate is appropriate if "jurists of reason could disagree with the district court's

resolution of his constitutional claims or ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003).

In its prior order, the court rejected the petitioner's contentions (1) that the government committed misconduct, (2) that his sentence was illegal under *Johnson v. United States*, 135 S.Ct. 2551 (2015), (3) that the statutes of conviction were unconstitutional, (4) that he was denied access to the courts, and (5) that his counsel was ineffective. (Dkt. 1270). The court's order of December 19, 2017 referenced the controlling law regarding certificates of appealability and concluded that "defendat has met this standard," but did not specify the issue for which the certificate was granted. (Dkt. 1280).

The court has reviewed the history of the action and defendant's arguments, and hereby clarifies that a certificate of appealability is warranted as to the defendant's contention that the court's murder instruction was erroneous under *Johnson*. While *Johnson* addressed the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii), the defendant may present a debatable claim as to whether murder as charged in the case represents a crime of violence. Given the difficulty courts have experienced in defining the concept of violence, the court finds that reasonable jurists might consider the issue as debatable. No certificate of appealability is issued as to Garcia's remaining issues, which were the subject of manifest procedural default and an underlying lack of merit, or, in the case of the claim of ineffective assistance of counsel, reflect an attempt to reargue tactical decisions by trial counsel which present no substantial basis for concluding defendant's constitutional rights were impaired.

2

Next, the court determines that the Motion to Alter or Amend (Dkt. 1283) was not timely filed under Fed.R.Civ.P. 59(e) and Fed.R.App.P. 4(a)(4)(A)(iv). The deadline for filing a Rule 59(e) motion is 28 days after entry of the judgment. Fed.R.Civ.P. 59(e). Garcia's motion was filed 38 days after the court denied the Motion to Vacate. (Dkt. 1270).

As a prisoner, Garcia is given the protection of the "prisoner mailbox rule," which deems the filing date of a motion as the date that he gave his document to prison authorities for filing. *Price v. Philpot*, 420 F.3d 1158, 1163–64 (10th Cir. 2005). A prisoner seeking the protection of the rule "must set forth the date of deposit and state that first-class postage has been paid." *United States v. Jack*, 630 F. App'x 858, 861 (10th Cir. 2015) (quoting Rule 3 of the Rules Governing Section 2255 Proceedings for the United States District Courts). The rule requires that the petitioner "attest that ... a timely filing was made." *Price*, 420 F.3d at 1165 (citing *United States v. Ceballos–Martinez*, 387 F.3d 1140, 1143 (10th Cir.), *cert. denied*, 543 U.S. 1005 (2004)) (emphasis added). *See also United States v. Jack*, 667 F. App'x 689 (Mem.), 2016 WL 3548360  (10th Cir. June 28, 2016) (prisoner's statement must indicate prepaid postage and "set[] forth the date of deposit"). The attestation must be made by "a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement." Section 2255 Proceedings, Rule 3.

Here, defendant represents that the Motion was submitted "postage-prepaid," but there is no certification of use any institutional mail system with a tracking system which might confirm the date of mailing, nor is there any certification of the time of the "date of the deposit" with the prison authorities.  With respect to the prison mailbox rule, the

3

petitioner prisoner "has the burden of proof on this issue." *Price*, 420 F.3d at 1165. A

prisoner's "bald assertion that he gave his original Rule 59(e) motion to prison authorities

within the filing period does not meet the stringent requirements of *Ceballos-Martinez* and

*Price*." *Brown v. McKune*, 162 F. App'x 795, 797 (10th Cir. 2006). Here, Garcia fails to make

any representation by attestation or notarized statement as to the date of mailing, and the

court concludes the motion (Dkt. 1283) is untimely and hereby denied.   Defendant's

Motion to Stay (Dkt. 1284) pending resolution of (Dkt. 1283) is denied as moot.

IT IS SO ORDERED this 2nd day of February, 2018.

_____s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE

4